ORIGINAL

John L. Slafsky, State Bar No. 195513
Hollis Beth Hire, State Bar No. 203651
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

Attorneys for Plaintiff
Coupons, Inc.

E-FILING

Filed
JUL - 2 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

C07 03457 HRL

| | |
|---|---|
| COUPONS, INC., a California corporation, | Civil Action No. |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT AND RELATED STATE LAW CLAIMS** |
| v. | |
| JOHN STOTTLEMIRE, and DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Coupons, Inc. ("Plaintiff") alleges as follows:

## PARTIES

1.  Plaintiff is a California corporation with its principal place of business in Mountain View, California.

2.  On information and belief, defendant John Stottlemire ("Defendant Stottlemire") is an individual residing in Fremont, California.

2.  The true names and capacities of defendants named as Does 1-10 are not presently known to Plaintiff, which therefore sues these defendants by their fictitious names. Plaintiff will seek to amend this Complaint and include these Doe defendants' true names when they are ascertained. Plaintiff is informed and believes, and therefore alleges, that each of these

1  fictitiously named defendants is responsible in some manner for the conduct alleged in this
2  Complaint. The term "Defendants" in this Complaint refers to Defendant John Stottlemire and
3  the Doe defendants, collectively.

## JURISDICTION AND VENUE

3. This action for violations of the Digital Millennium Copyright Act and related causes of action arises under 17 U.S.C. § 1201, California statutes, and the common law of California.

4. This Court has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) for claims arising under the Digital Millennium Copyright Act, and under 28 U.S.C. 1338(b) for the related state-law claims based on unfair competition. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 for all related state-law claims.

5. This Court has personal jurisdiction over Defendant Stottlemire by virtue of Defendant Stottlemire's residence in California. This Court further has personal jurisdiction over Defendants by virtue of Defendants' committing a tort in or directed at the forum and/or transacting and doing business in the forum.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

7. Pursuant to Civil Local Rule 3-2(c), because this action falls within one of the excepted categories, it will be assigned on a district-wide basis.

## BACKGROUND FACTS

**Plaintiff's Business and Works Subject to Copyright**

8. Plaintiff is the leading provider of technology for enabling businesses to deliver on-line, printable coupons to consumers.

9. Plaintiff's clients include many of the country's most prominent consumer product manufacturers, advertising agencies, retailers, promotional marketing companies, and Internet portals. Using Plaintiff's technology, Plaintiff's clients are able to deliver on-line

coupons directly to their customers from corporate websites, via on-line banner ads, and through targeted e-mails.

10.     Plaintiff also offers a sampling of its coupons on its own corporate website (<www.coupons.com>). Plaintiff displays the coupons offered in a Coupon Grid, which allows the Internet user to click on the coupons he or she would like to print, and then print those coupons with one click of the "Print Now" link at the bottom of the page. Printed pages from Plaintiff's website displaying a Coupon Grid are attached as Exhibit A.

11.     Plaintiff's coupons are works subject to copyright protection under Title 17 of the United States Code.

12.     Plaintiff offers a number of security products to its clients to prevent unauthorized copying of its coupons, including proprietary technology that limits the number of times a user can print a coupon.

**Plaintiff's Technology and Security Measures**

13.     In order to supply secure, printable coupons to consumers over the Internet, Plaintiff maintains a distribution system using proprietary encryption, authentication, and private and public key technology.

14.     Internet consumers are able to access on-line coupons created by Plaintiff by clicking on a website, Internet banner advertisement, or e-mail message originating from one of Plaintiff's clients. When the consumer clicks on one of these Internet links, a file is automatically sent via the Internet from Plaintiff's computer server directly to Plaintiff's client software running on the consumer's personal computer. After the consumer receives the coupon file, a data stream containing the graphics and content of the coupon is sent directly to the consumer's printer.

15.     The software underlying these online coupons contains built-in security measures to prevent consumers from printing more than the authorized number of copies of the coupons. The software limits the number of times that a coupon can be printed and uniquely identifies each and every coupon printed. Plaintiff assigns a unique identifier to the computer of each

1  consumer who uses Plaintiff's software, and any time that a consumer's computer seeks to have
2  a coupon printed, the computer's unique identifier is sent to Plaintiff's server for verification.
3      16.    Plaintiff's anti-copying restrictions are critical to the integrity and desirability of
4  Plaintiff's technology. Plaintiff's ability to control electronic reproduction of unique coupons is
5  key to Plaintiff's commercial success.
6  **Defendants' Improper Acts**
7      17.    DealIdeal (<www.dealideal.com>) is an online forum in which consumers discuss
8  and trade coupons.
9      18.    Plaintiff is informed and believes, and therefore alleges, that Defendants own and
10 operate another online forum called The Coupon Queen (<www.thecouponqueen.net>), in which
11 consumers discuss and trade coupons (the "Coupon Queen Forum"). Plaintiff also is informed
12 and believes, and therefore alleges that the Coupon Queen Forum advertises coupons for sale in
13 exchange for a handling fee.
14     19.    Plaintiff is informed and believes, and therefore alleges, that in or about May
15 2007, Defendant Stottlemire posted a comment on the DealIdeal online forum advertising and
16 explaining a method for finding and removing the security features which prevent the unlimited
17 printing of Plaintiff's coupons (the "Circumvention Method").
18     20.    Plaintiff is informed and believes, and therefore alleges, that Defendant
19 Stottlemire's comment was removed from the DealIdeal online forum, and on or about May 20,
20 2007 Defendant Stottlemire, using the screen name "virtually_john," posted a comment on the
21 Coupon Queen Forum stating that he "recently posted information on another site (dealideal) on
22 how to beat the limitation imposed by the software provided by coupons.com and would allow
23 users of that software to print an unlimited number of coupons from the coupons.com website."
24     21.    Plaintiff is informed and believes, and therefore alleges, that Defendants created
25 and used software that purported to remove Plaintiff's security features, for the purpose of
26 printing more coupons than Plaintiff's security features allow (the "Circumvention Software").
27     22.    Plaintiff is informed and believes, and therefore alleges, that Defendant
28 Stottlemire's May 20, 2007 comment on the Coupon Queen Forum stated that he "created a

COMPLAINT FOR VIOLATIONS OF THE DIGITAL     -4-
MILLENNIUM COPYRIGHT ACT AND RELATED STATE
LAW CLAIMS

small exe file that will remove the limitations placed by the coupons.com software;" and advertised: "If anyone wishes it [the exe file], send me a PM [private message] and I'll gladly send it your way." Plaintiff is informed and believes, and therefore alleges, that the term "exe file" is shorthand for "executable file," which is a file containing a computer program.

23. Plaintiff is informed and believes, and therefore alleges, that Defendants advertised, offered to transfer, and did transfer the Circumvention Software for the purpose of printing more coupons than Plaintiff's security features allow.

24. Plaintiff is informed and believes, and therefore alleges, that over the next 30 days Defendant Stottlemire responded to queries and posted troubleshooting instructions on the Coupon Queen Forum to assist users who were experiencing difficulties using the Circumvention Software to remove Plaintiff's security features and print multiple coupons.

25. Plaintiff is informed and believes, and therefore alleges, that on or about June __, 2007, Defendants made a version of the Circumvention Software available for download from a webpage within the Coupon Queen Forum (<www.thecouponqueen.net/couponscom.cfm>) (the "Circumvention Webpage"). The Circumvention Webpage featured a link stating "This file (couponqueen.zip) must be downloaded and installed first." The link was placed above a Coupon Grid which was substantially identical to Plaintiff's Coupon Grids offered at Plaintiff's website.

26. Plaintiff is informed and believes, and therefore alleges, that the version of the Circumvention Software that Defendants offered on the Circumvention Website was designed to remove Plaintiff's security features and allow a user to print the coupons in the Coupon Grid an unlimited number of times.

27. Plaintiff is informed and believes, and therefore alleges, that Defendants' conduct was for the express purpose of printing more coupons than Plaintiff's security features allow and to aid others in printing more coupons than Plaintiff's security features allow.

28. Defendants' acts described above have greatly and irreparably harmed Plaintiff. Security breaches can undermine confidence in Plaintiff's technology, lead to unfavorable

1  publicity and lost business for Plaintiff, and require Plaintiff to undertake expensive and time-
2  consuming corrective measures.

### FIRST CAUSE OF ACTION

(Digital Millennium Copyright Act, 17 U.S.C. § 1201)

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

30. By the acts described above, Defendants have intentionally circumvented technological measures that effectively control access to Plaintiff's works.

31. By the acts described above, Defendants have intentionally manufactured, offered to the public, and provided technology primarily designed for the purpose of circumventing technological measures that effectively control access to Plaintiff's works.

32. By the acts described above, Defendants have intentionally manufactured, offered to the public, and provided technology primarily designed for the purpose of circumventing technological measures that effectively protect rights of Plaintiff's and Plaintiff's clients' rights under copyright.

33. The conduct described above has injured Plaintiff and constitutes a violation of 17 U.S.C. § 1201.

34. Plaintiff is entitled to an injunction, statutory damages, actual damages, and an award of attorneys' fees and other costs as provided under 17 U.S.C. § 1203.

### SECOND CAUSE OF ACTION

(Unlawful Business Practices, Calif. Bus. & Prof. Code § 17200 *et seq.*)

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. By the acts described above, Defendants have engaged in unlawful and unfair business practices and have performed unfair, deceptive and misleading acts that have irreparably injured, and threaten to continue to injure, Plaintiff in its business and property.

37. As a consequence, Plaintiff is entitled, under Sections 17200 and 17203 of the California Business and Professions Code, to an injunction and restitution as set forth below.

## THIRD CAUSE OF ACTION

(Common Law Unfair Competition)

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39. Defendants' acts described above constitute unfair competition in violation of the common law of the State of California.

40. Defendants' acts have greatly and irreparably damaged Plaintiff and will continue to so damage Plaintiff unless enjoined by this Court. Plaintiff is without an adequate remedy at law and is entitled to injunctive relief in addition to damages, in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

(Conversion/Trespass to Chattels)

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 40 as though fully set forth herein.

42. By the acts described above, Defendants intentionally and wrongfully exercised authority or control over the property of Plaintiff.

43. This wrongful exercise or assumption of authority deprived Plaintiff of its property and is inconsistent with Plaintiff's ownership rights.

44. Defendants' acts described above constitute the tort of conversion in violation of the common law of California.

45. In the alternative, Defendants' acts described above constitute the tort of trespass to chattels in violation of the common law of California.

46. Defendants' acts have greatly and irreparably damaged Plaintiff and will continue to so damage Plaintiff unless enjoined by this Court. Plaintiff is without an adequate remedy at law and is entitled to injunctive relief in addition to damages, in an amount to be proved at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

1. The Court order Defendants to pay to Plaintiff the maximum amount of statutory damages available under 17 U.S.C. § 1203(c)(3)(A) in an amount of $2,500 per violation of 17 U.S.C. § 1201;

2. That the Court order that, during the pendency of this action, Defendants, and all of their agents, partners, servants, employees, and all others in active concert or participation with Defendants be enjoined and restrained from destroying, modifying, defacing, or concealing any evidence likely to be relevant in this case;

3. That the Court order that Defendants, and all of their agents, partners, servants, employees, and all others in active concert or participation with Defendants be enjoined and restrained during the pendency of this action, and permanently thereafter, from manufacturing, offering to the public, and providing technology primarily designed for the purpose of circumventing technological measures that effectively control access to Plaintiff's coupons;

4. That the Court order Defendants to deliver to Plaintiff all copies of the Circumventing Software, as well as all unauthorized copies of Plaintiff's coupons created and printed through use of the Circumvention Method and the Circumvention Software (including but not limited to electronic files or images of coupons) in the possession of Defendants;

5. That the Court order Defendants to deliver to Plaintiff all documents, files, lists, correspondence reflecting the identities of, and contact information for, the persons to whom Defendants distributed provided technology primarily designed for the purpose of circumventing technological measures that effectively control access to Plaintiff's coupons;

6. That the Court order Defendants to file with the Court and serve on Plaintiff an affidavit setting forth in detail the manner and form in which they have complied with the terms of the injunction;

7. That the Court order Defendants to provide restitution for their unlawful business practices, measured by their advertising expenditures and/or profits;

8. That the Court order Defendants to pay to Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements; and

9. That the Court grant such other and further relief as the Court deems just and equitable.

Dated: July 2, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
Hollis Beth Hire

Attorneys for Plaintiff
Coupons, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands trial by jury of all issues triable by a jury.

Respectfully submitted,

Dated: July 2, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
Hollis Beth Hire

Attorneys for Plaintiff
Coupons, Inc.

COMPLAINT FOR VIOLATIONS OF THE DIGITAL
MILLENNIUM COPYRIGHT ACT AND RELATED STATE
LAW CLAIMS
                                                -10-

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding, other than the named Plaintiff in this action.

Dated: July 2, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
Hollis Beth Hire

Attorneys for Plaintiff
Coupons, Inc.

COMPLAINT FOR VIOLATIONS OF THE DIGITAL
MILLENNIUM COPYRIGHT ACT AND RELATED STATE
LAW CLAIMS

-11-