John A Stottlemire
33103 Lake Garrison Street
Fremont, CA 94555
Telephone: (614) 358-4185
Email: jstottl@comcast.net
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, | ) Case No.: 5:07-cv-03457-HRL |
| | ) |
| Plaintiff, | ) **DEFENDANTS' NOTICE OF MOTION** |
| | ) **AND MOTION FOR SANCTIONS** |
| vs. | ) **PURSUANT TO RULE 11 OF THE** |
| | ) **FEDERAL RULES OF CIVIL** |
| JOHN STOTTLEMIRE, and DOES 1-10, | ) **PROCEDURE; SUPPORTING** |
| | ) **MEMORANDUM OF POINTS AND** |
| Defendant | ) **AUTHORITIES** |
| | ) |
| | ) Date:        November 20, 2007 |
| | ) Time:        10:00 A.M. |
| | ) Place:       Courtroom 2, 5th Floor |
| | ) Judge:       Hon. Howard R. Lloyd |

Defendant's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal
Rules of Civil Procedure; Supporting Memorandum of Points and Authorities
No. C-07-03457 HRL

1

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. 2

TABLE OF AUTHORITIES ........................................................................................... 2

NOTICE OF MOTION .................................................................................................... 4

MOTION........................................................................................................................... 4

ISSUE TO BE DECIDED ............................................................................................... 4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR

SANCTIONS ................................................................................................................... 4

INTRODUCTION AND SUMMARY ........................................................................... 4

PROCEDURAL AND FACTUAL BACKGROUND.................................................... 5

  I.  PLAINTIFF'S FAC ................................................................................................. 5

  II.  THE MISLEADING AND FALSE ALLEGATIONS IN THE FAC................................. 6

    A.     Effectively Controlled By A Technological Measure ................................... 6

    B.     Which Has Been Circumvented........................................................................ 8

  III. IMPROPER PURPOSE .......................................................................................... 10

ARGUMENT ................................................................................................................. 11

  I.  THE INCLUSION OF NUMEROUS MISLEADING AND FALSE ALLEGATIONS IN

  THE COMPLAINT VIOLATES RULE 11 ................................................................. 11

CONCLUSION............................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

Avirgan v. Hull, 932 F.2d 1572 ................................................................................ 13

Balfour Guthrie, Inc. v. Hunter Marine Transport, Inc., 118 F.R.D. 66 ...................... 13

Chamberlain Group, Inc., v. Skylink Tech., 292 F.Supp.2d 1023................................ 9

Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 ........................................................ 12

Estate of Blue v. County of Los Angeles, 120 F.3d 982 .............................................. 12

Levine v. FDIC, 2 F.3d 476 ........................................................................................ 13

Methode Electronics v. Adam Technologies, Inc., No. 03 C 2971, 2003 WL 21799934 ............ 13

Defendant's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal
Rules of Civil Procedure; Supporting Memorandum of Points and Authorities
No. C-07-03457 HRL

Navarro-Ayala v. Nunez, 968 F.2d 1421 ................................................................. 12, 13

Peerless Indus. Paint Coatings, Co. v. Canam Steel Corp., 979 F.2d 685 ................................... 13

Religious Technology Center v. Gerbode, No. CV 93-2226 AWT, 1994 WL 228607 ................ 12

Schrag v. Dinges, 73 F.3d 374 (Table), 1995 WL 675475 ........................................................ 12

Specht v. Netscape Communications Corp., 306 F.3d 17 ............................................................ 8

Truesdell v. S. Cal. Permanente Medical Group, 209 F.R.D. 169 ......................................... 12, 13

Truesdell v. S. Cal. Permanente Medical Group, 293 F.3d 1146 ............................................... 12

Zatko v. Rowland, 835 F. Supp. 1174 ....................................................................................... 13

**Statutes**

17 U.S.C. § 1201(a)(1)(A) ........................................................................................................ 6

17 U.S.C. § 1201(a)(2) .............................................................................................................. 6

17 U.S.C. § 1201(b)(1) .............................................................................................................. 7

**Rules**

Fed.R.Civ.P.11(b)(3) ............................................................................................................ 5, 11

Fed.R.Civ.P.11(c)(1)(A) ........................................................................................................... 11

Defendant's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal
Rules of Civil Procedure; Supporting Memorandum of Points and Authorities
No. C-07-03457 HRL

3

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on November 20, 2007, at 10:00 a.m. in Courtroom 2 of the Honorable Howard Lloyd, United States Magistrate Judge, in Courtroom 2, 5th Floor, 208 South 1st Street, San Jose, California, the following Motion For Sanctions Pursuant to Rule 11 Of The Federal Rules Of Civil Procedure will be heard.

## MOTION

This motion is made pursuant to Rule 11 of the Federal Rules of Civil Procedure on the grounds that Plaintiff, by and through counsel, has filed with the Court, in violation of Rule 11(b) of the Federal Rules of Civil Procedure, a First Amended Complaint that contains claims and other legal contentions that are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, and allegations and other factual contentions that lack evidentiary support, and that Plaintiff and his counsel, within 21 days after service of the instant motion, have failed to withdraw such First Amended Complaint, including such claims, contentions and allegations.  This Motion is based on the attached Memorandum of Points and Authorities; the attached Request for Judicial Notice; Defendant's Motion to Dismiss Complaint or in the alternative for Summary Judgment and Supporting Memorandum of Points and Authorities ("Motion to Dismiss") filed with this Court on September 24, 2007; his Request for Judicial Notice filed on the same date; and such evidence and argument as may be presented at any hearing before this Court on this motion.

## ISSUE TO BE DECIDED

Whether sanctions against Plaintiffs and their counsel are appropriate in light of their submission and filing of a first amended complaint that is based on misleading and false allegations, where Plaintiff alleges Defendant's actions were not authorized and that Plaintiff's software effectively protects its coupons from copyright infringement as defined by appropriate case law and 17 U.S.C. § 1201.

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF MOTION FOR SANCTIONS

### INTRODUCTION AND SUMMARY

Defendant's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure; Supporting Memorandum of Points and Authorities
No. C-07-03457 HRL

Rule 11 of the Federal Rules of Civil Procedure exists to add teeth to the duty of candor to the Court and to deter attorneys from presenting:  (1) claims based on unsupported factual allegations or unwarranted legal bases; or (2) claims presented for an improper purpose.  Plaintiff Coupons, Inc. ("CI"), by and through its counsel, Hollis Hire ("Hire"), have filed with the Court a First Amended Complaint ("FAC") that violates Rule 11 in both respects, either of which independently warrants an award of sanctions.  Moreover, despite notice under the 21-day "safe harbor" provision of the Rule, CI and Hire have refused to withdraw that complaint.  Because the FAC is factually and legally groundless, the Court should impose appropriate sanctions against CI and/or Hire to deter CI and Hire from engaging in such egregious misconduct in the future.

As lead counsel, Hire submitted and filed with the Court a FAC for Violations of 17 U.S.C. § 1201 ("DMCA") and other related State Claims on behalf of the Plaintiff, CI, in this action.  By doing so, Hire certified that "to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…the allegations and other factual contentions [in the complaint] have evidentiary support." Fed.R.Civ.P.11(b)(3) ("Rule 11").

Unfortunately, the FAC is rife with language which leads any reasonable person to believe software used by CI is an effective technology measure which prevents a consumer from producing in copies works protected by the Copyright Act, CI "offers a number of security products to its clients to prevent unauthorized copying of its coupons" (Complaint § 12).  These false accusations, and others like them in the FAC, constitute a clear violation of Rule 11.

## PROCEDURAL AND FACTUAL BACKGROUND

### I.  PLAINTIFF'S FAC

CI is a California corporation with its principal place of business in Mountain View, California (FAC § 1).  CI is the leading provider of technology for enabling businesses to deliver on-line, printable coupons to consumers (FAC § 8).  Defendant John Stottlemire is an individual residing in Fremont, California (FAC § 2).

On July 2, 2007 CI filed this action, by and through its attorneys Wilson Sonsini Goodrich & Rosati with Hire acting as lead counsel.  The Complaint alleged violations of the DMCA and Related State Law Claims based on blatant misinterpretation of current Federal Law

Defendant's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure; Supporting Memorandum of Points and Authorities
No. C-07-03457 HRL

and allegedly made false and misleading statements regarding Defendant's alleged actions and the results of those alleged actions.

On August 23, 2007 CI filed their First Amended Complaint, by and through its attorneys Wilson Sonsini Goodrich & Rosati with Hire acting as lead counsel. The First Amended Complaint again alleged violations of the DMCA and Related State Law Claims based on blatant misinterpretation of current Federal Law and allegedly made false and misleading statements regarding Defendant's alleged actions and the results of those alleged actions. The gravamen of the FAC is that Defendant circumvented a technological measure, without authorization in a manner that infringes or facilitates infringing a right protected by the copyright act despite their knowledge that their technological measure cannot be defined as a technological measure and that authorization was never withheld.

## II. THE MISLEADING AND FALSE ALLEGATIONS IN THE FAC

As detailed below, the Complaint is replete with false and misleading allegations. Collectively, these false and misleading allegations appear as if CI can prove a *prima facie* case, however, revealing these false and misleading allegations support Defendant's theory that this action should have never been filed with this Court.

### A. Effectively Controlled By A Technological Measure

CI has not deployed a technological measure that controls access to its coupons and should have never pursued this action under the DMCA.

"No person shall circumvent a *technological measure that effectively controls access* to a work protected under this title." 17 U.S.C. § 1201(a)(1)(A) (emphasis added).

"No person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product service, device, component, or part thereof, that – (A) is primarily designed or produced for the purpose of circumventing a *technological measure that effectively controls access* to a work protected under this title; (B) has only limited commercially significant purpose or use other than to circumvent a *technological measure that effectively controls access* to a work protected under this title; or (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a *technological measure that effectively controls access* to a work protected under this title." 17 U.S.C. § 1201(a)(2) (emphasis added)

"No person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof,

Defendant's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure; Supporting Memorandum of Points and Authorities No. C-07-03457 HRL

6

that – (A) is primarily designed or produced for the purpose of circumventing protection afforded by a *technological measure that effectively protects* a right of a copyright owner under this title in a work or a portion thereof; (B) has only limited commercially significant purpose or use other than to circumvent protection afforded by a *technological measure that effectively protects* a right of a copyright owner under this title in a work or a portion thereof; or (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing protection afforded by a *technological measure that effectively protects* a right of a copyright owner under this title in a work or a portion thereof."  17 U.S.C. § 1201(b)(1) (emphasis added)

The DMCA requires that a copyright holder deploy a technological measure which controls access (or protection) and that the control must be effective.  CI has done neither.  The Court in *Lexmark* offered a helpful analogy to explain the meaning of "effective[] control[] by a technological measure":

"Just as one would not say that a lock on the back door of a house controls access to a house whose front door does not contain a lock and just as one would not say that a lock on any door of a house controls access to the house after its purchaser receives the key to the lock…"  *Lexmark International, Inc. v. Static Control Components, Inc.,* 387 F.3d 522 at 528 (6th Cir. 2004).

Using this analogy, a lock would not be a lock if everybody had a legally obtained key.  Rather, the "lock" would simply be one additional door knob that had to be turned to open the door.  CI's technological measure is a lock in which everyone has a legally obtained key:  the "delete" key on every computer's keyboard.

CI claims it "assigns a unique identifier to the computer of each consumer who uses [CI's] software, and any time that a consumer's computer seeks to have a coupon printed, the computer's unique identifier is sent to [CI's] server for verification."  FAC § 15.  But CI stores this unique identifier in ordinary, unprotected files and registry keys on the consumer's computer.  These files and registry keys can be removed easily:  A consumer need only locate the file or key and press the "delete" key on the computer's keyboard.  Alternatively, a consumer can make use of commands provided by the Windows operating system, e.g. "erase".  Just as a lock does not control access to a house if everyone has a legally obtained key to the lock, CI cannot now claim its trivial technological measure controls access to its coupons.  Because CI

Defendant's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure; Supporting Memorandum of Points and Authorities No. C-07-03457 HRL

7

fails to control access to its coupons, CI is not afforded protection under the DMCA and such a claim is frivolous.

## B.  Which Has Been Circumvented

Software offered by the Stottlemire did not circumvent CI's technology measure. Because CI failed to issue a license agreement withholding authorization of removing files and registry keys from third party computers CI's DMCA claim should not have been filed.

CI does not allege that Stottlemire was unauthorized to offer tools which erase files and registry keys from third party computers.  Therefore, CI cannot define such tools as circumvention.

> "The DMCA…defines circumvention as an activity undertaken without the authority of the copyright owner.  17 U.S.C. § 1201(a)(3)(A).  The plain language of the statute therefore requires a plaintiff alleging circumvention (or trafficking) to prove that the defendant's access was unauthorized" *Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178 at 1193 (Fed Cir. 2004).

CI has not withheld the right to alter or remove files and Windows registry keys on computers owned by consumers.  In particular, CI has widely offered its software to the public without any licensing agreement, terms of use, or other restrictions (*See Motion for Summary Judgment Request for Judicial Notice Exhibit D*, where no underlying link exist to a Licensing Agreement can be found on pages CI uses to offer download of coupon printer software).

> "Reasonable conspicuous notice of the existence of contract terms and unambiguous manifestation of assent to those terms by consumers are essential if electronic bargaining is to have integrity and credibility." *Specht v. Netscape Communications Corp.*, 306 F.3d 17 at 35 (2nd Cir. Oct 2002)

CI has thus failed to bind consumers to any form of contract which would restrict their rights to interact with CI's software as they choose.  With no license agreement or other contract requiring (or purporting to require) that consumers retain CI's files, CI has not withheld authorization for consumers to do what they are fully entitled to do – remove any files and registry keys CI's software deposits on their computers.  If CI has not withheld authorization, then Stottlemire is equally entitled to assist consumers in removing these files and registry keys.

### a.  The Two Prong Test Establishing Authorization was Withheld

Defendant's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure; Supporting Memorandum of Points and Authorities No. C-07-03457 HRL

8

A plaintiff may establish that it withheld authorization either through the use of a licensing agreement or by licensing software specifically designed to circumvent controls it has deployed.

### i.   CI Does Not Withhold Authorization By Means of Issuing a Licensing Agreement.

Absent a licensing agreement, the Court in *Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 292 F.Supp.2d 1023 aff'd 381 F.3d 1178 concluded that Skylink was authorized to circumvent the "rolling code" protection in software distributed by Chamberlain:

> "Chamberlain places no explicit restrictions on the types of transmitter that the homeowner may use with its system at the time of purchase.  Chamberlain's customers therefore assume that they enjoy all the rights associated with the use of their GDO's and any software embedded therein that the copyright laws and other laws of commerce provide."  *Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178 at 1183 (Fed. Cir. 2004)

As in *Chamberlain*, CI cannot establish the existence of "explicit restrictions" which would remove the rights otherwise available to consumers under copyright and other laws of commerce.

### ii.   CI Does Not Withhold Authorization By Means of Licensing Software.

In *Chamberlain* the Court rejected the argument that a licensing agreement was not required with exception where a plaintiff can establish it licensed software specifically designed to circumvent:

> "The district court in *Reimerdes* was looking at a set of facts quite distinct from those presented here:  Plaintiff there had encoded its DVD's and licensed the software necessary to circumvent this encoding process to manufacturers of DVD players.  As a result, the plaintiff in *Reimerdes* did in fact authorize certain circumvention of its technological protective measure pursuant to a license.  It did not authorize circumvention by means of non-licensed software."  *Chamberlain Group, Inc., v. Skylink Tech.*, 292 F.Supp.2d 1023 at 1038 (N.D. Ill. 2003)

Again, as in *Chamberlain* CI cannot establish the existence of licensed software necessary to erase files and registry keys.  CI offered no such software.

### b.  CI's Failure to Pass the Two Prong Test.

Defendant's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure; Supporting Memorandum of Points and Authorities
No. C-07-03457 HRL

By and through its day to day business practices, CI cannot establish it has withheld authorization through the use of a licensing agreement or through licensing software specifically designed to circumvent.

CI cannot now ask that this Court find that Defendant's software be defined as circumvention where CI has not withheld authorization. By offering its software without a licensing agreement, CI has given consumers tacit permission to do what they wish with the software. With the absence of a licensing agreement CI fails to prove that circumvention occurred "without the authority of the copyright holder" and is not afforded protection under the DMCA. Such a claim by CI is frivolous.

## III. IMPROPER PURPOSE

Defendant alleges CI has used this action to instill unfounded fear in Defendant, Defendant's family and any other person who uses their software. Defendant first became aware of this action on Friday July 6, 2007 and driven by fear of this legal action attempted to communicate with Jeff Weitzman, COO and President of CI at 12:26 PM Monday July 9, 2007 with the desire to "make this go away as quickly as possible" (Stottlemire Decl § 2). Jeff Weitzman returned the phone call to Defendant on Tuesday July 10, 2007 and stated he would have his attorneys draft a "Settlement Agreement" and it would be sent to Defendant via electronic mail (Stottlemire Decl § 3). Still driven by fear, the Defendant contacted Jeff Weitzman via electronic mail on July 13, 2007 to ensure Jeff Weitzman had the correct email address as the Settlement Agreement had not yet been received by Defendant (Stottlemire Decl § 4). Within hours, Hire acting on behalf of CI sent a Settlement Agreement, and Stipulation RE: Injunction and Judgment along with an email that closed with "We would appreciate your prompt cooperation with respect to this agreement, so that Coupons, Inc. is not required to take any further action with your ISP and/or other third parties" instilling even deeper fear in Defendant and Defendant's family (Stottlemire Decl § 5). Hire was diligent to note the conditions of the Stipulation and told Defendant, "It is important to note that the judgment will not be executed, and no money will change hands, unless there is a violation of the agreed-upon injunction" (Id). The injunction would prohibit Defendant from "providing technology primarily

Defendant's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure; Supporting Memorandum of Points and Authorities No. C-07-03457 HRL

10

designed for the purpose of circumventing technological measures that effectively control access to any coupons, including but not limited to the online, printable coupons produced by Coupons, Inc. [even if that technology and circumvention was not in violation of applicable law]" (Stottlemire Decl § 6). Defendant need only to agree to the stipulation, agreement and injunction without incurring any financial burden and CI would have obtained their goal, enjoining Defendant from actions which threaten its business but are not in violation of the DMCA or related State Claims.  Additionally CI would receive ancillary benefit from negotiating such an injunction which would possibly instill fear in others who might follow in Defendant's footsteps.

CI has shown a history of filing DMCA claims with this Court when DMCA claims should never be filed.  (*See Request for Judicial Notice Exh. A*, where erasing a part of a printed document was claimed to be a violation of the DMCA, *See also Request for Judicial Notice Exh. B* where discussion of CI's deceptive file name and key name practices was claimed to be a violation of the DMCA.)  Through these actions, CI has already enjoined at least one other person from using coupons provided by CI, even if that use is not in violation of any law.

**ARGUMENT**

**I.  THE INCLUSION OF NUMEROUS MISLEADING AND FALSE ALLEGATIONS IN THE COMPLAINT VIOLATES RULE 11**

Rule 11 provides, in relevant part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is *certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,  . . . the allegations and other factual contentions have evidentiary support.*

Fed.R.Civ.P.11(b)(3) (emphasis added). Sanctions may be imposed on any party, attorney, or law firm that has violated Rule 11(b) or is responsible for the violation. Fed.R.Civ.P.11(c)(1)(A) ("Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees."); *see also* Rule 11 Advisory Committee Notes (1993) ("Since . . . a [sanctions] motion may be filed only if the offending paper is not withdrawn or corrected within 21 days after service of the motion, it is appropriate that the law firm ordinarily be viewed as jointly responsible under established

Defendant's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure; Supporting Memorandum of Points and Authorities
No. C-07-03457 HRL

11

principles of agency."); *Religious Technology Center v. Gerbode,* No. CV 93-2226 AWT, 1994 WL 228607, at **4-5 (C.D. Cal. May 2, 1994) (discussing imposition of sanctions against parties, law firms, and co-counsel).

As described by the Supreme Court, the "central purpose of Rule 11 is to deter baseless filings in District Court and thus . . . streamline the administration and procedure of the federal courts . . . . Although the Rule must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy . . . any interpretation must give effect to the Rule's central goal of deterrence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Designed for deterrence, the Rule is governed by an objective standard of reasonableness; no showing of subjective intent or bad faith is required. *Truesdell v. S. Cal. Permanente Medical Group,* 209 F.R.D. 169, 173-74 (C.D. Cal. 2002).

By requiring certification that a pleading's allegations and factual contentions have evidentiary support, Rule 11 imposes three related obligations on counsel. First, counsel must conduct a reasonable investigation into the factual allegations. *See generally Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). Second, counsel must act reasonably in the face of the results of the investigation. *See Schrag v. Dinges*, 73 F.3d 374 (Table), 1995 WL 675475, at *12 (10th Cir. Nov. 14, 1995); *see also id.* at *15 ("Rule 11 requires that an attorney act reasonably based on the information he learns from a prefiling investigation into the facts. . . . If, after inquiry, the facts do not support the claims, counsel should not sign the complaint.") (citations omitted); *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir. 1992) ("The duty of reasonable inquiry perforce requires that the signer of a pleading act upon the knowledge he acquires.").

Third – and axiomatically – counsel must not misrepresent the results of his investigation to the Court. Indeed, the law on this point is unmistakable: filing a pleading containing false allegations is sanctionable under Rule 11. *See, e.g., Truesdell v. S. Cal. Permanente Medical Group*, 293 F.3d 1146, 1153-54 (9th Cir. 2002) (upholding sanctions against counsel under Rule 11 where complaint stated allegations that counsel "must have known were false" based on his representation of another client); *Schrag*, 1995 WL 675475, at *13 (counsel's filing of amended

Defendant's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure; Supporting Memorandum of Points and Authorities No. C-07-03457 HRL

1  complaint containing allegations "that even a cursory reading of the management agreement [on

2  which the complaint was based] would show to be false" violated Rule 11); *Navarro-Ayala*, 968

3  F.2d at 1426 (defendant's signature on pleading "that he had reason to believe was both incorrect

4  and misleading" warranted imposition of sanctions under Rule 11); *Peerless Indus. Paint*

5  *Coatings, Co. v. Canam Steel Corp.*, 979 F.2d 685, 686-87 (8th Cir. 1992) (upholding Rule 11

6  sanctions against counsel where pleadings misstated known, relevant facts); *Avirgan v. Hull*, 932

7  F.2d 1572, 1581-82 (11th Cir. 1991) (upholding sanctions against counsel who filed affidavit

8  outlining purported testimony of 79 witnesses, where witnesses "later stated under oath that they

9  did not know [plaintiffs' counsel], had never spoken to him, or flatly denied the statements he

10  had attributed to them in his affidavit"); *Methode Electronics v. Adam Technologies, Inc.*, No. 03

11  C 2971, 2003 WL 21799934, at *11 (N.D. Ill. July 25, 2003), *aff'd*, 371 F.3d 923 (7th Cir. 2004)

12  (Rule 11 sanctions against counsel warranted where complaint contained false venue allegation

13  in effort to deceive court and litigate in convenient forum); *Truesdell*, 209 F.R.D. at 177

14  (imposition of Rule 11 sanctions against counsel "independently justified" by fact that counsel

15  filed complaint containing claim that he must have known was false, by virtue of his

16  representation of another client); *Zatko v. Rowland*, 835 F. Supp. 1174, 1181-82 (N.D. Cal.

17  1993) (sanctioning *pro se* plaintiff under Rule 11 for filing complaint containing untrue factual

18  allegations and material misrepresentations); *Balfour Guthrie, Inc. v. Hunter Marine Transport,*

19  *Inc.*, 118 F.R.D. 66, 76 (M.D. Tenn. 1987) (sanctioning plaintiff and its counsel under Rule 11

20  for filing complaint after pre-filing investigation "disclosed facts that only exculpated

21  defendant"). As the United States Court of Appeals for the Second Circuit has aptly noted, "[t]he

22  creativity of an attorney may not transcend the facts of a given case; counsel in his attempts at

23  creativity concocted 'facts' that were not well grounded, and therefore exceeded the bounds of

24  conduct acceptable of members of the bar of this court as well as those incorporated in Fed. R.

25  Civ. P. 11." *Levine v. FDIC,* 2 F.3d 476, 479 (2nd Cir. 1993).

26       Here, CI and counsel have plainly violated Rule 11's dictates.  While it appears that they

27  conducted some investigation prior to filing the Complaint, they apparently were displeased with

28  the results of that investigation.  To support the claims in their Complaint, they make misleading

Defendant's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal
Rules of Civil Procedure; Supporting Memorandum of Points and Authorities
No. C-07-03457 HRL
13

statements and create the illusion that their software is a technological measure which controls access to their coupons and hold the pretense that they, in some manner, still control use of software which they transferred ownership of by failing to issue standard licensing agreements.

The conduct here is particularly problematic because the misleading and false allegations go to the heart of – indeed, they are the basis for – CI's claims that the Defendant violated the DMCA.  For example, as noted above, CI claims that the Defendant circumvented their technological measure.  Yet the plain language of the DMCA and CI's failure to properly license its software does not result in any conclusion defined as circumvention by the DMCA. CI has shown a history of coming to the conclusion that its coupons are protected in some manner by the DMCA and it is reasonable to assume, will continue to do so unless action is taken by this Court.

In sum, the inclusion of numerous misleading accusations and false allegations in the Complaint plainly violates Rule 11.

### CONCLUSION

For the foregoing reasons, defendant respectfully moves that the plaintiff, Coupons, Inc and its attorney Hollis Hire be sanctioned for violating, at a minimum, Rule 11 of the Federal Rules of Civil Procedure.

DATED:  September 24, 2007

Respectfully,

John A. Stottlemire, *pro se*

Defendant's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure; Supporting Memorandum of Points and Authorities No. C-07-03457 HRL

14

John A Stottlemire
33103 Lake Garrison Street
Fremont, CA 94555
Telephone: (614) 358-4185
Email: jstottl@comcast.net
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, | ) Case No.: 5:07-cv-03457-HRL |
| Plaintiff, | ) **Declaration Of John Stottlemire In Support** |
| | ) **Of Defendant's Motion For Sanctions** |
| v. | ) |
| | ) |
| JOHN STOTTLEMIRE, and DOES 1-10, | ) Date:        November 20, 2007 |
| | ) Time:       10 a.m. |
| Defendant | ) Courtroom: 2, 5th Floor |
| | ) Judge:      Hon. Howard R. Lloyd |

I, John Stottlemire hereby declare:

1. I am one of the Defendants in this action. I state all facts herein of my own first hand knowledge, and if called as a witness, I could and would competently testify thereto.

2. On Monday, July 9th, 2007, I attempted to Call Jeff Weitzman, known to me to be the COO and President of Coupons, Inc. in response to legal documentation which was hand delivered to me the proceeding Friday. The purpose of my call was to determine what actions I could undertake which would result in the action being removed as quickly as possible. Our phone service is provided by Vonage who maintains logs of all incoming and outgoing telephone calls. A true and exact abstract of those call logs showing the date and time I called Jeff Weitzman is attached hereto as Exhibit A.

3. On Tuesday, July 10, 2007, Jeff Weitzman returned my initial phone call and after a lengthy discussion informed me that he would have his attorneys draft a settlement agreement and that his attorneys would e-mail the settlement agreement to me. A true and exact abstract of

those call logs showing the date and time Jeff Weitzman called me is attached hereto as Exhibit B.

4.  On Friday, July 13, 2007, I sent an electronic mail to Jeff Weitzman to ensure he had forwarded the correct e-mail address to his attorneys as his attorneys had not yet sent any settlement agreement to me.  A true and exact copy of that email is attached hereto as Exhibit C.

5.  On Friday, July 13, 2007 I received an email from Hollis Hire, an attorney at Wilson Sonsini Goodrich & Rosati with an attachment which contained in PDF format (1) Settlement Agreement; (2) Stipulation RE:  Injunction and Judgment; and (3) [Proposed] Permanent Injunction.  Within the e-mail, Hollis Hire also made the following statements (1)  "Regarding the judgment, it is important to note that the judgment will not be executed, and no money will change hands, unless there is a violation of the agreed-upon injunction" and (2) "We would appreciate your prompt cooperation with respect to this agreement, so that Coupons, Inc. is not required to take any further action with your ISP and/or other third parties."  A true and exact copy of the e-mail received from Hollis Hire is attached hereto as Exhibit D.

6.  The settlement agreement received from Hollis Hire states in part "that Stottlemire, and others participating with him, be immediately enjoined and restrained from manufacturing, offering to the public, and providing technology primarily designed for the purpose of circumventing technological measures that effectively control access to any coupons, including but not limited to the online, printable coupons produced by Coupons, Inc."  A true and exact copy of the settlement agreement is attached hereto as Exhibit E.

7.  On September 24, 2007, I filed and served Defendant's Motion to Dismiss.  On the same date, I sent Plaintiff's counsel by hand delivery a letter, a true and correct copy of which is attached hereto as Exhibit F.  By that letter, consistent with the requirements of Rule 11 of the Federal Rules of Civil Procedure, I enclosed Defendant's Motion for Sanctions.  In the letter, I indicated that I would not file the sanctions motion if, within 21 days, Plaintiff dismissed the First Amended Complaint with prejudice as to all named Defendants.

8.  Twenty-one days have passed since my September 24, 2007 letter to Plaintiff's counsel, and Plaintiff has not dismissed the First Amended Complaint.

I declare under penalty of perjury under the laws of the United States Of America that the foregoing is true and correct. Executed this 24th day of September, 2007 at Fremont, California.

_____

John Stottlemire, *pro se*

# EXHIBIT A



**Welcome - Anishia Pavithran**
Account Number: 1003631158     User
Name: anishiap
Account Name: Anishia
Pavithran       Account Status: Active

**Dashboard**    **Activity**    **Billing**    **Voicemail**    **Account**    **Orders**    **Features**    **Add-ons**

Advanced Activity Search     Activity FAQs                               Help    Contact    Log Out

## Advanced Activity Search

Your search for Outgoing Calls to 16509473900 from July 1, 2007 12:00 AM to July 31, 2007 11:00 PM returns **3** results.

### Search Results

| Date | Time | From | To | Duration (hh:mm:ss) | Transaction ID |
|------|------|------|----|---------------------|----------------|
| Jul 09, 2007 | 03:31 PM | 16143584185 | 16509473900 | 00:02:00 | 11046292320 |
| Jul 09, 2007 | 12:28 PM | 16143584185 | 16509473900 | 00:02:00 | 11044755585 |
| Jul 09, 2007 | 12:26 PM | 16143584185 | 16509473900 | 00:02:00 | 11044753586 |

### Icon Legend

**ID** Caller ID          **F** Forwarded Call          **T** Transferred Call

### Search by Date/Time

From: month [ ] day [ ] year [ ] time [ ]    To: month [ ] day [ ] year [ ] time [ ]

### Search by Number

From Number: [ ]    **or**    To Number: [ ]

### Search by Length of Call

at least [ ] [ ] minutes

○ Search in Received Calls    ○ Search in Placed Calls    [ Search ]

FREE MONTH OFFER ONLY ON $24.99 UNLIMITED RESIDENTIAL PLAN. NEW SUBSCRIBERS ONLY. PLAN FEE WAIVED BUT ALL OTHER CHARGES APPLY. Free Calls To Europe Offer (available only with Unlimited Residential Plan) Does Not Apply To Certain Call Types, Such As Calls To Cell Phones, and is limited to Italy, France, Spain, UK and Ireland. Vonage 911 service operates differently than traditional 911. See www.vonage.com/911 for details. Rates exclude: broadband service, regulatory and activation fees and certain other charges, equipment, taxes, & shipping. Additional calling charges may apply on Basic Plans. International calls billed per minute. High-speed Internet required. Alarms and other systems may not be compatible. Offer valid in US only. Click for Terms of Service. © 2001-2007 Vonage Marketing, Inc., All Rights Reserved.

# EXHIBIT B



**Welcome - Anishia Pavithran**
Account Number: 1003631158      User
Name: anishiap
Account Name: Anishia
Pavithran      Account Status: Active

**Dashboard   Activity   Billing   Voicemail   Account   Orders   Features   Add-ons**

Advanced Activity Search      Activity FAQs                          Help   Contact   Log Out

## Advanced Activity Search

Your search for Incoming Calls from 16506054603 from July 1, 2007 12:00 AM to August 1, 2007 12:00 AM returns **3** results.

### Search Results

| Date | Time | | From | To | Duration (hh:mm:ss) | Transaction ID |
|------|------|---|------|-----|---------------------|----------------|
| Jul 23, 2007 | 04:46 PM | ID | 16506054603 | 16143584185 | 00:24:00 | 11292076527 |
| Jul 13, 2007 | 01:24 PM | ID | 16506054603 | 16143584185 | 00:02:00 | 11123915381 |
| Jul 10, 2007 | 04:36 PM | ID | 16506054603 | 16143584185 | 00:12:00 | 11070067909 |

### Icon Legend

ID Caller ID          F Forwarded Call          T Transferred Call

**Search by Date/Time**

From:  month ___   day ___   year ___   time ___   To:  month ___   day ___   year ___   time ___

**Search by Number**

From Number: _____   **or**   To Number: _____

**Search by Length of Call**

at least ___   _____ minutes

( ) Search in Received Calls      ( ) Search in Placed Calls      [ Search ]

FREE MONTH OFFER ONLY ON $24.99 UNLIMITED RESIDENTIAL PLAN. NEW SUBSCRIBERS ONLY. PLAN FEE WAIVED BUT ALL OTHER CHARGES APPLY. Free Calls To Europe Offer (available only with Unlimited Residential Plan) Does Not Apply To Certain Call Types, Such As Calls To Cell Phones, and is limited to Italy, France, Spain, UK and Ireland. Vonage 911 service operates differently than traditional 911. See www.vonage.com/911 for details. Rates exclude: broadband service, regulatory and activation fees and certain other charges, equipment, taxes & shipping. Additional calling charges may apply on Basic Plans. International calls billed per minute. High-speed Internet required. Alarms and other systems may not be compatible. Offer valid in US only. Click for Terms of Service. © 2001-2007 Vonage Marketing, Inc., All Rights Reserved.

# EXHIBIT C

**John Stottlemire**

| | |
|---|---|
| **From:** | Jeff Weitzman [JeffW@couponsinc.com] |
| **Sent:** | Friday, July 13, 2007 6:39 PM |
| **To:** | John A Stottlemire |
| **Cc:** | jslafsky@wsgr.com |
| **Subject:** | RE: To verify |

Thank you. Please expect communication from our attorneys at Wilson, Sonsini.

Jeff Weitzman

-----Original Message-----
From: John A Stottlemire [mailto:jstottl@comcast.net]
Sent: Friday, July 13, 2007 3:35 PM
To: Jeff Weitzman
Subject: To verify

To verify the email address that should be used:   jstottl@comcast.net

# EXHIBIT D

## John Stottlemire

| | |
|---|---|
| **From:** | Hire, Hollis [hhire@wsgr.com] |
| **Sent:** | Monday, July 16, 2007 5:39 PM |
| **To:** | jstottl@comcast.net |
| **Cc:** | Slafsky, John; Jeff Weitzman |
| **Subject:** | Coupons, Inc. |
| **Attachments:** | Document.pdf |

FOR SETTLEMENT PURPOSES ONLY

Dear Mr. Stottlemire,

We represent Coupons, Inc. in the lawsuit filed against you. Attached please find a proposed settlement agreement to resolve the litigation.

The settlement agreement includes several parts -- an agreement between you and Coupons, Inc., which will not be filed with the Court, and a stipulation signed by you and Coupons, Inc., which will be filed with the court and which indicates both parties' agreement to the terms of the proposed injunction and the judgment.

Regarding the judgment, it is important to note that the judgment will not be executed, and no money will change hands, unless there is a violation of the agreed-upon injunction.

If you have retained an attorney, please let us know as soon as possible.

We would appreciate your prompt cooperation with respect to this agreement, so that Coupons, Inc. is not required to take any further action with your ISP and/or other third parties.

Hollie Hire

<<Document.pdf>>

Hollis Beth Hire
Wilson Sonsini Goodrich & Rosati
Direct dial: 650 849 3040
Email: hhire@wsgr.com
This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.


This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

# EXHIBIT E

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Settlement Agreement") is entered into this ___ day of July, 2007 (the "Execution Date") by and between Coupons, Inc., a California corporation on the one part, and John Stottlemire, an individual, on the other part (collectively, the "Parties").

## WITNESSETH

WHEREAS, Coupons, Inc. is the plaintiff in an action entitled, <u>Coupons, Inc. v. John Stottlemire et al.</u>, Case No. Case No. 5:07-cv-03457 HRL, pending in the Northern District of California, San Jose Division (the "Action"), in which Coupons, Inc. seeks to recover damages from Stottlemire arising from Stottlemire's alleged circumvention of technological measures that effectively control access to coupons, including but not limited to the online, printable coupons produced by Coupons, Inc.; and

WHEREAS, the Parties desire to resolve, without further litigation, the claims brought in the Action, on the terms and conditions set forth below.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties agree as follows:

1.    The Parties shall submit to the Court presiding over the Action a fully executed version of the Stipulation Re: Injunction and Judgment attached hereto as Exhibit A.

2.    The stipulated injunction ("Injunction") shall provide:

    a.  that Stottlemire, and others participating with him, be immediately enjoined and restrained from manufacturing, offering to the public, and providing technology primarily designed for the purpose of circumventing technological measures that effectively control access to any coupons, including but not limited to the online, printable coupons produced by Coupons, Inc.;

    b.  that Stottlemire, and others participating with him, be immediately enjoined and restrained from the operation of a website for the purpose of circumventing technological measures that effectively control access to any coupons, including but not limited to the online, printable coupons produced by Coupons, Inc.

    c.  that if Stottlemire, or others participating with him, operate any website(s), Stottlemire, and others participating with him, be further enjoined and restrained from knowingly allowing any users of such website(s) to engage in circumvention of technological measures that effectively control access to any coupons, including but not limited to the online, printable coupons produced by Coupons, Inc.;

    d.  that Stottlemire, and others participating with him, be immediately enjoined and restrained from selling, transferring, offering to the public, and providing printed or printable coupons produced by Coupons, Inc.;

e.  that Stottlemire, and others participating with him, be immediately enjoined and restrained from violating any federal or state law regarding the use of coupons, including but not limited to conduct that violates the Copyright Act, the Digital Millennium Copyright Act, and the Lanham Act;

f.  that Stottlemire, and others participating with him, be immediately enjoined and restrained from destroying, modifying, defacing, or concealing any evidence of illegal or unlawful use of coupons;

g.  that within 10 days of the entry of this Permanent Injunction, Stottlemire, and others participating with him, shall destroy all copies of the Circumventing Software (as defined in the Complaint), and shall deliver to Coupons, Inc. all unauthorized copies of Coupons, Inc. coupons created and printed through use of the Circumvention Method (as defined in the Complaint) and/or the Circumvention Software (including but not limited to electronic files or images of coupons) in the possession of Stottlemire or others participating with him;

h.  that within 10 days of the entry of this Permanent Injunction, Stottlemire shall deliver to Coupons, Inc. all documents, files, lists, and/or correspondence reflecting the identities of, and contact information for, the persons to whom Stottlemire, and others participating with him, distributed or provided technology primarily designed for the purpose of circumventing technological measures that effectively control access to coupons;

i.  that within 15 days of the entry of this Permanent Injunction, Stottlemire shall file with the Court and serve on Coupons, Inc. an affidavit setting forth in detail the manner and form in which he has complied with the terms of the Permanent Injunction

3.  The stipulated judgment ("Judgment") shall provide that:

Judgment on the Complaint shall be entered in favor of Plaintiff Coupons, Inc. and against John Stottlemire in the amount of $75,000.

4.  If Stottlemire complies with the provisions of the Injunction, such compliance shall constitute satisfaction of the Judgment, and Coupons, Inc. will refrain from executing on the Judgment. However, if Stottlemire does not comply with the provisions of the Injunction, Coupons, Inc. shall have the right to fully execute the Judgment.

5.  Except as required by applicable law, neither Stottlemire nor any party in active concert with it shall at any time publish, disseminate, or communicate to any third party, directly or indirectly, any information relating to the terms of this Settlement Agreement.

6.  Stottlemire represents and warrants that he has not relied upon any representations made by or on behalf of Coupons, Inc., other than those specifically set forth in this Settlement Agreement (including, without limitation, the recitals to this Settlement Agreement), in

2

executing, delivering, and performing this Settlement Agreement, or in executing and delivering the Stipulation Re: Injunction and Judgment.

7.    This Settlement Agreement, together with the exhibit hereto, constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof.

8.    This Settlement Agreement shall be construed and enforced in accordance with, and be governed by, the laws of the State of California, and any choice or conflict of law provision or rule that would cause application of the laws of any other state or jurisdiction to apply shall not be given effect.

9.    The Parties agree that this Settlement Agreement and the exhibit hereto shall be deemed to have been drafted by each of them and/or their counsel collaboratively, and that no presumption of interpretation against the drafting party shall apply.  The Parties represent that they have executed this Settlement Agreement after careful review and consultation with their respective counsel.

10.    This Settlement Agreement may be signed in counterparts.

11.    This Settlement Agreement is not severable.  If, for any reason, any part of the agreement is found to be unenforceable or is not approved by the Court (including, but not limited to, the entry of the Judgment for the full amount), the entire Settlement Agreement is null and void.

12.    This Settlement Agreement may not be modified except by a writing signed by the Parties.

IN WITNESS THEREOF, the Parties have executed and delivered this Settlement Agreement as of the Execution Date.

COUPONS, INC.

By: _____

Printed Name: _____

Title: _____

Date: July ___, 2007

JOHN STOTTLEMIRE

_____

Date:  July ___, 2007

**<u>EXHIBIT A</u>**

John L. Slafsky, State Bar No. 195513
Hollis Beth Hire, State Bar No. 203651
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

Attorneys for Plaintiff
Coupons, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, | Case No. 5:07-cv-03457 HRL |
| Plaintiff, | **STIPULATION RE: INJUNCTION AND JUDGMENT** |
| v. | |
| JOHN STOTTLEMIRE, and DOES 1-10, | Judge: Hon. Howard R. Lloyd |
| Defendants. | Courtroom: 2 |

WHEREAS, Plaintiff Coupons, Inc. filed a Complaint against Defendants John

Stottlemire ("Stottlemire") and Does 1-10 on July 2, 2007:

STIPULATION RE: INJUNCTION
AND JUDGMENT

1          Pursuant to a settlement agreement, Coupons, Inc. and Stottlemire stipulate (themselves

2    or through their respective counsel) to the [PROPOSED] PERMANENT INJUNCTION attached

3    hereto as Exhibit 1 and to the [PROPOSED] JUDGMENT attached hereto as Exhibit 2.

4

5    SO STIPULATED.

6    Dated: _____, 2007          WILSON SONSINI GOODRICH & ROSATI

7

8                                          By: _____

9                                               Hollis Beth Hire

10                                          Attorneys for Plaintiff Coupons, Inc.

11   Dated: _____, 2007

12                                          By: _____

13                                               John Stottlemire

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE: INJUNCTION          -2-                    3153992_1.DOC
AND JUDGMENT

## **EXHIBIT 1**

1  John L. Slafsky, State Bar No. 195513
   Hollis Beth Hire, State Bar No. 203651
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, California 94304-1050
4  Telephone:  (650) 493-9300
   Facsimile:   (650) 493-6811
5
   Attorneys for Plaintiff
6  Coupons, Inc.

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12  COUPONS, INC., a California corporation,    )    Case No. 5:07-cv-03457 HRL
                                                )
13            Plaintiff,                        )    **[PROPOSED] PERMANENT
                                                )    INJUNCTION**
14       v.                                     )
                                                )
15  JOHN STOTTLEMIRE, and DOES 1-10,            )    Judge: Hon. Howard R. Lloyd
                                                )    Courtroom: 2
16            Defendants.                        )
                                                )
17                                              )
                                                )
18  _____)

19

20       The Court, having reviewed and considered the Complaint filed on July 2, 2007 by

21  Plaintiff Coupons, Inc. against Defendants John Stottlemire ("Stottlemire") and Does 1-10, and

22  the Stipulation Re: Injunction and Judgment filed by Coupons, Inc. and Stottlemire, hereby
    ORDERS:

23       1.    that Stottlemire, and others participating with him, be immediately enjoined and

24             restrained from manufacturing, offering to the public, and providing technology

25             primarily designed for the purpose of circumventing technological measures that

26             effectively control access to any coupons, including but not limited to the online,

27             printable coupons produced by Coupons, Inc.;

28

PERMANENT INJUNCTION

2.  that Stottlemire, and others participating with him, be immediately enjoined and restrained from the operation of a website for the purpose of circumventing technological measures that effectively control access to any coupons, including but not limited to the online, printable coupons produced by Coupons, Inc.

3.  that if Stottlemire, or others participating with him, operate any website(s), Stottlemire, and others participating with him, be further enjoined and restrained from knowingly allowing any users of such website(s) to engage in circumvention of technological measures that effectively control access to any coupons, including but not limited to the online, printable coupons produced by Coupons, Inc.;

4.  that Stottlemire, and others participating with him, be immediately enjoined and restrained from selling, transferring, offering to the public, and providing printed or printable coupons produced by Coupons, Inc.;

5.  that Stottlemire, and others participating with him, be immediately enjoined and restrained from violating any federal or state law regarding the use of coupons, including but not limited to conduct that violates the Copyright Act, the Digital Millennium Copyright Act, and the Lanham Act;

6.  that Stottlemire, and others participating with him, be immediately enjoined and restrained from destroying, modifying, defacing, or concealing any evidence of illegal or unlawful use of coupons;

7.  that within 10 days of the entry of this Permanent Injunction, Stottlemire, and others participating with him, shall destroy all copies of the Circumventing Software (as defined in the Complaint), and shall deliver to Coupons, Inc. all unauthorized copies of Coupons, Inc. coupons created and printed through use of the Circumvention Method (as defined in the Complaint) and/or the Circumvention Software (including but not limited to electronic files or images of coupons) in the possession of Stottlemire or others participating with him;

8.  that within 10 days of the entry of this Permanent Injunction, Stottlemire shall deliver to Coupons, Inc. all documents, files, lists, and/or correspondence reflecting

PERMANENT INJUNCTION                    -2-                    3151340_1.DOC

1    the identities of, and contact information for, the persons to whom Stottlemire, and

2    others participating with him, distributed or provided technology primarily

3    designed for the purpose of circumventing technological measures that effectively

4    control access to coupons;

5    9.    that within 15 days of the entry of this Permanent Injunction, Stottlemire shall file

6    with the Court and serve on Coupons, Inc. an affidavit setting forth in detail the

7    manner and form in which he has complied with the terms of the Permanent

8    Injunction.

9
Dated: _____, 2007

10                                                            THE HONORABLE HOWARD R. LLOYD
                                                             UNITED STATES MAGISTRATE JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 2**

1  John L. Slafsky, State Bar No. 195513
   Hollis Beth Hire, State Bar No. 203651
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, California 94304-1050
4  Telephone:  (650) 493-9300
   Facsimile:  (650) 493-6811
5
   Attorneys for Plaintiff
6  Coupons, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12  COUPONS, INC., a California corporation,   )    Case No. 5:07-cv-03457 HRL
                                               )
13                  Plaintiff,                 )    **[PROPOSED] JUDGMENT**
                                               )
14          v.                                 )
                                               )    Judge: Hon. Howard R. Lloyd
15  JOHN STOTTLEMIRE, and DOES 1-10,           )    Courtroom: 2
                                               )
16                  Defendants.                )
                                               )
17                                             )
                                               )
18  _____ )

19

20          Judgment on the Complaint shall be entered in favor of Plaintiff Coupons, Inc. and

21  against John Stottlemire in the amount of $75,000.

22          IT IS SO ORDERED.

23

24  Dated: _____, 2007

25                                             _____
                                               THE HONORABLE HOWARD R. LLOYD
                                               UNITED STATES MAGISTRATE JUDGE
26

27

28

JUDGMENT

# EXHIBIT F

John A Stottlemire
33103 Lake Garrison St
Fremont, CA 94555
(614) 358-4185


September 24, 2007


BY HAND DELIVERY

Hollis Hire
Attorney At Law
650 Page Mill Road
Palo Alto, California 94304-1050

     RE:  Coupons, Inc. v. Stottlemire and Does 1-10

Dear Ms. Hire:

     Enclosed is my motion to dismiss the First Amended Complaint, or in the alternative, for summary judgment in the above matter, which I filed with the Court today. I also enclose a motion for sanctions. Consistent with Rule 11(c)(1)(A), I will not file the sanctions motion if, within 21 days, you dismiss the First Amended Complaint with prejudice as to all named Defendants.

     Please contact me if you would like to discuss this matter.


          Very truly yours,

          John A. Stottlemire