1  Neil A. Goteiner (State Bar No. 083524)
   Dennis M. Cusack (State Bar No. 124988)
2  Carly O. Alameda (State Bar No. 244424)
   Farella Braun & Martel LLP
3  235 Montgomery Street, 17th Floor
   San Francisco, CA  94104
4  Telephone:  (415) 954-4400
   Facsimile:  (415) 954-4480
5  E-mail:  ngoteiner@fbm.com, dcusack@fbm.com,
   calameda@fbm.com
6
   Attorneys for Plaintiff
7  COUPONS, INC.

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11

12  COUPONS, INC.,                      Case No. 5:07-CV-03457 HRL

13           Plaintiff,

14      vs.                             Date:      December 4, 2007
                                        Time:      10:00 a.m.
15  JOHN STOTTLEMIRE, and DOES 1-10,    Courtroom: 2
                                        Judge:     Honorable Howard R. Lloyd
16           Defendants.

17

18

19      **COUPONS'S MEMORANDUM OF POINTS AND AUTHORITIES IN
        OPPOSITION TO DEFENDANT STOTTLEMIRE'S MOTION TO DISMISS
20      OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

21      **OPPOSITION TO REQUEST FOR JUDICIAL NOTICE,
        OBJECTIONS TO EVIDENCE AND MOTION TO STRIKE**

22

23      **COUPONS'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT
Case No. 5:07-CV-03457 HRL

22675\1379190.2

# TABLE OF CONTENTS

Page

I.    PRELIMINARY STATEMENT.................................................................. 1

      A.    INTRODUCTION ................................................................. 1

      B.    FACTUAL BACKGROUND .................................................. 1

      C.    PROCEDURAL POSTURE .................................................... 2

II.   THE MOTION TO DISMISS IS WITHOUT MERIT ......................... 2

      A.    LEGAL STANDARD ............................................................ 2

      B.    COUPONS HAS ALLEGED FACTS THAT, IF PROVED, WOULD
            ESTABLISH THAT STOTTLEMIRE HAS VIOLATED 17 U.S.C. § 1201 ... 3

            1.    Stottlemire Trafficked In Technology In Violation Of § 1201(a)(2).......... 3

            2.    Stottlemire's Conduct Violated Section 1201(b)(1) ................................. 5

      C.    STOTTLEMIRE IGNORES PLEADED FACTS AND
            MISUNDERSTANDS THE DMCA.................................................... 8

            1.    Coupons Alleged Copyright Protection ...................................... 8

            2.    Coupons Alleged Lack of Authorization ...................................... 8

            3.    Coupons's Technology Effectively Protects Its Rights ...................... 9

III.  THE MOTION FOR SUMMARY JUDGMENT IS PREMATURE AND BASED
      ON THE SAME MISCONCEPTIONS ABOUT THE DMCA.................... 12

      A.    LEGAL STANDARD .......................................................... 12

      B.    THE MOTION SHOULD BE DENIED AS PREMATURE ............... 12

      C.    THE ELEMENTS TO SUPPORT A CLAIM FOR RELIEF UNDER THE
            DMCA HAVE EITHER BEEN MET IN COUPONS'S FAVOR, OR
            INVOLVE A GENUINE DISPUTE OF MATERIAL FACT ............................ 13

            1.    Ownership of a Valid Copyright.................................................. 14

            2.    Effective Control by a Technological Measure ........................ 14

            3.    Unauthorized Circumvention ..................................................... 15

            4.    Designed or Marketed for Circumvention ................................. 15

      D.    THE MOTION FAILS TO ADDRESS SECTION 1201(b)(1) .......................... 16

      E.    STOTTLEMIRE HAS NOT SUBMITTED ADMISSIBLE EVIDENCE
            TO SUPPORT HIS MOTION ................................................ 16

IV.   THE MOTION FOR SANCTIONS MUST BE DENIED.......................... 18

V.    CONCLUSION ................................................................................. 18

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT          - i -                                22675\1379190.2
Case No. 5:07-CV-03457 HRL

1

## TABLE OF AUTHORITIES

2

Page

3

## FEDERAL CASES

4

*321 Studios v. Metropolitan Goldwyn Mayer Studios, Inc.*,
    307 F. Supp. 2d 1085 (N.D. Cal. 2004) ................................................. 10

5

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................................ 12

6

*Bell Atlantic Corp. v. Twombly*,
    127 S. Ct. 1955 (2007) ........................................................................ 2, 5

7

8

*British Airways Board v. Boeing Co.*,
    585 F.2d 946 (9th Cir. 1978) .................................................................. 12

9

*Burlington Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*,
    323 F.3d 767 (9th Cir. 2003) .................................................................. 13

10

11

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ................................................................................ 12

12

13

*Chamberlain Group, Inc. v. Skylink Technologies, Inc.*,
    381 F.3d 1178 (Fed. Cir. 2004) ...................................................... 8, 9, 14

14

*Filiti v. USAA Casualty Insurance Co.*,
    No. S-06-2694, 2007 WL. 2345012, at *2 (E.D. Cal) ........................... 2

15

16

*Gallo v. Prudential Residential Services, Ltd. Partnership*,
    22 F.3d 1219 (2d Cir. 1994) ................................................................... 12

17

*Garrett v. City and County of San Francisco*,
    818 F.2d 1515 (9th Cir. 1987) ................................................................ 13

18

19

*Hancock v. Montgomery Ward Long Term Disability Trust*,
    787 F.2d 1302 (9th Cir. 1986) ................................................................ 13

20

*Knight v. U.S. Fire Insurance Co.*,
    804 F.2d 9 (2d Cir. 1986) ....................................................................... 12

21

22

*Lexmark International, Inc. v. Static Control Components, Inc.*,
    387 F.3d 522 (6th Cir. 2004).................................................. 8, 10, 11, 12

23

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ................................................................................ 12

24

25

*United States v. Diebold*,
    369 U.S. 654 (1962) ................................................................................ 12

26

*United States v. Elcom Ltd.*,
    203 F. Supp. 2d 1111 (N.D. Cal. 2002) .......................................... 6, 7, 16

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT          - ii -          22675\1379190.2
Case No. 5:07-CV-03457 HRL

*Universal City Studios, Inc. v. Reimerdes,*
    111 F. Supp. 2d 294 (S.D.N.Y. 2000)........................................................ 3, 4, 8, 10, 14, 15

*Universal Studios, Inc. v. Corley,*
    273 F.3d 429 (2d Cir. 2001)...................................................................................... 3, 4, 6

**FEDERAL STATUTES**

17 U.S.C. § 102 ................................................................................................................... 14

17 U.S.C. § 106 ..................................................................................................................... 7

17 U.S.C. § 1201 ............................................................................................................... 1, 3

17 U.S.C. § 1201(a)(2) .................................................................................................. 3, 6, 9, 13

17 U.S.C. § 1201(a)(2)(A) .............................................................................................. 4, 10, 13

17 U.S.C. § 1201(a)(2)(B) .............................................................................................................. 4

17 U.S.C. § 1201(a)(2)(C) ............................................................................................................ 13

17 U.S.C. § 1201(a)(3) ............................................................................................................ 3, 15

17 U.S.C. § 1201(b) ..................................................................................................................... 7

17 U.S.C. § 1201(b)(1) ................................................................................................... 3, 5, 6, 9, 16

17 U.S.C. § 1201(b)(1)(A) ....................................................................................................... 6, 13, 16

17 U.S.C. § 1201(b)(1)(C) ............................................................................................................ 13

17 U.S.C. § 1201(b)(2)(A) ............................................................................................................. 6

17 U.S.C. § 1201(b)(2)(B) ............................................................................................................. 7

Fed. R. Civ. P. 12(b)(6)............................................................................................................. 2, 9
    56(c) ...................................................................................................................................... 12
    56(e) ................................................................................................................................. 12, 17
    56(f) ......................................................................................................................................13

Fed. R. Evid. 201 ...................................................................................................................... 16
    402 ......................................................................................................................................... 17
    802 ......................................................................................................................................... 17
    901......................................................................................................................................... 17

**OTHER AUTHORITY**

Martin and Oshinsky, Internet Law and Practice in California, § 1.8 (CEB 2007) ...................... 14

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

1    I.    **PRELIMINARY STATEMENT**

2        A.    **INTRODUCTION AND SUMMARY OF ARGUMENT**

3        Stottlemire's motions are improper and premature requests to resolve the entire litigation,

4    using only Stottlemire's cherry picked "evidence."[1]  Coupons's First Amended Complaint

5    ("FAC") alleges in sufficient detail how Stottlemire unlawfully circumvented Coupons's

6    technology, which imposes print limitations for copyright protected online coupons.  Coupons's

7    FAC thus alleges more than enough facts to state a claim for relief under the Digital Millennium

8    Copyright Act (17 U.S.C. § 1201 et seq., "DMCA").  Indeed, Stottlemire effectively concedes

9    that he created his illegal software to sidestep Coupons's print limitation technology.  Congress

10   intended the DMCA to address exactly this case.  Stottlemire, however, bases his Motion to

11   Dismiss entirely on a misunderstanding of the DMCA and misstatements of fact.

12       Stottlemire's Motion for Summary Judgment is similarly premature and misdirected.  In

13   addition, there has been no discovery and Stottlemire's motion is devoid of admissible evidence.

14   The Motion for Sanctions is also without merit because it is based entirely on the same flawed

15   arguments as the motions to dismiss and for summary judgment.

16       B.    **FACTUAL BACKGROUND**

17       Coupons provides on-line, printable coupons to consumers on behalf of advertisers.  The

18   advertiser or Coupons, or both, offer the coupon online.  When a consumer chooses a coupon

19   from a website, Coupons's system and technology transmit the coupon to the consumer's printer.

20   Consumers print out the coupons and redeem them at local stores.  With the delivery of these

21   coupons to consumers, Coupons delivers to the user's computer security features which prevent

22   the printing of more than the authorized number of coupons (for most coupons, the consumer is

23   allowed two prints).  Stottlemire created, offered to the public in chat room forums, and

24   distributed by email or other messaging services, a method of deleting the security features and

25   also a software program that deleted the security features, all to allow users to print more than the

26

---

27   [1] Coupons addresses in Section III E, *infra*, Stottlemire's Request for Judicial Notice, which requests judicial notice of eight inadmissible documents such as unauthenticated Internet

28   printouts and Stottlemire's own hearsay statements.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT        - 1 -        22675\1379190.2
Case No. 5:07-CV-03457 HRL

1    authorized number of coupons.  Because Coupons's coupons are works subject to copyright

2    protection, Stottlemire's actions violate the anti-circumvention provisions of the DMCA.

3    **C.    PROCEDURAL POSTURE**

4    Coupons filed its initial complaint on July 2, 2007, and its FAC on August 29, 2007.

5    Stottlemire filed the Motion to Dismiss on September 24, 2007.  Stottlemire filed a motion for

6    sanctions against Coupons and one of Coupons's attorneys, based on Coupons's unwillingness to

7    withdraw this action.  Both motions are set for hearing December 4, 2007.[2]  Neither party has

8    served discovery requests.

9    **II.    THE MOTION TO DISMISS IS WITHOUT MERIT**

10    **A.    LEGAL STANDARD**

11    Coupons's FAC meets Fed. R. Civ. P. 12(b)(6) standards by alleging, "enough facts to

12    state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct.

13    1955, 1974 (2007).  Overly detailed factual allegations are not required.  Accord, *Filiti v. USAA*

14    *Casualty Insurance Co.*, 2007 WL 2345012, *2 (E.D. Cal.).  Like Stottlemire, the *Filiti* defendant

15    argued that *Bell Atlantic* required the plaintiff to plead additional facts to state a claim.  *See id.* at

16    *3.  The *Filiti* Court rejected the defendant's argument that "in order to demonstrate that an auto

17    body repair labor rate of $65 per hour was insufficient to restore her car ... plaintiff would have to

18    allege that no auto body repair shop in her area accepted that hourly rate." *Id.*  It was sufficient

19    that the *Filiti* plaintiff had merely alleged a plausible theory that "the $65.00 per hour rate was

20    used by USAA as a basis for limiting the amount it would pay for labor, [and] was set arbitrarily,

21    artificially, unlawfully and unfairly." *Id.*  Applying the *Bell Atlantic* pleading standard, the Court

22    found that "it [wa]s entirely plausible" based on the plaintiff's allegations that $65 per hour was

23    insufficient. *Id.*  As will be demonstrated, Coupons's allegations are detailed, state a compelling

24    claim for relief under the DMCA, and give Stottlemire clear notice of the basis for liability.

25

26    _____

27    [2] Coupons has also filed a Notice of Substitution of Counsel, intending to substitute the law firm
of Farella Braun + Martel LLP for the law firm of Wilson Sonsini Goodrich & Rosati, and the
issue of an alleged ineffectual substitution of counsel will be addressed at the December 4, 2007
28    hearing.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT         - 2 -
Case No. 5:07-CV-03457 HRL                                              22675\1379190.2

**B.    COUPONS HAS ALLEGED FACTS THAT, IF PROVED, WOULD ESTABLISH THAT STOTTLEMIRE HAS VIOLATED 17 U.S.C. § 1201**

Coupons's FAC pleads the facts necessary to support its claim.  Coupons claims

violations of 17 U.S.C. § 1201[3] and related state claims.[4]  Specifically, Stottlemire's conduct

violates the anti-trafficking provisions of the DMCA, sections 1201(a)(2) and 1201(b)(1).

**1.    Stottlemire Trafficked In Technology In Violation Of § 1201(a)(2)**

Section 1201(a)(2) provides that:

> No person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof, that –

> (A) is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title;

> (B) has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under this title; or

> (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that effectively controls access to a work protected under this title.[5]

Section 1201(a)(2) contains "prohibitions on creating and making available certain

technologies … developed or advertised to defeat technological protections against unauthorized

access to a work."  *Universal City Studios, Inc. v. Reimerdes*, 111 F.Supp.2d 294, 316 (S.D.N.Y.

2000) (internal citation omitted), aff'd *sub nom Universal Studios, Inc. v. Corley*, 273 F.3d 429

(2d Cir 2001).  In *Reimerdes*, eight motion picture studios brought suit against a group of

---

[3] Unless otherwise noted, all further code section references are to 17 U.S.C. § 1201.

[4] Stottlemire does not argue that Coupons's state law claims fail to state a claim upon which relief can be granted; he only argues that the state law claims should be dismissed for lack of jurisdiction if the DMCA claim is dismissed.  *See* Motion at 21.  As there is no basis to dismiss the DMCA claim in Coupons's FAC, the state law claims should remain in force as well.

[5] Subsection 1201(a)(3) provides: "As used in this subsection— [¶] (A) to 'circumvent a technological measure' means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner; and [¶] (B) a technological measure 'effectively controls access to a work' if the measure, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work."

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT                - 3 -
Case No. 5:07-CV-03457 HRL

22675\1379190.2

1   computer hackers under the DMCA. *Id*. at 303. The studios distributed many of their

2   copyrighted motion pictures for home use on DVDs that contained copies of the motion picture in

3   digital form. These motion pictures were protected from copying using an encryption system

4   called CSS that allowed the DVDs to be played only on players with licensed technology. *Id*.

5   The defendants posted on their website a computer program called DeCSS that circumvented the

6   CSS protection system and allowed the DVDs to be played and copied on devices that did not

7   have the licensed technology. *Id*. The court found violations of sections 1201(a)(2)(A) and

8   1201(a)(2)(B) because: 1) DeCSS was a computer program, and unquestionably a technology

9   within the meaning of the statute (*id*. at 317); 2) DeCSS circumvented a technological access

10  control measure (*id*.); 3) CSS effectively controlled access to a copyrighted work, regardless of

11  "whether or not it is a strong means of protection" because in the ordinary course of its operation

12  the technology worked in the defined ways to control access to the work (*id*. at 317-318); and 4)

13  the programmer who wrote DeCSS and one of the defendants conceded that DeCSS was created

14  for the sole purpose of decrypting CSS, and that was its only function. *Id*. at 319. The district

15  court granted injunctive and declaratory relief in favor of the plaintiff motion picture studios (*id*.

16  at 346), and the Second Circuit affirmed the decision on appeal. See *Universal City Studios, Inc.*

17  *v. Corley*, 273 F.3d 429 (2nd Cir. 2001).

18      Here, Coupons's FAC alleges more than a sufficient factual basis to support the DMCA

19  claims. As stated in the FAC:

20      •   Coupons's coupons are works subject to copyright protection under Title 17 of the
            United States Code; *see* FAC ¶ 11;

21

22      •   The software underlying the online coupons contains built-in security measures to
            prevent consumers from printing more than an authorized number of copies of the
            coupons; *see* FAC ¶¶ 13-15;

23

24      •   In or around May 2007, Stottlemire created and offered on the Internet coupon
            forum, "DealIdeal," a method for finding and removing the security features which
            prevent the unlimited printing of Coupons's coupons (the "Circumvention

25          Method"); *see* FAC ¶ 19;

26      •   On or around May 20, 2007, Stottlemire stated on another Internet coupon forum,
            The Coupon Queen, that he "recently posted information on another site

27          (dealideal) on how to beat Coupons' limitations that would allow users of that
            software to print an unlimited number of coupons from the coupons.com website;"

28          *see* FAC ¶ 20;

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT          - 4 -                          22675\1379190.2
Case No. 5:07-CV-03457 HRL

- On or around May 20, 2007, Stottlemire created and offered the public on the Coupon Queen Forum and on another website a software program (the "Circumvention Software") that "will remove the limitations placed by the coupons.com software," as Stottlemire stated in the Coupon Queen Forum; *see* FAC ¶ 22;

- Stottlemire later offered a different version of his Circumvention Software that effectively automated the process of printing coupons beyond the authorized numbers; *see* FAC ¶¶ 24-25.

These allegations are far from "conclusory," and more than enough to state a plausible theory of relief. Coupons presents the dates and (Internet) locations of the precise conduct at issue, and even quotes the apparent admissions made by Stottlemire that indicate he designed the Circumvention Method and Software specifically to circumvent Coupons's security features. The FAC comes squarely within *Bell Atlantic*, 127 S. Ct. at 1974.

## 2.     Stottlemire's Conduct Violated  Section 1201(b)(1)

Section 1201(b)(1) provides that:

> No person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof, that –
>
> (A) is primarily designed or produced for the purpose of circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner under this title in a work or a portion thereof;
>
> (B) has only limited commercially significant purpose or use other than to circumvent protection afforded by a technological measure that effectively protects a right of a copyright owner under this title in a work or a portion thereof; or
>
> (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner under this title in a work or a portion thereof.

The important difference between Sections 1201(a)(2) and 1201(b)(1) is that: "[A]lthough both subsections prohibit trafficking in a circumvention technology, the focus of subsection 1201(a)(2) is circumvention of technologies designed to *prevent access* to a work, and the focus of subsection 1201(b)(1) is on circumvention of technologies designed to *permit access* to a work but *prevent copying* of the work or some other act that infringes a copyright. *Universal City*

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT          - 5 -
Case No. 5:07-CV-03457 HRL

22675\1379190.2

1  *Studios, Inc. v. Corley*, 273 F.3d 429, 441 (2d Cir 2001). Coupons's technology permits access to

2  coupons for the purpose of printing a limited number of copies (usually two). Once the print

3  limitation is reached, the technology prevents access. Stottlemire produced his Circumvention

4  Method and Software primarily to gain access to the digital coupon file after the print limitation is

5  reached, to avoid the restrictions on copying. Stottlemire's conduct therefore violates both

6  sections.

7       In *United States v. Elcom Ltd.*, 203 F.Supp.2d 1111 (N.D. Cal. 2002), Judge Whyte

8  considered motions to dismiss a criminal indictment brought under the DMCA. In *Elcom*, the

9  defendant developed and sold a software program that allowed a user to remove certain use

10 restrictions of an Adobe Acrobat eBook Reader, including restrictions imposed by the ebook

11 publisher that determined whether a consumer could copy or print the book, or lend it to another

12 computer. *Id*. at 1117-1118. The court determined that the DMCA provisions were not

13 unconstitutionally vague, did not violate the First Amendment, and were within Congressional

14 authority. *Id*. at 1125-1142.

15      In reaching its conclusion, the *Elcom* court provided a thorough analysis of section

16 1201(b)(1)(A). The court stated that the section is comprised of three parts: 1) trafficking in any

17 technology, product, service, device, component, or part thereof; 2) that is primarily designed or

18 produced for the purpose of circumventing protection afforded by a technological measure; and 3)

19 a technological measure that effectively protects a right of a copyright owner under the copyright

20 statute. *Elcom*, 203 F.Supp.2d at 1123.

21      The court explained that the first element is all-encompassing and "includes any tool, no

22 matter its form, that is primarily designed or produced to circumvent technological protection. In

23 the second element, "the phrase 'circumvent protection afforded by a technological measure' is

24 expressly defined in the statute to mean: 'avoiding, bypassing, removing, deactivating, or

25 otherwise impairing a technological measure.' 17 U.S.C. § 1201(b)(2)(A)." *Elcom*, 203

26 F.Supp.2d at 1123. As for the third element, "the statute provides that 'a technological measure

27 "effectively protects a right of a copyright owner under this title" if the measure, in the ordinary

28 course of its operation, prevents, restricts, or otherwise limits the exercise of a right of a copyright

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT        - 6 -
Case No. 5:07-CV-03457 HRL

22675\1379190.2

1  owner under this title.'  17 U.S.C. § 1201(b)(2)(B)."  The rights of a copyright owner include the

2  exclusive rights to reproduce the copyrighted work in copies, prepare derivative works, distribute

3  copies of the work, perform the work publicly, or display the work publicly.  17 U.S.C. § 106.

4  The *Elcom* court summarized:

5  Taken in combination, section 1201(b) thus prohibits trafficking in
   any tool that avoids, bypasses, removes, deactivates, or otherwise
6  impairs any technological measure that prevents, restricts, or
   otherwise limits the exercise of the right to reproduce the work,
7  prepare derivative works, distribute copies of the work, perform the
   work publicly or by digital audio transmission, or display the work
8  publicly.  *In short, the statute bans trafficking in any device that
   bypasses or circumvents a restriction on copying or performing a
9  work.*

10  *Elcom*, 203 F.Supp. 2d at 1124 (emphasis added).

11  Here, Coupons alleges that Stottlemire trafficked in software technology.  Coupons

12  specified in the FAC the nature of the technology and where and how Stottlemire trafficked in the

13  Circumvention Method and Software.  Coupons also alleged through Stottlemire's own

14  admissions that he designed the Circumvention Method and Software to circumvent Coupons's

15  print-restriction technology.  Finally, Coupons alleged that its print-restriction technology, in the

16  ordinary course of its operations, limits the exercise of a right of a copyright owner; that is, the

17  technology determines whether a work may be copied and, if so, how many copies may be made.

18  **C.    STOTTLEMIRE IGNORES PLEADED FACTS AND MISUNDERSTANDS
        THE DMCA**
19

20  **1.    Coupons Alleged Copyright Protection**

21  Stottlemire's argument that the FAC fails to plead that Coupons's coupons are subject to

    copyright protection ignores the FAC's gravaman and supporting allegations.  Coupons alleges
22
    the exact nature of the works (i.e., that the works are coupons) and that they are subject to
23
    copyright protection.  The DMCA does not require copyright registration as a statutory
24
    prerequisite, although Coupons has received registrations from the U.S. Copyright Office for its
25
    coupons.[6]  *See* Declaration of Jeffrey Weitzman ("Weitzman Decl."), ¶ 7.
26

27  ─────────────
    [6] Registration constitutes prima facie evidence of a copyright's validity.  *Lexmark International,*
28  *Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534-535 (6th Cir. 2004).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT        - 7 -
Case No. 5:07-CV-03457 HRL

22675\1379190.2

1    Stottlemire's arguments regarding the digital form of Coupons's coupons and the point in

2    time at which the coupons become fixed do not at all undermine the sufficiency of Coupons's

3    allegations.  The DMCA clearly protects copyrighted works even while they are still in a digital

4    form.  In fact, that is the central purpose of the DMCA.  *See Reimerdes*, 111 F. Supp. 2d at 315-

5    316 (DMCA enacted to address access to and copying of works in digital form).  To the extent

6    Stottlemire contests whether the form of these coupons merits copyright protection, he has merely

7    raised a question of fact not relevant to this motion.

8                    **2.    Coupons Alleged Lack of Authorization**

9    Despite Stottlemire's contrary assertions, Coupons clearly alleges that Stottlemire's

10   actions were unauthorized.[7]  Coupons alleges that it utilizes a security feature to limit the number

11   of times a user can print a coupon, and that Stottlemire's Circumvention Method and Software

12   allowed users to beat this security feature and print more than the authorized number of coupons.

13   *See* FAC ¶¶ 12, 13, 15, 16 19, 27.  Stottlemire himself acknowledged in his postings that what he

14   was doing was not authorized, as he claimed he could "beat the limitations" of Coupons's

15   technology.  *See* FAC ¶¶ 20, 22.  Also, Stottlemire admits in his motion that Coupons provides

16   notice on its coupons that the coupons are "void if reproduced" or "void if copied."  Motion at 19.

17   It follows that creating a way to further reproduce the coupons (by overcoming the print

18   restrictions) is unauthorized.  Coupons also makes clear to all users that there are strict print limits

19   in effect, as a message appears on computer screens stating that the print limit has been reached

20   once a user has printed a single coupon the authorized number of times.  Weitzman Decl. ¶ 8.

21

22   _____

     [7] Stottlemire's reliance on language from *Chamberlain Group, Inc. v. Skylink Technologies, Inc.*,
23   381 F.3d 1178 (Fed. Cir. 2004) is misplaced.  In *Chamberlain*, the defendant provided a product
     that activated an owner's garage door opener using a code program that was copyrighted by the
24   plaintiff original manufacturer.  *Id*. at 1183-1184.  The plaintiff characterized the access as
     circumvention of an important security measure (*id*. at 1185); however, the plaintiff did not allege
25   that its copyright was infringed.  *Id*. at 1197.  The court concluded no cause of action existed
     under the DMCA, and noted that it would be difficult to prove that defendant's access was
26   unauthorized because consumers have the manufacturer's implicit permission to purchase and use
     any brand of transmitter to open their garage door, and copyright laws authorize the consumer to
27   use the copy of the manufacturer's software embedded in the garage door opener they purchase.
     *Id*. at 1187, 1193.  The court distinguished those facts, where a product enabled only legitimate
28   use of copyrighted software, from those where an accused product enabled illegal copying.  *Id*. at
     1198.

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT        - 8 -                    22675\1379190.2
Case No. 5:07-CV-03457 HRL

1    Moreover, the element of authorization is contained only in section 1201(a)(2).  The

2    language that the circumvention must be "without the authority of the copyright owner" is not

3    present at all in section 1201(b)(1).

4           **3.      Coupons's Technology Effectively Protects Its Rights**

5           Stottlemire's attacks on the effectiveness of Coupons's security measures are similarly

6    misguided.  It is irrelevant that Coupons itself copies and distributes its own coupons.  A

7    copyright owner is free to authorize use or copies of its works as it chooses.  As the copyright

8    owner, Coupons has the right to allow, for example, one or two or six, and only that number, of

9    any coupon per printer.  Coupons has the right to limit or expand distribution or copying of its

10   coupons beyond the parameters it designates.

11          Also, Stottlemire's attack on the efficacy of Coupons's security measures has no bearing

12   on a finding that a security measure "effectively controls access" to a copyrighted work, let alone

13   on the determination of a Rule 12(b)(6) motion.  The quality of the security measure is legally

14   irrelevant.[8]  *See Universal City Studios v. Reimerdes*, *supra*, 111 F.Supp.2d 294, 317-318

15   (S.D.N.Y. 2000); *321 Studios v. Metro Goldwyn Mayer Studios, Inc.*, 307 F.Supp.2d 1085, 1095

16   (N.D. Cal. 2004) (citing *Reimerdes* for the proposition that CSS "effectively controls access" to a

17   copyrighted work within the meaning of the statute, whether or not it is a strong means of

18   protection).  *Reimerdes* stated that a defendant's contention that a security measure did not meet

19   the requirements of section 1201(a)(2)(A) because it was a "weak cipher" was "indefensible as a

20   matter of law."  *Id*. at 317.  The court clarified that the statute expressly provides that "a

21   technological measure 'effectively controls access to a work' if the measure, in the ordinary

22   course of its operation, requires the application of information or a process or a treatment, with

23   the authority of the copyright owner, to gain access to a work.'"  *Id*. at 317-318.  A technological

24

25

26

_____

27   [8] Nonetheless, as pointed out in response to Stottlemire's motion for summary judgment, it
     requires a high degree of technical savvy to know how to find the relevant files and to perform
28   the necessary operations on the computer to locate them.  *See* Weitzman Decl., ¶ 9.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT          - 9 -                          22675\1379190.2
Case No. 5:07-CV-03457 HRL

1   measure, therefore, "effectively controls access" to a copyrighted work if its function is to control

2   access, *regardless of whether it is successful in doing so*. *Id*. at 318.[9]  The court stated bluntly:

3               [D]efendants' construction, if adopted, would limit the application
            of the statute to access control measures that thwart circumvention,
4           but withhold protection for those measures that can be
            circumvented.  In other words, defendants would have the Court
5           construe the statute to offer protection where none is needed but to
            withhold protection precisely where protection is essential.  The
6           Court declines to do so.  *Id*.

7        Stottlemire's reliance on metaphors about locks and doors from *Lexmark International,*

8   *Inc. v. Static Control Components, Inc.*, *supra*, 387 F.3d 522 (6th Cir. 2004), rips those statements

9   out of context and misses the mark.  In *Lexmark*, a printer manufacturer brought an action against

10  the seller of a computer chip used in remanufactured toner cartridges, alleging a violation of its

11  copyright in a toner loading software program and violations of the DMCA. *Id*. at 529.

12  Specifically, the printer manufacturer sold discount toner cartridges for its printers that only it

13  could refill and that contained a microchip that prevented its printers from functioning with

14  cartridges it did not refill.  *Id*.  The defendant computer chip seller mimicked the manufacturer's

15  computer chip and sold it to companies for use in remanufactured toner cartridges.  *Id*.  The

16  manufacturer brought suit to enjoin the sale of the computer chips, and claimed that the chip

17  violated the DMCA by circumventing a technological measure designed to control access to its

18  toner loading software program.  *Id*.  The court found the manufacturer failed to establish a

19  likelihood of success on its claims and vacated the preliminary injunction granted by the district

20  court.  *Id*. at 551.  The court explained that even where one of the printer programs at issue was

21  protected by the general copyright statute,[10] there were no measures in place to control access to

22  that program.  *Id*. at 546.  Rather, anyone who purchased the printer could read the literal code of

23  the program directly from the printer memory, with or without the help of an authentication

24  sequence.  *Id*.  Because no security device was in place to protect access to the program, there

25  was nothing to be circumvented.  *Id*. at 547.

26  ―――――――――――――――――
    [9] It is clear then, that the fact that a user might be able to photocopy a printed coupon, or change
27  computers to obtain more coupons, is irrelevant to the analysis under the DMCA.

    [10] The court had previously concluded that another of the programs at issue was not
28  copyrightable.  *Id*. at 544.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT          - 10 -                    22675\1379190.2
Case No. 5:07-CV-03457 HRL

1        Further, the *Lexmark* court noted that the essential case where the DMCA applies is that in

2   which there is a literal code governing a work as well as a visual or audio manifestation generated

3   by the code's execution. *Id.* at 548. In those cases, for example where encoded data on DVDs

4   translates into motion pictures, "restricting 'use' of the work means restricting consumers from

5   making use of the copyrightable expression in the work." *Id.* In its own case though, the

6   *Lexmark* court noted that the copyrightable expression in the printer program operated only in the

7   literal elements of the program, and using the program did not in turn create any protected

8   expression. *Id.* And, unlike the code underlying DVDs, no encryption or other technological

9   measure prevented access to the printer program. *Id.* Finally, *Lexmark* made clear that its

10   analysis did not turn on the *degree* to which a measure controlled access to a work because "a

11   precondition for DMCA liability is not the creation of an impervious shield to the copyrighted

12   work." Rather its conclusion relied on the fact that for Lexmark, there was simply nothing to

13   circumvent. *Id.* at 549.

14        Unlike the situation in *Lexmark*, where there was simply no security measure in place to

15   protect the copyrighted printer program, Coupons here has alleged that it has a security measure

16   in place to control access to its copyrighted coupons. FAC ¶¶ 11-12, 14-15. The fact that there

17   are underlying technological measures (*see* FAC ¶ 13) that govern the work and its visual

18   manifestation as printable coupons make it the archetypical DMCA-protected technology.

19   **III.**   **THE MOTION FOR SUMMARY JUDGMENT IS PREMATURE AND BASED ON**

20               **THE SAME MISCONCEPTIONS ABOUT THE DMCA**

21       **A.**    **LEGAL STANDARD**

22        In considering summary judgment, "the court's responsibility is not to resolve disputed

23   issues of fact but to assess whether there are any factual issues to be tried." *Knight v. U.S. Fire*

24   *Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986). Summary judgment may not be granted unless "the

25   pleadings, depositions, answers to interrogatories, and admissions on file, together with the

26   affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

27   party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp.*

28   *v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT     - 11 -            22675\1379190.2
Case No. 5:07-CV-03457 HRL

1    The Court must resolve all ambiguities and draw all reasonable inferences against Stottlemire, the

2    moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

3    (citing *United States v. Diebold*, 369 U.S. 654, 655 (1962)).  The "burden of establishing that

4    there is no genuine issue of material fact lies initially with the moving party and resolution of all

5    doubts should be in favor of the party opposing the motion." *British Airways Bd. v. Boeing Co.*,

6    585 F.2d 946, 951 (9th Cir. 1978).

7        Only when it is apparent that no rational trier of fact "could find in favor of the

8    nonmoving party because the evidence to support its case is so slight" should a court grant the

9    motion. *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

10    **B.    THE MOTION SHOULD BE DENIED AS PREMATURE**

11        Stottlemire argues that Coupons has "failed to establish a prima facie case."  However,

12    Coupons has not had an opportunity to prove its case, or even to request or obtain discovery

13    relevant to its case.  Moreover, much of Stottlemire's argument focuses on the inner workings of

14    Coupons's security features.  This technology is proprietary to Coupons, and to the extent

15    relevant cannot be discussed in a public forum or disclosed to the parties in the case without an

16    appropriate protective order in place. *See* Weitzman Decl., ¶¶ 4-5.  For these reasons, the Court

17    should deny Stottlemire's motion for summary judgment pursuant to Fed. R. Civ. P. 56(f), to

18    allow the parties to conduct discovery to resolve the disputed facts, and to enter into an

19    appropriate protective order. *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518

20    (9th Cir. 1987) ("When a party opposing a motion for summary judgment cannot present "facts

21    essential to justify his opposition" to the motion, Rule 56(f) permits the party to submit an

22    affidavit stating such reasons.") (citing *Hancock v. Montgomery Ward Long Term Disability*

23    *Trust*, 787 F.2d 1302, 1306 (9th Cir. 1986)).

24        In addition, the Weitzman Declaration discusses particular evidence that must be

25    discovered.  For example, discovery is expected to confirm that the Circumvention Method and

26    Software were primarily designed or produced for the purpose of circumvention, and/or was

27    marketed by Stottlemire for use in circumvention, and therefore satisfies the requirements of

28    1201(a)(2)(A) or (C) and 1201(b)(1)(A) or (C).  As no discovery has changed hands (not even

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT          - 12 -                                22675\1379190.2
Case No. 5:07-CV-03457 HRL

1    initial disclosures), it is impractical to list all expected information to be gleaned.  *See Burlington*

2    *Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d

3    767, 774 (9th Cir. 2003) ("[T]he party making a Rule 56(f) motion cannot be expected to frame

4    its motion with great specificity as to the kind of discovery likely to turn up useful information, as

5    the ground for such specificity has not been laid").

6    **C.    THE ELEMENTS TO SUPPORT A CLAIM FOR RELIEF UNDER THE
       DMCA HAVE EITHER BEEN MET IN COUPONS'S FAVOR, OR**

7    **INVOLVE A GENUINE DISPUTE OF MATERIAL FACT**

8         "A plaintiff alleging a violation of § 1201(a)(2) must prove:  (1) ownership of a valid

9    copyright on a work, (2) effectively controlled by a technological measure, which has been

10   circumvented, (3) that third parties can now access (4) without authorization, in a manner that

11   (5) infringes or facilitates infringing a right protected by the Copyright Act, because of a product

12   that (6) the defendant either (i) designed or produced primarily for circumvention; (ii) made

13   available despite only limited commercial significance other than circumvention; or (iii) marketed

14   for use in circumvention of the controlling technological measure. … A plaintiff capable of

15   proving elements (1) through (5) need prove only one of (6)(i), (ii), or (iii) to shift the burden

16   back to the defendant."  *Chamberlain Group, Inc. v. Skylink Technologies, Inc.*, 381 F.3d 1178,

17   1203 (Fed. Cir. 2004).

18                    **1.    Ownership of a Valid Copyright**

19        Copyright law protects "original works of authorship" that are fixed in a tangible form of

20   expression from which they can be perceived, reproduced, or otherwise communicated, either

21   directly or with the aid of a machine or device; copyright protection begins at the time a work is

22   created.  17 U.S.C. § 102; *see* Martin and Oshinsky, Internet Law and Practice in California, § 1.8

23   (CEB 2007).  Coupons alleges that its coupons are subject to copyright protection, and that

24   Stottlemire's Circumvention Method and Software were designed to allow unauthorized copying

25   of coupons, which are printed onto paper, and therefore are fixed in a tangible medium of

26   expression.  Coupons's coupons are not merely subject to copyright protection; they have

27   achieved copyright registration.  *See* Weitzman Decl. ¶ 7.  Therefore, Coupons can surely make a

28   prima facie case for copyright protection in the works at issue.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT          - 13 -                                    22675\1379190.2
Case No. 5:07-CV-03457 HRL

1    Stottlemire argues that Coupons's coupons are not fixed because the text and graphics of

2    the coupon are delivered digitally, via a "data stream," to a user's computer, and this data stream

3    is not fixed. *See* Motion at 10. If accepted, Stottlemire's argument would negate the applicability

4    of the DMCA to any medium involving digital delivery of a copyrighted work. Regardless,

5    Stottlemire at most has raised an issue of fact regarding whether the coupons, as they exist, merit

6    copyright protection.

7    **2.    Effective Control by a Technological Measure**

8    As previously set forth, a technological measure can effectively control access to a

9    copyrighted work, regardless of "whether or not it is a strong means of protection" so long as in

10    the ordinary course of its operation the technology worked in the defined ways to control access

11    to the work. *Reimerdes*, *supra*, 111 F.Supp.2d at 317-318. "If a technological means of access

12    control is circumvented, it is, in common parlance, ineffective." *Id*. at 318. But, if only

13    successful technological means were considered effective, the statute would offer protection only

14    where none is needed. *Id*. Here, Coupons has included a declaration supporting the assertion that

15    Coupons's security features normally prevent an individual from printing an unlimited quantity of

16    a single coupon, and Stottlemire stated he posted information and created a file to remove these

17    limitations. Declaration of Ed (Bud) Miller ("Miller Decl."), ¶¶ 4-5. Mr. Weitzman also points

18    out in his declaration that it requires a high level of technical expertise to understand how to find

19    the relevant security files and to perform the operations needed to locate them. Weitzman Decl.

20    ¶ 9. To the extent the court may need further details regarding the function of Coupons's control

21    measures in the ordinary course of operation, such information can be presented when an

22    appropriate protective order is in place. *See* Weitzman Decl. ¶ 4.

23    **3.    Unauthorized Circumvention**

24    As defined by statute, to "circumvent a technological measure" includes bypassing,

25    removing, or impairing a technological measure, without the authority of the copyright owner. 17

26    U.S.C. § 1201(a)(3). Here, after a single coupon is printed the authorized number of times, a

27    message appears on the screen stating that the print limit has been reached. Weitzman Decl., ¶ 8.

28    As admitted by Stottlemire, his method and software "beat the limitation imposed by the software

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT                - 14 -                                    22675\1379190.2
Case No. 5:07-CV-03457 HRL

1    provided by coupons.com and would allow users of that software to print an unlimited number of

2    coupons." Miller Decl., ¶ 4. In this way, Stottlemire's method and software allowed third parties

3    to access unauthorized numbers of coupons. This infringed Coupons's rights as copyright owner

4    of the coupons to control access to and regulate copying of the coupons.

5    **4.    Designed or Marketed for Circumvention**

6    Finally, Coupons has provided evidence to support the conclusion that Stottlemire

7    designed and offered his method and software for the explicit purpose of circumventing the

8    limitation imposed by Coupons's software. In fact, Stottlemire admitted this several times,

9    stating: "I recently posted information on another site (dealideal) on how to beat the limitation

10   imposed by the software provided by coupons.com and would allow users of that software to

11   print an unlimited number of coupons…" and "I have created a small exe file that will remove the

12   limitations placed by the coupons.com software." Miller Decl. ¶ 4; *see also* FAC ¶¶ 24-25

13   (noting Stottlemire's offer of a different version that automated the process of avoiding print

14   limitations). To the extent Stottlemire now makes unsupported assertions regarding a different

15   intent, at most a question of fact exists.

16   Stottlemire's arguments are factually unsupported either because he does not cite to any

17   source or because he cites to the Exhibits in his Request for Judicial Notice, all of which are

18   inadmissible for the reasons discussed in Section III E, *infra*. For all of these reasons,

19   Stottlemire's motion for summary judgment should be denied.

20   **D.    THE MOTION FAILS TO ADDRESS SECTION 1201(B)(1)**

21   Stottlemire's motion for summary judgment does not even address Coupons's claims

22   pursuant to section 1201(b)(1). This claim succeeds, or at least raises material issues of fact, as

23   well. As set forth *supra*, section 1201(b)(1)(A) "is comprised of three parts: 1) trafficking in any

24   technology, product, service, device, component, or part thereof; 2) that is primarily designed or

25   produced for the purpose of circumventing protection afforded by a technological measure; and

26   3) a technological measure that effectively protects a right of a copyright owner under the

27   copyright statute. *United States v. Elcom Ltd., supra,* 203 F.Supp.2d 1111, 1123 (N.D. Cal.

28   2002).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT            - 15 -                                22675\1379190.2
Case No. 5:07-CV-03457 HRL

1       Here, Stottlemire offered a method and software which he stated was meant to "beat the

2   limitation" imposed by Coupons's software and to allow users to print an unlimited number of

3   coupons.  Miller Decl., ¶¶ 3-5.  He therefore allowed users to bypass the technological measure

4   employed by Coupons to protect its right as a copyright owner to reproduce and distribute copies

5   of its copyrighted work (the coupons).  *See Elcom*, 203 F.Supp.2d at 1123-1124.  To the extent

6   Stottlemire asserts different facts regarding his intent in posting his method and software, and

7   Coupons's method for delivering and protecting its coupons, he has merely raised issues of

8   material fact.

9       **E.    STOTTLEMIRE HAS NOT SUBMITTED ADMISSIBLE EVIDENCE TO
                SUPPORT HIS MOTION**
10
            Stottlemire's Request for Judicial Notice attaches eight exhibits, only one of which
11
    (Exhibit G) is appropriate for judicial notice under Fed. R. Evid. 201.  Judicial notice is only
12
    appropriate when a fact is "not subject to reasonable dispute in that it is either (1) generally
13
    known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready
14
    determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R.
15
    Evid. 201.  Nearly all of Stottlemire's exhibits are not eligible.  In addition to opposing the
16
    Request for Judicial Notice, Coupons objects to the evidence on the following grounds:
17

18          •       Exhibits A, D-F, and H are unauthenticated printed pages allegedly from websites
                    as available on certain dates.  Without testimony establishing the source and
19                  authenticity of the documents, they are inadmissible pursuant to Fed. R. Evid. 901.
                    The Exhibits are also irrelevant to Stottlemire's Motion, and are therefore
20                  inadmissible pursuant to Fed. R. Evid. 402.

21          •       Exhibits B-C are allegedly printed online coupons using various versions of
                    Coupons's coupon printing software.  Again, without testimony establishing the
22                  source and authenticity of the documents, they are inadmissible pursuant to Fed. R.
                    Evid. 901.  The Exhibits are also irrelevant to Stottlemire's arguments, and are
23                  therefore inadmissible pursuant to Fed. R. Evid. 402.

24          •       Exhibit H is a printout of Stottlemire's own statements from his own website.  In
                    addition to being unauthenticated as discussed above, this exhibit consists entirely
25                  of hearsay statements of Stottlemire, and is therefore inadmissible pursuant to Fed.
                    R. Evid. 802.

26          •       Exhibit G is a complaint Coupons filed against unrelated third parties in 2003.
                    This document, which appears to have been printed from the PACER database, is
27                  appropriate for judicial notice, but it is still inadmissible as irrelevant.  *See* Fed. R.
                    Evid. 402.
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT                    - 16 -
Case No. 5:07-CV-03457 HRL                                                    22675\1379190.2

1    Because they are inadmissible, Stottlemire cannot rely on any of the Exhibits in his

2   Request for Judicial Notice to support his motion for summary judgment. *See* Fed. R. Civ. P.

3   56(e). As such, to the extent any of Stottlemire's arguments rely on these documents the

4   arguments must be disregarded, and the Request for Judicial Notice should be denied.

5   **IV.    THE MOTION FOR SANCTIONS MUST BE DENIED**

6    Stottlemire's motion for sanctions is based entirely on his assertion that Coupons's FAC

7   contains claims not warranted by existing law and allegations that lack evidentiary support. To

8   support these assertions, Stottlemire repeats the substantive arguments from his motion to dismiss

9   or for summary judgment. As demonstrated in this Opposition, Coupons's claims are justified

10  and supported under the DMCA, and for these reasons the motion for sanctions should be denied.

11  Coupons also joins in the Opposition to the Motion for Sanctions filed separately by Wilson

12  Sonsini.

13  **V.    CONCLUSION**

14    For the reasons stated above, Coupons respectfully requests that the Court deny

15  Stottlemire's motion to dismiss or, in the alternative, for summary judgment in its entirety, and

16  that the Court deny Stottlemire's request for judicial notice in its entirety as well. Consistent with

17  this outcome, Coupons also requests that the court deny Stottlemire's motion for sanctions.

18

19  Dated: November 13, 2007                    FARELLA BRAUN & MARTEL LLP

20

21                                              By:___/s/_____

22                                                  Dennis M. Cusack

23                                              Attorneys for Coupons
                                                COUPONS, INC.

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA IN OPP. TO MOT. TO DISMISS OR
MOTION FOR SUMMARY JUDGMENT             - 17 -                         22675\1379190.2
Case No. 5:07-CV-03457 HRL