John A Stottlemire
33103 Lake Garrison Street
Fremont, CA 94555
Telephone: (614) 358-4185
Email: jstottl@comcast.net
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| COUPONS, INC., a California corporation, | ) | Case No.: 5:07-cv-03457-HRL |
| Plaintiff, | ) ) | **EX-PARTE MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| vs. | ) ) | |
| JOHN STOTTLEMIRE, and DOES 1-10, | ) ) | Courtroom:   2, 5th Floor Judge:          Hon. Howard R. Lloyd |
| Defendant | ) | |

**MOTION**

Pursuant to Civil Local Rule 7-10 and the doctrine of *United States v. 416.81 Acres of Land*, 514 F.2d 627, 630 (1975 7th Cir.)(The essence of a motion to strike – whether made by a party or by the court sua sponte – is the consideration of the defense on its face without further facts or elaboration, and in that sense a hearing is quite unnecessary) Defendant John Stottlemire (Defendant) respectfully moves to strike Coupons's Memorandum of Points And Authorities In Opposition To Defendant Stottlemire's Motion To Dismiss Or In The Alternative Motion For Summary Judgment, Opposition To Request For Judicial Notice, Objections To Evidence And Motion To Strike, Coupons's Opposition To Defendant's Motion For Sanctions (hereinafter referred to as "Opposition") filed on behalf of Coupons, Inc (Plaintiff) based on its failure to comply with Federal Rules Of Civil Procedure 11(a).

**PROCEDURAL HISTORY**

On July 2, 2007 Plaintiff filed its Complaint with this Court alleging violations of the Digital Millennium Copyright Act 17 U.S.C. § 1201 and related state law claims against Defendant.

On July 2, 2007 the Court referred this case to ECF.

On July 24, 2007 Defendant filed an Administrative Motion to Extend Time to File Response to the Complaint.

On July 26, 2007 Plaintiff filed its opposition to Defendant's Administrative Motion to Extend Time to File Response to the Complaint.

On August 1, 2007 this Court Granted In Part Defendant's Administrative Motion to Extend Time to File Response to the Complaint.

On August 29, 2007 Plaintiff filed its First Amended Complaint with this Court again alleging violations of the Digital Millennium Copyright Act 17 U.S.C. § 1201 and related state law claims against Defendant.

On September 24, 2007 Defendant filed its Motion for Dismissal or in the Alternative Motion for Summary Judgment. The date of November 13, 2007 was agreed upon by Defendant and Plaintiff's lead counsel, Hollis Hire as the date the motion would be heard by the Court whereby giving Plaintiff 35 days to file any opposition.

On October 15, 2007 Defendant filed its Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure against Plaintiff and Plaintiff's lead counsel, Hollis Hire. The date of November 20, 2007 was agreed upon by Defendant and Plaintiff's lead counsel, Hollis Hire as the date the motion would be heard by the Court whereby giving Plaintiff 14 days to file any opposition.

On October 19, 2007 Plaintiff filed its Substitution of Attorneys.

On October 22, 2007 Plaintiff filed its Motion to Continue Hearing and Case Management Dates through its alleged attorney Dennis M. Cusack of Farella Braun & Martel LLP and Defendant filed its Opposition to Continue Hearing and Case Management Dates.

On October 24, 2007 the Court, through its own motion, extended deadlines as they relate to pending motions filed by the Defendant. The Court also denied as moot Plaintiff's Motion to Continue Hearing and Case Management Dates.

On November 13, 2007 Plaintiff, by and through its alleged attorney Dennis M. Cusack of Farella Braun & Martel LLP filed its Opposition to motions Defendant currently has pending before this Court. Plaintiff, by and through its attorney Hollis Hire of Wilson, Sonsini, Goodrich and Rosati filed its Opposition to Defendant's Motion for Sanctions currently pending before this Court.

## ARGUMENT

Plaintiff's alleged counsel, Farella Braun & Martel, LLP should not be recognized by the Court as the attorney of record in this action and Defendant respectfully requests the Court strike the Opposition filed in violation of Federal Rules of Civil Procedure 11(a) which Plaintiff filed on November 13, 2007.

Federal Rules of Civil Procedure 11(a) states:

"Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of attorney or party."

General Order 45, Electronic Case Filing IV(C) further states:

"Notification of Appearance. Because the ECF system's e-mailed Notices of Electronic Filing (see Sec. II.G) will only be delivered to the original addressee, it is important to keep the list of counsel current. Counsel shall follow these instructions: (A) *A Notice of Appearance should be filed whenever counsel joins a case*; (B) In the event that counsel from the same firm replace one another as representatives of a client, a Notice of Substitution of Counsel shall be filed.; (C) In the event that a particular counsel ceases to be involved with a case when the party is still represented by other counsel, a Notice of Change in Counsel shall be filed.; (D) The withdrawal of a party's sole remaining counsel is governed by Civil Local Rule 11-5 and requires an order of the court.; (E) *The replacement of one firm by another as counsel for a party also requires an order of the court.*" (emphasis added)

EX PARTE MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
No. C-07-03457 HRL

General Order 45 IV(C) requires a party file a Notice of Appearance before an attorney appears on behalf of the party, alternatively, a party must file a motion with the Court whereby obtaining a court order if the party seeks to substitute one law firm for another. In this immediate action, Plaintiff filed a substitution of counsel in an attempt to substitute the law firm of Wilson, Sonsini, Goodrich and Rosati for that of Farella Braun & Martel LLP. The substitution filed by Plaintiff was not filed in the style of Civil Local Rule 7 and merely makes the statement Plaintiff has substituted counsel, subsequently an order from the Court has not been issued granting Plaintiff's substitution of counsel.

Given the above facts, the Court on October 24, 2007 denied as moot a motion previously filed by Plaintiff's alleged attorney, Dennis Cusack from the law firm of Farella, Braun & Martel LLP. In that order, the Court further stated the "alleged ineffectual substitution of counsel" would be addressed at the hearing on Defendant's Motion for Sanctions. Defendant fully respects the order of the Court however with its latest filing, Plaintiff has compounded the issue. Once again Dennis Cusack, from the law firm of Farella, Braun & Martel LLP, has filed papers with the Court on behalf of Plaintiff without an order in place recognizing him as attorney of record for Plaintiff. Dennis Cusack has also failed to file a notice of appearance adding himself as attorney of record. These actions by Dennis Cusack violate Federal Rules of Civil Procedure 11(a) which require Plaintiff's Opposition be "signed by at least one attorney of record".

Defendant humbly request the Court not view this motion as disrespect for the order issued by the Court on October 24, 2007 as Defendant fully respects that order and patiently awaits the Court's opinion as it relates to the ineffectual substitution of counsel. Defendant now seeks to address the continued non compliance of Plaintiff with General Order 45 IV(C) and with Federal Rules of Civil Procedure 11(a). After the October 24, 2007 order Plaintiff has been given 20 days to either comply with General Order 45 IV(C) or file papers with the Court through its recognized attorney of record and while the Court did not issue this mandate with its order dated October 24, 2007 no such order should have been required as there is nothing to suggest that General Order 45 IV(C) is without effect. Conversely, the Court in its October 24, 2007 order referenced General Order 45 stating it is "[p]articularly applicable to this situation".

EX PARTE MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
No. C-07-03457 HRL

Although the Court waits until Defendant's Motion for Sanctions hearing to address the ineffectual substitution of counsel this does not relieve the requirement for Plaintiff to comply with General Order 45 IV(C) thus Defendant respectfully moves the Court to strike the Opposition filed by Plaintiff's alleged attorney, Denis Cusack as it has been filed in violation of Federal Rules of Civil Procedure 11(a).

Dated:  November 14, 2007                                By:_____/s/_____
                                                                      John A Stottlemire, *pro se*