John A Stottlemire
33103 Lake Garrison Street
Fremont, CA 94555
Telephone: (614) 358-4185
Email: jstottl@comcast.net
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, | Case No.: 5:07-cv-03457-HRL |
| Plaintiff, | **REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT** |
| vs. | |
| JOHN STOTTLEMIRE, and DOES 1-10, | [Filed concurrently with Reply to Opposition to Defendant's Request for Judicial Notice and Reply to Opposition to Defendant's Motion for Sanctions Pursuant to Rule 11] |
| Defendant | |
| | Date:        December 4, 2007 |
| | Time:        10:00 a.m. |
| | Courtroom:   2, 5th Floor |
| | Judge:       Hon. Howard R. Lloyd |

Pursuant to Civil Local Rule 7-3(c), defendant John Stottlemire ("Defendant") submits this reply to Plaintiff Coupons, Inc.'s ("Plaintiff") opposition to Defendant's Motion to Dismiss for Failure to State a Claim on which Relief can be Granted or, in the Alternative, for Summary Judgment.

**REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff errs in stating its First Amended Complaint ("FAC") meets Federal Rules Of Civil Procedure 12(b)(6) standards. Under Federal Rules of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the Plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 at 1960, 167 L. Ed. 2d 929 (2007). While Plaintiff claims its "allegations are detailed, state a compelling claim for relief under the DMCA, and give [Defendant] clear notice of the basis for liability"

(*Opposition* at 2), Plaintiff's FAC is rife with conclusory, unwarranted deductions of fact or unreasonable inferences and even omits the basic elements which make 17 U.S.C. § 1201 ("DMCA") enforceable.  In addition, Plaintiff bases its Opposition in large part upon Defendant's alternative motion, a Motion for Summary Judgment ("Alternative Motion") which has no bearing on the Motion to Dismiss ("Motion") filed by the Defendant.

Defendant's Motion simply argues Plaintiff's FAC is based upon speculative optimism and its conclusory allegations are insufficient to sustain a complaint.  Plaintiff's Opposition, however, makes false statements as to Defendant's arguments either by misquoting Defendant or quoting arguments Defendant brought in his Alternative Motion.

Defendant's Motion states the FAC claims "Plaintiff's coupons are protected by copyright" (*Motion* at 7) but Plaintiff's Opposition states "[Defendant's] argument that the FAC fails to plead that [Plaintiff's] coupons are subject to copyright protection" (*Opposition* at 7).  Defendant does not argue the FAC fails to plead the coupons are subject to copyright protection, Defendant's unopposed argument is that the FAC fails to plead facts above the conclusory level that Plaintiff's coupons are protected by copyright.  Plaintiff continues its Opposition by quoting irrelevant arguments made by the Defendant in his Alternative Motion "[Defendant's] arguments regarding the digital form of [Plaintiff's] coupons…" (*Opposition* at 8).  The argument referred to does not lie within Defendant's Motion to Dismiss and Defendant agrees with Plaintiff that it is "not relevant to this motion [to dismiss]." (*Id.*)  Lastly, Plaintiff now claims beyond the conclusory level that its coupons are protected by copyright by pro-offering two copyright registrations received in 2003; however Plaintiff fails to disclose that its last filed copyright application, filed over four years ago, was never approved by the copyright office.  These copyright notices are submitted by Plaintiff in violation of a Federal Rules of Civil Procedure 12(b)(6) "If, on a motion asserting the defense numbered (6)…matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment" and must be excluded by the Court.  Plaintiff makes no opposition to Defendant's argument that Plaintiff has failed to claim above the conclusory level that its coupons are protected by copyright and Defendant's Motion must be granted.

Defendant's Motion further states the "Plaintiff does not allege that Defendant was unauthorized to offer tools which erase files and registry keys from third party computers" (*Motion* at 7). Plaintiff opposes by quoting its FAC which does not claim that Defendant's actions were unauthorized and clouds the issue between its anti-copying technology and technology which it claims prohibits access. Plaintiff also offers an analysis of Defendant's postings and claims Defendant "acknowledged…what he was doing was not authorized" (*Opposition* at 8). Defendant did not (and still does not) believe what he did was unauthorized. Prior to offering to distribute software which erased files and registry keys from consumer's computer, Defendant searched Plaintiff's website and software for restrictions imposed by the Plaintiff (at the time of the alleged misconduct, Plaintiff's website contained no Terms of Use and its software was offered to the public without a Software Licensing Agreement). Finding none, Defendant cannot now be liable for committing an act without the authority of the Plaintiff and Plaintiff cannot claim the Defendant's acts were unauthorized. Further, Plaintiff opposes and states Defendant's reliance on language from *Chamberlain Group, Inc. v. Skylink Technologies, Inc.*, 381 F.3d 1178 (Fed Cir. 2004) is misplaced. Plaintiff's analysis of *Chamberlain* ignores the *Chamberlain* Court's findings that "[t]he plain language of the statute therefore requires a plaintiff alleging circumvention (or trafficking) to prove the defendant's access was unauthorized" (*Chamberlain* at 1193). Plaintiff cannot escape the DMCA's plain language and must therefore allege Defendant's actions were not authorized and Defendant's Motion must be granted.

Plaintiff further opposes Defendant's Motion and states "[Defendant attacks on the effectiveness of [Plaintiff's] security measures are similarly misguided" (*Opposition* at 9) Plaintiff's opposition to this argument is misplaced as Defendant makes this argument in Defendant's Alternative Motion and not within the Motion to Dismiss.

Plaintiff claims Defendant has been given "clear notice of the basis for liability" (*Opposition* at 2) but fails to allege sufficient facts which would provide a basis for a claim under the DMCA and clouds the issues by making conclusory allegations to multiple technologies it has in place, only one of which the Defendant allegedly overcame. While Plaintiff attempts to

oppose this Motion it has ignored many of the arguments Defendant has brought before this Court with his Motion and instead opposes arguments made by the Defendant in his Alternative Motion. Defendant's Motion argues 1) Plaintiff's FAC fails to claim above the conclusory level that its coupons are protected by copyright and opposes this argument by responding they are not required to do so, but attempts to provide the proof anyway; 2) Plaintiff's FAC fails to claim how its technology which prohibits access to its coupons to computers also prevents consumers from accessing its coupons (the unique identifier is assigned to the consumer's computer and not to the consumer (*FAC* at 15) whereby allowing the consumer to access the coupons simply by moving to another computer), this goes unopposed by the Plaintiff; 3) Plaintiff's FAC fails to claim above the conclusory level how its technology prevents third party access, this goes unopposed by the Plaintiff; 4) Plaintiff's FAC fails to claim circumvention within the meaning of the DMCA, specifically that Defendant's actions were unauthorized, although opposed, Plaintiff's opposition is ineffective; and finally 5) Plaintiff's FAC fails to claim above the conclusory level that software offered by the Defendant infringes or facilitates infringement upon a right protected by the Copyright Act, this too goes unopposed by the Plaintiff.

For all of the above reasons, Plaintiff's FAC cannot survive a motion to dismiss. Plaintiff is required by the *Twombly* Standard to provide clear notice of the basis for liability and to do so by claiming more than labels and conclusions. Plaintiff has failed to raise its claims above the conclusory level and Defendant's Motion to Dismiss must be granted.

### REPLY TO OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff errs in stating "The elements to support a claim for relief under the DMCA have either been met in [Plaintiff's] favor, or involve a genuine dispute of material fact" (*Opposition* at 13) and that Defendant's "Motion should be denied as premature" (*Id* at 12).

Plaintiff again bases its opposition to Defendant's Alternative Motion on misquoting Defendant's arguments and does not oppose many of Defendant's other arguments. In addition, arguments made by Plaintiff in opposition include statements which misrepresent the truth to a certain degree. As an example, Plaintiff argues "that it requires a high level of technical

expertise to understand how to find the relevant security files and to perform the operations needed to locate them" (*Opposition* at 14) when in fact, the registry keys and files deposited on consumer's computers by Plaintiff can be located by purchasing software readily available such as "CompareIT" (A software package designed to find changes between two snapshots of a computers registry or file system).  Plaintiff's failure to oppose many of Defendant's arguments, its opposition to arguments which have been misquoted, whereby leaving those arguments unopposed and its ineffective argument that Defendant's Alternative Motion is premature are all reasons why Defendant's Motion for Summary Judgment must be granted.

Plaintiff errs in arguing Defendant's Alternative Motion is premature.  Plaintiff's opposition is based upon the lack of discovery between parties and argues that discovery could confirm what Plaintiff has claimed in its FAC.  Other than those arguments made specifically by the Defendant which "show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" Federal Rules of Civil Procedure 56(c), the Court must resolve all justifiable inferences in favor of the Plaintiff.  Therefore, inasmuch as discovery could confirm claims within the FAC not argued by the Defendant, the Court must resolve those claims in favor of the Plaintiff and discovery is not required.  Defendant's Alternative Motion argues 1) whether Plaintiff's coupons are copyrightable; 2) whether Plaintiff's technological measure is effective; 3) whether Plaintiff's technology prevents copyright infringement; 4) whether Plaintiff's technology was circumvented; 5) whether Plaintiff withheld authorization to a right protected by the Copyright Act; and 6) whether Plaintiff can prove that removing the unique ID infringes or facilitates infringement of Plaintiff's rights protected by the Copyright Act.  Plaintiff's discovery upon the Defendant would not aid in opposition to Defendant's arguments as opposition to these arguments can only be made through the use of evidence currently in possession of Plaintiff.  Defendant's Alternative Motion is not premature and should not be denied based upon this opposition.

Plaintiff further errs in arguing that it cannot present facts essential to justify Plaintiff's opposition until an appropriate protective order is in place.  Defendant's entire Alternative Motion is based upon facts Plaintiff has placed in the public domain and does not argue evidence

Plaintiff requires a protective order for.  As an example, Defendant argues Plaintiff assigns a unique ID to a computer and prohibits access to its coupons by the computer and not a third party (*Motion* at 13).  Plaintiff would not be required to divulge trade secrets to either demonstrate it has in fact assigned the unique ID to the third party, whereby restricting the third party or by opposing Defendant's argument that restricting access to the third party is required.

Plaintiff can easily oppose arguments made by Defendant without divulging information which would require a protective order from the Court as Defendant's Alternative Motion relies only on admissions made by Plaintiff in the public and by applicable case law.  Defendant's Alternative Motion should not be denied based upon the opposition that a protective order would be require to present facts essential to justify its opposition.

Plaintiff errs in it its opposition by concluding Defendant's "argument would negate the applicability of the DMCA to any medium involving digital delivery of a copyrighted work" (*Opposition* at 14).  Plaintiff makes this err first by misquoting Defendant's Alternative Motion. Plaintiff opposes by quoting "[Defendant] argues [Plaintiff's] coupons are not fixed because the text and graphics of the coupon are delivered digitally" (*Id*).  Defendant actually argued that "Unlike movies, music and e-books, files residing on tangible medium whose copy protection measures normally fall within DMCA requirements, the first machine or device able to perceive, reproduce or otherwise communicate Plaintiff's coupons is the consumer's printer" (*Motion* at 11, internal quotations omitted). Defendant argued further, "data and graphics are added to the coupon after the data stream is received by the consumer's computer" (*Id*).  Defendant is aware and argued that movies, music and e-books reside on copyright holder's servers (or those licensed by the copyright holder) awaiting digital delivery.  While residing on those servers they are set in their first tangible medium and certainly are afforded protection under the Copyright Act.  Plaintiff's coupons are not set in their first tangible medium until after they are fully assembled by the consumer's computer and certainly its coupons are afforded protection under the Copyright Act as soon as that is achieved as long as Plaintiff's coupons meet the requirements to achieve such protection.  Plaintiff also opposes by arguing it is a "matter of fact regarding whether the coupons, as they exist, merit copyright protection" (*Opposition* at 14) and

has not "produce[d] any significant, probative evidence tending to contradict the [Defendant's] allegations, thereby creating a genuine question of fact for resolution at trial. (See *Anderson*, 477 U.S. at 248, 256-257; 106 S. Ct. at 2510, 2513-14). The remainder of Defendant's argument goes unopposed by Plaintiff.  For these reasons, Plaintiff cannot prove its coupons are provided copyright protection prior to being set in its first tangible medium and Defendant's Alternative Motion must be granted.

        Plaintiff errs in its opposition by concluding that its technological measure effectively controls access to its coupons by ignoring case law and arguing the level of difficulty required to "find the relevant security files" (*Opposition* at 14) make it effective.  Plaintiff relies entirely on *Reimerdes*, case law established in August 2000 and ignores opinions issued by subsequent courts which further define *Reimerdes*, specifically *Lexmark*. The *Lexmark* Court concluded that a control was necessarily ineffective if it blocked one form of access but left another form open. As in *Lexmark*, where consumers could gain access to the printer control program by simply turning on the printer, consumers can gain access to Plaintiff's coupons by simply moving to a different computer and Plaintiff's technological measure is necessarily ineffective at controlling access.  Conversely, in *Reimerdes*, one could only decrypt the DVD's by obtaining the decryption keys illegally.  Plaintiff next opposes Defendant's Alternative Motion by stating that through Plaintiff's practice of hiding the relevant security files and the level of difficulty required to locate them that its technological measure must be effective.  This is tantamount to claiming if a person has been given a key to a door but does not know where the lock is located the lock effectively controls access to the building and must be disregarded as absurd.  Installing and using Plaintiff's software causes changes to the computer on which it is used.  Tracking the changes made can be easily accomplished by purchasing off-the-shelf software programs designed specifically for that purpose in which there is abundance.  Hiding registry keys and files deceptively on a consumer's computer do not make Plaintiff's technological measure effective. Plaintiff allows consumers unlimited access to its coupons and only attempts to restrict a computers access.  The computer's access is restricted only by hiding files and registry keys on the computer.  Plaintiff cannot claim its technological measure is effective unless the consumer's

access has been restricted through the use of a technological measure and Defendant's Alternative Motion must be granted.

Plaintiff errs in its opposition by concluding it has not authorized consumers to do what they are fully entitled to do – remove any files and registry keys Plaintiff's software deposits on their computers.  Plaintiff does not prohibit the removal of files and registry keys through the use of an End User Licensing Agreement, Terms of Use or other form of contract which would bind a consumer to retain those files and registry keys.  Plaintiff cannot therefore claim words which state a consumer has printed a coupon the authorized number of times would require those files and registry keys to survive; especially since consumers need only move to another computer to print the coupon again even after being shown a screen that says the limit has been reached.  Plaintiff cannot claim it has withheld authorization to erase files and registry keys and Defendant's Alternative Motion must be granted.

Plaintiff argues that software offered by Defendant was designed or marketed for circumvention (*Opposition* at 15) needlessly.  Although Plaintiff argues Defendant makes unsupported assertions regarding a different intent, Defendant has not argued that in his Alternative Motion and by not arguing that, Defendant was well aware that for the purposes of the Alternative Motion Defendant's intent would be considered favorably to the Plaintiff.

Plaintiff argues Defendant is in violation of 17 U.S.C. 1201(b)(1) and Defendant has failed to address this section (*Opposition* at 15).  Plaintiff errs in concluding that section 1201(b)(1) has been violated.  As argued in Defendant's Alternative Motion, Plaintiff's alleged technological measure does not prohibit copyright infringement.  This argument goes unopposed by Plaintiff.  1201(b)(1) was enacted specifically for technological measures which permit access to a work but prevent copying of the work.  Plaintiff's alleged technological measure merely permits access to the work by a specific computer in the same way a username permits access to a computer.  Plaintiff's alleged technological measure does not prevent the work from being copied and circumvention of the alleged technological measure cannot facilitate infringement upon an exclusive right granted the copyright holder and Defendant could not have violated section 17 U.S.C. 1201(b)(1).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Additional arguments made by the Defendant in his Alternative Motion have gone unopposed:  1) Plaintiff has not deployed a technological measure (*Alternative Motion* at 12); 2) Plaintiff cannot establish it controls consumer's access to its coupons (*Alternative Motion* at 17); and 3) Plaintiff cannot prove use of software offered by the Defendant would result in copyright infringement (*Alternative Motion* at 20).

For all of the above reasons, Defendant's Motion for Summary Judgment must be granted.


Dated:  November 19, 2007                    _____/s/_____

                                             John A Stottlemire, *pro se*

Reply to Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment
No. C-07-03457 HRL