John A Stottlemire
33103 Lake Garrison Street
Fremont, CA 94555
Telephone: (614) 358-4185
Email: jstottl@comcast.net
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, | Case No.: 5:07-cv-03457-HRL |
| Plaintiff, | **REPLY TO HOLLIS BETH HIRE AND WILSON SONSINI GOODRICH & ROSATI'S OPPOSITON TO DEFENDANT'S MOTION FOR SANCTIONS** |
| vs. | |
| JOHN STOTTLEMIRE, and DOES 1-10, | |
| Defendant | Courtroom:  2, 5th Floor |
| | Judge:  Hon. Howard R. Lloyd |

Pursuant to Civil Local Rule 7-3(c) defendant John Stottlemire ("Defendant") submits this reply to Plaintiff Coupons, Inc.'s and Hollis Beth Hire and Wilson Sonsini Goodrich & Rosati's (Collectively "CI") Opposition to Defendant's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**REPLY TO OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**

**INTRODUCTION**

CI attempts to justify filing of its First Amended Complaint ("FAC") by stating the FAC is "well-grounded in law and fact and reflects a thorough pre-filing investigation by counsel" (Opposition at 1) which simply is not true. CI does so by throwing out the very definition of circumvention, an act done "without the authority of the copyright holder" 17 U.S.C. § 1201(a)(3)(a) as well as the illusion that CI's software somehow protects an exclusive right guaranteed the copyright holder. Further, CI makes claims in its Opposition which, as well,

Reply to Hollis Beth Hire and Wilson Sonsini Goodrich & Rosati's Opposition to Defendant's
Motion for Sanctions
No. C-07-03457 HRL

1

simply are not true.  As an example, CI states a "notice of withdrawal…has been filed in this matter" (Opposition at 1) when no notice of withdrawal currently exists in the docket.  CI also states that *Chamberlain Group, Inc. v. Skylink Techs, Inc*., 381 F.3d 1178 (Fed Cir 2004) is not controlling authority for this District Court and while this may be true, this District Court's sister District, The Central District of California, Western District relied heavily on *Chamberlain* in its recent ruling in *Ticketmaster LLC, v. RMG Technologies*, 2007 U.S. Dist Lexis 78427 (C.D. CA. Filed October 16, 2007) and used it exclusively to determine the elements a plaintiff must prove to establish a *prima facie* case against a defendant.  CI further proclaims that Defendant "erroneously refers to Hollis Beth Hire as lead counsel" (Opposition at 7) however, close examination of the Court's own ECF website shows Hollis Beth Hire as lead counsel and Hollis Beth Hire signed both CI's original Complaint and CI's First Amended Complaint.  CI also opposes by stating that Defendant "argues that the allegations in the FAC are "false" and "misleading" because…(2) which has been circumvented, such that that third parties can now access the work without authorization." (Opposition at 8) however, Defendant actually argues that Defendant did not circumvent within the meaning of 17 U.S.C. 1201(a)(3)(a) (Motion for Sanctions at 8) and makes no mention of third party access, authorized or not.  These small inconsistencies when taken one at a time mean very little, however, when added together and combined with Defendant's argument that CI's FAC makes misleading and false allegations they further support Defendant's position.

    CI's FAC is replete with false and misleading allegations.  Collectively, the Oppositions filed by CI are replete with false and misleading facts.  Not a single document has CI filed with this Court which is a fair description of the facts which surround this case.  After transferring complete ownership of its software, CI has some unfounded notion that it still controls the software in some manner and can prohibit consumers who own the software from using that software as they wish.  They further contend that hidden files and registry keys are a technological measure and it requires a great deal of technological expertise to locate and delete them. This is tantamount to claiming a hidden open door controls access to a building.  CI requires an extension of existing law in order to pursue this action under 17 U.S.C. 1201 *et seq*

Reply to Hollis Beth Hire and Wilson Sonsini Goodrich & Rosati's Opposition to Defendant's Motion for Sanctions
No. C-07-03457 HRL

("DMCA") and the law suit is frivolous. While making all of these claims, CI's software and CI's website contain no End User Licensing Agreement or Terms of Use which would easily place restrictions on consumers.

For all of these reasons, Plaintiff, Coupons Inc and its attorney Hollis Hire should be sanctioned for violating, at a minimum, Rule 11 of the Federal Rules of Civil Procedure.

## ARGUMENT

While CI contends its investigation prior to filing the FAC was more than reasonable, CI obviously did not test its software against the requirements of the DMCA.

The basic elements of the DMCA are clear. A plaintiff seeking relief under 1201(a)(2) must establish five basic elements before defendant's actions can be tested for trafficking. These elements are 1) ownership of a valid copyright on a work protected under the Copyright Act; 2) effectively controlled by a technological measure which has been circumvented; 3) that third parties can now access; 4) without authorization, in a manner that 5) infringes or facilitates infringing a right protected by the Copyright Act. *Chamberlain Group. Inc. v. Skylink Tech.*, 381 F.3d 1178 at 1203 (Fed Cir 2004).

CI fails to see that there are two forms of withheld authorization which are required. First, CI must establish that the alleged act of circumvention was unauthorized (*See Id* at 1193, "defines circumvention as an activity undertaken without the authority of the copyright owner") and second, CI must establish that third parties can now access CI's works without authorization (*See Id* at 1204, "a property right for which the Copyright Act permits the copyright owner to withhold authorization—as well as notice that authorization was withheld").

CI attempts to rid the DMCA of this basic requirement by blurring the lines between the definition of circumvention and the fact that it must withhold authorization to a right for which the Copyright Act permits. CI opposes by stating Defendant misunderstands the DMCA and misapplied the elements established in *Chamberlain.*, CI's misplaced construct of the DMCA is required by the CI to justify the action now pending against Defendant.

Reply to Hollis Beth Hire and Wilson Sonsini Goodrich & Rosati's Opposition to Defendant's Motion for Sanctions
No. C-07-03457 HRL

3

CI further opposes by stating its software effectively controls access to its works which are protected by copyright and does so by ignoring existing case law. Although Defendant relies on *Lexmark International, Inc. v. Static Control Components, Inc*, 387 F.3d 522 (6th Cir. 2004) for an analogy the conclusion would be universal "just as one would not say that a lock on any door of a house controls access to the house after its purchaser receives the key to the lock…" CI admits that it relies on hiding the unique IDs to control access to its coupons. "the technological expertise required to identify and locate the unique [IDs]…" (Weitzman Decl 9) and CI's opposition is based upon the difficulty it takes to locate and delete. First, hiding the lock used in the *Lexmark* Court's analogy would not change the fact that the lock does not control access to the house after the purchaser receives the key. The purchaser need only locate the lock. Second, the level of difficulty one faces when erasing a file or registry key is non-existent. It is safe to assume that everyone who owns a computer knows how to push the delete button on the keyboard and knows what that button does. Saying that deleting these files and registry keys is difficult and requires a high level of technological expertise is comical.

The DMCA does not require a technological measure to be impenetrable, or the DMCA would not need to exist. However, the DMCA does require that the technological measure actually be a technological measure. Hiding files and registry keys on a consumer's computer with the hopes that those files and registry keys will not be found and deleted cannot qualify as a technological measure.

Lastly, the CI opposes by stating Defendant has violated 17 U.S.C. 1201(b)(1) and that Defendant has not even addressed this section of the DMCA. While true, the Defendant has not addressed 17 U.S.C. 1201(b)(1), this is done with reason. For CI to claim Defendant has violated 1201(b)(1) CI would have had to deploy a technological measure which permits access but prohibits copying (or another right granted exclusively to the copyright holder).

CI's software does not permit access and then prohibit copying; CI's FAC makes no such claim. CI's FAC supports this: "the coupon is sent directly to the consumer's printer" (FAC § 14). CI's FAC does not claim the digital files sent by CI to the consumers have been tampered with in any way, whereby allowing the consumer to save the digital file to their hard drive or

Reply to Hollis Beth Hire and Wilson Sonsini Goodrich & Rosati's Opposition to Defendant's Motion for Sanctions
No. C-07-03457 HRL

allowing the consumer to view the coupon directly on the monitor.  CI cannot now claim that a technological measure has been circumvented without its FAC claiming that copyright infringement could or did occur and therefore cannot now claim that Defendant is in violation of 17 U.S.C. 1201(b)(1).

**CONCLUSION**

CI opposes by saying it filed its FAC after ample investigation and research, however, CI apparently forgot one very important aspect of that investigation:  to test its own software against the elements of the DMCA.  All in all, as argued in Defendant's Motion for Summary Judgment, CI's software fails on all five of the elements needed to prove a prima facie case against the Defendant.  CI has filed this action with the court with the knowledge that Defendant did not circumvent CI's software and such a filing is both frivolous and for improper cause. Defendant owned the software and can do anything with that software he wishes; Defendant was not merely a licensed user of the software.

For all of the above reasons, Defendant's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure must be granted.

Dated:  November 20, 2007                                  _____/s/_____
                                                                                 John Stottlemire, *pro se*

Reply to Hollis Beth Hire and Wilson Sonsini Goodrich & Rosati's Opposition to Defendant's Motion for Sanctions
No. C-07-03457 HRL