1

2                                                                    * E-filed 12/12/07 *

3

4

5

6

7                                      NOT FOR CITATION

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                    SAN JOSE DIVISION

11

COUPONS, INC.,

12                                                      Case No. CV 07-03457 HRL
          Plaintiff,

13                                              **ORDER ON DEFENDANT'S (1) MOTION
     v.                                         TO STRIKE; (2) MOTION FOR
14                                              SANCTIONS; (3) MOTION TO DISMISS;
JOHN STOTTLEMIRE,                               AND (4) MOTION FOR SUMMARY
15                                              JUDGMENT**
          Defendant.
16                                              Re: Docket Nos. 12, 15, and 28

17  _____/

18          On behalf of its clients (usually consumer products companies), Coupons, Inc. ("CI")

19  offers online, printable coupons to consumers.  Consumers may print the coupons (either from

20  the client's or CI's website) once they install Plaintiff's software.  Although the details of the

21  installation are unclear, it appears that, when the coupon printing software is downloaded,

22  Plaintiff quietly places a registry key file on the user's personal computer.  This registry key

23  essentially acts as a "counter," limiting the number of times each coupon can be printed on that

24  computer (typically, two prints per coupon).

25          Plaintiff generally alleges that Defendant (1) discovered how to remove the "counter,"

26  (2) created a computer program which automates its removal, and (3) provided the program to

27  others.  CI says that this program permitted users "to print an unlimited[1] number of coupons."

28  _____

          [1] Plaintiff's counsel clarified at the hearing that it would have been more accurate to
allege that Defendant's program enabled a user to exceed the counter's limitation, up to the
ceiling imposed by CI or its client for distribution of a particular coupon.

United States District Court

For the Northern District of California

1  (First Amended Complaint ("FAC") ¶ 20).  Because Plaintiff claims that its coupons are subject

2  to copyright protection, it alleges that Defendant's actions violate §1201(a) and §1201(b) of the

3  Digital Millennium Copyright Act (DMCA)[2] and related state law claims.

4      *Pro se* Defendant John Stottlemire now moves to dismiss the complaint or, in the

5  alternative, for summary judgment.  He also moves to strike Plaintiff's opposition to the motion

6  to dismiss and for sanctions.

## I.     Defendant's Motion to Strike

9      Wilson, Sonsini, Goodrich & Rosati ("Wilson Sonsini") filed this lawsuit on behalf of

10  CI.  Thereafter, the law firm of Farella Braun & Mastel LLP ("Farella Braun") filed a notice of

11  substitution of counsel.  The opposition to Defendant's Motion to Dismiss was filed and signed

12  by Farella Braun.  Defendant moves to strike this opposition, arguing that it was not signed by

13  an attorney of record as required by FED. R. CIV. P. 11(a).

14      Defendant is correct that the notice of substitution, under the court's local rules, did not

15  accomplish an effective change in counsel.  To substitute one firm for another requires an order

16  of the court. General Order 45, Electronic Case Filing IV(C).  Plaintiff did not request an order

17  granting the substitution, nor was one issued.[3]

18      Stottlemire's objection to Farella Braun's entry was out of concern that Wilson Sonsini

19  would not be subject to this court's order if it decided to grant Defendant's sanctions motion.

20  But, Wilson Sonsini did appear and respond to the sanctions motion.  Since Defendant suffered

21  no harm as a result of the technically improper substitution, the motion to strike is DENIED.

22  The court will treat the notice of substitution as a notice of appearance.

---

24      [2] These provisions enacted three new prohibitions on anti-circumvention.  *See* 17 U.S.C. §§ 1201(a)(1); 1201(a)(2); and 1201(b).

25/26      The first two provisions target circumvention of technological measures that effectively control *access* to a copyrighted work; the third targets circumvention of technological measures that impose limitations on the *use* of protected works.

27  *U.S. v. Elcom Ltd.*, 203 F.Supp.2d 1111, 1119-20 (N.D.Cal. 2002) (emphasis in original).

28      [3] Although, if Farella Braun had noticed its appearance and *then* Wilson Sonsini noticed its withdrawal, CI could have achieved the desired result without an order.  *Id.*

**United States District Court**
For the Northern District of California

1    **II.    Defendant's Motion for Sanctions**

2        Defendant seeks sanctions against Plaintiff and its counsel "in light of their submission

3    and filing of a first amended complaint that is based on misleading and false allegations."  (Mot.

4    for Sanctions, pg. 4).  Stottlemire's motion is based on perceived violations of FED. R. CIV. P.

5    Rule 11(b).  That rule requires an attorney to certify that the pleading filed:

6        (1) [...] is not being presented for any improper purpose, such as to harass, cause
         unnecessary delay, or needlessly increase the cost of litigation;
7

8        (2) [includes] claims, defenses, and other legal contentions [...] warranted by existing
         law or by a nonfrivolous argument for extending, modifying, or reversing existing law
         or for establishing new law; [and]
9

10       (3) [includes] the factual contentions [which] have evidentiary support or, if specifically
         so identified, will likely have evidentiary support after a reasonable opportunity for
         further investigation or discovery [...]

11

12       To begin, Defendant says that the complaint was filed for an improper purpose, i.e., to

13   invoke fear in Defendant and his family.  However, because CI's claims against Defendant have,

14   at the very least, superficial merit, Plaintiff had a right to bring this lawsuit.  That the complaint

15   might have the secondary effect of making the Defendant fearful is an insufficient basis for

16   establishing an improper purpose.

17       Addressing Stottlemire's arguments under the second prong of the rule, the legal theories

18   relied upon by CI, although different from Defendant's interpretation, are reasonably warranted

19   under the current state of the law.  Plaintiff's legal claims are not frivolous under the DMCA,

20   where the law is relatively new and to some extent unsettled, especially in this circuit.

21       Finally, Stottlemire argues that CI made false and misleading claims with respect to its

22   software's ability to effectively protect its coupons from copyright infringement.  In response,

23   Wilson Sonsini describes the investigation it undertook with respect to the software in question.

24   For example, the attorneys declare that they installed CI's software on their own computers to

25   understand how the technology works.  The court is satisfied that Wilson Sonsini's investigation

26   into CI's allegations, conducted prior to filing the complaint, meets the threshold requirement of

27   "an inquiry reasonable under the circumstances."

28       Accordingly, Defendant's sanctions motion is DENIED.

3

United States District Court

For the Northern District of California

### III.    **Defendant's Motion to Dismiss**

A motion to dismiss under FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Hence, the issue here is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  In considering such a motion, all material factual allegations should be accepted as true and construed "in the light most favorable to the nonmoving party."  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This was recently interpreted to mean that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).[4]  Therefore, the complaint must contain more than mere conclusions of law. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  Nevertheless, "heightened fact pleading of specifics" is not required to survive a motion to dismiss.  *Bell Atlantic Corp.*, 127 S.Ct. at 1973-74.  Rather, the complaint need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, --- U.S. ----, ----, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

Defendant argues that under the *Bell Atlantic Corp. v. Twombly* standard, Plaintiff's complaint must be dismissed.  Specifically, Stottlemire points to the following allegations as deficient: 1) the ability of Plaintiff's software or technical measures to prevent infringement or third party access; 2) that the coupons are protected by a copyright; 3) that infringement

---

[4] This decision "retires" the oft-quoted language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See, Bell Atlantic Corp.*, 127 S.Ct. at 1968-69.

1    actually occurred as a result of Defendant's actions; and 4) that Defendant's actions constituted

2    circumvention or trafficking (because the "unauthorized" element is lacking).

3        Addressing the first argument, Stottlemire says that the technological measure used by

4    Plaintiff is ineffective at preventing infringement because the measure limits <u>computers</u>, not

5    individuals.[5]  As such, he claims that the allegations in the complaint are insufficient to assert a

6    violation of the DMCA.  CI responds that the complaint describes the "security measures"

7    utilized by Plaintiff and the means by which those measures apparently prevent consumers from

8    printing more than one or two copies of each coupon.  *See, e.g.*, FAC ¶¶ 13, 15. The complaint

9    sufficiently alleges the existence of a technological measure to establish a claim under the

10   DMCA. The Motion to Dismiss, on this basis, is DENIED.

11       Defendant's second argument - that the allegations pertaining to whether the coupons are

12   protected by copyright are conclusory - is similarly rejected.  CI alleged that its coupons were

13   works "subject to copyright protection under Title 17 of the United States Code." FAC ¶ 11.

14   Although more facts would be helpful, they are not required under the legal standard.  This

15   claim is sufficient to put Defendant on fair notice of the claims against him. *See  Erickson,* 127

16   S.Ct. at 2200.  Thus, the motion is DENIED as to the second argument.

17       As for Stottlemire's third claim, the court agrees that the complaint does not specifically

18   allege that infringement occurred as a result of Defendant's actions.  However, it does not

19   appear that the DMCA requires actual infringement.  The statute only requires evidence that the

20   technology has been circumvented (for a non-exempted purpose) or that the defendant

21   trafficked in technology used to circumvent. *Universal City Studios, Inc. v. Reimerdes* supports

22   this interpretation. 111 F.Supp.2d 294 (S.D.N.Y. 2000).  The district court in that case found

23   irrelevant Plaintiff's admission that it had no direct evidence of "a specific occasion on which

24   any person [used the defendant's circumvention program] and transmitted it over the Internet."

25   *Id.* at 314-15.  The court went on to analogize,

26       Even if no one uses the combination to open the vault, its mere publication has the effect
         of defeating the bank's security system, forcing the bank to reprogram the lock.

27

28       [5] Plaintiff's counsel acknowledged that a person could utilize several different
     computers in order to print more than the limit imposed by the registry key "counter."

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1
2

     Development and implementation of a new DVD copy protection system, however, is far more difficult and costly than reprogramming a combination lock[.]  *Id.*

3

Accordingly, the Motion to Dismiss, as to this point, is DENIED.

4

     Defendant's fourth argument - that Plaintiff has not sufficiently alleged that Stottlemire's

5

conduct was "unauthorized" as required to establish circumvention or trafficking - raises a

6

closer question.  The issue of authorization, and how copyright restrictions are conveyed to the

7

user, has been addressed in cases under the DMCA.  For example, the Federal Circuit indicated

8

that the notice concerning authorization provided to users of a product is a relevant

9

consideration.  *Chamberlain Group, Inc. v. Skylink Technologies, Inc.*, 381 F.3d 1178, 1204

10

(Fed. Cir. 2004).[6]  The plaintiff in that case, a garage door opener manufacturer, did not place

11

"explicit restrictions on the types of transmitter that the homeowner may use with its system at

12

the time of purchase."  As a result, the court explained, "Chamberlain's customers therefore

13

assume that they enjoy all of the rights associated with the use of their [garage door openers]

14

and any software embedded therein that the copyright laws and other laws of commerce

15

provide."  *Chamberlain*, 381 F.3d at 1183.[7]

16

     Although CI points to paragraphs alleging that access was unauthorized, *see* FAC ¶¶ 12,

17

15, and 27, it has done so in a conclusory fashion.  *See Epstein*, 83 F.3d at 1140.  To declare

18

Stottlemire's actions "unauthorized" without further explanation is insufficient.  The complaint

19

does not allege which actions by Defendant were unauthorized, nor does it explain how a

20

consumer would come to know particular actions were or were not permitted.

21
22

23

    [6] Also see, text of §1201(a)(3) which defines the terms used in section (a):

24

    (A) to "circumvent a technological measure" means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, **without the authority of the copyright owner**; and

25
26

    (B) a technological measure "effectively controls access to a work" if [it], in the ordinary course of its operation, requires the application of information ... **with the authority of the copyright owner**, to gain access to the work.

27

(emphasis added).

28

    [7] It remains to be seen whether this case more closely aligns with *Chamberlain*, or with a case like *Reimerdes*.

**United States District Court**
For the Northern District of California

1        Accordingly, on this final argument, the motion to dismiss is GRANTED with leave to

2   amend. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be

3   granted unless the court "determines that the pleading could not possibly be cured by the

4   allegation of other facts.") (citations omitted); *also see* FED. R. CIV. P. 15(a). Plaintiff shall

5   have until **<u>January 2, 2008</u>** to file an amended complaint. Should CI decide not to amend, all

6   claims that rely on authorization as an element shall be dismissed.

7

8   **IV.**    **<u>Defendant's Motion for Summary Judgment</u>**

9        A motion for summary judgment should be granted if there is no genuine issue of

10   material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P.

11   56(c)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Stottlemire argues that

12   CI has failed to establish a *prima facie* case on the DMCA violations. Defendant further

13   contends that without being able to establish DMCA violations, the related state law claims

14   necessarily fail, too.

15        Given the meager record before the court and the many factual and legal disputes

16   between the parties, Defendant's Motion for Summary Judgment is DENIED as premature.

17

18                     **CONCLUSION**

19        In conclusion, Defendant's Motion to Strike the Opposition, his Motion for Sanctions

20   and his Motion for Summary Judgment are DENIED. Defendant's Motion to Dismiss with

21   respect to the authorization element of the claims alleged is GRANTED, but with leave to

22   amend. Plaintiff shall have until **<u>January 2, 2008</u>** to file an amended complaint. Defendant's

23   Motion to Dismiss is otherwise DENIED.

24        **IT IS SO ORDERED.**

25

26   Dated:  12/12/07

27                          HOWARD R. LLOYD
                                  UNITED STATES MAGISTRATE JUDGE

28

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**5:07-cv-3457 Notice has been electronically mailed to:**

Dennis M. Cusack dcusack@fbm.com, adugan@fbm.com, calendar@fbm.com, lwarren@fbm.com

Neil A. Goteiner ngoteiner@fbm.com, calendar@fbm.com, karentsen@fbm.com

Hollis Beth Hire hhire@wsgr.com, lhovland@wsgr.com

John Lawrence Slafsky jslafsky@wsgr.com, lhovland@wsgr.com

John Allan Stottlemire jstottl@comcast.net

* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  12/12/07

_____
/s/ KRO
Chambers of Magistrate Judge Lloyd

8