1   Neil A. Goteiner (State Bar No. 083524)
    Dennis M. Cusack (State Bar No. 124988)
2   Carly O. Alameda (State Bar No. 244424)
    Farella Braun & Martel LLP
3   235 Montgomery Street, 17th Floor
    San Francisco, CA  94104
4   Telephone:  (415) 954-4400
    Facsimile:  (415) 954-4480
5   E-mail:  ngoteiner@fbm.com, dcusack@fbm.com,
    calameda@fbm.com
6   Attorneys for Plaintiff COUPONS, INC.

7   John Stottlemire
    33103 Lake Garrison Street
8   Fremont, CA  94555
    Telephone:  (614) 358-4185
9   E-mail:  jstottl@comcast.net
    Defendant, *pro se*

10

                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                        SAN JOSE DIVISION
13

14   COUPONS, INC.,                    Case No.  5:07-CV-03457 HRL

15              Plaintiff,             **JOINT CASE MANAGEMENT
                                       CONFERENCE STATEMENT**
16        vs.
                                       Date:        February 5, 2008
17   JOHN STOTTLEMIRE, and DOES 1-10,  Time:        1:30 p.m.
                                       Courtroom:   2
18              Defendants.            Judge:       Honorable Howard R. Lloyd
                                       Trial:
19

20        Plaintiff Coupons, Inc. ("Plaintiff") and Defendant John Stottlemire ("Stottlemire") jointly

21   submit this Case Management Conference Statement pursuant to the Northern District of

22   California's Standing Order, Civil Local Rule 16-9(a), and Fed. R. Civ. P. 26(f).

23        **1.      JURISDICTION AND SERVICE:**  This Court has subject matter jurisdiction

24   pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) for claims arising under the Digital

25   Millennium Copyright Act ("DMCA"), and under 28 U.S.C. § 1338(b) for the related state-law

26   claims based on unfair competition.  This Court also has supplemental jurisdiction over state

27   claims under 28 U.S.C. § 1367.  There are no issues regarding personal jurisdiction or venue.

28

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL

1  Stottlemire, the only defendant known to Plaintiff at this time, has been served and appears *pro*

2  *se*.  The true names and capacities of defendants Does 1-10 are presently unknown to Plaintiff.

3  **2.    BRIEF DESCRIPTION OF THE ALLEGED FACTS:**

4  **A.    Plaintiff's allegations are as follows:**

5  Plaintiff is a leading provider of technology which enables businesses to deliver online,

6  printable coupons to consumers.  Plaintiff's coupons are works subject to copyright protection

7  under Title 17 of the United States Code.  Plaintiff offers a number of security products to its

8  clients to prevent unauthorized copying of its coupons, including proprietary technology that

9  limits the number of times a user can print a coupon.  Stottlemire is the owner and operator of the

10  on-line forum called The Coupon Queen, in which consumers discuss and trade coupons (the

11  "Coupon Queen Forum").  Plaintiff alleges that around May 2007 Stottlemire created software

12  and offered a service designed to remove the security features of Plaintiff's product such that a

13  user can print more than the authorized number of coupons offered by Plaintiff (the "Defendant's

14  Software").  Plaintiff alleges that Stottlemire offered the Defendant's Software to the public

15  through the Coupon Queen Forum and transferred the software to the public for the purpose of

16  printing more coupons than Plaintiff's security features allow.  Stottlemire has continued to post

17  updated circumvention methods and instructions at least through December 2007.

18  **B.    Stottlemire's allegations are as follows:**

19  Plaintiff operates a website which enables businesses to provide coupons to consumers.

20  Consumers are able to print coupons from Plaintiff's website after installing software provided by

21  the Plaintiff.  Plaintiff's software uses streaming technology which prevents coupons from being

22  saved to consumer's computer hard drive and from being displayed on consumer's monitor

23  attached to consumer's computer.  Through the use of streaming technology, consumers can only

24  print Plaintiff's coupons directly to consumer's printers attached to their computer.  Plaintiff's

25  software also assigns a unique identifier to each computer used to print coupons from Plaintiff's

26  website and stores the unique identifier in deceptively named registry keys within the Windows

27  Registry and deceptively named hidden files in the windows sub-directory in an attempt to

28  obscure it from consumers.  The unique identifier is used by Plaintiff to track the number of

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL                - 2 -                              22675\1435783.1

1    coupons a consumer has received and consequently printed from a given computer and is not

2    assigned to the consumer.  When visiting Plaintiff's website, Plaintiff's software is instructed by

3    Plaintiff to search for the unique identifier located on the consumer's computer.  If Plaintiff's

4    software does not locate the unique identifier, Plaintiff assigns a unique identifier and Plaintiff's

5    software stores the unique identifier within the deceptively named Windows Registry Keys and

6    files stored on the consumer's hard drive.

7         For four days in May 2007, Defendant Stottlemire offered software which erased the

8    unique identifier from consumer's computer.  Defendant's offered software only erased files and

9    registry keys located on consumer's computer and did not modify Plaintiff's software.  Plaintiff's

10   software continued to operate as Plaintiff intended.  When Plaintiff's software did not find the

11   unique identifier, Plaintiff would simply assign a new unique identifier to the consumer's

12   computer.  Software offered by Defendant did not descramble a scrambled work, decrypt an

13   encrypted work, or otherwise avoid, bypass, deactivate or impair Plaintiff's software.  Since the

14   four days in May 2007, Defendant Stottlemire has continued to offer software which erases

15   orphaned registry keys and files after third parties uninstall software provided by Plaintiff as

16   Plaintiff's uninstall does not remove all files and registry keys.  Defendant Stottlemire has not

17   offered software, circumvention methods or instructions for any other purpose than to completely

18   uninstall Plaintiff's software since those four days in May 2007.

19        **3.    LEGAL ISSUES:**  The parties have identified the following disputed points of

20   law:

21         (a)    Whether each of Plaintiff's causes of action in the Second Amended

22   Complaint states a claim on which relief can be granted;

23         (b)    Whether coupons offered by Plaintiff possesses more than a *de minimis*

24   *quantum* of creativity and are protected by The Copyright Act.

25         (c)    Whether Plaintiff's coupons are fixed in a tangible medium of expression

26   pursuant to 17 U.S.C. § 102(a);

27         (d)    Whether Plaintiff's software is defined as a technological measure within

28   the meaning of 17 U.S.C. 1201;

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL

- 3 -

22675\1435783.1

1      (e)  Whether Plaintiff's software controls access to a copyrighted work within

2  the meaning of 17 U.S.C. § 1201(a);

3      (f)  Whether Plaintiff limits the quantity of coupons a consumer may receive;

4      (g)  Whether Plaintiff has provided notice pursuant to California Business &

5  Professional Code 17500 that limitations exist to the number of coupons a consumer may

6  receive.

7      (h)  Whether Plaintiff's technology protects an exclusive right granted to the

8  copyright holder within the meaning of 17 U.S.C. 1201(b)

9      (i)  Whether Defendant was authorized to use and offer to distribute software

10  which erased Windows registry keys and files from third party computers.

11      (j)  Whether software offered by the Defendant either facilitated infringement

12  or infringed upon the exclusive rights granted Plaintiff under The Copyright Act;

13      (k)  Whether Plaintiff's software has been circumvented within the meaning of

14  17 U.S.C. § 1201;

15      (l)  Whether the Unique Identifier placed on consumer's computer by the

16  Plaintiff for the sole purpose of identifying that consumer's computer is classified as

17  Personal Identifying Information.

18      (m)  Whether consumers are authorized to erase files and Windows registry

19  keys from computers they own.

20      (n)  Whether Plaintiff has lost revenue or property as a result of software

21  Defendant offered to distribute and can pursue an action under California Business &

22  Professional Code 17200 *et seq.*;

23      (o)  Whether Stottlemire engaged in unlawful and unfair business practices, in

24  violation of California Business & Professional Code § 17200 *et seq.*, by creating,

25  offering, and distributing to the public the Defendant's Software;

26      (p)  Whether Stottlemire engaged in unfair competition in violation of the

27  common law of the State of California by creating, offering, and distributing to the public

28  the Defendant's Software;

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457-HRL

- 4 -

22675\1435783.1

1    (q)    Whether Stottlemire engaged in conversion and trespass to chattels under

2    the common law of the State of California by creating, offering, and distributing to the

3    public, Defendant's Software.

4    (r)    Whether Defendant's Software caused significant injury to Plaintiff.

5    (s)    Whether Defendant's Software caused, or threatened to cause, injury to

6    Plaintiff's computer systems.

7    (t)    Whether, in offering Defendant's Software, Defendant caused competitive

8    injury to Plaintiff.

9    (u)    Whether Defendant had authorization to use his property in the manner he

10    used it.

11    (v)    Whether Defendant had authorization to use property previously owned by

12    Plaintiff in the manner he used it.

13    (w)    Whether Defendant's act, in offering the software, was a business act or

14    practice.

15    **4.      MOTIONS:** On July 24, 2007, Stottlemire filed an Administrative Motion to

16    Extend Time to Respond to Complaint.  On August 1, 2007 the Court granted in part

17    Stottlemire's motion, which Plaintiff opposed, and extended the deadline to respond to the

18    Complaint until September 24, 2007.  On September 24, 2007, Stottlemire filed a motion to

19    dismiss and, in the alternative, a motion for summary judgment, a related motion for judicial

20    notice, and a motion for sanctions.  On October 22, 2007, Plaintiff filed a motion to continue

21    hearing and case management dates, which Stottlemire opposed and the court denied the motion

22    as moot.  On October 24, 2007 the Court, on its own motion reset the Case Management Dates

23    and reset deadlines for Plaintiff to reply to Stottlemire's then pending motions.  On November 14,

24    2007, Stottlemire filed an ex-parte motion to strike plaintiff's opposition.  The motions were

25    heard on December 4, 2007.  On December 12, the court granted in part Stottlemire's motion to

26    dismiss, with leave to amend and denied all other motions.  Plaintiff timely filed its second

27    amended complaint.  On January 14, 2008, Stottlemire filed an "Administrative Motion to Extend

28    Time To Respond to Second Amended Complaint," which Plaintiff did not oppose, and the court

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457-HRL                - 5 -                22675\1435783.1

1    granted this motion in part, extending the deadline to respond to the Second Amended Complaint

2    to February 26, 2008.

3        **5.    AMENDMENT TO PLEADINGS:**  Plaintiff intends to join additional parties in

4    the event that it identifies the true names of Does 1-10.

5        **6.    EVIDENCE PRESERVATION:**  Plaintiff is preserving its evidence that is

6    potentially relevant to the case pursuant to its internal document retention policy.  Stottlemire is

7    preserving evidence that is potentially relevant to the case.

8        **7.    INITIAL DISCLOSURE:**  Plaintiff has complied with the initial disclosure

9    requirements of Rule 26.  The initial disclosures included a list of individuals who are likely to

10   have discoverable information, a description by category of relevant documents in Plaintiff's

11   control, and a computation of damages.

12       Stottlemire has complied with the initial disclosure requirements of Rule 26.  His initial

13   disclosures included a list of individuals who are likely to have discoverable information and a

14   list of documents he may use to support his defense.

15       **8.    DISCOVERY:**  Plaintiff has initiated limited third party discovery to date, but the

16   parties have not yet exchanged discovery between them.

17           **Proposed Discovery Plan:**  Plaintiff will seek discovery of documents, including

18   but not limited to computer files in Stottlemire's possession related to the Defendant's Software

19   and his offer of the Defendant's Software to others, and documents from Stottlemire and others

20   regarding who has received the Defendant's Software and to what extent the Defendant's

21   Software has been used.  The parties agree to produce electronically stored information in CD,

22   DVD, or native format where appropriate.  Plaintiff will depose Stottlemire and anyone else who

23   has participated with him in creating and offering the Defendant's Software.  Plaintiff expects

24   expert discovery regarding the nature of the Defendant's Software and market expectations

25   regarding print limitations for online coupons.  The parties may need to discuss a protective order

26   depending on the scope of the discovery requests.

27       Stottlemire will seek discovery of documents, including but not limited to source code in

28   Plaintiff's possession related to Plaintiff's software it provides consumers, source code in

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /                    - 6 -
USDC/NDC/SJ 5:07-CV-03457-HRL                                                22675\1435783.1

1  Plaintiff's possession related to Plaintiff's server software which provides coupons to consumers,

2  source code in Plaintiff's possession related to Plaintiff's website, communications between

3  Plaintiff's attorney and the United States Copyright Office regarding all copyright registrations

4  Plaintiff has filed with the United States Copyright Office, all communications between Plaintiff

5  and TRUSTe related to Plaintiff's software, all communications between Plaintiff and Wired

6  Magazine related to Plaintiff's software and the Defendant, and all communications between

7  Plaintiff and Information Week Magazine related to Plaintiff's software and the Defendant.

8       Stottlemire will depose Steven Boal, President, CEO, Coupons Inc.; Jeffrey Weitzman,

9  Coupons, Inc.; Lead Programmers for the Plaintiff; Lead Web Developers for the Plaintiff; John

10  Slafsky, attorney for the Plaintiff; Jordan Lau, TRUSTe; David Kravets, Wired Magazine;

11  Thomas Claburn, Information Week Magazine; and any other individuals Stottlemire may learn

12  of, regarding information each may have which invalidates Plaintiff's DMCA claim against

13  Stottlemire.  Stottlemire expects expert discovery regarding Plaintiff's server software, Plaintiff's

14  website, Plaintiff's software it provides to consumers and Plaintiff's databases.

15       **9.**    **CLASS ACTIONS:**  This is not a class action.

16       **10.**    **RELATED CASES:**  There are no related cases or proceedings pending before

17  another judge of this court, or before another court or administrative body.

18       **11.**    **RELIEF:**  Plaintiff's prayer for relief seeks legal and equitable relief.  Due to the

19  absence of discovery, Plaintiff contends that a specific presentation on damages is premature.

20  However, Plaintiff contends that damages include, but are not limited to, a statutory award of

21  $2,500 per violation of 17 U.S.C. § 1201, and restitution for Stottlemire's unlawful business

22  practices.  Plaintiff also seeks:  (a) an order for the preservation of evidence in possession of

23  Stottlemire that is likely to be relevant to the case; (b) an injunction preventing Stottlemire from

24  manufacturing, offering to the public, and providing technology primarily designed for the

25  purpose of circumventing technology measures that effectively control access to Plaintiff's

26  coupons; (c) an order requiring Stottlemire to deliver to Plaintiff all copies of the Defendant's

27  Software, as well as unauthorized copies of Plaintiff's coupons created and printed with the

28  assistance of the Defendant's Software in possession of Stottlemire; (d) an order requiring

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL

- 7 -

22675\1435783.1

1    Stottlemire to deliver to Plaintiff all documents, files, lists, and correspondences reflecting the

2    identities of, and contact information for, the persons to whom Stottlemire provided technology

3    primarily designed for the purpose of circumventing technology measures that effectively control

4    access to Plaintiff's coupons; and (e) an order requiring Stottlemire to file with the Court and

5    serve on Plaintiffs an affidavit setting forth the manner and form in which they have complied

6    with the terms of the injunction.  Plaintiff also seeks for Stottlemire to pay to Plaintiff the cost of

7    this action, together with reasonable attorneys' fees and disbursements pursuant to 17 U.S.C. §

8    1203(b), and for the Court to grant such other and further relief as the Court deems just and

9    equitable.

10           Stottlemire contends that Plaintiff is not entitled to any relief and will seek relief pursuant

11    to 17 U.S.C. § 1203(b) if he prevails in this action.  Defendant may also file counterclaims against

12    Plaintiff in which he would be entitled relief.

13           **12.    SETTLEMENT AND ADR:**  The parties have had settlement discussions

14    however cannot agree on the terms of a settlement.  Plaintiff is willing to consider Early Neutral

15    Evaluation or referral to a judge for a settlement conference.  Defendant requests Early Neutral

16    Evaluation.

17           **13.    CONSENT TO JURISDICTION OF MAGISTRATE JUDGE:**  The parties

18    consent to the jurisdiction of a Magistrate Judge.

19           **14.    OTHER REFERENCES:**  The parties do not recommend any references of the

20    case at this time.

21           **15.    NARROWING OF ISSUES:**  The parties do not have a proposal at present to

22    narrow issues.

23           **16.    EXPEDITED SCHEDULE:**  The parties do not believe this case is subject to an

24    expedited schedule.

25           **17.    SCHEDULING:**  Plaintiff's proposed schedule is:

26           (a)     Fact Discovery Cutoff:  August 15, 2008

27           (b)     Designation of Experts:  August 31, 2008

28           (c)     Expert Discovery Cutoff: September 15, 2008

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL                - 8 -                22675\1435783.1

1                (d)      Hearing of Dispositive Motions (including Motions for Summary

2 Judgment:  November 15, 2008

3                (e)      Trial: January 15, 2009

4       Defendant's proposed schedule is:

5                (a)      Fact Discovery Cutoff:  August 15, 2008

6                (b)      Designation of Experts:  October 31, 2008

7                (c)      Expert Discovery Cutoff: January 15, 2009

8                (d)      Hearing of Dispositive Motions:

9                          Motion for Summary Judgment:  March 15, 2009

10              (e)      Trial: May 15, 2009

11     **18.**     **TRIAL:**  Plaintiff has requested a jury trial.  Parties expect that the trial will last

12 for four (4) days.

13     **19.**     **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

14 Plaintiff filed a formal notice pursuant to Local Rule 3-16, and is not aware of any non-party

15 interested persons or entities.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL

- 9 -

22675\1435783.1

1    **20.    OTHER MATTERS:** None.

2

3    Dated:  January 29, 2008                    FARELLA BRAUN & MARTEL LLP

4

5                                               By:        /s/_____
                                                        Dennis M. Cusack
6

7                                               Attorneys for Plaintiff
                                               COUPONS, INC.

8    Dated:  January  29, 2008                  JOHN STOTTLEMIRE

9

10                                                      /s/_____
                                               John Stottlemire, *pro se*
11                                             Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL                - 10 -                    22675\1435783.1