John A Stottlemire
33103 Lake Garrison Street
Fremont, CA 94555
Telephone: (614) 358-4185
Email: jstottl@comcast.net
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN STOTTLEMIRE, and DOES 1-10,<br><br>Defendant | ) Case No.: 5:07-cv-03457-HRL<br>)<br>) **DEFENDANT'S NOTICE OF MOTION**<br>) **AND MOTION TO DISMISS FOR**<br>) **FAILURE TO STATE A CLAIM ON**<br>) **WHICH RELIEF CAN BE GRANTED**<br>) **[Fed. R. Civ. P. 12(b)(6)]**<br>)<br>) Date:          April 22, 2008<br>) Time:          10:00 a.m.<br>) Courtroom:  2, 5th Floor<br>) Judge:         Hon. Howard R. Lloyd |

## NOTICE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 22, 2008, at 10:00 a.m., before the Honorable

Howard R. Lloyd, United States Magistrate Judge, in Courtroom 2, 5th Floor, 280 South 1st

Street, San Jose, California the following Motion to Dismiss, filed by defendant John

Stottlemire, will be heard.

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant John Stottlemire hereby

moves to dismiss the Second Amended Complaint's First Cause of Action and Second Cause of

Action filed against him by Plaintiff, Coupons, Inc., on the grounds that Coupons, Inc. has failed

to state a claim upon which relief may be granted because (1) Coupons, Inc.'s First Cause of

Defendant's Notice of Motion and Motion to Dismiss
No. C-07-03457 HRL

Action is not pled above the speculative level, and (2) Coupons, Inc.'s Second Cause of Action is not pled with particularity.

Additionally, Coupons, Inc. has asserted no basis for the Court's jurisdiction over its Second Amended Complaint's Third Cause of Action and Fifth Cause of Action apart from supplemental jurisdiction under 28 U.S.C. § 1367 which evaporates upon dismissal of the First Cause of Action and Second Cause of Action. Accordingly, Defendant John Stottlemire moves to dismiss the Second Amended Complaint's Third Cause of Action and Fifth Cause of Action pursuant to Federal Rules of Civil Procedure 12(b)(1).

Finally, Coupons, Inc. has asserted no basis for the Court's jurisdiction over its Second Amended Complaint's Fourth Cause of Action apart from jurisdiction granted under 28 U.S.C. § 1338(b) which also evaporates upon dismissal of the First Cause of Action and Second Cause of Action. Accordingly, Defendant John Stottlemire moves to dismiss the Second Amended Complaint's Fourth Cause of Action pursuant to Federal Rules of Civil Procedure 12(b)(1).

In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities in support. A proposed Order consistent with this motion is attached hereto.

Dated: February 26, 2008

_____/s/_____
John A Stottlemire, *pro se*
33103 Lake Garrison St
Fremont, CA 94555
jstottl@comcast.net
(614) 358-4185

Defendant's Notice of Motion and Motion to Dismiss
No. C-07-03457 HRL

**TABLE OF CONTENTS**

NOTICE.................................................................................................................................. i

MOTION ............................................................................................................................... i

PROCEDURAL HISTORY ................................................................................................... 1

STATEMENT OF RELEVANT FACTS ............................................................................... 3

MOTION TO DISMISS ......................................................................................................... 6

STATEMENT OF ISSUES TO BE DECIDED ..................................................................... 6

STANDARD OF REVIEW .................................................................................................... 6

THE TWOMBLY STANDARD ............................................................................................. 7

PLAINTIFF'S FIRST CAUSE OF ACTION......................................................................... 8

PLAINTIFF'S SECOND CAUSE OF ACTION.................................................................... 9

PLAINTIFF'S THIRD CAUSE OF ACTION. ...................................................................... 11

PLAINTIFF'S FOURTH CAUSE OF ACTION.................................................................... 12

PLAINTIFF'S FIFTH CAUSE OF ACTION. ....................................................................... 12

CONCLUSION....................................................................................................................... 13

**TABLE OF AUTHORITIES**

**Cases**

AGFA Monotype Corp., and International Typeface Corp., v. Adobe Systems, Inc., 404 F. Supp.
    2d 1030............................................................................................................................ 10

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 .................................................................. 6, 7

Bernard Paul Parrish, Herbert Anthony Adderley, and Walter Roberts III  v. National Football
    League Players Association and National Football League Players Incorporated, No. 07 CV
    00943 WHA ..................................................................................................................... 8

Chamberlain Group, Inc. v. Skylink Techs., Inc., 381 F.3d 1178 ......................................... 9

City Solutions, Inc. v. Clear Channel Communications, 365 F.3d 835 ................................. 12

Intel Corp. v. Hamidi, 30 Cal. 4th 1342................................................................................ 13

Interscope Records, et al. v. Yolana Rodriguez, No. 06 CV 2485-B (NLS) ......................... 8

Knox v. Metropolitan Water Reclamation Dist. Of Greater Chicago, No. 06 C 1158, 2007 WL

   1805334........................................................................................................................ 8

Korea Supply Co. v. Lockheed Martin Corp., 29 Cal 4th 1134, 63 P.3d 937 ............................. 12

Memry Corp. V. Kentucky Oil Technology, N.V. Slip Copy, 2007 WL 3289142, No. C-04-

   03843 RMW .............................................................................................................. 12

Messner v. Calderone, No. 07 C 0893, 2007 WL 1832116............................................................ 7

RealNetworks, Inc. v. Streambox, Inc.,  2000 U.S. Dist. LEXIS 1889 ....................................... 10

United States v. Elcom Ltd., 203 F. Supp. 2d 1111.................................................................... 9

Universal Studios, Inc. v. Corley, 273 F.3d 429 ......................................................................... 9

Weiler v. Household Finance Corp., 101 F.3d 519 ..................................................................... 6

Zaslow v. Kroenert, 29 Cal. 2d 541 .......................................................................................... 13

**Statutes**

17 U.S.C. § 1201(a)(1)(a) ......................................................................................................... 8

17 U.S.C. § 1201(a)(2)............................................................................................................... 8

17 U.S.C. § 1201(a)(3)(a) ......................................................................................................... 8

17 U.S.C. § 1201(a)(3)(b) ......................................................................................................... 9

California Business & Professional Code § 17204..................................................................... 11

Fed. R. Civ. P. 8(a)(2)............................................................................................................... 6

## PROCEDURAL HISTORY

Coupons, Inc ("Plaintiff") filed its Complaint with this Court on July 2, 2007 alleging violations of the Digital Millennium Copyright Act ("DMCA") 17 U.S.C. § 1201 and related state law claims against defendants John Stottlemire and Does 1-10 (collectively "Defendant").

Defendant filed a motion to extend time to answer the Complaint on July 24, 2007 which was granted in part by this Court, granting Defendant until September 24, 2007 in which to answer Plaintiff's complaint.

Plaintiff filed its First Amended Complaint ("FAC") on August 29, 2007 again alleging violations of the DMCA and related state law claims against Defendant.

Defendant's Notice of Motion and Motion to Dismiss
No. C-07-03457 HRL

Defendant filed responsive pleadings to the FAC on September 24, 2007. The responsive pleadings included Defendant's Motion to Dismiss for Failure to State a Claim upon which Relief May Be Granted, or in the Alternative, For Summary Judgment and its supporting Memorandum of Points and Authorities. Plaintiff filed its Opposition to Defendant's responsive pleadings on November 13, 2007. Defendant filed his Reply to Opposition to Defendant's responsive pleadings on November 20, 2007. The Court, after hearing the responsive pleadings on December 4, 2007, granted in part Defendant's Motion to Dismiss and dismissed the First Amended Complaint with leave to amend on December 12, 2007. The Court gave Plaintiff until January 2, 2008 to file a Second Amended Complaint.

Plaintiff filed its Second Amended Complaint ("SAC") on December 27, 2007 and again alleges violations of the DMCA, specifically 17 U.S.C. § 1201(a) and 17 U.S.C. § 1201(b); and related state law claims against Defendant.

## STATEMENT OF RELEVANT FACTS

From its website, coupons.com, Plaintiff distributes coupons for consumers to print on their home printers, then redeem at retailers (SAC § 11). Plaintiff distributes coupons to consumers for its clients which include "many of the country's most prominent consumer product manufacturers, advertising agencies, retailers, promotional marketing companies, and Internet portals" (SAC § 10). Plaintiff and Plaintiff's client determine the total number of coupons offered to consumers during a given time period, hereinafter "campaign limit". Plaintiff and Plaintiff's client determine the total number of coupons offer to each individual consumer, hereinafter "consumer limit" (SAC § 16). Many of coupons distributed by Plaintiff contain the phrase "void if reproduced" or "void if copied". While these statements void the contract terms of the coupon, they are not notices which prohibit reproduction or copying. The statements "void if reproduced" or "void if copied" absent the statement "do not copy" provide implicit permission to reproduce but void the coupon when reproduced.

To print coupons from Plaintiff's website, consumers are required to download and install coupon printing software provided by the Plaintiff (SAC § 15). During the time period

relevant to this matter, Plaintiff did not distribute its coupon printing software with a license agreement limiting how consumers could use that software nor does Plaintiff's website contain any terms of use which would restrict how consumers are allowed to interact with Plaintiff's website. Plaintiff does not bind consumers to a contract limiting the number of coupons a consumer can print from Plaintiff's website, but in fact Plaintiff's coupon printing software limits the number of coupons consumers can print from a given computer (SAC § 13) through the use of a unique identifier that Plaintiff causes to be hidden on each consumer's computer (SAC § 16).

Plaintiff requires consumers to download and install software so that consumers can print coupons from Plaintiff's website. This software offers a number of security products (SAC § 13). Plaintiff's security products include 1) technology to uniquely identify the computer requesting the coupon from Plaintiff's server (SAC § 16) (hereinafter referred to as "identification technology"); 2) technology to decrypt the coupon file received from Plaintiff's servers (SAC § 14) (hereinafter referred to as "decryption technology"); 3) technology which sends the decrypted coupon directly to the printer connected to the computer after it is received by the computer (SAC § 15) (hereinafter referred to as "streaming technology"). Plaintiff's identification technology protects Plaintiff's coupons from access in much the same manner a locked door protects a warehouse full of copyright protected books (SAC § 20). Plaintiff's decryption technology prevents the coupon file sent by Plaintiff's servers from being intercepted, decrypted and printed in much the same manner decryption technology prevents a DVD from being copied whereby preventing the coupon from being copied (SAC § 17). Plaintiff's streaming technology prevents the decrypted coupon file from being displayed on the computer's monitor or from being saved on the computer's storage medium in much the same manner streaming technology prevents video or audio streams from being saved to a computer's storage medium whereby preventing the coupon from being copied (SAC § 17).

In order to track which computers have already printed which coupons, Plaintiff's identification technology assigns each computer a unique identifier (SAC § 16) and hides the unique identifier within unprotected areas of the Windows registry and within unprotected files

Defendant's Notice of Motion and Motion to Dismiss
No. C-07-03457 HRL

on the computer's storage medium.  The unique identifier assigned by the Plaintiff is used only to identify a unique computer in much the same manner a "cookie" is used to identify a computer to a website.  The unique identifier is sent to the Plaintiff's server when a consumer, using the unique computer, requests a coupon from Plaintiff's server (SAC § 16).  Plaintiff does not claim the unique identifier is assigned to the *consumer* who prints the coupon and Plaintiff does not limit any *consumer* from printing and reprinting coupons through the use of the unique identifier. In fact, the unique identifier Plaintiff has assigned to the computer remains constant even when the consumer using the computer changes in effect preventing consumers from accessing and printing coupons that the consumer had never printed before.  Unlike DVD decryption technology, or a lock on a warehouse, or streaming technology, Plaintiff limits computers, not consumers, from printing coupons.

During four days in May, Defendant offered to distribute software that, upon a consumer's specific request, would remove Windows registry keys and computer files residing on the computer's storage medium for the primary purpose of "remov[ing] the limitations placed by the coupons.com software" (SAC § 27).  After these four days in May, Defendant offered to distribute software that, upon a consumer's specific request, would remove Windows registry keys and computer files residing on the computer's storage medium for the primary purpose of removing "[o]rphaned registry keys and files left on your [computer] after you uninstall the coupon printer offered by www.coupons.com." Defendant's offered software would have only removed the unique identifier assigned to computer by Plaintiff.  Defendant's offered software would not have impaired or removed Plaintiff's decryption technology or Plaintiff's streaming technology.  Defendant's offered software merely erases the unprotected Windows registry keys and computer files which contain the unique identifier and remain on the computer after software distributed by the Plaintiff had been uninstalled.

Plaintiff brings this action to attempt to quash the distribution of such software.  Plaintiff attempts to style Defendant's actions as a DMCA violation.  Plaintiff claims Defendant circumvented Plaintiff's technological measures in violation of 17 U.S.C. § 1201(a), however Plaintiff does not claim which actions by the Defendant were unauthorized, nor does it explain

Defendant's Notice of Motion and Motion to Dismiss
No. C-07-03457 HRL

how a consumer would come to know particular actions were or were not permitted and cannot define Defendant's offered software as circumvention. Plaintiff further claims Defendant circumvented Plaintiff's technological measures in violation of 17 U.S.C. § 1201(b), however Plaintiff does not claim which technological measure which effectively protects a right the Plaintiff is authorized to withhold was circumvented.

## MOTION TO DISMISS

### STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Plaintiff's First Cause of Action states a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

2.      Whether Plaintiff's Second Cause of Action states a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

3.      Whether Plaintiff's Third Cause of Action states a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

4.      Whether Plaintiff's Fourth Cause of Action states a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

5.      Whether Plaintiff's Fifth Cause of Action states a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

### STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a complaint generally need not contain more than a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In other words, the complaint must "give the defendant fair notice of what…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 at 1969 (May 21, 2007) (quoting *Conley v. Gibson*, 355 U.S. 41 at 47 (1957)).  "The purpose of a motion to dismiss is to test the sufficiency of the complaint, and not to decide the merits." *Weiler v. Household Finance Corp.*, 101 F.3d 519 at 524 n.1 (7th Cir. 1996) (quoting *Triad Assocs., Inc. v. Chicago Housing Authority*, 892 F.2d 583 at 586 (7th Cir. 1989)).

In concluding its analysis, the Court assumes that all well-placed allegations in the complaint are true. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 at 1965. As long as the factual allegations in the complaint "raise a right to relief above the speculative level," the complaint will withstand a 12(b)(6) challenge. *Id.*; *see also In re Ocwen Loan Servicing, LLC Mortg. Servicing Litigation*, No. 06-3132, 2007 WL 1791004 at *8 (7th Cir. June 22, 2007). On the other hand, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 at 1965 (citations omitted). The allegations of the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

## THE TWOMBLY STANDARD

In *Twombly*, the Supreme Court made it clear that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. 1955 at 1964-1965. Rather, a complaint must contain allegations of fact, and those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

Importantly, the facts alleged in a complaint must "plausibly suggest" an entitlement to relief; it is not enough that they be "plausibly consistent" with an entitlement to relief. See *Twombly*, 127 S. Ct. 1955 at 1966. Although the "plausible suggestion" requirement enunciated in *Twombly* involved an antitrust claim and the Supreme Court noted a particular need to weed out meritless claims in such cases due to the complexity and expense of discovery, the Court did not limit the reach of its holding to antitrust matters, and district courts have construed the plausible suggestion requirement to apply across the board to other types of cases. *See, e.g., In re Ocwen Loan Servicing, LLC Mort'g Servicing Litigation*, -- F.3d -- , 2007 WL 1791004, (7th Cir. Filed June 22, 2007) ("The present case is not an antitrust case, but the district court will want to determine whether the complaint contains "enough factual matter (taken as true)" to provide the minimum notice of the plaintiffs' claim that the Court believes a defendant entitled to."); *Messner v. Calderone*, No. 07 C 0893, 2007 WL 1832116, *2 (equal protection and civil rights claims); *Interscope Records, UMG Recording, Inc., and Atlantic Recording Corporation*

*v. Yolana Rodriguez*, No. 06 CV 2485-B (NLS), (S.D.CA. Filed August 17, 2007) (copyright infringement claim); *Bernard Paul Parrish, Herbert Anthony Adderley, and Walter Roberts III v. National Football League Players Association and National Football League Players Incorporated*, No. 07 CV 00943 WHA (N.D. CA. Filed September 6, 2007) (breach of contract claim); *Knox v. Metropolitan Water Reclamation Dist Of Greater Chicago*, No. 06 CV 1158, 2007 WL 1805334, at *1 (N.D. Ill. Filed June 20, 2007) (civil rights claim).  Accordingly, the plausible suggestion requirement applies here.  *See Id*

### PLAINTIFF'S FIRST CAUSE OF ACTION

Under *Twombly*, Plaintiff's First Cause of Action, an alleged violation of 17 U.S.C. § 1201(a), cannot survive a motion to dismiss.

17 U.S.C. § 1201(a) prohibits circumventing a technological measure which effectively controls access to works protected under the copyright act and trafficking in tools which circumvent a technological measure which effectively control access to works protected under the copyright act.

17 U.S.C. § 1201(a)(1)(a) states "No person shall circumvent a technological measure that effectively controls access to a work protected under this title."  17 U.S.C. § 1201(a)(2) states:

> No person shall manufacture, import, offer to the public, provide or otherwise traffic in any  technology, product, service, device, component, or part thereof, that (A) is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title; (B) has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under this title; or (C) is marketed by that person or another acting in concert with that person with the person's knowledge for use in circumventing a technological measure that effectively controls access to a work protected under this title. (17 U.S.C. § 1201(a)(2))

The phrase to "circumvent a technological measure" means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner, 17 U.S.C. § 1201(a)(3)(a).  A technological measure "effectively controls access to a work" if the measure, in the ordinary course of its operation, requires the application of information, or a process or a

Defendant's Notice of Motion and Motion to Dismiss
No. C-07-03457 HRL

treatment, with the authority of the copyright owner, to gain access to the work, 17 U.S.C. § 1201(a)(3)(b).

Accordingly, Plaintiff must claim and provide factual underpinning which alleges beyond the conclusory level, Defendant's actions Plaintiff has defined as circumvention was undertaken by Defendant without the authority of Plaintiff.

> "The DMCA…defines circumvention as an activity undertaken without the authority of the copyright owner. 17 U.S.C. § 1201(a)(3)(A). The plain language of the statute therefore requires a plaintiff alleging circumvention (or trafficking) to prove that the defendant's access was unauthorized" *Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178 at 1193 (Fed Cir. 2004).

Plaintiff has not withheld the right to alter or remove Windows Registry Keys and files on computers owned by consumers and fails to claim that removal of these Windows Registry Keys and files is unauthorized. In particular, Plaintiff has widely offered its software to the public without any licensing agreement, terms of use, or other restrictions. Plaintiff has thus failed to bind consumers to any form of contract which would restrict their rights to interact with Plaintiff's software as they choose. With no license agreement or other contract requiring (or purporting to require) that consumers retain Plaintiff's files, Plaintiff has not withheld authorization for consumers to do what they are fully entitled to do – remove any files and registry keys Plaintiff's software deposits on their computer. If Plaintiff has not withheld authorization, then Defendant is equally entitled to assist consumers in removing these files and registry keys and Plaintiff's First Cause of Action must be dismissed for failure to state a claim on which relief can be granted.

### PLAINTIFF'S SECOND CAUSE OF ACTION

Under *Twombly*, Plaintiff's Second Cause of Action, an alleged violation of 17 U.S.C. § 1201(b), cannot survive a motion to dismiss.

17 U.S.C. § 1201(b) prohibits devices aimed at circumventing technological measures that allow some forms of access but restrict other uses of the copyrighted work, such as streaming media, which permits users to print a copyrighted work but prevents them from downloading a permanent copy of the work, *see Universal Studios, Inc. v. Corley,* 273 F.3d 429 at 441 (2d Cir. 2001); *United States v. Elcom Ltd.*, 203 F. Supp. 2d 1111 at 1120 (N.D. Cal.

2002); and *RealNetworks, Inc. v. Streambox, Inc.*, 2000 U.S. Dist. LEXIS 1889 (W.D. Wash. Jan 2000).

> "Thus to be covered under § 1201(b), an alleged trafficker must circumvent technological measures *tailored narrowly* to protect an individual right of the copyright owner while nevertheless *allowing access to the protected work*" *AGFA Monotype Corp., and International Typeface Corp., v. Adobe Systems, Inc.*, 404 F. Supp. 2d 1030 at 1038 (emphasis added).

Accordingly, Plaintiff must claim and provide factual underpinning which alleges beyond the conclusory level, Defendant's software circumvented a technological measure which effectively protected a right granted Plaintiff under 17 U.S.C. § 106 while nevertheless allowing access to the protected work.

Plaintiff's SAC claims Defendant offered software which removed security features that limit the number of coupons a consumer can receive and print from Plaintiff's website. *See SAC §§ 25, 26, 27, 29, 31, 35, and 36*. Plaintiff has failed to claim that Defendant offered software which removed security features which permits a consumer access to the Plaintiff's coupons but prevents consumers from reproducing the coupon in copies or any other right granted Plaintiff under 17 U.S.C. § 106.

Although Plaintiff claims Defendant removed security features which limit the number of times a consumer can print a coupon, Plaintiff fails to claim that printing the coupons is unauthorized reproduction in copies of a work protected by 17 U.S.C. § 102. Plaintiff has also failed to claim that the technology Plaintiff possesses which prevents the unauthorized reproduction of coupons was removed by Defendant. Removal of Plaintiff's security measures allowed consumers to access unique coupons while leaving intact security measures which prevented the authorized reproduction of coupons.

And finally, Plaintiff claims that many of its coupons include a notice that the coupon is voided if reproduced or copied. By making this claim, Plaintiff admits it has given consumers an implied license to reproduce the coupon. The statement "void if reproduced" provides a consumer with permission to reproduce the work however voids the face value of the coupon if consumers do in fact reproduce the coupon. Nowhere does Plaintiff claim any other restriction has been placed on consumers. Plaintiff does not make the claim that its coupons state

Defendant's Notice of Motion and Motion to Dismiss
No. C-07-03457 HRL

10

"reproduction of this coupon is prohibited" or "copying of this coupon is prohibited" which they could have easily claimed if they had actually meant to withhold the right to reproduce and Plaintiff cannot now claim it possesses a technology which protects a right it has already assigned to consumers.

Plaintiff fails to claim Defendant circumvented a technological measure which narrowly prevents the reproduction in copies of its coupons or any other right granted Plaintiff under 17 U.S.C. § 106 while allowing access to those coupons and Plaintiff's Second Cause of Action must be dismissed for failure to state a claim on which relief can be granted. Alternatively, Plaintiff has previously granted consumers the right to reproduce its coupons and cannot claim a technological measure prevents consumers from doing what Plaintiff has already granted consumers the right to do and Plaintiff's Second Cause of Action must be dismissed for failure to state a claim on which relief can be granted.

### PLAINTIFF'S THIRD CAUSE OF ACTION.

Under *Twombly*, Plaintiff's Third Cause Of Action, an alleged violation of California Business & Professional Code § 17200 *et seq.*, cannot survive a motion to dismiss.

To pursue an action under California Business & Professional Code § 17200 *et seq.*, Plaintiff is required to have suffered injury in fact and lost money or property as a result of the Defendant's actions.

> "Actions for any relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or any district attorney or by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or any city attorney of a city having a population in excess of 750,000, or by a city attorney in any city and county and, with the consent of the district attorney, by a city prosecutor in any city having a full-time city prosecutor in the name of the people of the State of California upon their own compliant or upon the complaint of any board, officer, person, *corporation*, or association, or by any person who has suffered injury in fact *and has lost money or property* as a result of the unfair competition," *California Business & Professional Code § 17204.* (emphasis added).

Plaintiff's claim is that "Security breaches can undermine confidence in Plaintiff's technology, lead to unfavorable publicity and lost business for Plaintiff, and require Plaintiff to undertake expensive and time-consuming corrective measures," *see SAC § 38.* Plaintiff fails to

claim that Defendant's actions resulted in lost money or property and Plaintiff's Third Cause of

Action must be dismissed for failure to state a claim on which relief can be granted.

> "[California Business & Professional Code § 17200 *et seq.*] prohibits unfair competition, including unlawful, unfair, and fraudulent business acts.  The UCL covers a wide range of conduct.  It embraces anything that can be properly called a business practice and that at the same time is forbidden by law." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal 4th 1134, 63 P.3d 937 at 943 (internal quotations omitted).

Plaintiff's fails to claim that Defendant's acts were a business practice and Plaintiff's

Third Cause of Action must be dismissed for failure to state a claim on which relief can be

granted.

## PLAINTIFF'S FOURTH CAUSE OF ACTION.

Under *Twombly*, Plaintiff's Fourth Cause of Action, an alleged violation of Common

Law Unfair Competition cannot survive a motion to dismiss.

> "A claim for common law unfair competition in California has four elements:  (1) a substantial investment of "time, skill or money in developing its property;" (2) appropriation and use of the property by another company at little or no cost; (3) the appropriation and use of the "property was without the authorization or consent …;" and (4) injury by the appropriation and use by the other company. *City Solutions, Inc. v. Clear Channel Communications*, 365 F.3d 835 at 842 (2004) (citing *Balboa Ins. Co. v. Trans Global Equities*, 218 Cal.App.3d 1327 at 1342 (1990))." *Memry Corp. V. Kentucky Oil Technology, N.V.* Slip Copy, 2007 WL 3289142, No. C-04-03843 RMW (N.D. Cal Nov. 5, 2007).

Plaintiff has failed to claim any of the necessary elements to bring a claim for common

law unfair competition.  Most specifically, Plaintiff has failed to claim it has a substantial

investment in development of its technology; another *company* used Plaintiff's technology at

little or no cost; Defendant's use of Plaintiff's technology was without authorization and Plaintiff

has been injured by the appropriation and use of its technology by another *company*.

Plaintiff claims Defendant is an individual (*see SAC § 2*) and has failed to claim

Defendant appropriated and used Plaintiff's property without authorization and Plaintiff's Fourth

Cause of Action must be dismissed for failure to state a claim on which relief can be granted.

## PLAINTIFF'S FIFTH CAUSE OF ACTION.

Under *Twombly*, Plaintiff's Fifth Cause of Action, an alleged violation of

Conversion/Trespass to Chattels cannot survive a motion to dismiss.

Defendant's Notice of Motion and Motion to Dismiss
No. C-07-03457 HRL

Plaintiff's Fifth Cause of Action fails to state a claim because Plaintiff has not alleged actual injury.  Trespass on chattels "lies where an intentional interference with the possession of personal property has proximately caused injury"  *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342 at 1350-51 (Cal. App. 2003).  "In cases of interference with possession of personal property not amounting to conversion, 'the owner has a cause of action for trespass or case, and may recover only the actual damages suffered by reason of the impairment of the property or the loss of its use.'" Id. (internal citation and italics omitted).  Here Plaintiff has not alleged that he suffered any actual damages by reason of the impairment of the property or the loss of its use.  Therefore, Plaintiff's Fifth Cause of Action for trespass on chattels fails to state a claim.

"Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein."  *Zaslow v. Kroenert*, 29 Cal. 2d 541 at 549 (Cal. 1946).  Here, Plaintiff has not identified what personal property that Defendant purportedly wrongfully asserted an act of dominion over.  Although, Plaintiff claims Defendant denied Plaintiff its rights in its property, Plaintiff's claim is conclusory.  Thus, the Fifth Cause of Action relating to Conversion should be dismissed.

## CONCLUSION

Plaintiff's SAC omits the basic elements Plaintiff must claim to seek relief for the causes of action Plaintiff has claimed and its entire SAC should be dismissed for failure to state a claim on which relief can be granted.

Defendant's Notice of Motion and Motion to Dismiss
No. C-07-03457 HRL