1  John A. Stottlemire
2  33103 Lake Garrison Street
   Fremont, CA 94555
   Telephone: (614) 358-4185
3  Email: jstottl@comcast.net
4  Defendant, *pro se*

5                       UNITED STATES DISTRICT COURT
6                      NORTHERN DISTRICT OF CALIFORNIA
7                              SAN JOSE DIVISION
8

9  COUPONS, INC., a California corporation,   )   Case No. 5:07-cv-03457 HRL
                                              )
10         Plaintiff,                         )   **MOTION TO STRIKE PLAINTIFF'S**
                                              )   **SUPPLEMENTAL LETTER BRIEF**
11     v.                                     )   **FOLLOWING HEARING ON MOTION**
                                              )   **TO DISMISS**
12  JOHN STOTTLEMIRE, and DOES 1-10,          )
                                              )   Courtroom:  2, 5th Floor
13         Defendant                          )   Judge:      Hon. Howard R. Lloyd
                                              )
14

15                                      **MOTION**

16     Pursuant to Civil Local Rule 7-10 and the doctrine of *United States v. 416.81 Acres of*

17  *Land,* 514 F.2d 627, 630 (7th Cir. 1975)(The essence of a motion to strike – whether made by a

18  party or by the court sua sponte – is the consideration of the defense on its face without further

19  facts or elaboration, and in that sense a hearing is quite unnecessary) Defendant John Stottlemire

20  (Defendant) respectfully moves to strike Plaintiff's Supplemental Letter Brief Following Hearing

21  on Motion to Dismiss based on its failure to comply with this Court's narrow request, to cite an

22  authority in support of Plaintiff's argument that the addition of a barcode to a copyrightable

23  coupon is sufficient to create a new, separately copyrightable derivative work.

24                                **PROCEDURAL HISTORY**

25     On July 2, 2007 Plaintiff files its Complaint with this Court alleging violations of the

26  Digital Millennium Copyright Act 17 U.S.C. § 1201 and related state law claims against

27  Defendant.

28

1    On July 24, 2007 Defendant filed an Administrative Motion to Extend Time to File a
2 Response to the Complaint which was granted in part by this Court, granting Defendant until
3 September 24, 2007 in which to answer Plaintiff's complaint.

4    Plaintiff filed its First Amended Complaint on August 29, 2007 again alleging violations
5 of the DMCA and related state law claims against Defendant.

6    Defendant filed responsive pleadings to the First Amended Complaint on September 24,
7 2007.  The responsive pleadings included Defendant's Motion to Dismiss for Failure to State a
8 Claim upon which Relief May Be Granted, or in the Alternative, For Summary Judgment and its
9 supporting Memorandum of Points and Authorities.  Plaintiff filed its Opposition to Defendant's
10 responsive pleadings on November 13, 2007.  Defendant filed his Reply to Opposition to
11 Defendant's responsive pleadings on November 20, 2007.  The Court, after hearing the
12 responsive pleadings on December 4, 2007, granted in part Defendant's Motion to Dismiss and
13 dismissed the First Amended Complaint with leave to amend on December 12, 2007.  The Court
14 gave Plaintiff until January 2, 2008 to file a Second Amended Complaint.

15    Plaintiff filed its Second Amended Complaint on December 27, 2007 and again alleged
16 violations of the DMCA and related state law claims against the Defendant.

17    Defendant filed an Administrative Motion to Extend Time to File a Response to the
18 Second Amended Complaint which was granted in part by this Court, granting Defendant until
19 February 26, 2008 in which to answer Plaintiff's complaint.

20    Defendant filed responsive pleadings to the Second Amended Complaint on February 26,
21 2008.  The responsive pleading was Defendant's Motion to Dismiss the Second Amended
22 Complaint for Failure to State a Claim upon which Relief May Be Granted.  Plaintiff filed its
23 Opposition to Defendant's responsive pleadings on April 4, 2008.  Defendant filed his Reply to
24 Opposition to the Defendant's responsive pleadings on April 11, 2008.  The Defendant's Motion
25 to Dismiss, after being fully briefed, was heard by this Court on May 13, 2008.

## ARGUMENT

27    During the May 13, 2008 Motion to Dismiss for Failure to State a Claim upon which
28 Relief may be Granted (Hearing), this Court requested Plaintiff cite an authority in support of its

1  argument that the addition of a barcode to a copyrightable coupon is sufficient to create a new,
2  separately copyrightable derivative work.  Plaintiff was unable to cite an authority during the
3  Hearing. Subsequently the Court ordered Plaintiff fax a letter to the Court by 5:00 PM May 14,
4  2008 and cite the authority.

5       In response to the Court's request, Plaintiff faxed a letter (Letter) to the Court entitled
6  "Supplemental letter brief following hearing on motion to dismiss".  The Letter begins with "In
7  response to the Court's request during yesterday's hearing, Coupons, Inc. provides this
8  supplemental letter brief in order to further clarify its argument regarding how Mr. Stottlemire's
9  conduct violates 17 U.S.C. 1201(b)." and Plaintiff's entire letter is an argument to that end.  This
10 Letter, faxed by the Plaintiff is well beyond the scope of the permission granted by the Court and
11 is Plaintiff's attempt to argue its case in an informal setting.

12      Defendant humbly moves the Court to Strike all portions of Plaintiff's Letter which goes
13 beyond the scope of the permission granted by Magistrate Judge Lloyd.

14      Defendant also humbly moves the Court to consider only that portion of Plaintiff's Letter
15 which complies with the permission granted by Magistrate Judge Lloyd, Plaintiff's citation to
16 authority as it relates to Magistrate Judge Lloyd's permission, specifically Plaintiff's citation to
17 *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1218 (9th
18 Cir. 1997).

19

20 Dated:  May 19, 2008                               /s/
21                                           John A. Stottlemire, *pro se*