John A. Stottlemire
33103 Lake Garrison Street
Fremont, CA 94555
Telephone: (614) 358-4185
Email: jstottl@comcast.net
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, ) | Case No. 5:07-cv-03457 HRL |
| ) | |
| Plaintiff, ) | **DEFENDANT'S ADMINISTRATIVE** |
| ) | **MOTION TO EXTEND TIME TO** |
| v. ) | **RESPOND TO THIRD AMENDED** |
| ) | **COMPLAINT** |
| JOHN STOTTLEMIRE, and DOES 1-10, ) | |
| ) | Courtroom: 2, 5th Floor |
| Defendant ) | Judge:    Hon. Howard R. Lloyd |
| ) | |

## MOTION

Pursuant to Civil Local Rule 6-3 Defendant John Stottlemire ("Stottlemire") moves for an Extension in Time to Respond to Third Amended Complaint ("TAC") filed by Coupons, Inc. Stottlemire seeks an extension of 126 days from the original deadline to respond to the complaint.

## STATEMENT OF RELEVANT FACTS

Stottlemire received the TAC filed by Coupons, Inc. on July 22, 2008 (Stottlemire Declaration ¶ 2).

Stottlemire is a *pro se* litigant and needs more time to understand the law and prepare an effective Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure (Stottlemire Declaration ¶ 3). Additionally, Stottlemire needs more time to understand the law and prepare an effective responsive pleading to the Third Amended Complaint (Stottlemire Declaration ¶ 4).

The TAC filed by Coupons, Inc. contains factual contentions which have no evidentiary support and have not been specifically identified to likely have evidentiary support after a

1. reasonable opportunity for further investigation or discovery.  Specifically, the TAC claims "The features block an individual computer's access to a particular coupon offer altogether if that computer does not have the proper registry keys in place" (TAC ¶ 15).

2. Stottlemire contacted Coupons, Inc.'s attorney, Dennis Cusack on July 23, 2008 to discuss TAC ¶ 15 and requested Coupons, Inc. withdraw and correct the TAC.  Dennis Cusack replied to Stottlemire that he would relay Stottlemire's concerns to Coupons, Inc.  Coupons, Inc. has not yet corrected or withdrawn the TAC (Stottlemire Declaration ¶ 5).

3. Stottlemire and Coupons, Inc. agreed to an extension for Stottlemire to file responsive pleadings to the TAC before Coupons, Inc. filed its TAC on July 17, 2008 and thus, before Stottlemire was aware that the TAC violated Federal Rules of Civil Procedure Rule 11(b)(3).  The initial agreement would have extended the date responsive pleadings are due by 30 days from the original date responsive pleadings would have been due (Stottlemire Declaration ¶ 6,7).

4. Stottlemire contacted Coupons, Inc.'s attorney, Dennis Cusack on July 27, 2008 and requested a 126 day extension to file responsive pleadings to the TAC and provided a detailed timetable to show why Stottlemire needed a 126 day extension.  Stottlemire requested this 126 day extension in lieu of the previously agreed to 30 day extension (Stottlemire Declaration ¶ 8).

5. Coupons, Inc. responded to Stottlemire's requested 126 day extension on July 28, 2008 and stated that they will not agree to the requested extension and has suggested Stottlemire file his Rule 11 Motion in parallel to responsive pleadings to the TAC (Stottlemire Declaration ¶ 9).

6. Stottlemire believes filing his Rule 11 Motion in parallel to responsive pleadings to the TAC would be a waste of Stottlemire's time, Coupons, Inc.'s time and the Court's time.  Coupons, Inc.'s claim under 17 U.S.C. § 1201(a) hinges upon Coupons, Inc.'s claim that its technology measure prevents access to its coupons.  Coupons, Inc.'s TAC definitely claims its technology measure prevents access to its coupons however it is this claim which Stottlemire will argue in his Rule 11 Motion lacks evidentiary support and was made by Coupons, Inc. with full knowledge that the claim is false.  Any responsive pleading based upon the current TAC would have to be re-submitted dependent upon how Coupons, Inc. responds to the safe-harbor

requirements of Rule 11 of the Federal Rules of Civil Procedure or by order of the Court as a result of the Rule 11 Motion (Stottlemire Declaration ¶ 10).

Stottlemire requires a total of 126 days to file responsive pleadings to the TAC so that he may file a Motion for Sanctions for Violations of Rule 11 of the Federal Rules of Civil Procedure prior to filing responsive pleadings to the TAC. Stottlemire requests the 126 days as follows:

1) Stottlemire requires 14 days to fully understand and prepare the Motion for Sanctions for Violations of Rule 11 of the Federal Rules of Civil Procedure (Stottlemire Declaration ¶ 3).

2) After preparing the Rule 11 Motion, Stottlemire must provide Coupons, Inc. 21 days to either withdraw or correct the TAC as required by Rule 11(c)(2) of the Federal Rules of Civil Procedure (F.R.C.P. Rule 11(c)(2)).

3) If Coupons, Inc. fails to withdraw or correct the TAC, Stottlemire will promptly notice the Rule 11 Motion and file it with the Court. Stottlemire is required under Civil Local Rule 7-2(a) to notice the motion for hearing not less than 35 days after the motion is filed with the Court (Civ. L.R. 7-2(a)).

4) Unaware of the Court's case schedule, Stottlemire believes it will take a maximum of 21 days for the Court to rule on Stottlemire's Rule 11 Motion.

5) After the Court has ruled on the Rule 11 Motion, Stottlemire would then require 35 days to fully understand and respond to the corrected TAC (Stottlemire Declaration ¶ 4).

Stottlemire and Coupons, Inc. or the Court has previously extended dates as follows:

1) Stottlemire and Coupons, Inc. stipulated to an extension of 11 days for Stottlemire to respond to the original Complaint.

2) The Court granted in part, a Motion filed by Stottlemire and ordered an extension of 60 days for Stottlemire to respond to the original Complaint.

3) The Court granted a Motion filed by Plaintiff and ordered an extension of 21 days for Plaintiff to respond to Motions filed by Stottlemire.

4) Stottlemire and Plaintiff stipulated to an extension of 30 days for Stottlemire to respond to the Second Amended Complaint.

5) The Court granted in part, a Motion filed by Stottlemire and ordered an extension of 45 days from the original deadline for Stottlemire to respond to the Second Amended Complaint.

6) Stottlemire and Coupons, Inc. stipulated to an extension of 3 days for Coupons, Inc. to respond to Motions filed by Stottlemire and Amicus Curiae EFF.

The Court is requested to find that these circumstances constitute good cause and to enter an order extending the time for filing the Response to the Third Amended Complaint filed by Coupons, Inc. to 126 days from the original deadline to respond to the Third Amended Complaint.

Dated: July 28, 2008

/s/
John A Stottlemire, *pro se*
33103 Lake Garrison St
Fremont, CA 94555
jstottl@comcast.net
(614) 358-4185

1 | John A. Stottlemire
2 | 33103 Lake Garrison Street
  | Fremont, CA 94555
3 | Telephone: (614) 358-4185
  | Email: jstottl@comcast.net
4 | Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| COUPONS, INC., a California corporation, | ) Case No. 5:07-cv-03457 HRL |
|---|---|
| Plaintiff, | ) **DECLARATION OF JOHN STOTTLEMIRE IN SUPPORT OF DEFENDANTS ADMINISTRATIVE MOTION TO EXTEND TIME TO RESPOND TO THIRD AMENDED COMPLAINT** |
| v. | |
| JOHN STOTTLEMIRE, and DOES 1-10, | |
| Defendant | ) Courtroom: 2, 5th Floor |
| | ) Judge:    Hon. Howard R. Lloyd |

I, John Stottlemire, hereby declare:

1. I am one of the Defendants in this action. I state all facts herein of my own firsthand knowledge, and if called as a witness, I could and would competently testify thereto.

2. I received the Third Amended Complaint filed by Coupons, Inc. on July 22, 2008.

3. I am a *pro se* litigant and require more time to fully understand the law and file an effective Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure.

4. I am a *pro se* litigant and require more time to fully understand the law and file an effective responsive pleading to the Third Amended Complaint.

5. I called Dennis Cusack on July 23, 2008 and discussed the false claims made in Coupons, Inc.'s Third Amended Complaint and requested the Third Amended Complaint be withdrawn and corrected. Dennis Cusack stated at the end of the phone call that he would relay my concerns to Coupons, Inc.

6. I called Dennis Cusack on July 7, 2008 and asked if Coupons, Inc. intended on filing an amended complaint on July 22, 2008. I further asked Dennis Cusack to agree to a stipulation which provided me with an additional 30 days to answer the amended complaint if it was filed.

7. Dennis Cusack emailed me on July 17, 2008 and stated "we have no objection to your request for a 30-day extension to respond [to the amended complaint.] A true and correct copy of this email is attached as Exhibit A.

8. I emailed Dennis Cusack on July 27, 2008 and asked if Coupons, Inc. to agree to a stipulation which provided for 126 days to file a Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure and responsive pleadings to the Third Amended Complaint. I provided Dennis Cusack with a detailed timetable which outlined why I was requesting 126 days. A true and correct copy of this email is attached as Exhibit B.

9. Dennis Cusack responded to my email on July 28, 2008 and stated they would not agree to a 126 day extension to file the Motion for Sanctions and the responsive pleadings to the Third Amended Complaint. A true and correct copy of this email is attached as Exhibit C.

10. The Third Amended Complaint contains factual contentions which have no evidentiary support or are not identified to likely have evidentiary support after a reasonable opportunity for further investigation or discovery. In light of this, any responsive pleading to the Third Amended Complaint which I would prepare based upon the current Third Amended Complaint would need to be withdrawn from the Court if Coupons, Inc. withdraws or corrects the Third Amended Complaint during the safe-harbor 21 day period or based upon an order from the Court, if the Court agrees that the Third Amended Complaint is in violation of Rule 11 of the Federal Rules of Civil Procedure. Preparation of the responsive pleadings, properly noticing the Court, Opposition to the responsive pleadings and the Reply to that Opposition would all be for naught and a waste of the Courts, my and Coupons, Inc.'s time.

//

//

//

Declaration of John Stottlemire in Support of Defendant's Administrative Motion to Extend Time
No. 5:07-cv-03457 HRL                           - 2 -

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct.  Executed this 28th day of July 2008 at Fremont, California.

                                                                    /s/
                                                        _____
                                                        John Stottlemire

# EXHIBIT A

Case 5:07-cv-03457-HRL     Document 89     Filed 07/28/2008     Page 8 of 16

## John Stottlemire

| | |
|---|---|
| **From:** | DCusack@fbm.com |
| **Sent:** | Thursday, July 17, 2008 11:59 AM |
| **To:** | jstottl@comcast.net |
| **Subject:** | several procedural issues |
| **Attachments:** | 2008-07-16 Coupons_ stip to vacate dates.DOC |

John:

I'd like to address a couple of procedural issues on our plates at the moment.

\*      We (tentatively) plan to amend the complaint.  We have no objection to your request for a 30-day extension to respond.

\*      There are currently discovery and other pretrial deadlines in place.  We suggest sending a Stipulation and Proposed Order to the Court asking him to vacate the current dates and schedule a Case Management Conference for some point in the future.  We've attached a draft stipulation to that effect.

\*      We need to pick a date for the ENE before the current August 22 deadline.  McElhinney's unavailable from Aug 3-11, so perhaps we can pick a date between August 12 and 22.  Let me know what your availability is.


Finally, this hiatus appears to be a good moment to revisit the subject of settlement.  We remain willing to discuss our proposal of February 1.  Let me know if you want to talk.

Dennis

**Dennis M. Cusack**
Attorney at Law
_____

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

_____

**T** 415.954.4400
**D** 415.954.4475
**F** 415.954.4480
www.fbm.com

_____

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# EXHIBIT B

# John Stottlemire

| | |
|---|---|
| **From:** | John Stottlemire [jstottl@comcast.net] |
| **Sent:** | Sunday, July 27, 2008 9:46 AM |
| **To:** | 'DCusack@fbm.com'; 'NGoteiner@fbm.com'; 'CAlameda@fbm.com' |
| **Subject:** | Do not sign the previously sent stipulation |

Dennis,

After giving thought to the current Third Amended Complaint and claims made which have factual contentions that lack evidentiary support I have decided to file a motion pursuant to Rule 11 of the Federal Rules of Civil Procedure and allow the Court to decide if sanctions against Coupons, Inc., the attorney who signed the Third Amended Complaint and Farella Braun & Martel LLP are appropriate.

Under requirements for Rule 11, I must send a safe-harbor letter along with the motion to you and give 21 days for you to withdraw the offending document. If the document is not withdrawn I can then file the motion with the court and must properly notice the motion setting the hearing date a minimum of 35 days from the date it is filed with the Court.

To accomplish this, I require, at a minimum, 2 weeks to prepare the motion, 3 weeks for you to respond to the safe-harbor letter and 5 weeks for the hearing, a total of 10 weeks. Uncertain how long it will take the court to rule on the motion and in the event I do not prevail I would then need time to answer the Third Amended Complaint.

I therefore request an additional 126 days to answer the Third Amended Complaint. Time to answer is computed as follows: 10 weeks (70 days) for the Rule 11 Motion to be heard by the court. 3 weeks (21 days) for the Court to rule on the Rule 11 Motion. 5 weeks (35 days) to answer the Third Amended Complaint in the event I do not prevail on the Rule 11 Motion.

Please let me know by close of business Monday, July 28, 2008 if you agree to these terms. In the event I do not hear from you by 5:00 PM Monday, I will file an administrative motion to extend time requesting the court to grant the requested time.

Thank you,

-john stottlemire

**Tracking:**

1

| Recipient | Read |
|---|---|
| 'DCusack@fbm.com' | |
| 'NGoteiner@fbm.com' | Read: 7/27/2008 10:35 AM |
| 'CAlameda@fbm.com' | Read: 7/27/2008 10:06 AM |

Case 5:07-cv-03457-HRL     Document 89     Filed 07/28/2008     Page 12 of 16

**Recipient**

'DCusack@fbm.com'

2

# EXHIBIT C

## John Stottlemire

| | |
|---|---|
| **From:** | DCusack@fbm.com |
| **Sent:** | Monday, July 28, 2008 3:18 PM |
| **To:** | jstottl@comcast.net |
| **Cc:** | NGoteiner@fbm.com; CAlameda@fbm.com |
| **Subject:** | RE: Do not sign the previously sent stipulation |

John:

We will not agree to the requested extension. We've already agreed to 30 days, which is sufficient for you can pursue your Rule 11 motion in parallel with your motion to dismiss. We'll respond promptly to your safe-harbor letter.

Dennis

-----Original Message-----
**From:** John Stottlemire [mailto:jstottl@comcast.net]
**Sent:** Sunday, July 27, 2008 9:46 AM
**To:** Cusack, Dennis (27) x4475; Goteiner, Neil (24) x4485; Alameda, Carly (20) x4981
**Subject:** Do not sign the previously sent stipulation

Dennis,

After giving thought to the current Third Amended Complaint and claims made which have factual contentions that lack evidentiary support I have decided to file a motion pursuant to Rule 11 of the Federal Rules of Civil Procedure and allow the Court to decide if sanctions against Coupons, Inc., the attorney who signed the Third Amended Complaint and Farella Braun & Martel LLP are appropriate.

Under requirements for Rule 11, I must send a safe-harbor letter along with the motion to you and give 21 days for you to withdraw the offending document. If the document is not withdrawn I can then file the motion with the court and must properly notice the motion setting the hearing date a minimum of 35 days from the date it is filed with the Court.

To accomplish this, I require, at a minimum, 2 weeks to prepare the motion, 3 weeks for you to respond to the safe-harbor letter and 5 weeks for the hearing, a total of 10 weeks. Uncertain how long it will take the court to rule on the motion and in the event I do not prevail I would then need time to answer the Third Amended Complaint.

I therefore request an additional 126 days to answer the Third Amended Complaint. Time to answer is computed as follows: 10 weeks (70 days) for the Rule 11 Motion to be heard by the court. 3 weeks (21 days) for the Court to rule on the Rule 11 Motion. 5 weeks (35 days) to answer the Third Amended Complaint in the event I do not prevail on the Rule 11 Motion.

Please let me know by close of business Monday, July 28, 2008 if you agree to these terms. In the event I do not hear from you by 5:00 PM Monday, I will file an administrative motion to extend time requesting the court to grant the requested time.

Thank you,

-john stottlemire

1

_____

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

1  John A. Stottlemire
   33103 Lake Garrison Street
2  Fremont, CA 94555
   Telephone: (614) 358-4185
3  Email: jstottl@comcast.net
   Defendant, *pro se*
4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7                   SAN JOSE DIVISION

8

9  COUPONS, INC., a California corporation,   )   Case No. 5:07-cv-03457 HRL
                                               )
10          Plaintiff,                         )   **[PROPOSED] ORDER GRANTING**
                                               )   **MOTION TO EXTEND TIME TO**
11          v.                                 )   **RESPOND TO THIRD AMENDED**
                                               )   **COMPLAINT**
12 JOHN STOTTLEMIRE, and DOES 1-10,            )
                                               )   Courtroom: 2, 5th Floor
13          Defendant                          )   Judge:     Hon. Howard R. Lloyd
                                               )
14 _____ )

15     The Court has considered the motion and opposition, if any, and finding good cause exists,

16 the Court GRANTS the Administrative Motion for Extension to Respond to the Third Amended

17 Complaint. The Court orders that Defendant John Stottlemire has 126 days from the original

18 deadline to respond to the Third Amended Complaint. The new deadline for responding to the

19 Third Amended Complaint is Tuesday, December 9, 2008.

20     **IT IS SO ORDERED.**

21

22

23 Dated:_____    _____
                                              Honorable Howard R. Lloyd
24                                            United States Magistrate Judge

25 Present By:

26        /s/
   _____
   John Stottlemire, Defendant, *pro se*
27

28

[Proposed] Order Granting Motion to Extend Time to Respond to Third Amended Complaint
No. 5:07-cv-03457 HRL                   - 1 -