United States District Court
For the Northern District of California

* E-filed 11/6/08*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN STOTTLEMIRE, <br><br> Defendant. | Case No. CV 07-03457 HRL <br><br> **ORDER ON DEFENDANT'S (1) MOTION TO DISMISS THIRD AMENDED COMPLAINT AND (2) MOTION FOR SANCTIONS** <br><br> Re: Docket Nos. 96, 97 |

## I.   INTRODUCTION

Plaintiff Coupons, Inc. ("Coupons") offers online, printable coupons to consumers. Allegedly, the first time a consumer attempts to print a coupon, plaintiff's security software places a registry key on the consumer's computer. TAC ¶ 17.  Plaintiff's software then uses the key to authorize that computer's access each time the computer attempts to print a coupon. Authorization is denied if the key shows that the computer has accessed the pre-set limit of printed coupons per computer, called a "device limit." If the computer is authorized, the system transmits the requested coupon to the consumer's printer. In addition, plaintiff's software generates an individual number, and prints it on each coupon. This number denotes the coupon

as an authorized copy of a copyrighted coupon.[1] (Plaintiff compares this process to numbering lithographs of a copyrighted painting.) TAC ¶ 17. In this way, according to plaintiff, each coupon is "one in a numerically limited series." The number of prints in a series (also called the "campaign limit") is set by Coupons' customers (manufacturers, retailers and advertisers).

Plaintiff generally alleges that defendant[2] (1) discovered how to remove the registry key, (2) created software that removed the key, and (3) provided the method and the software to others. This permitted computers to gain repeated, unauthorized access to the coupons. Plaintiff claims that its coupons are subject to copyright protection, and that defendant's actions violate 17 U.S.C. §1201(a) and §1201(b) of the Digital Millennium Copyright Act ("DMCA").[3] Plaintiff also asserts related state law claims.

*Pro se* defendant John Stottlemire twice previously moved to dismiss the complaint. After defendant's second motion to dismiss was granted in part, Coupons filed its Third Amended Complaint ("TAC"), which defendant now moves to dismiss. Defendant also moves for Rule 11 sanctions. The court held a hearing on November 4, 2008. Based on the papers submitted, and the arguments presented at the hearing, the court now DENIES defendant's motions.

## II. LEGAL STANDARD

A motion to dismiss under FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable

---

[1] Plaintiff reportedly holds some copyright registrations for its coupons. Registration raises a presumption of a valid copyright.

[2] In its order on the previous motion to dismiss, the court warned plaintiff that unless it took prompt steps to amend the complaint to name additional defendants, the Doe defendants would be dismissed. The court now dismisses the Does *sua sponte* under FRCP 4(m). Pleading "Doe" defendants is disfavored. *Molnar v. National Broadcasting Co.,* 231 F.2d 684, 687 (9th Cir. 1956). In light of the fact that this case has been pending for over a year, and plaintiff has not at any time sought leave to add additional defendants, dismissal of the Does is proper. Should plaintiff need to name new defendants, the court will consider the request in a motion for leave to amend.

[3] Unless specified, statutory references are to Title 17 of United States Code.

2

legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Hence, the issue here is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). In considering such a motion, all material factual allegations should be accepted as true and construed "in the light most favorable to the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This was recently interpreted to mean that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).[4] Therefore, the complaint must contain more than mere conclusions of law. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Nevertheless, "heightened fact pleading of specifics" is not required to survive a motion to dismiss. *Bell Atlantic Corp.*, 127 S.Ct. at 1973-74. Rather, the complaint need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, --- U.S. ----, ----, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

**III. DISCUSSION**

    A. FIRST AND SECOND CAUSES OF ACTION

As in its previous complaints, Coupons alleges the defendant violated both § 1201(a) and § 1201(b). *See* TAC ¶¶ 46-63. The enactment of § 1201(a) and § 1201(b) created new prohibitions on circumvention.

> The first provisions target circumvention of technological measures that effectively control *access* to a copyrighted work; the second targets circumvention of technological measures that impose limitations on the *use* of protected works.

---

[4] This decision "retires" the oft-quoted language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See, Bell Atlantic Corp.*, 127 S.Ct. at 1968-69.

3

*U.S. v. Elcom Ltd.*, 203 F.Supp.2d 1111, 1119-20 (N.D.Cal. 2002) (emphasis in original). Plaintiff's § 1201(a) claims were previously dismissed because the Second Amended Complaint did not specify whether each coupon was a unique, derivative work, or a licensed copy, and what it did assert appeared to be logically inconsistent. Plaintiff has more clearly articulated the supposed facts in the TAC, and now claims that each print's identification number marks it as an authorized copy of a copyrighted work, and does not create a derivative work.

Defendant alleges that plaintiff has failed to plead sufficient facts to support its § 1201(a) claims. To state a claim under § 1201(a), a plaintiff must allege: (1) ownership of a copyrighted work; (2) effectively controlled by a technological measure which has been circumvented. *See Chamberlain Group, Inc. v. Skylink Technologies, Inc.*, 381 F.3d 1178, 1203 (Fed. Cir. 2004). Defendant claims that plaintiff's TAC fails to adequately allege either element.

At the hearing, there was some discussion about whether plaintiff claimed copyright protection for its coupons as printed, for the digital form of the coupons, or for the coupons in all forms. Defendant alleged that the digital form of the coupon is not copyrightable, and that the printed coupon is "analog," not rightly protected by the "digital" copyright act. These arguments are best addressed once the parties have engaged in discovery. In the context of a motion to dismiss, the question is only whether the plaintiff has adequately alleged facts that, drawn in its favor, support it's claim. Without affirming or denying the validity of plaintiff's copyright, the court finds that the plaintiff has adequately alleged "ownership of a copyrighted work."

Defendant also claims that plaintiff's software does not "effectively control access" to its coupons because once the coupon is printed, nothing protects it. Moreover, defendant claims that no existing technology controls access to copyrighted works printed on plain paper. At the hearing, defendant pointed out that plaintiff's technology only controls "access" in the first instance (i.e. when a consumer first prints a coupon), but does nothing to control all the other times a person "accesses" the coupon. For example, if a consumer prints a coupon, and hands it to a friend, the friend has now accessed the coupon without a computer, and without engaging plaintiff's software. Therefore, according to defendant, plaintiff has failed to allege, and in fact

4

can never allege, facts sufficient to state a claim for a violation of § 1201(a) since "effective control of access" is a prerequisite.

Plaintiff calls these arguments "frivolous," noting that the gift of a coupon between consumers does not create a new copy of the coupon. It is access to authentic coupons (with a unique identification number) that plaintiff's software controls. At the hearing, plaintiff claimed that the fact that consumers do not personally have to install plaintiff's software to get coupons (because friends can give them to each other), is irrelevant because *someone* must have installed plaintiff's software (and permitted installation of the registry key) before it can be given away. Defendant's arguments about the "effectiveness" of plaintiff's technology are better raised once the relevant evidence has been developed. Plaintiff has sufficiently alleged facts that, drawn in the light most favorable to it, support its theory that defendant violated § 1201(a). Defendant's motion as to plaintiff's first cause of action is DISMISSED.

In its second cause of action, plaintiff claims defendant violated § 1201(b), the DMCA's "use control" provision. This section forbids the circumvention of technological measures that protect rights granted by the Copyright Act. Defendant claims that plaintiff's software works solely as an access control: once a consumer has been granted access to the coupon (after the registry key is authenticated by plaintiff's system), plaintiff's software does nothing to protect plaintiff's rights. Plaintiff claims that the same software that permits (or denies) access to the coupons simultaneously protects its rights to control copying and distribution of its copyrighted coupons. Plaintiff has alleged that its software controls copying and distribution in two ways: the registry key limits the number of coupons distributed to a single computer (simultaneously limiting the number of authentic copies that the computer can print), and the software's "counter" limits the number of authentic coupons distributed as a whole. Ultimately, plaintiff will have to prove that its software actually works as both an "access" and "use" control. Plaintiff has, however, sufficiently alleged facts that support its theory that defendant violated § 1201(b), and it should be allowed, in due course, to offer its proof. Defendant's motion as to plaintiff's second cause of action is DENIED.

//

B.  REMAINING CAUSES OF ACTION

Defendant next takes issue with Coupons' third and fourth causes of action for Unlawful Business Practices under Calif. Bus. & Prof. Code § 17200 et seq. and for common law unfair competition. A statutory unlawful business practices claim requires plaintiff to have suffered injury in fact and lost money or property as the result of defendant's actions. California Business & Professional Code § 17204. "The [statute] covers a wide range of conduct. It embraces anything that can be properly called a business practice and that at the same time is forbidden by law." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal 4th 1134, 63 P.3d 937 at 943 (internal quotations omitted).

Defendant claims that plaintiff has not established that it suffered an "injury in fact" because plaintiff failed to allege that it "lost money or property." Plaintiff, however, does allege that it was "required to undertake expensive corrective measures, required management to spend time and resources responding to industry concerns, and required plaintiff to expend attorney's fees and costs." TAC ¶ 16. That allegation, taken in the light most favorable to plaintiff, sufficiently claims an injury in fact. Defendant's motion to dismiss the third cause of action is DENIED.

Defendant also takes issue with plaintiff's fourth cause of action for common law unfair business practices. Common law unfair competition has four elements: (1) a substantial investment of "time, skill or money in developing its property"; (2) appropriation and use of the property by another company at little or no cost; (3) the appropriation and use of the "property was without the authorization or consent"; and (4) injury by the appropriation and use by the other company. *City Solutions, Inc. v. Clear Channel Communications*, 365 F.3d 835 at 842 (2004) (citing *Balboa Ins. Co. v. Trans Global Equities*, 218 Cal.App.3d 1327, 1342 (1990))."

Defendant complains that plaintiff failed to allege that he "attempted to secure plaintiff's clients as his own." He points out that plaintiff lists manufacturers and advertisers as its clients, and that the complaint alleges defendant sold coupons to consumers, via an online business called "The Coupon Queen." TAC ¶ 26. Plaintiff is not required to allege that defendant

6

attempted to secure its clients. Plaintiff only needs to allege facts specific to the elements above, and it has done so. Defendant's motion to dismiss the fourth cause of action is DENIED.

The sole argument defendant offers to dismiss the fifth cause of action is dependant on the court dismissing plaintiff's DMCA claims. As the court has not dismissed the DMCA claims, defendant's motion must be DENIED.

### C. DEFENDANT'S MOTION FOR SANCTIONS

Defendant also moves for Rule 11 sanctions, accusing plaintiff of a factual misrepresentation in the TAC. The misrepresentation defendant decries is plaintiff's claim that its security features "block an individual computer's access to a particular coupon offer altogether if that computer does not have the proper registry keys in place (has not previously been identified as a unique computer)." Defendant claims that plaintiff's security features do not ever "block access" in the absence of the proper registry keys. Instead, plaintiff's system assigns the computer a registry key, and then allows access. Apparently, defendant is concerned that this misrepresentation will result in the court erroneously finding that plaintiff stated a § 1201(a) claim.

Plaintiff insists the security features work precisely the way it described. Plaintiff explains that after a consumer clicks "print" to obtain a coupon, its security features seek a registry key. If the key is not located, its security features delivery one to the consumer's computer. The consumer can only access a coupon once the key is in place.

The sentence defendant objects to does appear to imply that access is denied in the absence of registry keys, when in fact, it seems that a registry key is automatically placed on the consumer's computer (if one is not found) when the consumer clicks "print." It does not appear, from plaintiff's own description, that access is ever really *blocked* in the absence of a registry key. Regardless, the court does not find that this inartfully crafted sentence warrants the imposition of Rule 11 sanctions. The court's analysis of plaintiff's § 1201(a) claim did not turn on any misinterpretation of the sentence in question.

//

//

7

The motion for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: 11/6/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:07-cv-3457 Notice has been electronically mailed to:**

Carly O Alameda calameda@fbm.com, lcoles@fbm.com

Dennis M. Cusack dcusack@fbm.com, adugan@fbm.com, calendar@fbm.com, lwarren@fbm.com

Neil A. Goteiner ngoteiner@fbm.com, calendar@fbm.com, karentsen@fbm.com

Jennifer Ann Lynch jlynch@law.berkeley.edu

John Allan Stottlemire jstottl@comcast.net

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 11/6/08

/s/ MPK
Chambers of Magistrate Judge Lloyd