| | |
|---|---|
| 1 | John A. Stottlemire |
| 2 | 33103 Lake Garrison Street<br>Fremont, CA 94555 |
| 3 | Telephone: (614) 358-4185<br>Email: jstottl@comcast.net |
| 4 | Defendant, *pro se* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| COUPONS, INC., a California corporation | Case No. 5:07-CV-03457 HRL |
|---|---|
| Plaintiff, | **MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO CIVIL L.R. 7-11 REQUESTING THAT THE COURT SET A STATUS CONFERENCE FOR DECEMBER 16, 2008 OR AS SOON THEREAFTER AS IS POSSIBLE** |
| v. | |
| JOHN STOTTLEMIRE | |
| Defendant. | |
| | Courtroom:   2, 5th Floor<br>Judge:         Hon. Howard R. Lloyd |

## I. REQUESTED RELIEF

Pursuant to Civil L.R. 7-11, John Stottlemire ("Stottlemire") respectfully requests that the Court set a status conference on December 16, 2008 or as soon thereafter as is practicable. Stottlemire requests a status conference to discuss and resolve existing breakdown of communication between Coupons, Inc. ("CI") and Stottlemire.

The existing breakdown of communication that requires resolution is as follows: On November 13, 2008 CI and Stottlemire entered into a Memorandum of Settlement. As a result of the Memorandum of Settlement, the press has published information which CI believes is based upon a breach of the Memorandum of Settlement by Stottlemire. Consequently, CI has stated to Stottlemire they have no intention of executing a more detailed settlement agreement and they will not file the notice of dismissal.

//

//

Motion for Administrative Relief
5:07-CV-03457 HRL

## II. FACTUAL BACKGROUND

On November 13, 2008 CI and Stottlemire participated in Early Neutral Evaluation. As a result of Early Neutral Evaluation, CI and Stottlemire signed a Memorandum of Settlement which holds, in part, that the terms of the settlement will remain confidential.

On November 14, 2008 CI sent a letter to the Court to inform the Court that CI and Stottlemire have signed a Memorandum of Settlement and that CI and Stottlemire plan to execute a more detailed settlement agreement shortly. This letter is currently on the docket and available for the public to view.

On November 17, 2008 CI emailed two documents to Stottlemire. One of these documents is entitled "Stipulation for Dismissal with Prejudice Pursuant to Settlement Agreement" ("Stipulation"). CI has made no indication that the Stipulation would be filed under seal and considering the contents of the Stipulation it is doubtful the Court would allow the document to be filed under seal.

On November 19, 2008 the agreed upon language for the documents pertaining to settlement were received by Stottlemire. In CI's communication to Stottlemire, CI stated that as soon as CI received Stottlemire's signature they would file the Stipulation. CI has always given Stottlemire the impression that the Stipulation would be filed through the Court's ECF and no signature was every requested of Stottlemire on the Stipulation so that the Stipulation could be filed manually.

On November 19, 2008 Stottlemire posted a comment to his blog which states:

> "Coupons, Inc. dismisses with prejudice. As long as Coupons, Inc. complies with the confidential settlement agreement, the action against me will be dismissed with prejudice. Dismissal with prejudice means that Coupons, Inc. will be unable to file this action again. The letter Coupons, Inc. sent to the Court to confirm the above can be viewed here: Link (PDF)"

Any visitor to Stottlemire's blog who clicked on the word "Link" would have seen the letter CI filed with the Court on November 14, 2008.

On November 20, 2008, as a result of Stottlemire's blog posting, Wired Magazine telephoned and emailed Stottlemire requesting Stottlemire release a statement in regards to the planned settlement agreement. Stottlemire informed Wired Magazine that the terms of the

settlement are confidential and released a statement which did not disclose the terms of the settlement. Stottlemire's released statement was:

> "Without being represented by an attorney, I defended myself in Federal Court against a company who solicited the services of two separate law firms, and in my opinion I kicked their ass. By refusing to succumb to their bullying tactics, I continued to assert my innocence and fought the claims Coupons, Inc. filed against me. Eventually, terms were agreed upon that resulted in Coupons, Inc. dismissing the pending lawsuit. This entire experience leads me to believe that a self-represented litigant can defend himself in Federal Court."

Consequently, Wired Magazine published an article and reported that Stottlemire "Defeat[ed the] DMCA Suit" Stottlemire made clear to Wired Magazine that the issues raised in the Complaint filed by CI against Stottlemire were unresolved and there has been no ruling from the Court on those issues and Wired Magazine reported that "Despite the settlement, the legal question at issue remains unsettled – whether Stottlemire's actions were unlawful under the DMCA."

On November 21, 2008 CI's attorney, Neil Goteiner, emailed Stottlemire. He stated Stottlemire breached the confidentiality term of the settlement agreement. He said unless Stottlemire agreed to repair damage caused to CI by agreeing to a laundry list of statements that Stottlemire would agree to and publish, that CI would not file the notice of dismissal. The precise language of the statement would be drafted by CI and include, but not limited to, Stottlemire accepting liability for violations of the DMCA. CI then threatened Stottlemire and claimed CI would either have no choice but to "sue to enforce the settlement agreement and seek relief outlined above, looking to [Stottlemire] for the costs of such a law suit, or to withdraw from the settlement and proceed with the case." Stottlemire was given 48 hours to decide if he would agree to CI's new terms of settlement.

On November 21, 2008 Stottlemire replied to CI's new demands and stated: "There has been no breach. The terms of the settlement agreement have not been disclosed."

## III. DISCUSSION

CI and Stottlemire executed a Memorandum of Settlement during Early Neutral Evaluation on November 13, 2008. The Memorandum of Settlement provides in part that the terms of the Settlement would remain confidential. Five days after CI filed a public document with the Court claiming that the parties had executed the Memorandum of Settlement, Stottlemire

Motion for Administrative Relief
5:07-CV-03457 HRL
- 3 -

published on his website that CI will dismiss the action against Stottlemire with prejudice. Stottlemire's statement is based upon a stipulation provided by CI which will be filed by the parties and available to the public through the Court's docket, PACER and various websites that republish the Court's docket. Stottlemire also stated that in his opinion he defeated two separate law firms while making clear that the claims CI brought against Stottlemire were not ruled on by the Court and that Stottlemire's liability under the DMCA was left unresolved.

CI's claims are misguided and have resulted in the parties not being able to communicate. Failure to communicate prevents CI and Stottlemire from executing the Settlement Agreement the parties agreed to during the ENE session. CI claims Stottlemire violated the confidential clause of the Memorandum for Settlement for disclosing facts that CI had previously stated they would file with the Court and allow the entire world to have access to. CI now claims Stottlemire is required to repair damage to CI for CI to proceed with the Settlement Agreement.

A contract is an offer, an acceptance, and consideration. The offer and acceptance was in the settlement agreement. The consideration – doing something which you would otherwise not have to do – is spelled out in the Memorandum of Settlement signed by CI and Stottlemire. In the Stipulation, CI offered to make public the "dismissal with prejudice" part of the agreement, and with Stottlemire's signature, he agreed. The consideration is that both Stottlemire and CI can now state publicly that the action ended as a result of dismissal with prejudice whereas, per the agreement, neither Stottlemire nor CI could before. In refusing to sign and file the Stipulation, CI has breached the agreement to settle.

**IV. CONCLUSION**

Stottlemire and CI have entered into an agreement, and thus a contract was formed. Because of CI's revision of terms through the Stipulation, that constituted an alteration of the contract. Stottlemire accepted the alteration with his signature.

Stottlemire respectfully requests that the Court schedule a status conference for December 16, 2008 or as soon thereafter as is practicable. As a part of the status conference, Stottlemire respectfully asks the Court to enforce the contract and to order CI to sign the stipulation, as they had promised.

Dated: November 22, 2008

                                                /s/
                                      John Stottlemire
                                      Defendant, *pro se*