1  John A. Stottlemire
   4509 Wayland Court
2  High Point, NC 27265
   Telephone: (614) 358-4185
3  Email: johna@stottlemire.com
   Defendant, *pro se*
4
                    UNITED STATES DISTRICT COURT
5
                    NORTHERN DISTRICT OF CALIFORNIA
6
                            SAN JOSE DIVISION
7

8  COUPONS, INC., a California corporation,   )   Case No. 5:07-CV-03457 HRL
                                              )
9              Plaintiff,                     )   **DEFENDANT'S NOTICE OF MOTION**
                                              )   **AND MOTION TO STAY DISCOVERY**
10      v.                                    )   **PENDING RESOLUTION OF HIS SOON-**
                                              )   **TO-BE FILED MOTION TO**
11 JOHN STOTTLEMIRE                           )   **SUMMARILY ENFORCE SETTLEMENT**
                                              )   **AGREEMENT**
12             Defendant                      )
                                              )   Date:      January 27, 2009
13                                            )   Time:      10:00 a.m.
                                              )   Courtroom: 2, 5th Floor
14 _____   )   Judge:     Hon. Howard R. Lloyd

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dockets.Justia.com

## NOTICE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 27, 2009, at 10:00 a.m., before the Honorable Howard R. Lloyd, United States Magistrate Judge, in Courtroom 2, 5th Floor, 280 South 1st Street, San Jose, California the following Motion to Stay Discovery Pending Resolution of Defendant John Stottlemire's soon-to-be filed Motion to Summarily Enforce Settlement Agreement will be heard.

## MOTION

Pursuant to Federal Rules of Civil Procedure 26(c), Defendant John Stottlemire ("Stottlemire") hereby moves the Court for a protective order, staying discovery for a short period of time pending resolution of Stottlemire's soon-to-be filed motion to summarily enforce settlement agreement.  In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities in support.


DATED:  December 15, 2008                    _____/s/_____
                                             John A Stottlemire
                                             Defendant, *pro se*

# **CONTENTS**

PROCEDURAL HISTORY................................................................2

MOTION TO STAY DISCOVERY ...................................................5

STATEMENT OF ISSUES TO BE DECIDED ...................................5

INTRODUCTION .............................................................................5

BACKGROUND ...............................................................................6

    CI's Claims ................................................................................6

    Stottlemire's Motion to Summarily Enforce Settlement Agreement...................6

    CI's Discovery Requests............................................................8

ARGUMENT ...................................................................................11

    The Court has the Discretion to Defer the Initiation of Discovery Pending
        Resolution of a Dispositive Motion ...................................11

    The Court Should Grant a Protective Order Staying CI's Discovery Requests
        Pending a Ruling on a Motion to Summarily Enforce Settlement Agreement......13

CONCLUSION.................................................................................14

## CASES

*Ameritel Inns v. Moffat Brothers*, 2007 WL 1792323 ...................................................13

*B.R.S. Land Investors v. United States*, 596 F.2d 353 .................................................11

*Florsheim Shoe Co. v. United States*, 744 F.2d 787 ..................................................12

*GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284 ..............................................13

*Hahn v. Star Bank*, 190 F.3d 708 ...............................................................................12

*Herbert v. Lando*, 441 U.S. 153 .................................................................................11

*In Re NetFlix Antitrust Litigation*, 506 F.Supp.2d 308 ...............................................14

*In Re Valence Technology Securities Litigation*, 1994 WL 758688 ............................13

*Jarvis v. Regan*, 833 F.2d 149 ....................................................................................11

*Johnson v. New York University School of Education*, 205 F.R.D. 433 .......................13

*Patterson v. United States*, 901 F.2d 927 ...................................................................12

*Petrus v. Bowen*, 833 F.2d 581 ..................................................................................11

*Rae v. Union Bank*, 725 F.2d 478 ...............................................................................12

*Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124 ..............................................................12

*United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 ..............12

*Wagh v. Metris Direct Inc.*, 363 F.3d 821 ...................................................................12

## OTHER AUTHORITIES

Moore's Federal Practice § 26.105[3][c] ......................................................................12

## RULES

Fed. R. Civ. P. 26(c) ....................................................................................................11

Coupons, Inc. ("CI") filed its Complaint with this Court on July 2, 2007 alleging violations of the Digital Millennium Copyright Act ("DMCA") 17 U.S.C. § 1201 and related state law claims against defendants John Stottlemire and Does 1-10.

Stottlemire filed a motion to extend time to answer the Complaint on July 24, 2007 which was granted in part by this Court, granting Stottlemire until September 24, 2007 in which to answer CI's complaint.

CI filed its First Amended Complaint ("FAC") on August 29, 2007 again alleging violations of the DMCA and related state law claims against defendants John Stottlemire and Does 1-10.

Stottlemire filed responsive pleadings to the FAC on September 24, 2007. The responsive pleadings included Stottlemire's Motion to Dismiss for Failure to State a Claim upon which Relief May Be Granted, or in the Alternative, for Summary Judgment and its supporting Memorandum of Points and Authorities. CI filed its Opposition to Stottlemire's responsive pleadings on November 13, 2007. Stottlemire filed his Reply to Opposition to Stottlemire's responsive pleadings on November 20, 2007. The Court, after hearing the responsive pleadings on December 4, 2007, granted in part Stottlemire's Motion to Dismiss and dismissed the First Amended Complaint with leave to amend on December 12, 2007. The Court gave CI until January 2, 2008 to file a Second Amended Complaint.

CI filed its Second Amended Complaint ("SAC") on December 27, 2007 again alleging violations of the DMCA, specifically 17 U.S.C. § 1201(a) and 17 U.S.C. § 1201(b); and related state law claims against John Stottlemire and Does 1-10.

Stottlemire filed a motion to extend time to answer the SAC on January 14, 2008 which was granted in part by this Court, granting Stottlemire until February 26, 2008 in which to answer CI's SAC.

Stottlemire filed responsive pleadings to the SAC on February 26, 2008. The responsive pleadings included Stottlemire's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim upon which Relief May Be Granted and the supporting Memorandum of

Points and Authorities. On March 25, 2008 *Amicus Curiae* EFF ("*Amicus Curiae*") filed for Leave to File Amicus Curiae Brief in Support of Defendant's Motion to Dismiss concurrently with Brief Amicus Curiae of Electronic Frontier Foundation in Support of Defendant's Motion to Dismiss. This Court granted *Amicus Curiae* Motion for Leave to File Amicus Curiae Brief in Support of Defendant's Motion to Dismiss on March 31, 2008. CI and Stottlemire filed a Stipulation to Extend Time to File Opposition and Reply to Motion to Dismiss on March 28, 2008 which was granted by this Court on March 31, 2008 granting CI until April 4, 2008 to file its opposition to Stottlemire's Motion to Dismiss including any response to the proposed amicus brief and granting Stottlemire until April 11, 2008 to reply to CI's opposition. The Court also continued the hearing on Stottlemire's Motion to Dismiss until May 6, 2008.

The Court, after hearing responsive pleadings on May 6, 2008 granted in part Stottlemire's Motion to Dismiss CI's Second Amended Complaint for Failure to State a Claim on July 2, 2008 and dismissed CI's SAC First Cause of Action with leave to amend, CI's SAC Third Cause of Action with leave to amend, CI's SAC Fourth Cause of Action with leave to amend and CI's Fifth Cause of Action (Conversion) without leave to amend. The Court further ordered CI file an Amended Complaint by July 22, 2008.

CI filed its Third Amended Complaint ("TAC") on July 22, 2008 again alleging violations of the DMCA and related state law claims against John Stottlemire and Does 1-10.

Stottlemire filed a motion to extend time to answer the TAC on July 28, 2008 which was granted in part by this Court, granting Stottlemire until October 6, 2008 in which to answer CI's TAC.

Stottlemire filed responsive pleadings to the TAC on September 23, 2008. The responsive pleadings included Stottlemire's Motion to Dismiss for Failure to State a Claim upon which Relief May Be Granted and the supporting Memorandum of Points and Authorities. CI filed its Opposition to Stottlemire's responsive pleadings on October 7, 2008. Stottlemire filed his Reply to Opposition to Stottlemire's responsive pleadings on October 20, 2008. The Court, after hearing the responsive pleadings on November 4, 2008 denied Stottlemire's Motion to Dismiss however, *sua sponte* dismissed each of CI's claims against Does 1-10.

1   Stottlemire filed a motion to extend time to answer the TAC on November 12, 2008 which

2   was granted by this Court, granting Stottlemire until January 31, 2008 in which to answer CI's

3   TAC.

4       On November 13, 2008 Stottlemire and CI signed a Settlement Agreement which

5   completely settled this then pending action CI filed against Stottlemire.  On November 14, 2008

6   CI, through a letter addressed to the Court, informed the Court that Stottlemire and CI had settled

7   the dispute.

8       On November 23, 2008 Stottlemire filed a motion requesting the Court set a Status

9   Conference on December 16, 2008 in the light of a breakdown of communications in reference to

10  the Settlement Agreement CI and Stottlemire fully executed on November 13, 2008.  The Court

11  denied the motion and *sua sponte* set a Case Management Conference for February 17, 2009.

12      On November 24, 2008 CI, again through a letter address to the Court, informed the Court

13  that it was "constrained to proceed with the litigation."

14      On December 5, 2008 CI filed a motion requesting the Court direct the parties to return to

15  early neutral evaluation.  The motion is currently pending before the Court and is currently

16  scheduled for January 27, 2009.  CI has requested the Court determine the motion without oral

17  argument.

18  ### MOTION TO STAY DISCOVERY

19  ### STATEMENT OF ISSUES TO BE DECIDED

20      Whether the Court should order a Stay of Discovery pending resolution of Stottlemire's

21  soon-to-be filed Motion to Summarily Enforce Settlement Agreement.

22  ### INTRODUCTION

23      Pursuant to Rule 26(c), Federal Rules of Civil Procedure, Stottlemire moves for a

24  protective order, staying discovery for a short period of time until the Court rules on Stottlemire's

25  soon to be filed Motion to Summarily Enforce Settlement Agreement.  On or before January 31,

26  2009 Stottlemire will move the Court to Summarily Enforce Settlement Agreement and will assert

27  arguments for why CI cannot proceed in this action against Stottlemire.  That motion will be fully

28  briefed and scheduled to be argued soon after the Court ordered Case Management Conference

currently on calendar for February 17, 2009. Courts have broad discretion to stay discovery where a dispositive motion may resolve some or all claims, thus promoting the interests of judicial economy. (Please see Argument, *infra*).

It is particularly appropriate for the Court to exercise its discretion to stay discovery in this instance because CI's discovery requests are unreasonably overbroad and unjustified, even to support the wide-ranging attack on Stottlemire. Stottlemire has quickly reviewed the discovery requests in the short time available and will demonstrate their overbroad nature, to which CI has no right to pursue.

## BACKGROUND

### CI's Claims

CI filed this action against Stottlemire and Does 1-10 with this Court on July 2, 2007 and although the Court *sua sponte* dismissed this action against Does 1-10 on November 6, 2008, CI continues to style this action against the unnamed Doe defendants. Not only does CI blatantly disregard the Court's dismissal of the Doe defendants, a short seven days after the Court dismissed the action against the Does, CI fully settled this action against Stottlemire and released Stottlemire from all claims which have arisen and could arise from this action. Further, acting as sole Judge, Jury and Executioner on November 24, 2008 CI informed the Court that it is "constrained to proceed with the litigation" because of an alleged breach to the Settlement Agreement signed by CI and Stottlemire on November 13, 2008. Without any authority, CI has decided to continue its futile pursuit of Stottlemire and Does 1-10 notwithstanding its fully executed contractual obligations which released Stottlemire from all claims and requires CI to dismiss this action against Stottlemire with prejudice and the Court ordered dismissal of the Doe Defendants.

### Stottlemire's Motion to Summarily Enforce Settlement Agreement

As noted, Stottlemire will move the Court to summarily enforce the settlement agreement. In doing so, Stottlemire will identify numerous authorities which require CI to fulfill its contractual obligations. First, the existence and terms of a settlement agreement in this matter are indisputable. On November 13, 2008 the parties signed a complete settlement agreement and there were no material terms left to be negotiated: the parties agreed that CI would dismiss the lawsuit

1  with prejudice, that Stottlemire would stipulate to the dismissal, that the parties would release all

2  claims for all known or unknown, that each party would bear its own costs and that the terms of

3  the settlement agreement would remain confidential.[1]

4          Second, shortly after signing the Settlement Agreement, CI prepared a Stipulation for

5  Dismissal with Prejudice Pursuant to Settlement Agreement (See Stottlemire Declaration ¶ 3) and

6  a Mutual Release of Claims (See Stottlemire Declaration ¶ 4) and sent both to Stottlemire for his

7  signature.  The Mutual Release of Claims provides in part:

> "Coupons and Stottlemire, and each of them, both individually, on behalf of any of
8  their respective present or former parent, subsidiary or affiliated companies, if any,
and on behalf of all of their respective present or former agents, partners, spouses,
9  owners, principals, shareholders, joint venturers, officers, directors, servants,
employees, independent contractors, predecessors, successors, heirs, trustees and
10  assigns, do hereby fully and forever release and discharge each other, each others'
subsidiaries, affiliates and parent companies, and all of each others' respective or
11  former agents, partners, spouses, owners, principals, shareholders, joint venturers,
officers, directors, servants, employees, predecessors, heirs, trustees and assigns,
12  insurers, reinsurers, attorneys, and sureties, of and from each and every claim,
demand, action, cause of action, loss, cost, expense or element of damage, of every
13  kind and character, known or unknown, contingent or certain, past, present or
future, including but not limited to any claim for malicious prosecution, which
14  arises out of, relates to, or in any way concerns the [civil lawsuit captioned
"*Coupons, Inc. v. John Stottlemire*," United States District Court, Northern District
15  of California, case number 5:07-CV-03457 HRL] or any defenses or counterclaims
which could have been brought in the [civil lawsuit captioned "*Coupons, Inc. v.
16  John Stottlemire*," United States District Court, Northern District of California, case
number 5:07-CV-03457 HRL]."
17

18          It is impossible for CI to claim that they did not agree to the terms of the Mutual Release of

19  Claims.  Not only did CI prepare the document and send it to Stottlemire, CI also promised "When

20  we receive your signature [on the Mutual Release], we'll file the Stipulation for Dismissal" (See

21  Stottlemire Declaration ¶ 5).  In addition, during an exchange of emails which took place between

22  November 21, 2008 and November 27, 2008 CI quoted from the Mutual Release (See Stottlemire

23  Declaration ¶ 6) in an attempt to convince Stottlemire that he had breached the Settlement

24  Agreement. Preparing the Mutual Release, promising to file the Stipulation for Dismissal as soon

25  _____

26  [1] On November 26, 2008 Stottlemire received an email from CI which stated, in part, "Coupons is
fine with making everything public regarding the settlement" and therefore fully discloses the
27  terms of the settlement to this Court. (See Stottlemire Declaration ¶ 7).

28

as Stottlemire signed the Mutual Release, quoting from the Mutual Release and attempting to enforce its provisions obviously shows CI and Stottlemire had a full meeting of the minds as to the existence and terms of the Mutual Release.

Lastly – and axiomatically – CI cannot claim a breach to the Settlement Agreement gives them the authority to rescind the agreement. CI claims to have rescinded the Settlement Agreement based upon an alleged material breach of the agreement by Stottlemire. CI has claimed that Stottlemire breached the confidentiality provision of the Settlement Agreement by publicly announcing three statements; 1) that CI would dismiss the lawsuit with prejudice against Stottlemire, 2) that Stottlemire "in [his] opinion, kicked [the attorneys] ass," and 3) that no money changed hands. Further, CI has decided as a result of the alleged breach of the Settlement Agreement, CI has suffered damage and CI is entitled to relief in the form of rescinding the Settlement Agreement. CI stands alone in making this decision and plays the part of Judge, Jury and Executioner in determining it is entitled to relief, exactly what that relief should be and how Stottlemire should be punished for the alleged breach. Of course, CI cannot rob Stottlemire of due process and must seek relief in the way all plaintiffs seek it, by filing an action with the Courts. Until such time that a Court decides that CI is entitled to rescind the Settlement Agreement, CI is bound by the terms it agreed to and has released Stottlemire from all claims which have or could have arisen from this action.

## CI's Discovery Requests

On or before January 25, 2008, CI and Stottlemire met the requirements of Fed. R Civ. P 26(d) and the parties were allowed to seek discovery from any source.

On February 6, 2008, the Court set the Case Management Conference Schedule and ordered August 19, 2008 as the Fact Discovery Cutoff.

On July 18, 2008, the Court vacated the pre-trial and trial dates set forth in the Case Management Conference Schedule.

On November 12, 2008, Stottlemire filed a motion with the Court to extend time to answer CI's Third Amended Complaint. Stottlemire based his motion on facts which included Stottlemire moving to North Carolina, Stottlemire unable to determine how long his belongings would be in an

inaccessible storage facility before being delivered to him and his wife's current medical condition in that she is pregnant and due to give birth at the end of January. The Court granted Stottlemire's motion and gave Stottlemire until January 31, 2009 to answer CI's Third Amended Complaint.

On November 13, 2008, CI and Stottlemire signed a Settlement Agreement which provided in part; 1) CI dismiss this action against Stottlemire with prejudice and 2) CI release Stottlemire from all claims, known or unknown which have or could arise from this action.

On December 1, 2008, the Court ordered a Case Management Conference for February 17, 2009 and ordered the parties file a joint case management statement not later than February 10, 2009. The joint case management statement will include a proposed discovery plan which requires Court approval when it is filed.

Between the dates of January 25, 2008 and November 23, 2008 the parties did not seek any discovery on one another.

On November 24, 2008, CI served a First Request for Production of Documents to Defendant John Stottlemire (Attachment A, hereto) consisting of 21 separate requests, seeking a range of material including material which is irrelevant to CI's claims against Stottlemire. This request for production of documents is due on December 24, 2008 and was served with CI's full knowledge that Stottlemire's belongings (which include the documents requested) would most likely not be available to him. Further, it is obvious from Stottlemire's own filings; Stottlemire freely admits producing software which removed the print limitations set by CI's technological measures as well as his motive for doing so. The question before the Court is not whether Stottlemire produced the software, offered to distribute the software or his motives for doing so. The ultimate question before the Court will be whether CI's technological measure is afforded protection under 17 U.S.C. § 1201. Therefore, the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. CI also made this discovery request of Stottlemire after releasing him from all claims on November 13, 2008.

Also, on November 24, 2008, CI sent Stottlemire an email stating "Let's also schedule dates for your and your wife's depositions at our offices [in San Francisco]. How does January 12th through the 14th look?" (Attachment B, hereto). CI made this request with full knowledge that 1) Stottlemire and his wife were moving to North Carolina within seven days of sending Stottlemire the request; 2) Stottlemire's wife is not a party to this action; 3) Any city in North Carolina is more than 100 miles from CI's attorney's office in San Francisco; and 4) Stottlemire's wife would successfully squash any attempt to subpoena her deposition. Further, CI has violated and continues to violate Civil Local Rule 30-1 in its attempts to obtain depositions from Stottlemire and Stottlemire's wife by refusing to confer about scheduling of the depositions with Stottlemire. Lastly, CI sent this email with full knowledge that Stottlemire's wife would be in her final weeks of pregnancy; that travel by Stottlemire's wife to San Francisco, although not prohibited, is highly discouraged during the final weeks of pregnancy; and that Stottlemire himself would most likely be unavailable for deposition during his wife's final weeks of pregnancy in anticipation of his wife going into labor while Stottlemire would be attending the meaningless deposition.

On November 25, 2008, CI served a First Set of Requests for Admissions to Defendant John Stottlemire (Attachment C, hereto) consisting of 23 Request for Admissions. Not less than three of CI's Requests for Admissions are in violation of Fed. R Civ. P Rule 36(a)(1) and CI is requesting Stottlemire answer matters which have no bearing on the causes of action CI has filed against Stottlemire. Further, this request was made by CI with full knowledge that Stottlemire would be moving to North Carolina within seven days of serving this request on Stottlemire, Stottlemire's response is due not later than December 26, 2008, Stottlemire was unsure how long his belongings, which include documents related to this action, would be inaccessible to him, and CI has requested that if Stottlemire refer to a document while answering the request for admission, that Stottlemire specify the document and attach a copy of the document to Stottlemire's response.

Finally, in violation of Civil Local Rule 30-1, on December 5, 2008, CI served Stottlemire a Notice of Deposition and has scheduled Stottlemire's deposition on January 20, 2009 in the offices of CI's attorneys located in San Francisco, California. CI has informed Stottlemire that the

deposition will "continue from day to day, weekends and holidays excepted, until completed" (Attachment D, hereto). CI makes this request without conferring with Stottlemire and has made no effort to negotiate in good faith a date, time and place which would be mutually acceptable to both parties, a violation of Civil Local Rule 30-1. CI further notices Stottlemire in violation of Fed. R Civ. P 30(d)(1) which limits the deposition to one day of seven hours unless CI and Stottlemire have otherwise stipulated or the Court has ordered a longer period of time for the deposition. Lastly, CI served this notice with full knowledge of the undue burden and expense it would impose on Stottlemire.

On November 13, 2008, Stottlemire and CI fully settled this lawsuit and CI released Stottlemire from all claims arising from this lawsuit. After signing the Settlement Agreement, CI has decided to renege on its contractual obligations and bases its decision on an alleged breach of the Settlement Agreement by Stottlemire. After making this decision, CI sent an avalanche of discovery requests to Stottlemire apparently in an attempt to overwhelm Stottlemire and coerce him into accepting new terms to settle this dispute. With each of these requests, CI has violated either the Civil Local Rules of this district or the Federal Rules of Civil Procedure. Often times CI has violated both.

## ARGUMENT

### The Court has the Discretion to Defer the Initiation of Discovery Pending Resolution of a Dispositive Motion

It is of course well settled that district courts have sweeping discretion to control the nature and timing of discovery. *Herbert v. Lando*, 441 U.S. 153 at 177 (1979) ("[J]udges should not hesitate to exercise appropriate control over the discovery process."). Under Rule 26(c) of the Federal Rules of Civil Procedure, courts have discretion to issue protective orders upon a showing of good cause. Rule 26(c) provides, in pertinent part, that:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending * * * may make an order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … (1) that the disclosure or discovery not be had.

Fed. R. Civ. P. 26(c). Courts have consistently exercised such discretion to order a stay of all discovery where it appears that the case can be resolved through a dispositive motion. *See e.g. Jarvis v. Regan*, 833 F.2d 149 at 155 (9th Cir. 1987); *B.R.S. Land Investors v. United States*, 596 F.2d 353 at 356 (9th Cir. 1979); *Petrus v. Bowen*, 833 F.2d 581 at 583 (5th Cir. 1987) ("trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); *Patterson v. United States*, 901 F.2d 927 at 929 (11th Cir. 1990); *Hahn v. Star Bank*, 190 F.3d 708 at 719 (6th Cir. 1999).

Case law addressing a stay of discovery, while a motion to summarily enforce a settlement agreement is pending, is non-existent. However, case law addressing a stay of discovery, while a dispositive motion is pending is plentiful. If the Court grants the upcoming Motion to Summarily Enforce Settlement Agreement the effect would be identical to the effect of granting a motion which challenges jurisdictional issues. In both instances, the pending lawsuit would be dismissed with prejudice and the lawsuit would end. Stottlemire therefore argues, the authorities cited apply not only to actions pending before the courts where jurisdiction is challenged. The authorities cited apply to any motion pending before the Court when granting of the motion would be dispositive of the pending litigation.

A stay is particularly appropriate where the dispositive motion challenges the court's subject matter jurisdiction. Thus, the Supreme Court has noted that "[i]t is a recognized and appropriate procedure for a court to limit discovery proceedings at the onset to a determination of jurisdictional matters." *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 at 79-80 (1988). Where a motion to dismiss presents questions of law for which factual discovery is neither necessary nor appropriate, as is typically the case where the defendant challenges the court's subject matter jurisdiction, discovery should be stayed pending a resolution of the motion. *See Wagh v. Metris Direct Inc.*, 363 F.3d 821 at 829 (9th Cir. 2003) (discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion.); *Florsheim Shoe Co. v. United States*, 744 F.2d 787 at 797 (Fed. Cir. 1984); *Rae v. Union Bank*, 725 F.2d 478 at 481 (9th Cir. 1984). *See generally* 6 Moore's Federal Practice § 26.105[3][c]. The obvious rationale for entering a protective order when disposition of a motion may obviate the

1   need for discovery is to conserve the parties' time and resources.  *See Scroggins v. Air Cargo, Inc.*,

2   534 F.2d 1124 at 1133 (5th Cir. 1976).

3                      **The Court Should Grant a Protective Order Staying CI's Discovery Requests**
                     **Pending a Ruling on a Motion to Summarily Enforce Settlement Agreement**
4

5              Here, principals of sound case management counsel in favor of a short stay of discovery to

6   permit a ruling on Stottlemire's soon-to-be filed Motion to Summarily Enforce Settlement

7   Agreement, which will avoid the waste of the Court's and the parties' resources, with minimal

8   prejudice to CI.  First, Stottlemire's Motion to Summarily Enforce Settlement Agreement will

9   raise strong arguments why the Court should enforce the Settlement Agreement.  Assuming CI can

10  rescind the Settlement Agreement and continue litigation in this Court, CI has more than ample

11  time to proceed with discovery as the Court has vacated the Fact Discovery Cutoff and will not

12  issue a new Fact Discovery Cutoff until after the Court ordered Case Management Conference to

13  be held in February 2009.  Nor need the Court have to conclude that Stottlemire's motion will be

14  successful in order to grant a stay.  When a court can conclude that a defendants' motion "does not

15  appear to be without some degree of foundation in law and there is a possibility that defendant

16  may prevail," a stay of discovery is appropriate.  *Ameritel Inns v. Moffat Brothers*, 2007 WL

17  1792323, *4 (D. Idaho 2007).  *See also Johnson v. New York University School of Education*, 205

18  F.R.D. 433 at 434 (S.D.N.Y. 2002) (stay of discovery appropriate where dispositive motion has

19  "substantial grounds"); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284 at 287 (S.D. Cal

20  2000) (stay where defendants' motion has around a "fifty percent chance of success").

21             Nor is this a case where the probably result of a favorable ruling on a defendant's motion to

22  summarily enforce settlement agreement will be an order granting plaintiffs leave to amend to

23  address a pleading defect, thus justifying the continuation of discovery in the interim.  *See e.g. In*

24  *Re Valence Technology Securities Litigation*, 1994 WL 758688 (N.D. Cal. 1994).  CI signed a

25  Settlement Agreement and released Stottlemire from all claims related to this lawsuit, hence, if

26  Stottlemire's motion to summarily enforce settlement agreement is granted, it is doubtful CI will

27  be able to cure any defects in their allegations.  Finally, a brief stay in discovery will not unduly

28  prejudice CI since Stottlemire's motion will be argued shortly after the Case Management

Conference currently scheduled for February 17, 2009 and discovery can be addressed shortly after a ruling.

A stay is particularly appropriate here given the enormous burden that would be imposed by CI's Requests for Production of Documents, their Requests for Admissions as well as their proposed deposition schedule. As another judge of this Court has recognized, "staying discovery may be particularly appropriate … where discovery tends to be broad, time-consuming and expensive." *In Re NetFlix Antitrust Litigation*, 506 F.Supp.2d 308 at 321 (N.D. Cal. 2007). As with the antitrust claim at issue in *NetFlix*, the discovery and depositions CI seeks also promises to be "a sprawling, costly and hugely time-consuming undertaking" given Stottlemire's current circumstances which the Court found reasonable when granting Stottlemire's Motion to Extend Time to Answer CI's Third Amended Complaint.

Especially disturbing is CI's motives for pursing discovery at this particular time. For the previous ten months CI has not even mentioned the word discovery to Stottlemire and has made no attempts to initiate discovery. Now, however, just days before Stottlemire and his family were to move completely across the United States, CI feels some unfounded need for urgency. The current case management schedule has been vacated. CI is under no pending deadline to complete discovery however, just as Stottlemire is most vulnerable CI sends an avalanche of discovery requests which violate both the Civil Local Rules of this Court and the Federal Rules of Civil Procedure.

<u>CONCLUSION</u>

It is unfortunate that Stottlemire must ultimately move the Court to enforce a duly signed settlement agreement. CI and Stottlemire entered into an enforceable Settlement Agreement on November 13, 2008. Not only was the agreement entered into, both CI and Stottlemire signed the agreement. The terms of the agreement are simple; CI would dismiss this lawsuit with prejudice and release Stottlemire of all claims relating to this lawsuit. CI, acting without any legal authority, has decided the Settlement Agreement has no effect and they are allowed to continue this lawsuit against Stottlemire. In light of CI's vigilante justice, Stottlemire will move the Court to enforce

the settlement agreement as soon as Stottlemire is able to complete the proper research and prepare the motion.

Stottlemire has briefly discussed his intentions to move the Court to enforce the settlement agreement with CI's attorneys. Stottlemire has also described to CI's attorneys the grounds upon which Stottlemire will base his motion.  In light of this discussion, CI has sent an avalanche of discovery requests, files and unreasonable opposition to Stottlemire's Motion to Extend Time, files an opposition to Stottlemire's request to have a status conference with the Court and files a motion requesting that CI and Stottlemire return to Early Neutral Evaluation.  An obvious attempt by CI's attorneys to overwhelm Stottlemire; a *pro se* defendant without the resources available to respond effectively to all of these requests given the nature of the requests, their pending deadlines and Stottlemire's move to North Carolina.

For all the foregoing reasons, the Court should grant Stottlemire's Motion for Protective Order and stay discovery until after a ruling on Stottlemire's soon-to-be filed Motion to Summarily Enforce Settlement Agreement.

# ATTACHMENT

# A

1  Neil A. Goteiner (State Bar No. 083524)
   Dennis M. Cusack (State Bar No. 124988)
2  Carly O. Alameda (State Bar No. 244424)
   Farella Braun & Martel LLP
3  235 Montgomery Street, 17th Floor
   San Francisco, CA 94104
4  Telephone: (415) 954-4400
   Facsimile: (415) 954-4480
5  E-mail: ngoteiner@fbm.com, dcusack@fbm.com,
   calameda@fbm.com
6
   Attorneys for Plaintiff
7  COUPONS, INC.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11

12  COUPONS, INC.,                    Case No. 5:07-CV-03457 HRL

13              Plaintiff,            **PLAINTIFF COUPONS, INC.'S FIRST
                                      REQUEST FOR PRODUCTION OF**
14      vs.                           **DOCUMENTS TO DEFENDANT JOHN
                                      STOTTLEMIRE**
15  JOHN STOTTLEMIRE, and DOES 1-10,

16              Defendants.

17

18  PROPOUNDING PARTY:        Plaintiff Coupons, Inc.

19  RESPONDING PARTY:         Defendant John Stottlemire

20  SET NUMBER:               One

21

22      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Coupons, Inc.

23  requests that Defendant John Stottlemire, within thirty (30) days, produce and make available for

24  inspection and/or copying by Plaintiff or its attorneys at the law offices of Farella, Braun +

25  Martel, LLP, located at 235 Montgomery Street, 17th Floor, San Francisco, California 94104,

26  each document requested below.

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS 5:07-CV-
03457 HRL

22675\1760015.1

1.      All documents are to be made available for inspection and/or copying which are in your possession or under your control, or in the possession or under the control of your employees, staff, consultants, advisors, accountants, contractors, subcontractors, attorneys, agents, or representatives, or their attorneys, agents, or representatives.

2.      If you contend that any document responsive to any request for production listed below is privileged, in whole or in part, or otherwise object to any part of any request, state the reason for each objection or grounds for exclusion, and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground for objection is asserted. Unless your objection is directed to the entire request, please respond to all parts of such request to which you do not object.

3.      If any document responsive to any request for production is no longer in existence, then identify the following: (1) the information maintained in any such document and, if unknown, its subject matter; (2) the type of document containing such information; (3) the time period during which such document was maintained; (4) the circumstances under which such document ceased to exist; (5) the date when such document ceased to exist; (6) all persons having knowledge of the circumstances under which such document ceased to exist; and (7) all persons who have or had knowledge of the document and its contents.

4.      Unless otherwise stated, the time period for which information is requested is from January 1, 2005 to the present.

5.      These requests are continuing in nature so as to require you to supplement, update, and correct your responses pursuant to Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

As used herein and unless the context otherwise requires, the terms:

1.      "You" or "your" refers to Defendant John Stottlemire;

2.      "Document" is given the broadest scope and meaning permitted under the Federal Rules of Civil Procedure. The term includes information that is fixed in any medium whatsoever, and includes (by way of illustration only and not by way of limitation) the following: e-mail or

Parella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS 5:07-CV-
03457 HRL

- 2 -

22675\1760015.1

1    other computer electronic information; notes; correspondence; communications of any kind;

2    telegrams; memoranda; notebooks; summaries or records of personal conversations; diaries;

3    routing slips; reports; publications; photographs; audio-visual recordings; audio recordings;

4    video-minutes or records of meetings; transcripts of oral testimony or statements; reports and

5    summaries of interviews; agreements and contracts, including all modifications or revisions

6    thereof; brochures; pamphlets; press releases; tape recordings; records; and dictation tapes; and

7    drafts of, revisions to, or translations of any document. The term "document" also means every

8    copy of a document where such copy is not an identical duplicate of the original.

9         3.    "Person" shall mean any natural person, firm, partnership, joint venture, trust,

10    corporation or any other entity natural or legal, domestic or foreign.

11         4.    "Communication" includes every manner or method of disclosing, sharing,

12    revealing, transmitting or transferring information, including but not limited to orally or by

13    document, and whether face to face, by telephone, mail, e-mail or other electronic

14    communication, fax, personal delivery, any combination of the foregoing, or otherwise without

15    limitation.

16         5.    The terms "relate," "relates," "relating to," "refer," "referring to," and their

17    cognates mean in whole or in part concerning, referencing, summarizing, reflecting, constituting,

18    containing, embodying, regarding, pertaining to, involved with, mentioning, discussing,

19    identifying, consisting of, analyzing, comprising, showing, commenting on, evidencing, or

20    describing.

21         6.    The words "and" and "or" shall be construed in the conjunctive or disjunctive,

22    whichever makes the request more inclusive.

23         7.    The singular form of a word shall include the plural and the present tense shall

24    include the past tense, and vice versa, in order to bring within the scope of the requests all

25    information which might otherwise be construed to be outside the requests' scope.

26         8.    As used herein, the terms "all," "any," "each," and "every" mean "all, each, any

27    and every."

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS 5:07-CV-
03457 HRL

- 3 -

22675\1760015.1

## DOCUMENT REQUESTS

1. All documents relating to or supporting your contention that, "During the month of May 2007, [you] posted instructions on two different online forums which would erase all Microsoft Windows registry keys and hidden files deposited on a computer by Plaintiff [Coupons]." *See* Defendant's Motion for Sanctions, filed September 3, 2008, at p. 4:12-14.

2. All documents relating to or supporting your contention that, "Over the course of the next several months, [you] continued to update the posted instructions each time Plaintiff [Coupons] changed the names of the Microsoft Windows registry keys or the hidden files Plaintiff stored on the consumer's computer." *See* Defendant's Motion for Sanctions, filed September 3, 2008, at p. 4:19-21.

3. All documents relating to or supporting your contention that you "offered to distribute software that, upon a consumer's specific request, would remove Windows registry keys and computer files residing on the computer's storage medium for the primary purpose of 'remov[ing] the limitations placed by the coupons.com software.'" *See* Defendant's Motion to Dismiss, filed February 26, 2008, at p. 5:12-15.

4. All documents related to any electronic posting done by you, including but not limited to postings in online forums and on websites, referring to the print limitations imposed by the coupons.com software, or the removal of such limitations or software.

5. All documents related to or evidencing any communications between you and any person regarding the removal of Windows registry keys placed on a computer by the coupons.com software, including but not limited to your communications referring to instructions or methods for downloading software to remove the registry keys.

6. All documents relating to the creation, use, or dissemination of any software, "exe files," instructions, or communications relating to the removal of registry keys placed on a computer by coupons.com software.

7. All documents relating to or evidencing any communications between you and any person involved with the Electronic Frontier Foundation or the Samuelson Law, Technology & Public Policy Clinic at U.C. Berkeley Law School.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS 5:07-CV-03457 HRL

- 4 -

22675\1760015.1

1      8.      All documents relating to or evidencing your ownership or control over the online

2  forum known as The Coupon Queen, or www.thecouponqueen.net, or www.tenbucks.net.

3      9.      All documents relating to or evidencing your communications referring to the

4  advertising or sale of coupons printed with coupons.com software in exchange for handling fee.

5      10.     All documents relating to or evidencing the involvement of your wife, Anishia

6  Pavithran, with the creation, use, or dissemination of any software, "exe files," instructions, or

7  communications relating to the removal of registry keys placed on a computer by coupons.com

8  software.

9      11.     All documents relating to or evidencing the involvement of your wife, Anishia

10  Pavithran, with the online forum known as The Coupon Queen, or www.thecouponqueen.net, or

11  www.tenbucks.net.

12      12.     All documents relating to or evidencing the involvement of your wife, Anishia

13  Pavithran, with the selling of coupons or distributing coupons for a handling fee.

14      13.     All documents relating to or evidencing your intended purpose in offering software

15  or methods to remove the Windows registry keys and computer files placed on a computer by

16  coupons.com software.

17      14.     All documents relating to or evidencing your acceptance of Coupons, Inc.'s End

18  User License Agreement ("EULA").

19      15.     All documents relating to or evidencing your understanding that print limitations

20  are in effect for coupons obtained through coupons.com software.

21      16.     All documents related to your calculation of your asserted damages in this case.

22      17.     All documents related to any income received by you resulting from selling

23  coupons obtained by you using coupons.com software.

24      18.     All documents related to income received by you relating to the creation, use, or

25  dissemination of methods or software used to remove the coupons.com software or registry keys.

26      19.     Any coupons printed using coupons.com software currently in your possession

27      20.     All documents relating to or evidencing any communications between you and

28  Ben Edelman.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS 5:07-CV-
03457 HRL                                    - 5 -                              22675\1760015.1

1    21.    All documents relating to any communication you had with any person about this

2    litigation after November 13, 2008.

3

4    Dated:  November 24, 2008                    FARELLA BRAUN & MARTEL LLP

5

6                                                 By: _____ _____

7                                                      Neil A. Goteiner

8                                                 Attorneys for Plaintiff
                                                  COUPONS, INC.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

# PROOF OF SERVICE

I, the undersigned, declare as follows. I am employed in the County of San Francisco where this service occurred. I am over the age of eighteen years and not a party to this action. My business address is 235 Montgomery Street, 30th Floor, San Francisco, California. On November 24, 2008 I served true copies of the document(s) listed below:

**PLAINTIFF COUPONS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOHN STOTTLEMIRE**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☒ by transmitting the documents via electronic mail the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

John Stottlemire
33103 Lake Garrison Street
Fremont, CA 94555
Tel: 614-358-4185
Email: johna@stottlemire.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in San Francisco, California on November 24, 2008.

_Kay Arentsen_
KAY ARENTSEN

# ATTACHMENT

# B

**John Stottlemire**

| | |
|---|---|
| **From:** | NGoteiner@fbm.com |
| **Sent:** | Monday, November 24, 2008 6:10 PM |
| **To:** | johna@stottlemire.com |
| **Cc:** | DCusack@fbm.com; CAlameda@fbm.com |
| **Subject:** | RE: Coupons, Inc. v. Stottlemire |

Let's also schedule dates for your and your wife's depositions at our offices. How does January 12th through the 14th look?

-----Original Message-----
**From:** Arentsen, Kay (24) x3514
**Sent:** Monday, November 24, 2008 3:00 PM
**To:** 'johna@stottlemire.com'
**Subject:** Coupons, Inc. v. Stottlemire

<< File: 2008-11-24 Plaintiff Coupons, Inc.'s First Request for Production of Documents to Defendant John Stottlemire.PDF >>  << File: 2008-11-24 letter from NAG to Judge Lloyd re Settlement Status and Time to File Answer.PDF >>

Attached are the following documents:

Plaintiff Coupons, Inc.'s First Request for Production of Documents to Defendant John Stottlemire
Letter from Neil A. Goteiner to the Honorable Howard R. Lloyd regarding Settlement Status and Time to File Answer

**Kay Arentsen**
Legal Secretary to
Steven R. Lowenthal, Neil A. Goteiner
Grace K. Won, Ruth Ann Castro
————————————————

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

————————————————

**T** 415.954.3514
**F** 415.954.4480
www.fbm.com

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# ATTACHMENT C

Neil A. Goteiner (State Bar No. 083524)
Dennis M. Cusack (State Bar No. 124988)
Carly O. Alameda (State Bar No. 244424)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
E-mail: ngoteiner@fbm.com, dcusack@fbm.com,
calameda@fbm.com

Attorneys for Plaintiff
COUPONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., | Case No. 5:07-CV-03457 HRL |
| Plaintiff, | **PLAINTIFF COUPONS, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT JOHN STOTTLEMIRE** |
| vs. | |
| JOHN STOTTLEMIRE, and DOES 1-10, | |
| Defendants. | |

PROPOUNDING PARTY:      Plaintiff Coupons, Inc.

RESPONDING PARTY:      Defendant John Stottlemire

SET NUMBER:      One

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Coupons, Inc. hereby serves the following First Set of Requests for Admission upon Defendant John Stottlemire, to be answered separately and fully in writing, under oath, within thirty (30) days of the date of service. If you refer to a document, Coupons requests that you specify the document and paragraph referred to, and attach a copy of the document to your response.

If an objection is made to any Request, provide the reasons for the objection or the objectionable portion of the Request and answer separately and fully every Request or portion thereof to which no objection is made.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

# DEFINITIONS

As used herein and unless the context otherwise requires, the terms:

1.    "You" or "your" refers to Defendant John Stottlemire;

2.    "Document" is given the broadest scope and meaning permitted under the Federal Rules of Civil Procedure.  The term includes information that is fixed in any medium whatsoever, and includes (by way of illustration only and not by way of limitation) the following: e-mail or other computer electronic information; notes; correspondence; communications of any kind; telegrams; memoranda; notebooks; summaries or records of personal conversations; diaries; routing slips; reports; publications; photographs; audio-visual recordings; audio recordings; video-minutes or records of meetings; transcripts of oral testimony or statements; reports and summaries of interviews; agreements and contracts, including all modifications or revisions thereof; brochures; pamphlets; press releases; tape recordings; records; and dictation tapes; and drafts of, revisions to, or translations of any document.  The term "document" also means every copy of a document where such copy is not an identical duplicate of the original.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that during the month of May 2007, you posted instructions on two different online forums which would erase all Microsoft Windows registry keys and hidden files deposited on a computer by Plaintiff Coupons, Inc.  *See* Defendant's Motion for Sanctions, filed September 3, 2008, at p. 4:12-14.

**REQUEST FOR ADMISSION NO. 2:**

Admit that over the course of the next several months (after May 2007), you continued to update the posted instructions each time Plaintiff Coupons, Inc. changed the names of the Microsoft Windows registry keys or the hidden files Plaintiff stored on the consumer's computer. *See* Defendant's Motion for Sanctions, filed September 3, 2008, at p. 4:19-21.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you offered to distribute software that, upon a consumer's specific request, would remove Windows registry keys and computer files residing on the computer's storage

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSIONS 5:07-CV-03457 HRL

- 2 -

22675\1772682.1

1  medium for the primary purpose of removing the limitations placed by the coupons.com software.

2  *See* Defendant's Motion to Dismiss, filed February 26, 2008, at p. 5:12-15.

3  **REQUEST FOR ADMISSION NO. 4:**

4        Admit that you own and operate the online forum located at

5  www.thecouponqueen.net/forum.

6  **REQUEST FOR ADMISSION NO. 5:**

7        Admit that you own and operate the blog located at www.tenbucks.net.

8  **REQUEST FOR ADMISSION NO. 6:**

9        Admit that you understand that Coupons, Inc. implements print limitations which control

10  the total number of coupons from a particular coupon offer available to a particular computer (a

11  device limit) and available for the entire coupon offer (a campaign limit).

12  **REQUEST FOR ADMISSION NO. 7:**

13        Admit that you understand that in order to print coupons from Coupons, Inc., consumers

14  are required to download and install coupon printing software which functions to 1) uniquely

15  identify the computer requesting the coupon, 2) decrypt the coupon file received from Coupons,

16  Inc.'s server, and 3) send the decrypted coupon directly to the printer connected to the computer.

17  *See* Defendant's Motion to Dismiss, filed February 26, 2008, at p. 4:9-16.

18  **REQUEST FOR ADMISSION NO. 8:**

19        Admit that in exchange for a handling fee, you distribute to others coupons you have

20  printed using coupons.com software.

21  **REQUEST FOR ADMISSION NO. 9:**

22        Admit that you created and offered to others software that allowed a user to remove

23  registry keys and files placed by Coupons, Inc. on an individual computer.

24  **REQUEST FOR ADMISSION NO. 10:**

25        Admit that you created and offered to others software that allowed an individual computer

26  to gain access to a single coupon offer beyond what the computer would have been able to access

27  without your software.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSIONS 5:07-CV-03457 HRL

- 3 -

22675\1772682.1

**REQUEST FOR ADMISSION NO. 11:**

Admit that you accepted Coupons, Inc.'s End User License Agreement ("EULA").

**REQUEST FOR ADMISSION NO. 12:**

Admit that you posted comments in the Coupon Queen forum explaining a method for finding and removing Coupons, Inc.'s registry keys and files which regulated access to coupon offers.

**REQUEST FOR ADMISSION NO. 13:**

Admit that you created and used software to remove registry keys and files placed on your computer by coupons.com.

**REQUEST FOR ADMISSION NO. 14:**

Admit that you offered to others and shared software to remove registry keys and files placed on an individual's computer by coupons.com.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the program you created to remove the registry keys and files placed by Coupons, Inc. has been downloaded by consumers not less than 1,800 times.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the comments you posted on The Coupon Queen forum and your blog, www.tenbucks.net regarding the removal of registry keys and files placed by Coupons, Inc. have been viewed by consumers not less than 5,000 times.

**REQUEST FOR ADMISSION NO. 17:**

Admit that you are aware that print limitations are in effect for coupons obtained with coupons.com software.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you created, used, and offered your software for the purpose of beating the print limitations imposed by coupons.com software.

**REQUEST FOR ADMISSION NO. 19:**

Admit that you understand that each coupon print obtained with coupons.com software contains a unique bar code or other unique identifying information such that no two coupon prints

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSIONS 5:07-CV-03457 HRL

- 4 -

22675\1772682.1

1  are exactly the same.

2  **REQUEST FOR ADMISSION NO. 20:**

3     Admit that you continued to post comments online to help others identify and remove the

4  registry keys and files from coupons.com software even after you accepted the End User License

5  Agreement ("EULA") put in place by Coupons, Inc.

6  **REQUEST FOR ADMISSION NO. 21:**

7     Admit that after the ENE session of November 13, 2008, you informed others that you had

8  settled the case with Coupons, Inc. and the case would be dismissed with prejudice.

9  **REQUEST FOR ADMISSION NO. 22:**

10    Admit that after the ENE session of November 13, 2008, you informed others that you had

11  settled the case with Coupons, Inc. and that you would pay nothing to Coupons, Inc.

12  **REQUEST FOR ADMISSION NO. 23:**

13    Admit that after the ENE session of November 13, 2008, you posted information on your

14  blog that you had settled the case with Coupons, Inc. and the case would be dismissed with

15  prejudice.

16

17  Dated:  November 25, 2008                    FARELLA BRAUN & MARTEL LLP

18

19                                               By: _____ for

20                                               Neil A. Goteiner

21                                               Attorneys for Plaintiff
                                                 COUPONS, INC.

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSIONS 5:07-CV-03457 HRL                - 5 -                    22675\1772682.1

1

## PROOF OF SERVICE

2      I, the undersigned, declare as follows. I am employed in the County of San Francisco

3 where this service occurred. I am over the age of eighteen years and not a party to this action.

4 My business address is 235 Montgomery Street, 30th Floor, San Francisco, California. On

5 November 25, 2008 I served true copies of the document(s) listed below:

6 **PLAINTIFF COUPONS, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT JOHN STOTTLEMIRE**

7

8 ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

9
10 ☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

11
12 ☐    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

13
14 ☒    by transmitting the documents via electronic mail the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

15 John Stottlemire
16 33103 Lake Garrison Street
Fremont, CA 94555
Tel: 614-358-4185
17 Email: johna@stottlemire.com

    I declare under penalty of perjury under the laws of the United States of America that the

18 foregoing is true and correct. Executed in San Francisco, California on November 25, 2008.

19

20

21 Patricia Preble

22

23

24

25

26

27

28

22675\1772920.1

# ATTACHMENT

# D

1  Neil A. Goteiner (State Bar No. 083524)
   Dennis M. Cusack (State Bar No. 124988)
2  Carly O. Alameda (State Bar No. 244424)
   Farella Braun & Martel LLP
3  235 Montgomery Street, 17th Floor
   San Francisco, CA 94104
4  Telephone: (415) 954-4400
   Facsimile: (415) 954-4480
5  E-mail: ngoteiner@fbm.com, dcusack@fbm.com,
   calameda@fbm.com
6
   Attorneys for Plaintiff
7  COUPONS, INC.

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN JOSE DIVISION

11 | COUPONS, INC.,                    | Case No. 5:07-CV-03457 HRL

12 |             Plaintiff,            | **NOTICE OF DEPOSITION**

13 |    vs.

14 | JOHN STOTTLEMIRE, and DOES 1-10,

15 |             Defendants.

16

17      TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

18      Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure,

19 Plaintiff Coupons, Inc. will take the deposition of Defendant John Stottlemire on January 20,

20 2009, beginning at 9:30 a.m., at the offices of Farella Braun + Martel, 235 Montgomery Street,

21 17th Floor, San Francisco, California, 94104, telephone (415) 954-4400. The deposition will

22 continue from day to day, weekends and holidays excepted, until completed.

23 ///

24 ///

25 ///

26 ///

27 ///

28

The deposition will be taken before a certified shorthand reporter authorized to administer oaths in the State of California who is present at the time and place specified above. The deposition will be recorded stenographically, and may also be videotaped. Real time transcription may also be used.

Dated: December 5, 2008

FARELLA BRAUN & MARTEL LLP

By: _____
Neil A. Goteiner

Attorneys for Plaintiff
COUPONS, INC.

# PROOF OF SERVICE

I, the undersigned, declare that I am a resident of the State of California, employed in the County of San Francisco, over the age of eighteen years and not a party to the within action. My business address is: Farella Braun + Martel LLP, 235 Montgomery Street, 17th Floor, San Francisco, California 94104.

On this date I served the within document(s):

## NOTICE OF DEPOSITION

**X**   **ELECTRONIC TRANSMISSION:** a true and correct copy transmitted to each of the parties at the electronic notification address last given by said party on any document which he or she has filed in this action and served upon this office.

John Allan Stottlemire
Telephone: 614-358-4185
E-mail: johna@stottlemire.com
Defendant – *Pro Se*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed in San Francisco, California on **December 5, 2008**.

Lawrence L. Coles

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

22675\1782440.1