John A. Stottlemire
4509 Wayland Court
High Point, NC 27265
Telephone: (614) 358-4185
Email: johna@stottlemire.com
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| COUPONS, INC., a California corporation, | ) | Case No. 5:07-CV-03457 HRL |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF JOHN** |
| | ) | **STOTTLEMIRE IN SUPPORT OF** |
| v. | ) | **DEFENDANT'S MOTION TO STAY** |
| | ) | **DISCOVERY PENDING RESOLUTION** |
| JOHN STOTTLEMIRE | ) | **OF HIS SOON-TO-BE FILED MOTION** |
| | ) | **TO SUMMARILY ENFORCE** |
| Defendant | ) | **SETTLEMENT AGREEMENT** |
| | ) | |
| | ) | Date:        January 27, 2009 |
| | ) | Time:        10:00 AM |
| | ) | Courtroom: 2, 5th Floor |
| | ) | Judge:       Hon. Howard R. Lloyd |
| | ) | |

I, John Stottlemire, hereby declare:

1.       I am the Defendant in this action. I state all facts herein of my own firsthand knowledge, and if called as a witness, I could and would competently testify thereto.

2.       On November 13, 2008, I signed a Settlement Agreement as it related to this lawsuit. At the time I signed the Settlement Agreement, Dennis Cusack, attorney for Coupons, Inc. and Lauren Segal, authorized representative for Coupons, Inc. also signed the Settlement Agreement. The Settlement Agreement that Dennis Cusack, Lauren Segal and I signed is attached to this Declaration as Exhibit A.

Dockets.Justia.com

1    3.     On November 17, 2008, I received a "Stipulation for Dismissal with Prejudice

2    Pursuant to Settlement Agreement" from Dennis Cusack.  A true and exact copy of the Stipulation

3    is attached to this Declaration as Exhibit B.

4    4.     On November 19, 2008, I received a "Mutual Release of Claims" from Dennis

5    Cusack.  A true and exact copy of the Mutual Release of Claims is attached to this Declaration as

6    Exhibit C.

7    5.     On November 19, 2008, I received an email from Dennis Cusack which stated, in

8    part, "I'm attaching a revised Mutual Release, which adds at the end an acknowledgement that

9    claims each of us is purporting to release have not been assigned.  Please sign and PDF/mail to me.

10    When we receive your signature, we'll file the Stipulation for Dismissal."  A true and exact copy

11    of the email I received is attached to this Declaration as Exhibit D.

12    6.     On November 23, 2008 I received an email from Neil Goteiner, attorney for

13    Coupons, Inc. which states, in part, "you signed a mutual release which provided that, "Coupons

14    and Stottlemire each further represent, warrant and agree that the Settlement Agreement shall

15    remain in full force, and in effect, **notwithstanding the occurrence of any possible changes or**

16    **differences in material fact.**"  You represented and warranted that you would maintain the

17    confidentiality, regardless of what happens in the future."  (Emphasis in original).  A true and

18    exact copy of the email I received is attached to this Declaration as Exhibit E.

19    7.     On November 26, 2008, I received an email from Neil Goteiner, attorney for

20    Coupons, Inc. which states in part "Coupons[, Inc.] is fine with making everything public

21    regarding the settlement."  A true and exact copy of the email I received is attached to this

22    Declaration as Exhibit F.

23    8.     On December 8, 2008, December 16, 2008 and December 17, 2008 I attempted not

24    less than five times to telephone Dennis Cusack to confer with him about outstanding discovery

25    request and to attempt to negotiate a stay to discovery pending resolution of a motion to summarily

26    enforce settlement agreement I intend to file.

27

28

1   9. On December 11, 2008, in an email to Dennis Cusack, I reminded Dennis Cusack

2   of his obligation under Civil Local Rule 30-1 to confer with me either in a face to face meeting or

3   in a telephone conversation to discuss the pending deposition Coupons, Inc. caused to be served on

4   me. A true and exact copy of that email is attached to this Declaration as Exhibit G.

5   10. On December 17, 2008, Dennis Cusack returned my call in regards to my request to

6   stay discovery. During the 11 minute conversation, Dennis Cusack told me that my request was

7   unreasonable and that Coupons, Inc. would not agree to it.

8   11. I do hereby certify that I have attempted, in good faith, to negotiate with Coupons,

9   Inc. in regards to the requested stay of discovery. Coupons, Inc. stated that the motion I intend to

10  file would be without merit and accordingly a stay of discovery was not needed.

11  I declare under penalty of perjury under the laws of the United States of America that the

12  foregoing is true and correct. Executed this 17th day of December, 2008 at High Point, North

13  Carolina.

14

15

16  Dated:  December 17, 2008                    _____/s/_____

16                                               John A Stottlemire
17                                               Defendant, *pro se*

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., | Case No.    5:07-CV-03457 HRL |
| Plaintiff, | |
| v. | **SETTLEMENT AGREEMENT** |
| JOHN STOTTLEMIRE, and DOES 1-10, | |
| Defendants. | |

Coupons, Inc. and John Stottlemire agree to settle their pending dispute upon the following terms:

1.      Coupons, Inc. will dismiss its pending lawsuit against Mr. Stottlemire with prejudice.

2.      Mr. Stottlemire agrees to stipulate to the dismissal.

3.      The parties will exchange mutual general releases in standard form.

4.      Each party will bear its own attorney's fees and costs.

5.     The terms of the settlement will remain confidential.

Dated: November 13, 2008

FOR COUPONS, INC.

Lauren Segal
Authorized Representative

Dennis Cusak
Attorney for Plaintiff

For John Stottlemire

John Stottlemire

# EXHIBIT B

Neil A. Goteiner (State Bar No. 083524)
Dennis M. Cusack (State Bar No. 124988)
Carly O. Alameda (State Bar No. 244424)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
E-mail: ngoteiner@fbm.com, dcusack@fbm.com,
calameda@fbm.com

Attorneys for Plaintiff
COUPONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., | Case No. 5:07-CV-03457 HRL |
| Plaintiff, | **STIPULATION FOR DISMISSAL WITH PREJUDICE PURSUANT TO SETTLEMENT AGREEMENT** |
| vs. | |
| JOHN STOTTLEMIRE, and DOES 1-10, | |
| Defendants. | |

Plaintiff Coupons, Inc. and Defendant John Stottlemire hereby submit this Stipulation to dismiss this case with prejudice.

WHEREAS, the parties participated in an Early Neutral Evaluation with Harold McElhinny on November 13, 2008, and entered a Settlement Agreement at that time; and

WHEREAS, the Settlement Agreement provides among other things that Coupons, Inc. will dismiss the case with prejudice, and that Mr. Stottlemire will stipulate to the dismissal;

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIP FOR DISMISSAL 5:07-CV-03457 HRL

22675\1767135.1

1    IT IS HEREBY STIPULATED by and between the parties hereto that this action shall be

2 dismissed in its entirety, with prejudice.

3

4 Dated: November 18, 2008                    FARELLA BRAUN & MARTEL LLP

5

6                                             By:_____
                                                 Dennis M. Cusack
7
                                             Attorneys for Plaintiff
8                                            COUPONS, INC.

9 Dated: November 18, 2008

10

11                                           By:_____
                                                 John Stottlemire
12                                               Defendant, *pro se*

13

14                                  **ORDER**

15    Good cause appearing therefor, IT IS HEREBY ORDERED that this case is dismissed in

16 its entirety, with prejudice.

17

18 DATED: _____    _____

19                                  The Honorable Howard R. Lloyd
                                    Judge of the United States District Court
20

21

22

23

24

25

26

27

28

# EXHIBIT C

# MUTUAL RELEASE OF CLAIMS

This Mutual Release of Claims is entered into by and between Coupons, Inc. ("Coupons") and John Stottlemire ("Stottlemire").  Coupons filed a civil lawsuit for money damages and injunctive relief against Stottlemire captioned "*Coupons, Inc. v. John Stottlemire, et al.*," United States District Court, Northern District of California, case number 5:07-CV-03457 HRL ("the Action").  On November 13, 2008, at an Early Neutral Evaluation conducted by Harold McElhinny, Coupons and Stottlemire executed a Settlement Agreement, which provides as follows:

1.      Coupons, Inc. will dismiss its pending lawsuit against Stottlemire with prejudice;

2.      Stottlemire agrees to stipulate to the dismissal;

3.      The parties will exchange mutual general releases in standard form;

4.      Each party will bear its own attorney's fees and costs; and

5.      The terms of the settlement will remain confidential.

Therefore, in accordance with paragraph 3 of the Settlement Agreement, Coupons and Stottlemire agree as follows:

Coupons and Stottlemire, and each of them, both individually, on behalf of any of their respective present or former parent, subsidiary or affiliated companies, if any, and on behalf of all of their respective present or former agents, partners, spouses, owners, principals, shareholders, joint venturers, officers, directors, servants, employees, independent contractors, predecessors, successors, heirs, trustees and assigns, do hereby fully and forever release and discharge each other, each others' subsidiaries, affiliates and parent companies, and all of each others' respective present or former agents, partners, spouses, owners, principals, shareholders, joint venturers, officers, directors, servants, employees, predecessors, successors, heirs, trustees and assigns, insurers, reinsurers, attorneys, and

22675\1766955.1

sureties, of and from each and every claim, demand, action, cause of action, loss, cost, expense or element of damage, of every kind and character, known or unknown, contingent or certain, past, present or future, including but not limited to any claim for malicious prosecution, which arises out of, relates to, or in any way concerns the Action, the allegations contained in the Action, or any defenses or counterclaims which could have been brought in the Action.

In entering into the Settlement Agreement, and the mutual releases provided herein, it is the intent of Coupons and Stottlemire, on behalf of themselves, on behalf of their respective present or former parent, subsidiary or affiliated companies, if any, and on behalf of all of their respective present or former agents, partners, spouses, owners, principals, shareholders, joint venturers, officers, directors, servants, employees, predecessors, successors, heirs and assigns, to waive all rights and benefits which any of them may have had under California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Coupons and Stottlemire each acknowledge that there is a risk that the damages, injuries, costs, expenses or losses which they believe they may have suffered or will suffer, with respect to the foregoing matters, may later turn out to be other than, of a different character from, or greater than, those now known, suspected or believed to be true. Further, other facts upon which Coupons and Stottlemire may be relying in entering into the Settlement Agreement may later turn out to be other than, or different from, those now known, suspected or believed to be true.

Coupons and Stottlemire each acknowledge that in entering into the Settlement Agreement, and the mutual releases provided for herein, they have expressly agreed to assume the risk of such possible

unknown damages, claims, demands, actions, or causes of action, or such possible changes or differences in material fact. Coupons and Stottlemire each further represent, warrant and agree that the Settlement Agreement shall remain in full force, and in effect, notwithstanding the occurrence of any possible changes or differences in material fact.

Coupons and Stottlemire further represent and warrant that they have not sold, assigned, conveyed or transferred to any other person or entity any of the claims, demands, actions or causes of action which each of them are releasing, or purport to be releasing, pursuant to the provisions of this Agreement.

DATED: _____          COUPONS, INC.


By:_____
    Lauren Segal, General Counsel




DATED: _____          _____
                                          John Stottlemire

# EXHIBIT D

**John Stottlemire**

| | |
|---|---|
| **From:** | DCusack@fbm.com |
| **Sent:** | Wednesday, November 19, 2008 11:32 PM |
| **To:** | jstottl@comcast.net |
| **Cc:** | lsegal@couponsinc.com |
| **Subject:** | Revised Mutual release |
| **Attachments:** | 1766955_1.DOC |

John:

Per our exchange of emails today, I'm attaching a revised Mutual Release, which adds at the end an acknowledgement that claims each of us is purporting to release have not been assigned.  Please sign and PDF/mail to me.  When we receive your signature, we'll file the Stipulation for Dismissal.  Thank you.

Dennis

<<1766955_1.DOC>>

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

# EXHIBIT E

| | |
|---|---|
| **From:** | NGoteiner@fbm.com |
| **Sent:** | Sunday, November 23, 2008 3:17 PM |
| **To:** | johna@stottlemire.com |
| **Cc:** | DCusack@fbm.com; CAlameda@fbm.com |
| **Subject:** | RE: your breach of the Settlement |

In your Friday email you protested that you had not publicly disclosed the terms of the settlement. Now you admit, as you must, that you did disclose the settlement terms, particularly you disclosed the dismissal with prejudice, claimed you bested us and that you paid nothing. You attempt to justify your breech by asserting, without basis, that the dismissal was not going to be filed under seal, and that the parties therefore implicitly "revised" the settlement agreement.

Your argument has no merit.  Whether the press would have picked up the dismissal from pacer is irrelevant to your unilateral breach. Irrespective of what happened with anyone learning of the dismissal, you signed a mutual release which provided that, "Coupons and Stottlemire each further represent, warrant and agree that the Settlement Agreement shall remain in full force, and in effect, **notwithstanding the occurrence of any possible changes or differences in material fact**." You represented and warranted that you would maintain the confidentiality, regardless of what happens in the future. But as you signed that release, you already were breaching it and the Settlement Agreement by your self-aggrandizing statements on your own blog and to the press.

Further, your argument attempting to excuse your breach as essentially an early disclosure of information that would eventually be in the public, also fails. Your argument essentially eviscerates the confidentiality term. Further, there is nothing in the stipulation that says it would not be filed under seal. The settlement did not require a specific provision obligating the parties to do so, in order to bind (or to permit) the parties to do so. To the contrary, it was the parties' obligation to do everything reasonably necessary to comply with the terms of the settlement stipulation including that it would "remain confidential, "  including filing the dismissal under seal, as well as not speaking to the press, as you did.  Are you suggesting that although you represented and warranted that the settlement terms would remain confidential, that you would not agree to file the stipulation under seal once we suggested doing that to effectuate the confidentiality term?

Moreover, even if the settlement agreement had not been filed under seal, there was no certainty, or even probability, that the press would have picked up a publicly filed dismissal, had you not brought it to their attention (based on your distortion of events leading to settlement, which we aim to correct in the public record).

Similarly, your assertion of an implicit agreement "revision," flies in the face of the confidentiality term and your additional representation and warranty. You should have articulated your intent to revise the settlement with Dennis, Coupons, Inc. and Mr. McElhinny. Your post-breach "revision" spin will not play well in San Jose. All it does is underline your bad faith as you negotiated and signed the Settlement Agreement, contrary to your protests about your integrity.

Finally, given your victory lap brandishing your ass kicking exploits and disclosure of settlement terms, we're assuming that you have no objections to us publicizing facts 4(a)-(e) of my Friday 7:29 email to you. But please let me know today if you disagree, and the basis for your objection.

Coupons will not be filing the stipulation of dismissal, but will continue to  prosecute the case, short of your agreement to attempt to correct and repair the breach as we have proposed.  Your email makes

clear that you would rather spin than do the right thing. And so it's become clear that Coupons and the market require a judgment and verdict to stop your injurious mischaracterizations and conduct. I presume that you know that you will be wasting your time in this continued law suit.  For, I'm sure that Mr. McKilhenny told you that you would lose the case, which only confirmed what you already knew when you reviewed Judge Lloyd's ruling against you and against EFF's arguments. Coupons is willing to invest the money to end its relationship with you and to clear up the confusion that you have caused through your settlement breaches.

We'll alert Mr. McKilhenny Monday of these unfortunate developments.

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Saturday, November 22, 2008 4:23 PM
**To:** Goteiner, Neil (24) x4485
**Subject:** RE: your breach of the Settlement

Dennis promised to file the stipulation to dismiss with prejudice as soon as he had my signature on the accompanying document.  I gave Dennis my signature on the document on November 19, 2008.  There has been no request nor any stipulations provided that the stipulation be filed under seal.  The stipulation would have become a public document for any person who has access to the PACER system, the Court docket or any websites which display the Court docket (i.e. justia).

While both parties have agreed that the terms of the settlement would remain confidential, that confidentiality obviously does not extend to a document which would be filed publicly by your office.  You and Dennis drafted the stipulation and you were going to file it publicly.  If you have forgotten what the stipulations says, go read it.  Since I have signed that stipulation with full knowledge that the stipulation would be filed as soon as you have my signature on the accompanying document and the stipulation holds no provisions to be kept under seal or redacted in any form, both sides have agreed to a revision on that particular term.

If the stipulation is not filed with the Court by Sunday, November 23, 2008 at 5:00 PM, I will have no choice but to seek a status conference with Judge Lloyd on Monday to address this matter.

-john stottlemire

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Saturday, November 22, 2008 12:11 PM
**To:** johna@stottlemire.com
**Cc:** DCusack@fbm.com; CAlameda@fbm.com
**Subject:** RE: your breach of the Settlement

It's best that all communications be in writing so that no one can be misquoted and that the record remains clear. Short of anything else from you, we have your final response.

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Saturday, November 22, 2008 11:05 AM
**To:** Goteiner, Neil (24) x4485
**Subject:** RE: your breach of the Settlement

You have my phone number.  I'm not going to discuss this through email.

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Saturday, November 22, 2008 10:59 AM
**To:** NGoteiner@fbm.com; johna@stottlemire.com
**Cc:** DCusack@fbm.com; CAlameda@fbm.com
**Subject:** RE: your breach of the Settlement

Your breach could not have been clearer. Dismissal with prejudice was settlement "term," No. 1.  Term No. 5, was that "the terms of the settlement will remain confidential." You specifically disclosed that Coupons dismissed the case with prejudice. End of case.

Let me know if I have misstated any facts in my email of last night.

In refusing our offer to attempt to remedy your breach, you are proceeding at your peril. But this is apparently what you want.

-----Original Message-----
**From:** Goteiner, Neil (24) x4485
**Sent:** Friday, November 21, 2008 9:47 PM
**To:** 'johna@stottlemire.com'
**Cc:** Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981
**Subject:** Re: your breach of the Settlement

We will treat that as your final response.

**From**: John Stottlemire
**To**: Goteiner, Neil (24) x4485
**Sent**: Fri Nov 21 20:33:29 2008
**Subject**: RE: your breach of the Settlement
There has been no breach.  The terms of the settlement agreement have not been disclosed.

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Friday, November 21, 2008 7:29 PM
**To:** johna@stottlemire.com
**Cc:** DCusack@fbm.com; CAlameda@fbm.com
**Subject:** your breach of the Settlement


John:

Your web site comments, including "kicking ass" and that the case was dismissed with prejudice, as well as your communications (either direct or through your web site) with various bloggers including, Dan Morril and David Kravits, breached the wording and intent of the confidentiality term of the settlement agreement.  The agreement specifically states that "The terms of the settlement will remain confidential."  This was included as a material term of the agreement at your request.  Your blatant violation of your commitment, and the consequences of that abuse have damaged Coupons' reputation and continue to do so.

We are not filing the notice of dismissal unless you repair the breach. Coupons now insists that the only way for you to repair your breach would be to publish prominently on your web site and distribute to each blogger who referred to the settlement (or does so in the near future) a full narrative of the following facts leading to the settlement. The statement must contain the following elements (Coupons will draft the precise language), and we must receive proof that you've satisfactorily circulated the statement.

1.    Refer to the inaccurate statements on your web site and to the statements on the relevant blogs and correct the blog's mischaracterization of the case and of the settlement terms;

2.    Specifically state that while you asked for the confidentiality agreement, you breached it, and also that your web site and the blogs discussing the case contain misleading information about the settlement and the litigation.

3.    Attach to your statement the entire recent court decision and accurately characterize in layman's language the Court's denial of your motion for sanctions and motion to dismiss, as well as the court's reasoning and holding. Your statement would also point out that the Court ultimately came to its ruling notwithstanding vigorous amicus briefing from the Electronic Frontier Foundation. Your statement would of course specifically explain the court's of how and why both sections 1201(a) and section 1201(b) are applicable, over your strong objections.

4.    Accurately state the sequencing of settlement events, namely that: (a) prior to the recent hearing, you demanded that Coupons pay you $2 million for your various claims based on your position that Coupons case was without merit and vexatious, and that you had always demanded money from Coupons to settle your asserted claims; (b) you breached confidential settlement discussions previously by publishing on your web site your earlier demand for over $1 million; (c) after the hearing in which the court denied your motion to dismiss, you withdrew those settlement demands; (d) at the ENE session after the Court issued the attached ruling, you dropped your demands for even a penny and then asked for the confidentiality agreement that you breached; (e) after you signed the settlement term sheet you requested that Coupons indemnify you against claims by Coupons' customers for intentionally interfering with their business and by stealing coupons via your software; and (f) that after Coupons objected to your settlement breach, you agreed to correct the record. You are welcome to explain that it was your integrity that made you retract your misleading statements and breaching conduct, but you must truthfully state that by the time of your settlement you had not bested Coupons, but had in fact lost your motion to dismiss and explain that Coupons was about to proceed against you with discovery, including your deposition, and with significant potential for damages against you if you had not settled.

Further, you will not object to any additional press releases or stories that result from Coupons' sharing with the press the accurate facts of the case and of the settlement events.

If you don't agree to the above, you will leave Coupons no choice but either to sue to enforce the settlement agreement and seek the relief outlined above,

looking to you for the costs of such a law suit, or to withdraw from the settlement and proceed with the case.

If we do not hear from you within 48 hours, we will assume you refuse to agree to the above and will proceed accordingly.

**Neil A. Goteiner**
Attorney at Law
_____

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

_____

**Office** 415.954.4485
**Fax**    415.954.4480
**Cell**   415.279.6783
www.fbm.com

---

_

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

# EXHIBIT F

# John Stottlemire

**From:** NGoteiner@fbm.com
**Sent:** Wednesday, November 26, 2008 2:24 PM
**To:** johna@stottlemire.com
**Cc:** DCusack@fbm.com; CAlameda@fbm.com
**Subject:** impasse and the way out

As you wish. I'm pretty sure that the Court will simply order us back to ENE.

Coupons is fine with making everything public regarding the settlement. Keep in mind that regarding Coupons' motivations for settling, we believed your statement that there were significant judgments against you, that you had no assets and that you were judgment proof, and we also thought that you would have preferred not to have that sort of financial and personal history made public.

I also think that further correspondence with each other now doesn't pay since we are truly at an impasse if you don't want to return to McElhinny. So please don't take offense at the probability that I won't be answering your further email. We're proceeding on our discovery schedule and noticing your deposition, and with pushing for your answer to the amended complaint.

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Wednesday, November 26, 2008 11:04 AM
**To:** Goteiner, Neil (24) x4485
**Subject:** RE: impasse and the way out

The dispositive issue is not the breach. The dispositive issue is your remedy in the event of a breach and your disregard for the law. You've convicted me of a breach without receiving a ruling that a breach did in fact take place. You can claim a breach all you desire and you can request that as a remedy of that breach (if in fact a jury and/or Judge concludes there is a breach) you receive what the law allows. I would think that an attorney who is licensed to practice law would fully understand due process and his requirements to adhere to due process.

In closing: Mr. McElhinny is a terminated party to this action (you should really spell his name correctly out of respect to him.) I do not consent to a meeting with any party who is a non-party to this action. Additionally, when timing is right, I will confer with CI to set a date for a Motion to Summarily Enforce Settlement Agreement. First and foremost, I will wait for Judge Lloyd to rule on the pending Administrative Motion for a Status Conference and allow due process to work. I am trying to avoid such a Motion to PROTECT CI from publically disclosing the terms of the settlement. I can only imagine what the press will say should it discover that to settle this action all Stottlemire had to do was AGREE not to file action against CI for Malicious Prosecution and that CI did not even attempt to recover any of its legal fees.

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Wednesday, November 26, 2008 10:42 AM
**To:** johna@stottlemire.com
**Subject:** impasse and the way out

The dispositive issue is your breach. Another issue was your apparent intent never to adhere to the confidentiality term. But this email exchange won't further our conversation, since we disagree on the fundamentals. So either start writing your motion, or take the far easier route, which is for you and Coupons to jointly request a meeting with Mr. McElhinney. If you're so correct and I'm so wrong, he'll agree with you and so advise Coupons.

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Wednesday, November 26, 2008 10:31 AM
**To:** Goteiner, Neil (24) x4485
**Subject:** CI has required contractual obligations

You did in fact sign a mutual release and there was a meeting of the minds on November 13, 2008.  I have the signed agreement (as do you, I'm sure).  Case law is clear:  Parties cannot escape their obligation by refusing to sign a more formal writing required by the settlement. (Alipo v. Secretary of the U.S. Army, 1998 U.S. Dist. LEXIS 6360 (N.D. Cal, March 27, 1998).

In addition, "It may be conceded that where the minds of the parties have met respecting the terms and conditions of the more formal writing that is to be executed by them, and the agreed terms of the contract thereafter to be executed are certain and in all respects definitely understood and agreed upon in advance, either orally or by informal writing, there is in such case an obligatory contract dating for the making of the earlier agreement." Fly v. Cline, 49 Cal. App. 414,425 (1920).

I think we are both in agreement that the agreement to settle a federal case is a contract governed by the applicable state law, but, if you wish I will cite the Supreme Court.

FACTS:
November 13, 2008:  CI and Stottlemire executed a Settlement agreement which was complete and required a formal Mutual Release in standard form to be executed and dismissal of all claims with prejudice.  There was a complete meeting of the minds of the content of the Mutual Release and both parties signed the Settlement Agreement, this is undisputable.
November 17, 2008:  CI sent Stottlemire the Mutual Release (it's even entitled Mutual Release and NOT Settlement Agreement and Mutual Release) and stated "Once we're agreed on final wording, we can arrange for an exchange of signatures on the Mutual Release"
November 19, 2008:  CI and Stottlemire accepted the final wording in regards to the Mutual Release.  CI stated "When we receive your signature, we'll file the Stipulation for Dismissal" and Stottlemire provided his signature (undoubtedly showing a meeting of the minds).

Even your own language over the past several days show this to be a valid contract.  There would be no need to rescind an agreement if an agreement was not in place and you've referenced the contract in every email you've sent me, the Court and Mr. McElhinny (a terminated party to this action).

Again, you know as well as I do, you cannot simply decide to rescind a contract without proper authority.  Rescinding the contract is NOT a legal remedy for an alleged breach unless specifically authorized by the contract.  The contract of November 13 does not allow for rescinding the contract.  The Mutual Release specifically releases CI and Stottlemire from all claims.  Both contracts require CI to file a stipulation to dismiss with prejudice and both contracts are complete.  File the stipulation as your contractual obligations require.

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Wednesday, November 26, 2008 9:59 AM
**To:** johna@stottlemire.com
**Cc:** DCusack@fbm.com; CAlameda@fbm.com
**Subject:** settlement agreement termination/no signed coupons release

We disagree on all points.

Since my last email I confirmed that we sent no signed release; Coupons did not release its claims prior to your breach.

If you decline to speak to Mr. McElhinny, your suggested motion is another alternative to our proposed correction remedy. Let's agree upon a hearing date for your motion.

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Wednesday, November 26, 2008 9:46 AM
**To:** Goteiner, Neil (24) x4485
**Subject:** The Settlement Agreement remains in full force

Neil,

Your email provides more than enough proof to establish that there was/is a meeting of the minds on the Mutual Release. You quoted it and used it to provide proof that you were right and my argument held no merit. You know all I have to do is show there is a meeting of the minds to enforce the contract. (First Year – Contract Law if you have forgotten) In addition, on November 13, 2008 Dennis Cusack and Lauren Segal signed a contract which stated in part that the parties would exchange "mutual releases (standard form)" IN NONE of the contracts (where I will undoubtedly be able to show that there is a meeting of the minds) is "rescission" of the settlement agreement a remedy for an alleged breach. Conversely, as you pointed out, changes in material fact have no bearing on the Settlement Agreement. "Coupons and Stottlemire each further represent, warrant and agree that the Settlement Agreement shall remain in full force, and in effect, notwithstanding the occurrence of any possible changes or differences in material fact."

I'm not stupid and I really wish you would quit treating me as such. File the stipulation as your contractual obligations require and save yourself the embarrassment which would ensue should I be required to ask the Court to FORCE your compliance with the Settlement Agreement.

One last comment: I have no discovery obligations. The case has settled.

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Wednesday, November 26, 2008 9:26 AM
**To:** johna@stottlemire.com
**Cc:** DCusack@fbm.com; CAlameda@fbm.com
**Subject:** RE: rescinded settlement agreement

BTW, Dennis is on vacation and so I could not confirm that he signed the release on Coupons's behalf as you appear to be implying. If he did, please send it. If he didn't, then I'm confused by your comment that Coupons released all claims.

-----Original Message-----
**From:** Goteiner, Neil (24) x4485
**Sent:** Wednesday, November 26, 2008 8:40 AM
**To:** 'John Stottlemire'
**Cc:** Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981
**Subject:** rescinded settlement agreement

With all due respect, you're fundamentally wrong on the law and on your interpretation of the facts. You might want to speak to Mr. McElhinny before you begin to default on your discovery obligations.

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Wednesday, November 26, 2008 8:17 AM
**To:** Goteiner, Neil (24) x4485
**Subject:** All claims have been released.

Proof of "meeting of the minds"

Your email sent Sunday, November 23, 2008 at 12:17 PM states: "Your argument has no merit. Whether the press would have picked up the dismissal from pacer is irrelevant to your unilateral breach. Irrespective of what happened with anyone learning of the dismissal, you signed a mutual release which provided that, "Coupons and Stottlemire each further represent, warrant and agree that the Settlement Agreement shall remain in full force, and in effect, notwithstanding the occurrence of any possible changes or differences in material fact." You represented and warranted that you would maintain the confidentiality, regardless of what happens in the future. But as you signed that release, you already were breaching it and the Settlement Agreement by your self-aggrandizing statements on your own blog and to the press."

Your email proves that CI and I had a meeting of the minds that the case should settle, that the case has settled, and that it should now be closed.

If my alleged breach of the agreement, in your analysis, is a "possible[] change[] in material fact[s]" and invokes the confidentiality clause, you have admitted that, "notwithstanding the occurrence of any possible changes or differences in material fact", CI has already released all claims against me and must file a stipulation to dismiss with prejudice  So the case is settled and should now be closed.

-john stottlemire

---

—

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# EXHIBIT G

**John Stottlemire**

| | |
|---|---|
| **From:** | John Stottlemire [johna@stottlemire.com] |
| **Sent:** | Thursday, December 11, 2008 8:50 PM |
| **To:** | 'DCusack@fbm.com' |
| **Cc:** | 'NGoteiner@fbm.com' |
| **Subject:** | RE: A request |

Civil Local Rule 30-1:
"For the convenience of witnesses, counsel and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must *confer* about the scheduling of the deposition with opposing counsel, or, if the party is pro se, the party." (emphasis added)

Civil Local Rule 1-5(n):
"Meet and confer. "Meet and confer" or "confer" means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to "meet and confer" or to "confer." Rather, *this requirement can be satisfied only through direct dialogue and discussion -- either in a face to face meeting or in a telephone conversation.*" (emphasis added)

Just pick up the phone and call me – You have my number.

---

**From:** DCusack@fbm.com [mailto:DCusack@fbm.com]
**Sent:** Thursday, December 11, 2008 7:39 PM
**To:** johna@stottlemire.com
**Subject:** RE: A request

We will not withdraw the discovery requests.  We are willing to agree to a reasonable extension of time to respond to them, on the condition that we address now in a more comprehensive way the scheduling of the next phase of this litigation, the specific tasks, and balancing both your needs and Coupons' needs so that the schedule is fair and not prejudicial to either party. To summarize:

1.   If you are going to file a motion to attempt to enforce the now rescinded settlement, we want to schedule the briefing on that motion, and attendant discovery that is likely to be necessary to respond to it.

2.   We understand your need for additional time to respond to the document request in light of your move, and would be willing to agree to a substantive response date at the end of January, in the context of a broader scheduling agreement. That comprehensive schedule would entail pushing back the date for your deposition, but also agreeing on a firm date. (We may also need to depose you to respond to your promised motion to enforce the settlement).

3.   We have difficulty, though, understanding why you need significant time to respond to the Requests for Admission. The knowledge to respond to them is presumably in your head.  Your email to Mr. McElhinny, your promised new complaint on ADR issues, and your threatened settlement enforcement motion demonstrate that you have time to devote to this lawsuit on your issues and tactics.  I'm sure that you understand that we don't agree with your priorities given your claimed limited time to respond to the admissions, document requests and the third amended complaint.  We have explained to you that you've injured Coupons. If you insist on asking the Court for more time to answer Coupons' discovery while pursuing your collateral agenda, we will so inform the Court. We will also point out that fairness and equity demands that our discovery take precedence over your tactics, given that it was your breach and misrepresentations to the press that injured Coupons.  Coupons needs as quickly as possible to set the record straight with a summary judgment motion and entry of judgment against you. In short we can't agree that you should unduly delay this proceeding so as to allow you to spend time on your agenda rather than on our Requests for Admission, production of documents and our deposition examination of you.

1

Finally, we ask you to be accurate in your representations to the court, to court officers and to us, going forward. Your email to Mr. McElhinny was seriously misleading. Your ellipsis was particularly objectionable.

Dennis

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Wednesday, December 10, 2008 5:32 AM
**To:** Cusack, Dennis (27) x4475
**Subject:** A request

Dennis,

Please withdraw your discovery requests until after our Case Management Conference which Judge Lloyd ordered for February 17, 2009. It is currently impossible for me to answer your requests until I have my household items delivered. I seriously doubt I will be able to answer them with the current deadlines of December 24 and December 26. Please let me know as soon as possible if you will withdraw your discovery requests.

If this request seems unreasonable please let me know why you feel it is unreasonable.

-john

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

**Tracking:**

| Recipient | Read |
|---|---|
| 'DCusack@fbm.com' | |
| 'NGoteiner@fbm.com' | Read: 12/11/2008 8:51 PM |