Neil A. Goteiner (State Bar No. 083524)
Dennis M. Cusack (State Bar No. 124988)
Carly O. Alameda (State Bar No. 244424)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
E-mail: ngoteiner@fbm.com, dcusack@fbm.com,
calameda@fbm.com

Attorneys for Plaintiff
COUPONS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN STOTTLEMIRE, <br><br> Defendant. | Case No. 5:07-CV-03457 HRL <br><br> **COUPONS' OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY** <br><br> Date: January 27, 2009 <br> Time: 10:00 a.m. <br> Courtroom: 2 <br> Judge: Honorable Howard R. Lloyd |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' OPPOSITION TO DEFENDANT'S MOTION TO
STAY DISCOVERY – USDC/NDC/SJ 5:07-CV-03457 HRL

22675\1831424.1

Dockets.Justia.com

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II. STOTTLEMIRE HAS FAILED TO MEET HIS HEAVY BURDEN TO ESTABLISH ANY LEGAL BASIS FOR THE COURT TO EXERCISE ITS DISCRETION IN FAVOR OF A STAY ........................................................................ 4

III. STOTTLEMIRE'S BREACH ENTITLED COUPONS TO RESCIND THE SETTLEMENT AGREEMENT ......................................................................................... 6

    A. Stottlemire Clearly Breached The Settlement Agreement ..................................... 6

    B. Coupons Was Entitled To And Did Rescind The Agreement ................................ 6

    C. Coupons Will Be Prejudiced By A Stay Of Discovery ........................................... 7

IV. COUPONS' DISCOVERY REQUESTS ARE REASONABLE ........................................ 8

    A. Stottlemire Failed To Inform The Court Of The Parties' Meet And Confers ......... 8

    B. Stottlemire's Protest That The Facts Are Undisputed Is Disingenuous ................. 9

V. CONCLUSION ................................................................................................................ 10

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY – USDC/NDC/SJ 5:07-CV-03457 HRL

- i -

22675\1831424.1

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*B.R.S. Land Investors v. United States*,
 596 F.2d 353 (9th Cir. 1979)........................................................................................... 5

*Blankenship v. Hearst Corp.*,
 519 F.2d 418 (9th Cir. 1975) .......................................................................................... 4

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
 192 F.R.D. 284 (S.D. Cal. 2000) .................................................................................... 4

*Jarvis v. Regan*,
 833 F.2d 149 (9th Cir. 1987) .......................................................................................... 5

*Lofton v. Bank of America Corp.*,
 2008 U.S. Dist. LEXIS 41005 (N.D. Cal. 2008)..................................................... 1, 4, 5

*Odom v. Microsoft Corp.*,
 486 F.3d 541 (9th Cir. 2007) .......................................................................................... 5

*Pac. Lumber Co v. National Union Fire Insurance Co*,
 220 F.R.D. 349 (N.D. Cal. 2003) ................................................................................... 5

*Peterson v. Highland Music, Inc.*,
 140 F.3d 1313 (9th Cir. 1998) ........................................................................................ 7

*Petrus v. Bowen*,
 833 F.2d 581 (5th Cir. 1987) .......................................................................................... 5

*Skellerup Industrial Ltd. v. City of Los Angeles*,
 163 F.R.D. 598 (C.D. Cal. 1995) ................................................................................ 4, 5

*Wagh v. Metris Direct, Inc.*,
 363 F.3d 821 (9th Cir. 2003).......................................................................................... 5

*Wood v. McEwen*,
 644 F.2d 797 (9th Cir. 1981) .......................................................................................... 4

**STATE CASES**

*Runyon v. Pacific Air Industrial*,
 2 Cal. 3d 304 (1970) ...................................................................................................... 7

**FEDERAL STATUTES**

Fed. R. Civ. P. 26(c)(4) ............................................................................................................ 4

**STATE STATUTES**

Cal. Civ. Code § 1688 ............................................................................................................... 7

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' OPPOSITION TO DEFENDANT'S MOTION TO
STAY DISCOVERY – USDC/NDC/SJ 5:07-CV-03457 HRL

- ii -

22675\1831424.1

Cal. Civ. Code § 1689 ................................................................................................................ 6

Cal. Civ. Code § 1691 ................................................................................................................ 7

Cal. Civ. Code § 1692 ................................................................................................................ 7

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' OPPOSITION TO DEFENDANT'S MOTION TO
STAY DISCOVERY – USDC/NDC/SJ 5:07-CV-03457 HRL

- iii -

22675\1831424.1

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Stays of discovery are disfavored and rejected absent a strong showing: 1) that a proposed dispositive motion has an immediate and clear chance of succeeding, and 2) that the balance of harms weighs in favor of the moving party. *See, e.g.*, *Lofton v. Bank of Am. Corp.*, 2008 U.S. Dist. LEXIS 41005, at pp. 3-4 (N.D. Cal. 2008), *and* discussion, *infra* at pp. 4-5. Stottlemire has not attempted to meet either prong. He does not challenge, or suggest that he will challenge, the undisputed facts and law that fully support Coupons' rescission of the settlement agreement. Stottlemire's concession by his silence that he disclosed the terms of the settlement – a dismissal with prejudice in return for no money – leaves him no room to refute his clear breach of the settlement's material confidentiality provision.[1] Indeed, the circumstantial evidence is strong that he fraudulently induced Coupons to settle, fully intending to breach the confidentiality term with his media blitz and to use the settlement to Coupons' prejudice.

Coupons validly rescinded the agreement, pursuant to California law, by notifying Stottlemire of the rescission and offering to return any consideration received. That is all that is needed to rescind a contract. Legally, the settlement agreement no longer exists unless and until the Court rules otherwise in response to Stottlemire's possible motion. *See* discussion, *infra* at pp. 6-7. Stottlemire cannot begin to demonstrate the reasonableness of the merits of his threatened motion based on this undisputed record.

In addition, Stottlemire fails to address the prejudice to Coupons from his requested stay, prejudice which strongly weighs against any stay of discovery. Stottlemire engineered the settlement and his planned breach of the confidentiality term specifically to enhance his reputation and to injure Coupons. He disclosed to the media the settlement terms with his breathless publicity campaign that claimed, in effect: "See, I did nothing wrong, Coupons has no legal remedy for my conduct, I paid Coupons nothing to settle, and I kicked their asses." Stottlemire knew that such comments would encourage his acolytes and Stottlemire wannabes to engage in the same illicit multiple coupon downloading that this settlement was supposed to end.

---

[1] Stottlemire also took no issue with Coupons' statement of his breach in his January 6, 2008 Opposition to Motion to Direct the Parties to Return to ENE.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

To remedy this injury to Coupons, Coupons needs to establish Stottlemire's liability as soon as possible.

Stottlemire also fails to state why any discovery would be an undue burden on him. Even Stottlemire acknowledges that the facts surrounding his conduct are largely undisputed. He has it within his power to curtail or eliminate discovery simply by admitting the undisputed facts. Stottlemire has therefore failed to carry his burden of making a strong showing that the balance of harms weighs in favor of a stay.

There are other reasons why Stottlemire's arguments and conduct do not merit a stay. First, Stottlemire has the time and energy to respond to Coupons' discovery requests, as evidenced by his motion practice (3 motions), promised additional motion practice and orchestrated media blitz. Stottlemire's assertion that his personal circumstances prevent him from working on this case, therefore rings hollow. We served him only with a modest set of requests for admission, and a request for production of documents. We offered him month-long extensions to respond to them. We offered to take his deposition when he visited here to argue motions, and also agreed that the alternative might be to depose him and his wife in North Carolina, some time after he produced documents. He has not informed the Court of any of these facts.

Second, if Stottlemire does in fact file his motion to enforce the settlement, he will presumably attempt to raise factual issues to try to refute the so-far undisputed factual record. Decisions note that the need for discovery on the "dispositive" motion promised by the moving party is another reason to deny a discovery stay (*infra*, p. 5). Coupons would need discovery from Stottlemire regarding his factual arguments as well as his communications with reporters and bloggers, and others, regarding the settlement. Coupons could reasonably be expected to seek discovery of Stottlemire's intentions at the ENE session with his execution of the settlement with the confidentiality term, as well as how he then intended to use the confidentiality term to his advantage. Because there would be at least a deposition of Stottlemire for his promised motion, it would make economic sense to depose Stottlemire only once.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' OPPOSITION TO DEFENDANT'S MOTION TO
STAY DISCOVERY – USDC/NDC/SJ 5:07-CV-03457 HRL - 2 -　22675\1831424.1

Third, Stottlemire feigns surprise that Coupons wants discovery now when Coupons did not previously push for discovery. Coupons wanted this case to settle. Settlement chances, without the need for discovery, increased after the Court ruled on Stottlemire's dismissal and Rule 11 motions. Coupons therefore sensibly refrained from beginning discovery before the case became ripe for settlement. But Stottlemire's calibrated abuse of the settlement process, material breach of the confidentiality clause, and resulting damage to Coupons, means that Coupons must proceed with discovery as soon as possible in order to mitigate Stottlemire's injury to Coupons.

Fourth, Stottlemire also cannot meet his burden to show the balance of harms favors a stay, because this situation is entirely of his making. Coupons offered Stottlemire a way to remedy the breach by just publishing the true facts leading up to the settlement.[2] Stottlemire, though, has refused even to discuss the means available to repair the damage caused by his settlement breach, or to return to ENE. *See* Stottlemire's Opposition to Motion to Direct the Parties to Return to ENE.

Fifth, Stottlemire's argument that there was no meet-and-confer is inaccurate. As we show in the accompanying Cusack Declaration, there were both oral and written meet and confer efforts. Stottlemire simply refuses to cooperate or compromise. He objected to all requests to admit on the grounds that there was a settlement agreement, although he effectively stipulates to the facts of his breach. He also knows that there is no settlement agreement in place unless the Court so holds.

Sixth, Stottlemire cannot avoid discovery, and support his stay motion, by saying that the facts are not disputed. While most facts appear to be undisputed, we cannot know for certain. Stottlemire has avoided answering the complaint (by obtaining a lengthy extension) and has refused to answer requests for admission (which would have obviated much other discovery).

Stottlemire is continuing to attempt to game the system. Stottlemire brought this on himself. It would be unfair now to force Coupons to endure longer than necessary the damage

---

[2] This is what Coupons was referring to in the November 26, 2008 email referenced by Stottlemire in his brief, at p. 7 fn. 1.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' OPPOSITION TO DEFENDANT'S MOTION TO
STAY DISCOVERY – USDC/NDC/SJ 5:07-CV-03457 HRL     - 3 -     22675\1831424.1

1 caused by Stottlemire, because of a promised motion which on its face shows no "immediate and

2 clear" chance, gently put, of succeeding.

## II. STOTTLEMIRE HAS FAILED TO MEET HIS HEAVY BURDEN TO ESTABLISH ANY LEGAL BASIS FOR THE COURT TO EXERCISE ITS DISCRETION IN FAVOR OF A STAY

A party seeking to stay discovery must meet a heavy burden to show a particular and specific need. *Lofton v. Bank of Am. Corp.*, 2008 U.S. Dist. LEXIS 41005, at pp. 3-4 (N.D. Cal. 2008) (denying motion to stay discovery because the defendant failed to make the required "strong showing"). "Motions to stay discovery may be granted upon showing of good cause by the moving party or where 'justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' *See* Fed. R. Civ. P. 26(c)(4); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); *GTE Wireless, Inc. v. Qualcomm, Inc.,* 192 F.R.D. 284, 285-86. (S.D. Cal. 2000). The party seeking the stay has a 'heavy burden' to make a 'strong showing' to justify the stay. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). A showing of need must be particular and specific, *see Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995), and be more than a 'conclusory statement that discovery would cause undue burden and expense.'" *Id*.

If the party seeking the stay contends that a dispositive motion will render the discovery unnecessary, the Court must assess the likelihood of prevailing on the motion, and also balance the harms of such a stay. "Along with balancing the harms of staying discovery, the Court should '. . . take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear* possibility that it will be granted.' . . . In doing so, . . .'the moving party bears the burden of showing [immediate and clear possibility] and reasonableness.'" *GTE Wireless, Inc. v. Qualcomm, Inc*., 192 F.R.D. 284, 286 (S.D. Cal. 2000) (internal citations omitted; emphasis added). An "immediate and clear possibility" requires a showing of close to a 50% chance of succeeding. *Id.*

A party seeking a stay cannot rely on a general and conclusory assertion that a proposed dispositive motion will succeed. *Skellerup Indus. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995). "A party seeking a stay of discovery carries a heavy burden of making a

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' OPPOSITION TO DEFENDANT'S MOTION TO
STAY DISCOVERY – USDC/NDC/SJ 5:07-CV-03457 HRL  - 4 -   22675\1831424.1

'strong showing' why discovery should be denied. . . . The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id*. (internal citations omitted) (finding the defendant failed to make a "strong showing" why discovery requests should be stayed pending a motion to dismiss). *See also B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979), cited by Stottlemire, holding that a district court could properly deny discovery where it was "convinced" that the dispositive motion would succeed.

Stottlemire's own authority also establishes that a stay should be denied when discovery is needed to respond to the proposed dispositive motion. *See Wagh v. Metris Direct, Inc*., 363 F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds in Odom v. Microsoft Corp*., 486 F.3d 541, 551 (9th Cir. 2007) (finding stay appropriate where no discovery is needed to address a Rule 12(b) motion); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (no abuse of discretion to stay discovery when none needed to address motion); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (same).

Stottlemire's contemplated motion will not entirely obviate the need for discovery. In this situation, courts have properly denied a stay of discovery. *See Lofton v. Bank of Am. Corp*., 2008 U.S. Dist. LEXIS 41005, p. 4 (N.D. Cal. 2008) (finding the "plaintiff is entitled to discovery on the merits that may inform his opposition to [the defendant's] jurisdictional motion."); *Pac. Lumber Co v. Nat'l Union Fire Ins. Co*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (finding that the plaintiff failed to show good cause for a discovery stay where the pending summary judgment motions would not moot discovery).

Here, Stottlemire has made no showing whatsoever that he could succeed at all on his threatened (but still not filed) motion. He therefore has failed to meet his burden on the merits of the proposed motion. He has also ignored the obvious injury to Coupons created by his breach of the confidentiality provision. Some discovery, moreover, may be needed in any case to oppose his motion. For these reasons, the stay should be denied.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' OPPOSITION TO DEFENDANT'S MOTION TO
STAY DISCOVERY – USDC/NDC/SJ 5:07-CV-03457 HRL - 5 - 22675\1831424.1

## III. STOTTLEMIRE'S BREACH ENTITLED COUPONS TO RESCIND THE SETTLEMENT AGREEMENT

The undisputed facts establish that Stottlemire will not prevail on his threatened motion. To begin with, Stottlemire's stay motion fails because he cannot – and does not even attempt to – meet his heavy burden to show that he could possibly succeed on his motion. The settlement agreement is now rescinded and no longer in existence. Coupons is entitled to proceed with the litigation.

### A. Stottlemire Clearly Breached The Settlement Agreement

The terms of the settlement were simple: a stipulated dismissal with prejudice; mutual releases; each party to bear their own attorneys' fees and costs; and the terms would remain confidential. (The settlement agreement is attached as Exhibit A to the accompanying Declaration of Dennis M. Cusack in Opposition to Defendant's Motion for Stay of Discovery.) Nonetheless, before the parties had even completed documenting the settlement, Stottlemire disclosed in his blog that Coupons had agreed to dismiss the case with prejudice. (*See* Exhibit B to the Cusack Decl.) His subsequent statements to reporters and bloggers claiming a victory said or implied that Coupons simply gave up, i.e., that Stottlemire gave nothing in return for the dismissal. (A copy of some of the resulting articles is attached as Exhibit C to the Cusack Decl.) Notably, in subsequent communications with Coupons, and in his several briefs filed in this Court since Coupons rescinded the agreement (including his just-filed opposition to Coupons' ENE Motion), Stottlemire has not denied that he disclosed that the case would be dismissed with prejudice, and that he paid nothing in return for the dismissal. (*See* Cusack Decl., at ¶ 5.)

This was a breach of the agreement, and a failure of a material part of the consideration bargained for.

### B. Coupons Was Entitled To And Did Rescind The Agreement

Stottlemire's breach entitled Coupons to rescind the settlement agreement under Cal. Civ. Code § 1689. Section 1689(b) permits rescission in the following circumstances, among others:

> (1) If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' OPPOSITION TO DEFENDANT'S MOTION TO
STAY DISCOVERY – USDC/NDC/SJ 5:07-CV-03457 HRL  - 6 -    22675\1831424.1

> connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party.
>
> (2) If the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds. . . .
>
> (4) If the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause.

Stottlemire's breach of the confidentiality provision constitutes a material failure of consideration due to Coupons, through Stottlemire's fault. § 1689(b)(2) and (4). Coupons will also show that its consent to the agreement was procured at least by mistake, if not obtained through fraud (i.e., Stottlemire's promise of confidentiality was made without intent to perform). § 1689(b)(1).

Rescission is a unilateral act, accomplished by notice and an offer to return any consideration received; no judicial intervention is required. Cal. Civ. Code § 1691. *Runyon v. Pacific Air Indus.*, 2 Cal.3d 304, 311-13 (1970); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1322-23 (9th Cir. 1998). Coupons has in fact notified Stottlemire that the agreement is rescinded. (*See* Cusack Decl. at ¶ 6 and Exhibit D thereto.) The only consideration Coupons received was Stottlemire's release and his confidentiality agreement. Coupons has told Stottlemire that given his breach of the confidentiality consideration, it will not file the dismissal of the suit, relieving Stottlemire of his release. *Id*.

California law provides that, upon rescission, the contract is extinguished. Cal. Civ. Code § 1688 ("A contract is extinguished by its rescission"). Thus, the settlement agreement no longer legally exists, unless and until it is reinstated through judicial proceedings. *See* Cal. Civ. Code § 1692 (providing for judicial proceedings after rescission has been accomplished).

As a result, Coupons is entitled to proceed with discovery in the case, and to establish Stottlemire's liability through summary judgment or trial.

### C. **Coupons Will Be Prejudiced By A Stay Of Discovery**

The four corners of the settlement agreement demonstrate that the confidentiality provision was intended to prevent either side from engaging in the kind of victory dance Stottlemire indulged in. Both sides thought that the other side's disclosure of settlement terms

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY – USDC/NDC/SJ 5:07-CV-03457 HRL - 7 -

22675\1831424.1

1  would be damaging. It should therefore be presumed that breach of this material term by either
2  party would be prejudicial to the other.
3        Worse, Stottlemire's disclosure of the settlement terms and claim that he "kicked . . . ass"
4  was not only a breach, but a misleading characterization of the facts designed to injure Coupons.
5  (*See* Coupons' Motion to Direct the Parties to Return to ENE, at pp. 2-7, for a full discussion of
6  the events leading to the settlement.) Stottlemire knew that his mischaracterization of the
7  settlement terms that he beat Coupons would encourage others to believe that they could attempt
8  to circumvent Coupons' technology and get away with it. Stottlemire's claim, picked up by
9  reporters and bloggers, that he did get away with it – implying that Coupons does not have a legal
10 remedy to protect its technology from hackers – is both false and obviously damaging to
11 Coupons' business.
12       Stottlemire has so far eschewed the alternative remedy offered by Coupons – to publicly
13 correct his misleading statements. (*See* email attached as Exhibit E to the Cusack Decl.)
14 Coupons, therefore, has no choice but to move forward as quickly as possible to establish
15 Stottlemire's liability – and thus the availability of a legal remedy to Coupons – with a finality
16 that cannot be accomplished through competing press releases.

## IV. COUPONS' DISCOVERY REQUESTS ARE REASONABLE

### A. Stottlemire Failed To Inform The Court Of The Parties' Meet And Confers

19 Stottlemire failed to tell the Court fully of the parties' meet and confer efforts over
20 discovery. Most recently, on December 17, 2008, a meet and confer conference call was held, in
21 which Coupons: (1) agreed that the depositions of Stottlemire, and if necessary his wife, would
22 be held in North Carolina, at a later date to be determined (depending on the timing of production
23 of documents) if it could not be arranged when he was in California for a hearing on this case,
24 and that any depositions would of course be subject to the 7-hour limit; (2) we would not agree to
25 withdraw the requests for production of documents or requests for admission, but would consider
26 extensions of time to respond, once Stottlemire had confirmed whether and when he intended to
27 file a motion to enforce the settlement. Stottlemire told us for the first time then that he intended

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' OPPOSITION TO DEFENDANT'S MOTION TO
STAY DISCOVERY – USDC/NDC/SJ 5:07-CV-03457 HRL   - 8 -   22675\1831424.1

to file his motion by the date due for his answer to the complaint (January 31). (*See* accompanying Cusack Decl., at ¶ 9-10.)

We reminded Stottlemire that some discovery might be necessary in order to respond to his motion (e.g., to depose him on his communications with reporters, bloggers and others about the terms of the settlement), and we would prefer to depose him just once. We also told Stottlemire that, now that we knew when he intended to file his motion, we would confer with Coupons and get back to him on extensions on the discovery. Stottlemire filed his motion before he received our response (which was to agree to month-long extensions on the written discovery). (*See* Cusack Decl., at ¶ 10-11.) Despite his protestations about burdensomeness and that the facts are undisputed, Stottlemire responded to the requests for admission by the original due date, objecting to all questions based on his argument that the settlement was still in force. (Exhibit I to the Cusack Decl.)

This most recent meet and confer followed several attempts to confer with Stottlemire in November over deposition dates. (*See* Exhibit H to Cusack Decl.) Stottlemire's response has consistently been to insist that no discovery take place.

**B.      Stottlemire's Protest That The Facts Are Undisputed Is Disingenuous**

We agree that most of the material facts appear to be undisputed, based on statements Stottlemire has made in his many briefs to date, and at oral argument. But while Stottlemire protested in his stay brief that the facts are undisputed, at the same time he refused to answer Coupons' first set of requests for admission, which were intended to establish the facts that appeared to be undisputed. In addition, Stottlemire also sought and obtained a more than two month extension of time to answer the Third Amended Complaint.

Stottlemire, moreover, has not admitted everything material to this case, and has raised additional arguments and facts that he contends are relevant. We therefore do not have a clear picture at this stage of what facts Stottlemire contends are material to Coupons' causes of action, and of those, which he agrees are undisputed.

If Stottlemire wants to avoid discovery on this basis, he has a remedy: answer the Third Amended Complaint and admit the material allegations. He can at the same time tell us what

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' OPPOSITION TO DEFENDANT'S MOTION TO
STAY DISCOVERY – USDC/NDC/SJ 5:07-CV-03457 HRL          - 9 -                    22675\1831424.1

additional facts he thinks are material, and we can determine if they are undisputed or not. We can then proceed to discovery on whatever limited set of facts are disputed, and move for summary judgment or trial. But Stottlemire cannot claim that the facts are undisputed while still refusing to admit them formally.

## V. **CONCLUSION**

For the foregoing reasons, the Court should reject Stottlemire's stay motion and allow the litigation to proceed.

Dated: January 6, 2009

FARELLA BRAUN & MARTEL LLP

By: ___/s/_____
      Dennis M. Cusack

Attorneys for Plaintiff
COUPONS, INC.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY – USDC/NDC/SJ 5:07-CV-03457 HRL

- 10 -

22675\1831424.1