John A. Stottlemire
4509 Wayland Court
High Point, NC 27265
Telephone: (614) 358-4185
Email: johna@stottlemire.com
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, </br></br> Plaintiff, </br></br> v. </br></br> JOHN STOTTLEMIRE </br></br> Defendant | Case No. 5:07-CV-03457 HRL </br></br> **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY** </br></br> Date:         January 27, 2009 </br> Time:        10:00 AM </br> Courtroom: 2, 5th Floor </br> Judge:       Hon. Howard R. Lloyd |

Pursuant to Civil Local Rule 7-3(c), defendant John Stottlemire ("Stottlemire") submits this reply to plaintiff Coupons, Inc.'s ("CI") Opposition to Defendant's Motion to Stay Discovery ("Opposition").

Dated: January 13, 2009                                          /s/
                                                                                John Stottlemire
                                                                                Defendant, *pro se*

Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Stay Discovery
No. 5:07-CV-03457 HRL                                                                                                                      - i -

# REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY

## Summary of Reply

In opposing Stottlemire's Motion to Stay Discovery ("Motion"), CI claims it must establish Stottlemire's liability as soon as possible so that "Stottlemire wannabes" are discouraged from "the same illicit multiple coupon downloading" that CI's and Stottlemire's ("the parties") settlement agreement was suppose to end (*Opposition* Pages 1-2). At Stottlemire's request, CI agreed to keep the terms of the settlement agreement confidential. With the terms of the settlement agreement confidential, "Stottlemire wannabes" would not know what Stottlemire had to agree to in order to settle the litigation with CI and armed with only the publicly available documents, could not be deterred in the manner CI claims the settlement agreement would have deterred. The actual terms of the settlement make it even more clear that CI had no intention of deterring "Stottlemire wannabes" from "the same illicit multiple coupon downloading." In exchange for Stottlemire's promise not to pursue an action against CI for malicious prosecution, CI agreed to dismiss the lawsuit against Stottlemire with prejudice. CI's apparent goal in settlement was to simply end the litigation.

Further, CI's own proposed schedule which would apply to this case should the Court deny Stottlemire's soon-to-be filed Motion to Summarily Enforce Settlement Agreement demonstrates no urgency to establish Stottlemire's liability. CI proposed a schedule that provides the same amount of time between steps as in the original scheduling order. CI has proposed a Fact Discovery Cutoff date of June 16, 2009, a Last Day for Hearing Dispositive Motions of December 8, 2009 and a Jury Trial of January 25, 2010 (*See* discussion, *infra*). Had CI honestly felt a need for urgency, CI would have attempted to end this litigation much sooner than the 13 months proposed.

CI also opposes Stottlemire's Motion by arguing that Stottlemire has failed to meet his burden 1) that a proposed dispositive motion has an immediate and clear chance of succeeding, and 2) that the balance of harm weighs in favor of Stottlemire. To succeed in his dispositive motion, Stottlemire must prove the existence or terms of an agreement to settle and that CI has rescinded the agreement without proper authority. Undoubtedly Stottlemire's Motion establishes

the existence of a settlement agreement and the mutual release of claims which is uncontested by CI in its opposition. CI also does not oppose that both CI and Stottlemire had a complete meeting of the minds in regards to the terms of both the settlement agreement and the mutual release of claims. The dispositive motion has an immediate and clear chance of succeeding. CI has agreed that the settlement agreement shall remain in full force, and in effect, notwithstanding the occurrence of any possible changes or differences in material fact. (*See* Declaration of John Stottlemire in Support of Defendant's Motion to Stay Discovery Exhibit C, Pages 2-3).

**STOTTLEMIRE HAS MET HIS BURDEN TO JUSTIFY A STAY OF DISCOVERY**

CI opposes Stottlemire's Motion and argues Stottlemire has failed to meet his burden that a stay of discovery is justified pending resolution of the soon-to-be filed motion to summarily enforce settlement agreement. CI opposes by arguing Stottlemire "has made no showing whatsoever that he could succeed at all on his threatened (but still not filed) motion." Antithetical to CI's opposition, Stottlemire's argument that CI and Stottlemire reached a full meeting of the minds to the terms of both the settlement agreement and the mutual release of claims is completely unopposed by CI and the Court should accept Stottlemire's argument. Thus, CI and Stottlemire have agreed that,

> "[CI] and Stottlemire each further represent warrant and agree that the Settlement Agreement shall remain in full force, and in effect, notwithstanding the occurrence of any possible changes or differences in material fact." (*See* Declaration of John Stottlemire in Support of Defendant's Motion to Stay Discovery Exhibit C, Page 3).

Notwithstanding *any possible changes in material fact*, CI and Stottlemire have agreed that the settlement agreement will remain in full force and in effect. Without doubt, on its face there appears to be an immediate and clear possibility that Stottlemire's Motion to Summarily Enforce Settlement Agreement will be granted.

CI further opposes Stottlemire's Motion and claims it may need discovery to oppose Stottlemire's Motion to Summarily Enforce Settlement Agreement yet no discovery could possibly be needed. The existence and terms of the agreement to settle are indisputable. The parties reached a complete settlement agreement on November 13, 2008 and there were no material terms left to be negotiated. Notwithstanding *any possible changes in material fact*, CI and Stottlemire

Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Stay Discovery
No. 5:07-CV-03457 HRL - 2 -

have released one another from all claims arising from this action.  CI does not oppose it agreed to those terms and concedes by its silence the terms are in full effect.

CI's own carefully crafted language also defeats CI's theory that it has the right to rescind the Settlement Agreement based upon Cal. Civ. Code § 1689(b)(1).  CI and Stottlemire have agreed

> "that there is a risk that the damages, injuries, costs, expenses or losses which they believe they may have suffered or will suffer, with respect to the foregoing matters, may later turn out to be other than, of a different character from, or greater than, those now known, suspected or believed to be true.  Further, other facts upon which [CI] and Stottlemire may be relying in entering into the Settlement Agreement may later turn out to be other than, or different from those now known, suspected or believed to be true.
>
> [CI] and Stottlemire each acknowledge that in entering into the Settlement Agreement, and the mutual releases provided for herein, they have expressly agreed to assume the risk of such possible unknown damages, claims, demands, actions, or causes of action, or such possible changes or differences in material fact." (*See* Declaration of John Stottlemire in Support of Defendant's Motion to Stay Discovery Exhibit C, Pages 2-3).

Stottlemire emphatically denies that he obtained CI's agreement to settle through fraud or procured by mistake.  CI cannot argue that an agreement procured by fraud or mistake allows it to rescind the settlement agreement.  It is of no consequence if the settlement were procured by mistake or obtained through fraud.  CI and Stottlemire have agreed that facts might be different than those relied upon when entering the settlement agreement.  The parties agreed to assume the risk in the event any of the facts relied upon in entering the settlement agreement later turn out to be other than, or different from those known, suspected or believed to be true at the time the parties entered into the agreement.

CI claims Stottlemire breached the settlement agreement by making public certain terms of the settlement agreement in violation of the confidentiality term of that agreement.  As a result of the alleged breach, CI claims it has a right to rescind the agreement.  However, in drafting the language in the settlement agreement, CI anticipated that a material change of fact could occur.  CI specifically sought to protect itself against rescission if a material change of fact, such as the purported material breach, occurred.  CI cannot, after the fact, re-write the settlement agreement to excise these terms.

Stottlemire argued CI changed the material terms of the settlement agreement when CI agreed to file the Stipulation to Dismiss with Prejudice as a part of the public record, in effect a breach of the confidentiality term of the settlement agreement. CI stated the confidentiality term of the settlement agreement survived and argued:

> "Your argument has no merit. Whether the press would have picked up the dismissal from pacer is irrelevant to your unilateral breach. Irrespective of what happened with anyone learning of the dismissal, you signed a mutual release which provided that, "[CI] and Stottlemire each further represent, warrant and agree that the Settlement Agreement shall remain in full force, and in effect, **notwithstanding the occurrence of any possible changes or differences in material fact**." You represented and warranted that you would maintain the confidentiality, regardless of what happens in the future." (*See* Declaration of John Stottlemire in Support of Defendant's Motion to Stay Discovery Exhibit E). (Emphasis and internal quotes in original).

CI cannot claim that its own impending breach of the settlement agreement – that is, filing the dismissal with prejudice in the public record – protects CI from a material change of fact but leaves Stottlemire unprotected. CI's own carefully crafted language also protects Stottlemire. CI represented and warranted that it would release Stottlemire from all claims arising from this action, regardless of what happens in the future.

### Coupons Will Not Be Prejudiced By A Short Stay Of Discovery

No matter how many times CI opposes by arguing it must "move forward as quickly as possible to establish Stottlemire's liability" CI's actions, after it has claimed to have rescinded the settlement agreement, tell a different story altogether. CI obviously feels no need to establish liability any faster than previously agreed to and ordered by the Court.

On November 24, 2008, CI informed the Court that it had rescinded the settlement agreement and would be continuing the litigation. *After* making this announcement to the Court, CI emailed Stottlemire and proposed a new Case Management Schedule to be submitted to the Court. (*See* attached Declaration of John Stottlemire ¶ 2). The proposed schedule "provides the same amount of time between steps as in the original scheduling order."[1] CI has made no attempt

---

[1] Stottlemire agrees in the unlikely event the Court denies Stottlemire's upcoming Motion to Summarily Enforce Settlement Agreement that a schedule should be adopted which allows for the same amount of time between steps as in the original scheduling order. However, Stottlemire

to obtain judgment against Stottlemire any quicker than originally ordered by the Court in February 2008 and cannot claim it would be prejudiced by a short stay of discovery when CI has proposed a Fact Discovery Cutoff date of June 16, 2009. In the unlikely event the Court deny Stottlemire's upcoming Motion to Summarily Enforce Settlement Agreement, CI will have ample time to exercise discovery prior to its own proposed date of June 16, 2009.

### Stottlemire Informed the Court of the Parties' Meet and Confer

Stottlemire is uncertain why CI would oppose by arguing Stottlemire failed to inform the Court of the parties meet and confers. Stottlemire informed the Court "On December 8, 2008, December 16, 2008 and December 17, 2008 [he] attempted not less than five times to telephone Dennis Cusack to confer with him about outstanding discovery request and to attempt to negotiate a stay to discovery pending resolution of a motion to summarily enforce settlement agreement." (*See* Declaration of John Stottlemire in Support of Motion to Stay Discovery ¶ 8). Additionally, Stottlemire informed the Court "On December 11, 2008, in an email to Dennis Cusack, [he] reminded Dennis Cusack of his obligation under Civil Local Rule 30-1 to confer with [him] either in a face to face meeting or in a telephone conversation." (*Id*. ¶ 9). Lastly, Stottlemire informed the Court "On December 17, 2008, Dennis Cusack returned [his] call in regards to [his] request to stay discovery." (*Id*. ¶ 10).

As required by Civil Local Rules, Stottlemire made several attempts to meet and confer with CI in an attempt to negotiate in good faith a stay of discovery pending resolution of a motion to summarily enforce settlement agreement. CI actually met and conferred with Stottlemire on one occasion for a total of 11 minutes and informed Stottlemire that his request was unreasonable and that CI would not agree to it. (*Id*.). CI did offer an alternative; it would consider a month-long extension on the written discovery based upon Stottlemire's move to North Carolina. Stottlemire was attempting to negotiate a period of longer than a month and on the grounds of the upcoming

---

believes the Court should begin the computation of time for the scheduling order based upon the date of the upcoming Case Management Conference instead of the date CI has chosen to compute the proposed schedule as was done in the original Case Management Schedule.

Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Stay Discovery
No. 5:07-CV-03457 HRL - 5 -

dispositive motion. As a result of CI's unwillingness to negotiate, Stottlemire filed this immediate motion.

**CONCLUSION**

Stottlemire's Motion argues between the dates of November 24, 2008 and December 5, 2008 CI violated the Civil Local Rules and the Federal Rules of Civil Procedure in an attempt to coerce Stottlemire into agreeing to new terms to settle this litigation. CI does not oppose nor attempt to justify its violations of the applicable rules which govern discovery or the scheduling of depositions. Instead CI opposes by claiming it must rush to establish Stottlemire's liability as quickly as possible. CI's actions contradict its own argument. CI has proposed a schedule which would not place these issues into the hands of a jury until January 25, 2010 and has displayed no desire to rush to establish Stottlemire's liability.

Stottlemire has respectfully moved the Court for a short stay of discovery pending the resolution of a soon-to-be filed motion to summarily enforce settlement agreement which Stottlemire will file with this Court within the coming week barring any unforeseen circumstances. CI opposes this stay by focusing on the alleged breach of the settlement agreement and its right to rescind that agreement. CI carefully crafted a mutual release which bars the rescission of the settlement agreement. Stottlemire argues, and CI *does not* oppose that Stottlemire and CI reached a meeting of the minds and agreed to all of the terms in both the settlement agreement and the mutual release. CI cannot claim it is not bound to an agreement it argued that Stottlemire was bound to. A short stay of discovery is appropriate while the Court resolves the dispositive motion and Stottlemire's Motion to Stay Discovery should be granted in its entirety.

John A. Stottlemire
4509 Wayland Court
High Point, NC 27265
Telephone: (614) 358-4185
Email: johna@stottlemire.com
Defendant, *pro se*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN STOTTLEMIRE<br><br>Defendant | Case No. 5:07-CV-03457 HRL<br><br>**DECLARATION OF JOHN STOTTLEMIRE IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**<br><br>Date: January 27, 2009<br>Time: 10:00 AM<br>Courtroom: 2, 5th Floor<br>Judge: Hon. Howard R. Lloyd |

I, John Stottlemire, hereby declare:

1. I am the Defendant in this action, I state all facts herein of my own firsthand knowledge, and if called as a witness, I could and would competently testify thereto.

2. On November 25, 2008, I received an email from Neil Goteiner which detailed a schedule Coupons, Inc. proposed as steps to take during the course of litigation. A true and exact copy of the email is attached to this Declaration as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 13th day of January, 2009 at High Point, North Carolina.

Dated: January 13, 2009                             /s/
                                                               John A Stottlemire
                                                               Defendant, *pro se*

# EXHIBIT A

# John Stottlemire

| | |
|---|---|
| **From:** | NGoteiner@fbm.com |
| **Sent:** | Tuesday, November 25, 2008 1:42 PM |
| **To:** | johna@stottlemire.com |
| **Cc:** | DCusack@fbm.com; CAlameda@fbm.com |
| **Subject:** | draft schedule |

How does the following schedule look? You of course can reserve all the arguments you want to make regarding the settlement agreement, but we should at least agree on a schedule assuming that we go forward to trial. I asked Carly to prepare a schedule that provides the same amount of time between steps as in the original scheduling order. If we agree, we'll submit this schedule to the court. Let me know what you think by the end of the day if that's convenient for you.

Also I see your request for a court conference. Please consider whether that's a good use of the court's and the parties' time. Wouldn't it make more sense to speak with Mr. McElhinny. If he doesn't break the logjam, then it would seem that the court would want a complete set of sworn facts in the form of a motion before ruling on what I think is your request.

-----Original Message-----
**From:** Alameda, Carly (20) x4981
**Sent:** Tuesday, November 25, 2008 10:21 AM
**To:** Goteiner, Neil (24) x4485
**Cc:** Cusack, Dennis (27) x4475
**Subject:** draft schedule

Here is a proposed new schedule:

Fact Discovery Cutoff............................................June 16, 2009
Designation of Experts with Reports.......................July 27, 2009
Designation of Rebuttal Experts with Reports.........August 18, 2009
Expert Discovery Cutoff.........................................September 21, 2009
Last Day for Filing Dispositive Motions...................October 7, 2009
Opposition Filing Deadline.....................................October 30, 2009
Reply Filing Deadline............................................November 16, 2009
Last Day for Hearing Dispositive Motions...............December 8, 2009
Final Pretrial Conference.......................................January 19, 2010
Jury Trial............................................................January 25, 2010

>	-----Original Message-----
>	**From:** Goteiner, Neil (24) x4485
>	**Sent:** Monday, November 24, 2008 7:33 PM
>	**To:** Alameda, Carly (20) x4981
>	**Subject:** FW: your Rule 26(d) point
>
>	let's send him a new schedule tomorrow morning that follows the original schedule

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP