Neil A. Goteiner (State Bar No. 083524)
Dennis M. Cusack (State Bar No. 124988)
Carly O. Alameda (State Bar No. 244424)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
E-mail: ngoteiner@fbm.com, dcusack@fbm.com,
calameda@fbm.com

Attorneys for Plaintiff
COUPONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOHN STOTTLEMIRE,<br><br>　　　　　Defendant. | Case No. 5:07-CV-03457 HRL<br><br>**COUPONS' REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**<br><br>Date:　　　January 27, 2009<br>Time:　　　10:00 a.m.<br>Courtroom: 2<br>Judge:　　　Honorable Howard R. Lloyd |

## I.　INTRODUCTION

In connection with Stottlemire's motion to stay discovery, Coupons requests that the Court take judicial notice, pursuant to Fed. Rule Evid. 201, of Stottlemire's January 20, 2009 pleadings in support of his Motion to Summarily Enforce Settlement. These attached pleadings further confirm Stottlemire's inability to meet his burden to justify a stay by showing an "immediate and clear" possibility of success with his Motion to Enforce. Stottlemire's admissions in his Motion to Enforce confirm that: (1) Stottlemire breached the settlement agreement and voided the consideration Coupons was to receive; (2) Stottlemire fraudulently induced the settlement, or alternatively caused a unilateral or mutual mistake; (3) Stottlemire

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' REQ FOR JUD NOTICE IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY DISCOVERY –
USDC/NDC/SJ 5:07-CV-03457 HRL　　　- 1 -　　　22675\1849059.1

Dockets.Justia.com

made it impossible for the parties to perform the confidentiality term of the agreement, and (4) Coupons therefore had a right to rescind the agreement.

## II. STOTTLEMIRE ADMITS FACTS ESTABLISHING A MATERIAL BREACH OF THE SETTLEMENT AGREEMENT.

### A. Confidentiality Was Mutual.

Stottlemire admits in his Motion that he understood that there was a confidentiality term under which *both* parties promised to keep confidential the terms of the settlement. (Motion to Enforce 1:7-8; 3:16-17.) He also admits that the stipulated dismissal with prejudice was one of only five terms of the settlement agreement, the confidentiality provision on its face made no exceptions for any term, and he in fact understood it that way. (Motion to Enforce 3:13-17; 4:1-7.)

### B. Confidentiality Was Material.

Stottlemire also tacitly concedes that confidentiality was a material term. He himself points out that confidentiality was *one of Stottlemire's only two terms for settling the matter*. (Motion to Enforce 3:6-7.) He cannot now claim that it did not matter.

His explanation of his motive for settling, moreover, shows why confidentiality was material to both him and Coupons. Stottlemire admits that he had been blogging about the case throughout the litigation -- claiming that he was right, that Coupons was a bully and he was going to sue Coupons for malicious prosecution. (Motion to Enforce, at 2:9-20.) He was then confronted by the Court's order denying his motion to dismiss and confirming that if Coupons could prove the facts in its Complaint, Coupons would establish that Stottlemire had violated the law. And by that time the material facts were virtually all undisputed. Notwithstanding this unhappy procedural posture for Stottlemire's case, he says that he continued to say in his blog up to the time of the ENE that he had a claim for malicious prosecution. (Motion to Enforce, at 2:15-20.) Once he decided to settle, therefore, Stottlemire needed to prevent Coupons from publicly claiming victory because this would undermine the reputation Stottlemire believed he had built through his blog, and would discourage fellow hackers from attempting to circumvent Coupons' security measures.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' REQ FOR JUD NOTICE IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY DISCOVERY –
USDC/NDC/SJ 5:07-CV-03457 HRL

- 2 -

22675\1849059.1

Coupons has already set forth why it needed confidentiality as well. It did not want Stottlemire falsely suggesting to the market and other Stottlemire wannabees that Stottlemire's circumvention of Coupons' security features for multiple coupons might be legal or acceptable. (*See* Coupons Opposition to Motion to Stay, at 8:3-11.) Further, Stottlemire's confidentiality was obviously the most significant consideration Coupons received in exchange for its dismissal with prejudice and release, because Stottlemire had no money to fund a settlement.[1]

### C. Confidentiality Meant No Claims Of Victory.

Stottlemire's own words describing the events leading to the settlement, and his motivation to settle, also show why both parties intended the confidentiality provision to prevent *either* party from publicly characterizing the settlement as a victory. More fundamentally, a claim of victory, such as "ass kicking," always conflicts with a confidentiality provision, because it necessarily means that the settlement consideration exchanged is, at best, unequal. Such victory claims also void the confidentiality term, because the non-breaching party cannot rebut the victory claim and mitigate damages without addressing the settlement terms.

### D. Stottlemire Intended To And Did Convey The Message That Coupons Gave Up And Got Nothing For Its Dismissal Of Stottlemire.

Stottlemire's Motion to Enforce admits that he publicized the dismissal with prejudice to invite further inquiries from journalists and bloggers. (Motion to Enforce, at 4:22-24.)[2] He intended by his subsequent proclamation that he had "kicked ass," "refus[ed] to succumb to their bullying tactics," and "continued to assert my innocence" (Motion to Enforce, at 5:12-15), in combination with the disclosure of the dismissal with prejudice, to cause his listeners to believe

---

[1] In light of Local ADR Rule 5-12, we are troubled by Stottlemire's discussion of the sequence of offers and counteroffers that took place during the settlement discussions at the ENE, and who made what offers. His presentation is inaccurate and highly misleading in light of facts he has omitted. We do not want to presume that Stottlemire's disclosure opens the door to Coupons to supplement the record. We do request, though, that the Court allow us, as part of our Opposition to his Motion to Enforce, to offer evidence of additional statements made by Stottlemire at the ENE on the confidentiality issue so that Coupons is not prejudiced by Stottlemire's improper, misleading and self-serving disclosure. Local ADR Rule 5-12(b)(5).

[2] Stottlemire makes a point that he linked his web site to this firm's November 14, 2008 letter to the Court informing it of the settlement; however, that letter says nothing about the terms of the settlement, and specifically does not say that there will be a dismissal with prejudice.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

that Coupons had given up – i.e., that Coupons got nothing in return for the dismissal.[3] And Stottlemire succeeded. The Wired.com article begins –

### Coupon Hacker *Defeats* DMCA Suit

> A California online coupon generating company *is dropping* its Digital Millennium Copyright Act lawsuit against a man sued for posting commands allowing users to print an unlimited number of valid coupons.[4]

(Exh. E to Motion to Enforce; emphasis added). Stottlemire's claim of victory inherently conveyed the message that Coupons got nothing in return for dismissing the case against Stottlemire. Stottlemire therefore breached the material confidentiality provision that was supposed to preclude exactly this behavior. The consideration due to Coupons under the settlement agreement failed, and Coupons was entitled to rescind under Cal. Civ. Code § 1689(b)(2) and (4). *See Wilson v. Corrugated Kraft Containers, Inc.*, 117 Cal. App. 2d 691, 696 (1953) (where "plaintiffs' default in performance went to the very root of the consideration bargained for, such breach amounted to a failure of consideration, entitling defendant to rescind"); *Pennel v. Pond Union School Dist.*, 29 Cal. App. 3d 832, 838 (1973) ("a slight breach of the contract at the outset may justify termination if it indicates future difficulty in obtaining performance").

---

[3] Stottlemire cannot hide behind coyly repeating to journalists the mantra that the settlement is confidential when he knew that he was breaching the confidentiality term. Indeed, he also tacitly admits that he also disclosed that he paid nothing. He writes: "*Prior to CI's admission* that it 'is fine with making everything public regarding the settlement,' Stottlemire has never stated that the dismissal with prejudice was given in return for no money." (Motion to Enforce, at 10:13-14, emphasis added). Stottlemire does not mention when this unattributed Coupons' "admission" occurred, but does implicitly admit that Stottlemire disclosed that he paid nothing as part of the settlement. Further, as discussed in Coupons' Reply re Petition to Return to ENE, at 1 n.1, Stottlemire grossly misinterpets the email to which he is apparently referring. Coupons merely said that if Stottlemire wanted to disclose all these confidential facts in his threatened motion to enforce the settlement, Coupons was fine with that motion disclosing confidential facts about Stottlemire's motives for settling the matter which Coupons thought Stottlemire wanted to keep confidential.

[4] Other articles also conveyed the same message.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' REQ FOR JUD NOTICE IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY DISCOVERY –
USDC/NDC/SJ 5:07-CV-03457 HRL

- 4 -

22675\1849059.1

## III. STOTTLEMIRE ADMITS FACTS ESTABLISHING FRAUD OR MISTAKE AS ADDITIONAL GROUNDS FOR RESCISSION

### A. Stottlemire Promised Without Any Intent To Perform.

Stottlemire's chronology from the November 13 ENE to Stottlemire's November 19 blog by itself leaves little doubt that Stottlemire did not intend to honor the confidentiality provision when he entered into it. (Motion to Enforce, at 2:24-6:2.) As he describes it, he was anxious to complete the mutual release and get the stipulated dismissal on file, so that he could – he mistakenly thought – breach the confidentiality provision with impunity. But he jumped the gun and began blogging before Coupons signed the release and filed the dismissal. And Stottlemire did not understand that Coupons would be entitled to rescind; he apparently thought that Coupons' only remedy would be for breach of the settlement agreement.

Stottlemire, moreover, offers additional evidence of his state of mind at the ENE in his Motion to Enforce. Stottlemire admits that he wanted to, and did, publicize that he was victorious in defending Coupons' DMCA claims. (Motion to Enforce, at 4:15-5:18.) More tellingly, he also states that he agreed with his wife that he would be willing to settle *only if the settlement did not require him to make any promises.* (Motion to Enforce, at 2:28-3:1.) He never shared with Coupons those objectives when he then promised to keep the settlement terms confidential.

Notwithstanding his understanding of the materiality of the confidentiality term, when he received the stipulation for dismissal, he claims he "believed with good cause" that:

> Either (1) CI's agreement to dismiss this action . . . with prejudice was not subjected to the confidentiality clause of the settlement agreement, or (2) CI was requesting an alternation of the settlement agreement whereby (sic) allowing the parties to disclose to the public CI was dismissing this action against Stottlemire with prejudice. Stottlemire believed this since it would be impossible for the parties to file the Stipulation without the public having complete access to the information contained therein. (Motion to Enforce, at 2:3-8.)

Stottlemire's proffered "beliefs" make no sense. As to his first alternative "belief" –

- There was no basis for Stottlemire to believe that the dismissal with prejudice was not subject to the confidentiality provision, because the settlement agreement was explicit that the confidentiality provision covered all terms of the agreement.

- Coupons had never suggested that the stipulated dismissal would not or could not be filed under seal. No reason existed, moreover, why even if it was inadvertently not filed under seal, the parties could not still comply in good faith with the confidentiality term by doing nothing to draw attention to it. Stottlemire knew that the public's unrestricted access to the stipulation did not mean that bloggers would pick up the dismissal; otherwise, he would not have rushed to publicize the dismissal.

As to his second alternative "belief" –

- Stottlemire suggests nonsensically that Coupons was somehow silently asking Stottlemire to amend the settlement agreement to permit Stottlemire to publicize the dismissal with prejudice, *when this could only work to Coupons' disadvantage*.

Taking Stottlemire's explanation and actions at face value leads inevitably to the conclusion that he was looking for an excuse to justify his breach of the confidentiality provision. No other conclusion explains his admission that despite his knowledge of an ambiguity in whether the dismissal with prejudice could be publicized, *he never raised the issue with Coupons*. (Motion to Enforce, at 4:1-14.) Clarity was only a phone call or email away. But Stottlemire had already decided to treat the confidentiality provision as a one-way street so that he could breach the provision, and fulfill his and his wife's intentions to enter into a settlement agreement in which he would not have to honor any promises.

Under these admitted circumstances, Coupons had the right to rescind the Settlement Agreement for fraud. Cal. Civ. Code § 1689(b)(1).

B. **At Minimum, Coupons' Consent Was Obtained By Mistake.**

Even giving Stottlemire the benefit of the doubt, Stottlemire's secret "beliefs" establish that he was aware of a material mistake of fact by Coupons that he did not bring to Coupons' attention. Coupons did not know that Stottlemire was going outside the four corners of the settlement agreement to interpret it to mean that: (1) the dismissal with prejudice somehow ended up outside of Stottlemire's obligation to keep the settlement terms confidential; (2) that Coupons was implicitly asking Stottlemire to rewrite the settlement agreement to permit disclosure of the settlement terms; and (3) that "confidential" meant Stottlemire could characterize the settlement

in any way he wanted so long as he did not recite all its literal terms. Stottlemire concedes that he knew Coupons did not read the settlement agreement his way because Stottlemire did not tell Coupons that a question existed in his mind about how the dismissal with prejudice would be handled in light of the confidentiality provision, or that he intended to blog about the settlement notwithstanding the confidentiality term. Coupons was therefore entitled to rescind as well on grounds of unilateral mistake,[5] or mutual mistake,[6] under Cal. Civ. Code § 1689(b)(1).

## IV. CONCLUSION

The undisputed record, supplemented by Stottlemire's admissions in his Motion to Enforce, establish that Coupons' rescission of the settlement agreement was proper. At the very least, the record raises triable issues of fact that will preclude Stottlemire from winning his Motion to Enforce. No justification exists, therefore, for his requested stay of discovery. For these reasons, as well as those set forth in Coupons' previously filed Opposition, the Court should reject Stottlemire's stay motion and allow the litigation to proceed.

Dated: January 26, 2009                 FARELLA BRAUN & MARTEL LLP

                                        By: /s/
                                            Dennis M. Cusack

                                        Attorneys for Plaintiff
                                        COUPONS, INC.

---

[5] *Architects & Contractors Estimating Serv. v. Smith*, 164 Cal. App. 3d 1001, 1008 (1985)("A mistake need not be mutual. Unilateral mistake is ground for relief where the mistake is due to the fault of the other party or the other party knows or has reason to know of the mistake."). *See also Merced County Mut. Fire Ins. Co. v. Cal.*, 233 Cal. App. 3d 765, 772 (1991) ("[R]escission is available for a unilateral mistake, when the unilateral mistake is known to the other contracting party and is encouraged or fostered by that party.").

[6] "[K]nowledge by one party that the other is acting under mistake is treated as equivalent to mutual mistake for purposes of rescission. ... When a contract is still executory, and the parties can be put in status quo, one party to the contract will not be permitted to obtain an unconscionable advantage through enforcement of the contract where he knows of the other's mistake, where such mistake is material and not the result of neglect of a legal duty or an error in judgment, and the requirements for rescission are fulfilled." *Brunzell Constr. Co. v. G. J. Weisbrod, Inc.*, 134 Cal. App. 2d 278, 284, 286 (1955) (affirming finding that subcontractor had right to rescind contract where the subcontractor made a material omission in the bid it submitted, the city "knew such a mistake had been made, that it took unfair advantage of this mistake to incorporate decking into the contract though the bid price was made exclusive of decking, and that [the subcontractor] assented to the contract under an honest misapprehension which [the city] was trying to exploit").

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COUPONS' REQ FOR JUD NOTICE IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY DISCOVERY –      - 7 -      22675\1849059.1
USDC/NDC/SJ 5:07-CV-03457 HRL