Neil A. Goteiner (State Bar No. 083524)
Dennis M. Cusack (State Bar No. 124988)
Carly O. Alameda (State Bar No. 244424)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
E-mail: ngoteiner@fbm.com, dcusack@fbm.com,
calameda@fbm.com

Attorneys for Plaintiff
COUPONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN STOTTLEMIRE,<br><br>    Defendant. | Case No. 5:07-CV-03457 HRL<br><br>**DECLARATION OF DENNIS M. CUSACK IN OPPOSITION TO DEFENDANT'S MOTION TO SUMMARILY ENFORCE SETTLEMENT AGREEMENT**<br><br>Date:  February 24, 2009<br>Time:  10:00 a.m.<br>Courtroom: 2<br>Judge:  Honorable Howard R. Lloyd |

I, Dennis M. Cusack, declare as follows:

1.  I am an attorney licensed to practice before all the courts of the State of California and a partner in the law firm of Farella Braun + Martel LLP, attorneys for Coupons, Inc. in this matter.

2.  I attended the Early Neutral Evaluation that took place on November 13, 2008 in this matter, with evaluator Harold McElhinny.

3.  Attached as Exhibit A is a stipulation agreed to by Mr. Stottlemire and Mr. McElhinny, along with confirming emails, agreeing to disclose statements made at the ENE.

4.  At one point in the proceedings, Mr. McElhinny and Mr. Stottlemire left the room to discuss privately whether Mr. Stottlemire was interested in talking about settlement. Mr. McElhinny returned and informed me and Lauren Segal, the General Counsel of Coupons, that

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECL OF DENNIS M. CUSACK IN OPP TO
MOTION TO ENFORCE /
USDC/NDC/SJ 5:07-CV-03457 HRL

22675\1856811.1

1    Mr. Stottlemire would be interested in a settlement in which Coupons dismissed the case against
2    him with prejudice, and the settlement was confidential.  Mr. McElhinny said further that Mr.
3    Stottlemire had told him that confidentiality was important to Mr. Stottlemire because he did not
4    want Coupons to boast about having won the case.  In a separate conversation with Mr.
5    Stottlemire directly, while Mr. McElhinny was preparing a form of agreement, Mr. Stottlemire
6    told us that it was important to him to protect his public reputation for integrity.  Coupons
7    thereupon agreed to the settlement.

8           5.      At no time during the discussions with Mr. McElhinny or Mr. Stottlemire did
9    anyone suggest that the agreement's obligation of confidentiality was not mutual.  There was no
10   discussion about sealing the stipulation for dismissal; however, no one suggested that that term
11   was an exception to the agreement's obligation of confidentiality.

12          6.      After I sent a draft stipulation for dismissal to Mr. Stottlemire, he and I spoke
13   directly at least once, and emailed several times, over the next few days.  I never remotely
14   suggested that the draft stipulation for dismissal to suggest that the dismissal with prejudice was
15   an exception to the confidentiality term, or that Coupons wanted an amendment to that effect to
16   the settlement agreement.  At no time did Mr. Stottlemire raise an issue with me about how the
17   stipulation for dismissal would be handled in light of the confidentiality provision.

18          7.      Attached as Exhibit B is a true and correct copy of an email exchange between me
19   and Mr. Stottlemire, initiated on October 16, 2008, in which Mr. Stottlemire proposed a
20   settlement of the case, along with my response.

21          8.      Previously, Mr. Stottlemire had informed me that he was unemployed and that he
22   had substantial unpaid judgments, including one or more in favor of the IRS, outstanding against
23   him.

24          9.      Attached as Exhibit C is a true and correct copy of an email from Mr. Goteiner to
25   Mr. Stottlemire informing him that Coupons had rescinded the settlement agreement and would
26   not be filing the dismissal.

27          10.     Attached as Exhibit D is a true and correct copy of an email sent by Mr.
28   Stottlemire to Mr. McElhinny on December 11, 2008, in which Mr. Stottlemire misquoted

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DECL OF DENNIS M. CUSACK IN OPP TO
MOTION TO ENFORCE/
USDC/NDC/SF 5:07-CV-03457 HRL               - 2 -                          22675\1856811.1

1  Coupons' Petition to Order the Parties to Return to ENE. The relevant page from that Petition is

2  included in Exhibit D.

3        11.     Attached as Exhibit E is a true and correct copy of Mr. Goteiner's November 26,

4  2008 email to Mr. Stottlemire.

5        12.     Attached as Exhibit F is a true and correct copy of Mr. Goteiner's November 21,

6  2008 email offering Mr. Stottlemire the opportunity to remedy his breach of the settlement

7  agreement, along with Mr. Stottlemire's response.

8        13.     Mr. Stottlemire had previously declined to consider proposed settlements in the

9  form of a consent judgment, or a contractual settlement with a promise not to attempt to

10  circumvent Coupons' technology.

11        14.     To the extent that the disputed and undisputed material facts in the record are not

12  sufficient by themselves sufficient to require that the Court deny Mr. Stottlemire's Motion to

13  Enforce, additional facts would be material to the Motion, and would be obtained in the first

14  instance through the deposition of Mr. Stottlemire (including the production of documents

15  relevant to the following issues), which Coupons has not had the opportunity to take:

16           a.   whether Stottlemire intended to fulfill his promise of confidentiality when he

17               entered into the agreement at the ENE;

18           b.   whether Stottlemire intended to deceive Coupons with regard to the confidentiality

19               of the settlement in order to induce Coupons to enter into the agreement;

20           c.   whether Stottlemire knew that Coupons understood the confidentiality term

21               differently than he did;

22           d.   what Stottlemire in fact told reporters, bloggers and other Internet chat participants

23               about the settlement with Coupons; and

24           e.   what other efforts Stottlemire made to spread the word about the settlement

25               agreement, and what specifically he disclosed about the agreement.

26        15.     I have personal knowledge of the foregoing and if called upon to testify thereto I

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECL OF DENNIS M. CUSACK IN OPP TO
MOTION TO ENFORCE/
USDC/NDC/SI 5:07-CV-03457 HRL

- 3 -

22675\1856811.1

can and would competently do so.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 3d day of February, 2009, in San Francisco, California

_____
Dennis M. Cusack

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECL OF DENNIS M. CUSACK IN OPP TO
MOTION TO ENFORCE/
USDC/NDC/SJ 5:07-CV-03457 HRL

22675\1856811.1