John A. Stottlemire
4509 Wayland Court
High Point, NC 27265
Telephone: (614) 358-4185
Email: johna@stottlemire.com
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN STOTTLEMIRE<br><br>Defendant | Case No. 5:07-CV-03457 HRL<br><br>**DEFENDANT JOHN STOTTLEMIRE'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Courtroom: 2, 5th Floor<br>Judge: Hon. Howard R. Lloyd |

Pursuant to Federal Rules of Civil Procedure 8(b), Defendant John Stottlemire hereby responds to the allegations in the Plaintiff's Third Amended Complaint.

## **GENERAL DENIAL**

Unless specifically admitted below, John Stottlemire denies each and every factual averment contained in Plaintiff's Third Amended Complaint and in each and every heading.

## **RESPONSE TO SPECIFIC AVERMENTS**

### **PARTIES**

1.      Admit.

2.      Admit John Stottlemire is an individual. Admit that as of the date Plaintiff filed this Third Amended Complaint, John Stottlemire was residing in Fremont, California. Deny that John Stottlemire is currently residing in Fremont, California.

Dockets.Justia.com

3.     The allegations contained in Plaintiff's Third Amended Complaint against Defendant Does 1-10 was dismissed by the Court on November 6, 2008 and Plaintiff's allegation is moot.

## JURISDICTION AND VENUE

4.     This paragraph consists of legal assertions to which no response is required.

5.     This paragraph consists of legal assertions to which no response is required. John Stottlemire adds that Plaintiff released John Stottlemire of all claims arising from this action on November 13, 2008 and on that basis, John Stottlemire denies the allegations in this paragraph.

6.     This paragraph consists of legal assertions to which no response is required. John Stottlemire adds that Plaintiff released John Stottlemire of all claims arising from this action on November 13, 2008 and on that basis, John Stottlemire denies the allegations in this paragraph.

7.     This paragraph consists of legal assertions to which no response is required. John Stottlemire adds that Plaintiff released John Stottlemire of all claims arising from this action on November 13, 2008 and on that basis, John Stottlemire denies the allegations in this paragraph.

## INTRADISTRICT ASSIGNEMENT

8.     This paragraph consists of legal assertions to which no response is required.

## BACKGROUND FACTS

**A.     Plaintiff's Business and Works Subject to Copyright**

9.     John Stottlemire admits that Plaintiff provides technology for enabling businesses to deliver online, printable coupons to consumers. John Stottlemire avers that "leading" is too vague a term to answer precisely and on that basis, denies the remainder of the allegation.

10.     John Stottlemire lacks knowledge or information sufficient to form a belief about the allegation, and therefore denies the allegation.

11.     Admit.

12.     Deny.

13.     John Stottlemire admits Plaintiff controls a uniquely identified computer's access to its coupons. John Stottlemire avers that "a number" is too vague a term to answer precisely and,

1    on that basis, denies the remainder of that sentence.  John Stottlemire lacks knowledge or

2    information sufficient to form a belief about the remainder of the allegation, and therefore denies

3    the allegation.

4    **B.    Plaintiff's Technology and Security Measures**

5          14.    John Stottlemire admits Plaintiff supplies printable coupons to consumers over the

6    Internet.  John Stottlemire avers that "authentication technology" is too vague a term to answer

7    precisely and, on that basis, denies the remainder of that sentence.  John Stottlemire lacks

8    knowledge or information sufficient to form a belief about the remainder of the allegation, and

9    therefore denies the remainder of the allegation.

10         15.    John Stottlemire admits Plaintiff's security features are keyed to individual

11   computers and that Plaintiff makes no attempt to limit individual people.  John Stottlemire lacks

12   knowledge or information sufficient to form a belief and therefore denies that Plaintiff effectively

13   ensures the desired distribution for coupons and protection against fraud by allowing or prohibiting

14   access according to uniquely identified computers.  John Stottlemire denies that Plaintiff blocks an

15   individual computer's access to a particular coupon offer altogether if that computer does not have

16   the proper registry keys in place.  John Stottlemire denies that Plaintiff blocks an individual

17   computer's access to a particular coupon offer where the computer has been identified but has

18   previously obtained the allowed number of particular coupons requested.  John Stottlemire lacks

19   knowledge or information sufficient to form a belief and therefore denies the remainder of the

20   allegation.

21         16.    John Stottlemire lacks knowledge or information sufficient to form a belief and

22   therefore denies that consumers are able to access online coupons created by Plaintiff by clicking

23   on a website, Internet banner advertisement, or e-mail message originating from one of Plaintiff's

24   clients.  John Stottlemire admits a unique identifier is assigned to consumer's computers but denies

25   Plaintiff assigns the unique identifier to consumer's computers.  John Stottlemire admits the

26   unique identifier prevents access to and the printing of Plaintiff's coupons, however John

27   Stottlemire lacks knowledge or information sufficient to form a belief and therefore denies that the

28

authorized number of coupons is agreed upon by Plaintiff and Plaintiff's clients for a particular coupon offer. John Stottlemire denies Plaintiff assigns the unique identifier to an individual computer. John Stottlemire admits that any time a computer seeks to have a coupon printed, the computer's unique identifier is sent to Plaintiff's server for verification. John Stottlemire admits that the computer must seek and obtain access each time it asks to have a coupon printed. John Stottlemire admits Plaintiff's system transmits the coupon to consumer's printer; however John Stottlemire lacks knowledge or information sufficient to form a belief and therefore denies that Plaintiff's system and technology determine if a computer is authorized to gain access for a particular print. John Stottlemire avers that the term "the software" is too vague a term to answer precisely and that Plaintiff has not defined what it means by software and, on that basis, denies the remainder of the allegation.

17. John Stottlemire admits that the unique identifier is displayed on the face of the coupon. John Stottlemire lacks knowledge or information sufficient to form a belief and therefore denies the remainder of the allegation.

18. John Stottlemire admits that Plaintiff uses the computer as an access control to its coupon and that individual consumers are never denied access to Plaintiff's coupons. John Stottlemire denies it is impracticable for "almost everyone" to have access to multiple computers. John Stottlemire denies that using uniquely identified computers effectively limits access to Plaintiff's coupons. John Stottlemire lacks knowledge or information sufficient to form a belief on the remainder of the allegations and therefore denies the remainder of the allegations.

19. John Stottlemire lacks knowledge or information sufficient to form a belief and therefore denies that Plaintiff's security features control the intended distribution of the limited number of authentic coupons of any particular coupon offer. John Stottlemire denies Plaintiff's security features help prevent fraud. John Stottlemire denies Plaintiff is the holder of copyrights to its coupons. John Stottlemire denies Plaintiff has the right to control reproduction and distribution of its coupons. John Stottlemire denies the coupon is copyrighted. John Stottlemire denies any other allegation in this paragraph.

20.     John Stottlemire lacks knowledge or information sufficient to form a belief on the allegation in this paragraph and therefore denies the allegations.

21.     Deny.

22.     John Stottlemire avers that the term "many" is too vague to answer precisely and therefore cannot answer the allegation.  Thus, he denies the allegation.

23.     Deny.

24.     Deny.

**C.     Stottlemire and Defendants' Improper Acts and Harm to Plaintiff**

25.     Admit.

26.     John Stottlemire denies that anyone other than himself owns The Coupon Queen. John Stottlemire denies that The Coupon Queen Forum advertises coupons for sale in exchange for a handling fee.

27.     Deny.

28.     John Stottlemire avers the terms "security features" and "comment" are too vague a term to answer precisely and, on that basis, denies the allegation.  John Stottlemire denies the remainder of the allegation.

29.     John Stottlemire avers the term "comment" in line 23 is too vague a term to answer precisely and on that basis denies that part of the allegation.  John Stottlemire admits the allegation from "on or about May 20, 2007" on line 23 through the end of this paragraph..

30.     John Stottlemire denies the access was unauthorized.  John Stottlemire avers the term "security features" is too vague a term to answer precisely and, on that basis, denies the allegation.  John Stottlemire denies that any software that he distributed is "Circumvention Software."   John Stottlemire denies the remainder of the allegation.

31.     Admit.

32.     Deny.

33.     Deny.

34. John Stottlemire admits he has seen the message that appears on computer screens stating that a print limit has been reached but denies that prints made after the print limit message appears were unauthorized prints. John Stottlemire denies the remainder of the allegations.

35. Deny.

36. John Stottlemire avers that the term "many" is too vague to answer precisely and therefore cannot answer the allegation. Thus, he denies the allegation..

37. John Stottlemire avers the term "security features" is too vague a term to answer precisely and, on that basis, denies the allegation. John Stottlemire denies that any software that he distributed is "Circumvention Software."

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. John Stottlemire admits Plaintiff incorporated a license agreement into the coupon printer software download. John Stottlemire denies the license agreement appears before consumers can download the coupon printer software. John Stottlemire denies the license agreement notifies the consumer that the software allows the printing of only a limited number of authentic uniquely identified prints of copyrighted coupons. John Stottlemire admits to publishing an article on December 6, 2007 and December 19, 2007 entitled "Uninstalling the Coupon Printer from Coupons, Inc." John Stottlemire denies the remainder of the allegation.

43. John Stottlemire lacks knowledge or information sufficient to form a belief and therefore denies the allegation.

44. John Stottlemire lacks knowledge or information sufficient to form a belief and therefore denies that Stottlemire's actions negatively impacted the scope of the promotional campaign and reduced the value of Plaintiff's coupon distribution and print limitation system. John Stottlemire denies that any software that he distributed is "Circumvention Software" or a "Circumvention Method". John Stottlemire denies the remainder of the allegation.

1    45.     John Stottlemire denies that any software that he distributed is "Circumvention

2    Software" or a "Circumvention Method".  John Stottlemire lacks knowledge or information

3    sufficient to form a belief on the remainder of the allegation and therefore denies the allegation.

4                              **FIRST CAUSE OF ACTION**

5    46.     This paragraph consists of legal assertions to which no response is required.  John

6    Stottlemire reincorporates his admissions, denials, and other statements made herein.

7    47.     Deny.

8    48.     Deny.

9    49.     Deny.

10   50.     Deny.

11   51.     Deny.

12   52.     Deny.

13   53.     Deny.

14   54.     Deny.

15   55.     Deny.

16                            **SECOND CAUSE OF ACTION**

17   56.     This paragraph consists of legal assertions to which no response is required.  John

18   Stottlemire reincorporates his admissions, denials, and other statements made herein.

19   57.     Deny

20   58.     John Stottlemire lacks knowledge or information sufficient to form a belief and

21   therefore denies the allegation.

22   59.     Deny.

23   60.     Deny.

24   61.     Deny.

25   62.     Deny.

26   63.     Deny.

27                             **THIRD CAUSE OF ACTION**

1    64.    This paragraph consists of legal assertions to which no response is required.  John

2  Stottlemire reincorporates his admissions, denials, and other statements made herein.

3    65.    Deny.

4    66.    John Stottlemire admits he operates and runs the Coupon Queen Forum.  John

5  Stottlemire denies the remainder of the allegations.

6    67.    John Stottlemire lacks knowledge or information sufficient to form a belief and

7  therefore denies the allegation.

8    68.    Deny.

9                        **FOURTH CAUSE OF ACTION**

10    69.    This paragraph consists of legal assertions to which no response is required.  John

11  Stottlemire reincorporates his admissions, denials, and other statements made herein.

12    70.    Deny.

13    71.    John Stottlemire lacks knowledge or information sufficient to form a belief and

14  therefore denies the allegation.

15    72.    John Stottlemire lacks knowledge or information sufficient to form a belief and

16  therefore denies the allegation.

17    73.    Deny.

18                        **FIFTH CAUSE OF ACTION**

19    74.    This paragraph consists of legal assertions to which no response is required.  John

20  Stottlemire reincorporates his admissions, denials, and other statements made herein.

21    75.    Deny.

22    76.    Deny.

23    77.    Deny.

24    78.    Deny.

25    79.    Deny.

26                        **<u>AFFIRMATIVE DEFENSES</u>**

27

28

Further responding to Plaintiff's claims, John Stottlemire asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Stottlemire and third parties were authorized to request coupons an unlimited number of times.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's work is not subject to copyright protection.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff and John Stottlemire entered into a settlement agreement, which bars Plaintiff's claims.

## PRAYER

John Stottlemire denies Plaintiff is entitled to any relief whatsoever, either as prayed for in the Third Amended Complaint or otherwise.

John Stottlemire prays for his costs to defend this action and any other relief that the Court deems just and equitable.