United States District Court
For the Northern District of California

*  E-filed 4/9/09*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

COUPONS, INC.,

        Plaintiff,

   v.

JOHN STOTTLEMIRE,

        Defendant.

_____/

Case No. CV 07-03457 HRL

**ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT; DENYING PLAINTIFF'S MOTION TO DIRECT A RETURN TO ENE**

At the conclusion of an Early Neutral Evaluation ("ENE") session, the parties executed a settlement agreement that included a confidentiality provision with respect to its terms. In the days following, defendant Stottlemire wrote about the resolution of the case on his online blog. Plaintiff Coupons, Inc. ("Coupons") claimed this breached confidentiality, and purported to rescind the settlement. Defendant now brings this motion to enforce the settlement agreement, while plaintiff brings a motion for an order directing the parties to return to ENE.  The court held a hearing on February 24, 2009. Based on the papers presented as well as the arguments at the hearing, the court now GRANTS defendant's motion to enforce and DENIES plaintiff's motion for an order directing the parties to return to ENE.

**FACTUAL BACKGROUND**

Plaintiff offers online, printable coupons to consumers. At one time, the coupons were protected by a security feature that placed a registry key on a consumer's computer when the consumer printed a coupon. Allegedly, plaintiff's security software used the key to limit the

number of coupons that a given computer could print. In its complaint, Coupons claimed that defendant (1) discovered how to remove the registry key, (2) created software that removed the key, and (3) provided the method and the software to others. Running defendant's software or following his method allowed consumers to print an unlimited number of coupons[1]. Plaintiff claimed defendant's actions violated 17 U.S.C. §1201(a) and §1201(b) of the Digital Millennium Copyright Act ("DMCA"), along with various state laws.

*Pro se* defendant John Stottlemire moved to dismiss the complaint three times. The first two motions were granted with leave to amend. However, because Coupons had sufficiently pled facts to support its claims in the Third Amended Complaint, defendant's third motion to dismiss was denied in its entirety.

The parties attended an ENE session on November 13, 2008, just a week after the court issued its order denying the third motion to dismiss. The session was successful, culminating in a written settlement agreement consisting of five terms. The terms were: "(1) Coupons, Inc. will dismiss its pending lawsuit against Mr. Stottlemire with prejudice; (2) Mr. Stottlemire agrees to stipulate to the dismissal; (3) The parties will exchange mutual general releases in standard form; (4) Each party will bear its own attorney's fees and costs; (5) The terms of the settlement will remain confidential." *See* Defendant's Motion to Enforce (Docket No. 133) at Attachment A, Plaintiff's Request for Judicial Notice (Docket No. 134), Exhibit A. Plaintiff filed a letter with the court the following day, stating that the parties had signed a "Memorandum of Settlement," and planned to execute a "more detailed settlement agreement shortly." (Docket No. 109). Within the week, Coupons emailed a stipulated dismissal and a proposed mutual release form to Stottlemire. Stottlemire requested a few changes to the mutual release, but signed the stipulated dismissal. Coupons was supposed to file the dismissal once the terms of the mutual release had been agreed upon.

Two days later, Stottlemire posted the following entry on his blog:

> As long as Coupons, Inc. complies with the confidential settlement agreement, the action against me will be dismissed with prejudice. Dismissal with prejudice

---

[1] Plaintiff has long since changed the way its security software works, and the instructions are obsolete.

2

> means that Coupons, Inc. will be unable to file this action again. The letter Coupons, Inc. sent the Court to confirm the above can be viewed here: Link (PDF)

Apparently, Stottlemire had been writing about the case online since its inception. David Kravets, a journalist with Wired.com, contacted Stottlemire a few days after the entry was published, requesting further comment.

Stottlemire says he told Kravets that the terms of the settlement were confidential, and that the court had not ruled on the issues the litigation raised. Indeed, the article Kravets ultimately published on Wired.com accurately stated that the legal question of whether Stottlemire's actions were barred by the DMCA remained unsettled. Much to plaintiff's chagrin, however, the article was titled "Coupons Hacker Defeats DMCA Suit," and also quoted Stottlemire saying "Without being represented by an attorney, I defended myself in federal court against a company who solicited the services of two separate law firms, and in my opinion, I kicked their ass."

In the meantime, Coupons sent Stottlemire another proposed mutual release form, and Stottlemire signed it on November 19, 2008. Two days later, Coupons claimed that he had breached the confidentiality term of the settlement agreement by stating that the case would be dismissed "with prejudice," stating that he had "kicked ass," and other "communications with various bloggers." Coupons demanded that Stottlemire repair this alleged breach by issuing a statement it drafted. Stottlemire refused. The parties attempted to resolve this dispute, but eventually reached an impasse. Coupons filed a motion for an order directing the parties to return to ENE, and Stottlemire filed a motion to enforce the settlement agreement. The court first addresses defendant's motion to enforce the settlement agreement.

## LEGAL STANDARD

Enforcement of settlement agreements is governed by the law of the forum state. *United Commercial Ins. Service, Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). Thus, California law applies. Under California law, settlement agreements are governed by general principles of contract law. *See e.g. Folson v. Butte County Association of Governments*, 32 Cal.

3

3d 668, 677 (Cal. Sup. Ct. 1982); *Varwig v. Leider*, 171 Cal.App.3d 312 (1985) (overruled on other grounds by *Canal Street, Ltd. v. Sorich*, 77 Cal.App.4th 602 (2000)).

## DISCUSSION

**A. The Validity of Coupons' Rescission**

Coupons purports that it validly rescinded the settlement agreement. In California, rescission is accomplished by notice and return of any consideration received. *See* Cal Civ. Code § 1687. The record does not show when Coupons notified Stottlemire that it rescinded the settlement agreement. Stottlemire does not claim he was not notified of the purported rescission, and, in any event, he received actual notice of Coupons purported rescission through the motions at hand. Therefore, Coupons complied with, or substantially complied with, the notice provision of section 1687. The court next assesses whether Coupons had valid grounds to rescind the agreement.

California Civil Code section 1689(b) provides six circumstances where a party may unilaterally rescind a contract. Coupons asserts that it was entitled to rescind the settlement agreement under the following two provisions: "(1) If the consent of the party . . . was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds . . . (2) If the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds." Cal. Civ. Code § 1689(b).

**1. Rescission Based on Fraud or Mistake?**

A party to a contract has grounds to rescind if the consent of that party was obtained through fraud. *See* Cal. Civ. Code § 1689(b). Coupons claims that Stottlemire represented that he wanted a confidentiality term in the settlement agreement, but had no intent to uphold it. Coupons' fraud theory relies heavily on speculation and conjecture about Stottlemire's state of mind before and during the ENE session. *See* Plaintiff's Opposition Brief at pg. 13. The court does not find evidence of any fraud on defendant's part that would give Coupons grounds for rescission.

4

Alternatively, plaintiff argues that it was mistaken as to the meaning of the confidentiality term. Coupons says it mistakenly believed that the confidentiality term would prohibit Stottlemire from making claims of victory, and from disclosing that the case would be dismissed with prejudice. Coupons claims that this mistake gives grounds for rescission. Stottlemire says he did not cause Coupons mistaken understanding, and did not know Coupons was mistaken at all. He thought that the stipulated dismissal was not subject to the confidentiality provision because it was going to be filed on the docket, and therefore be publicly accessible just like all the other items on the docket.

"A mistake need not be mutual. Unilateral mistake is ground for relief where the mistake is due to the fault of the other party or the other party knows or has reason to know of the mistake." *Architects & Contractors Estimating Services Inc. v. Smith*, 164 Cal App. 3d 765, 772 (Cal. Ct. App. 1985). Contrary to plaintiff's claims, Stottlemire is not at fault for either of Coupons' alleged mistaken understandings. Coupons was the more sophisticated party in this case, represented by experienced counsel. Stottlemire would have no reason to believe that Coupons and its lawyers were mistaken about the effect of the terms of the settlement agreement. He was not at fault for Coupons' mistake, and had no reason to know of it. Therefore, the court finds that Coupons could not validly rescind the contract based on fraud or mistake.

**2. Rescission Based on Failure of Consideration?**

The final ground for rescission Coupons proffers is failure of consideration. Plaintiff alleges that because confidentiality was the only consideration it received in the settlement[2], defendant's breach of the confidentiality provision resulted in failure of consideration. The court

---

[2] This argument conveniently ignores that fact that defendant also agreed, as part of the settlement, to drop his malicious prosecution claim against Coupons. Although plaintiff says it never believed this claim had merit, the fact remains that defendant released this and any other legal claim he might have brought against plaintiff. Such a waiver constitutes consideration.

5

now turns to the question of whether any of defendant's conduct in the days following the ENE session breached the confidentiality term[3].

### a. Was There a Breach?

As explained in the motion papers[4], the ENE session was successful because both parties had strong motivations to settle the case. Plaintiff had concluded that defendant was judgment-proof, had fixed its security software so that defendant's instructions were moot, and had established (by this court's order on defendant's third motion to dismiss) that it could state legal claims under both sections of the DMCA. On the other hand, although defendant had ably defended himself so far, he had been unsuccessful in his effort to get the case dismissed on the pleadings, and now faced discovery and a possible trial on the merits. Having moved to the east coast with his wife and two children, and with a new baby on the way, Stottlemire wanted to put the matter to rest. The parties still have all of these strong motivations. The fact that Coupons filed a motion for an order directing the parties to engage in further settlement discussions (signifying that it was not seriously interested in pursuing litigation against Stottlemire) supports this conclusion.

At the time they settled, both sides also wanted confidentiality (although, neither side apparently cares about it anymore[5]). In California, breach is defined as "the failure, without legal excuse, to perform any promise which forms the whole or part of a contract." *Gherman v. Colburn*, 72 CA3d 544, 564 (1977). Plaintiff alleges three "statements" defendant made breached the confidentiality provision of the agreement: (1) that he "kicked ass" in the lawsuit, (2) that defendant was not required to remove his software or method as a result of the settlement, and (3) that the lawsuit would be dismissed with prejudice.

---

[3] As previously noted, the confidentiality provision provided that "the terms of the settlement will remain confidential."

[4] Pursuant to ADR Local Rule 5-12(b)(1), the parties, and Evaluator McElhinny stipulated that the parties could disclose conversations and conduct from the ENE session to the undersigned.

[5] Any interest either party had in confidentiality did not survive the instant dispute. Both plaintiff and defendant filed copies of the settlement agreement with the court, and neither requested that the document be placed under seal.

6

The Wired.com journalist that interviewed Stottlemire quoted him as saying, "Without being represented by an attorney, I defended myself in federal court against a company who solicited the services of two separate law firms, *and in my opinion, I kicked their ass*[6]. By refusing to succumb to their bullying tactics, I continued to assert my innocence and fought the claims Coupons, Inc. filed against me." Declaration of Steven Boal, Exhibit E (emphasis added). Plaintiff contends that this statement breached the confidentiality provision of the settlement agreement because it was a "claim of victory."

Initially, it is not clear that Stottlemire's statement is a claim of victory at all. Coupons reads the statement as "I kicked their [Coupons, Inc.'s] ass." However, it is at least equally reasonable to read the statement as "I kicked their [Coupons' attorneys'] ass." Even if the statement is to be taken as a victory claim, as plaintiff contends, then the issue becomes whether the confidentiality provision prohibited such a statement.

Plaintiff asserts that the confidentiality provision encompassed an agreement that neither party would publicly claim victory over the other. On its face, however, the confidentiality provision only prohibits the parties from discussing the terms of the settlement. It does not prohibit either side from public claims of victory. Coupons was well-aware that Stottlemire wrote about his experience as a *pro se* litigant on his blog. Coupons was also the more sophisticated party, and was represented by seasoned legal counsel from well-known litigation firms. The court will not construe the confidentiality provision to prohibit claims of victory when its plain language only prohibits disclosure of the agreement's terms. Defendant's statement that he "kicked their ass" did not breach the confidentiality provision, and is not grounds for rescission.

Coupons next argues that Stottlemire breached the confidentiality provision by his "statement" that the settlement did not require him to take down his instructions for finding and deleting the registry keys. Coupons claims that Stottlemire "disclosed" this term of settlement, but has not provided evidence that he made any such disclosure. In support of its argument,

---

[6] Indeed, although Stottlemire is not an attorney, and apparently has no legal training, the quality of the papers he filed with the court, and his close adherence to even the most arcane rules of procedure was impressive.

7

Coupons points to the conclusions drawn by David Kravets, the Wired.com journalist. He surmised in his article that the settlement did not "require Stottlemire to remove the workaround," and linked to the web page where instructions were still available. *Id.* Stottlemire claims that he did not make any such statement, and was not quoted. The conclusion may have been drawn by Kravets, who could have discovered on his own that the instructions were available online even after the parties settled. Even if Stottlemire had told Kravets directly that the settlement agreement did not require him to take his instructions down, the instructions were not mentioned in the agreement at all, and were not part of the "terms." The confidentiality term prohibits disclosure of the "terms" of the agreement, and only those terms[7].

Finally, plaintiff claims that defendant's statement that the case would be "dismissed with prejudice " breached the confidentiality provision. Dismissal with prejudice was plainly one of the five terms of the settlement agreement. Defendant claims that he only shared what he believed would be public knowledge once Coupons filed the dismissal. He explains that because the docket listing all the documents filed at that point in the case is publicly available, he thought the stipulation to dismiss would be similarly available to the public. Coupons argues that the parties "could have" filed the stipulation under seal, and that, even if the dismissal had been publicly filed, Stottlemire had a duty not to draw attention to it. While the court is not persuaded by either of Coupons' arguments[8], the court does find that defendant's statement breached the settlement agreement. The terms of the concise agreement could not have been clearer. One of the five terms was dismissal with prejudice. Disclosure of this term is, technically, a breach of the confidentiality provision. More precisely, since the dismissal would have been a matter of public record, his breach was in calling attention to it.

---

[7] As a practical matter, plaintiff's concern about this alleged "disclosure" seems misplaced, in light of the fact that the instructions and software no longer work.

[8] Indeed, while Coupons could have made application for an order allowing the filing of the dismissal under seal, it had not done so. And, it never conveyed this alleged desire to seal the dismissal to Stottlemire, or asked for his assent. Plaintiff has assumed, for the convenience of its argument, that the court would have granted such an unusual request, if it had been made. That is not an assumption this court will endorse. Plaintiff has not suggested any authority or persuasive argument that would have overcome this court's disinclination to authorize a sealed dismissal.

8

### b. Was the Breach Material?

Only "material" breaches constitute grounds for rescission. *See Ninety Nine Invs. v. Overseas Courier Serv. (Singapore) Private, Ltd.*, (2003) 113 CA4th 1118; *Wyler v. Feuer*, 85 CA3d 392, 403 (1978 . Courts consider the following factors when determining whether a partial breach is material: "(1) The extent to which the injured party will obtain the substantial benefit which he could have reasonably anticipated; (2) the extent to which the injured party may be adequately compensated in damages for lack of complete performance; (3) the extent to which the party failing to perform has already partly performed or made preparations for performance; (4) the greater or less hardship on the party failing to perform in terminating the contract; (5) the wilful, negligent, or innocent behavior of the party failing to perform; and (6) the greater or less uncertainty that the party failing to perform will perform the remainder of the contract." *Sackett v. Spindler,* (1967) 248 CA2d 220, 229 (*citing* Rest., Contracts, § 275, pp. 402-403.) (4b)). The first factor weighs slightly in favor of a finding of materiality, while the others weigh against such a finding.

In exchange for its dismissal, Coupons anticipated it would receive: (1) confidentiality about the terms of the settlement, and (2) defendant's release of claims. Coupons received Stottlemire's release of claims when he signed the mutual release in November 2008. As previously noted, confidentiality is a moot point at this stage. Although defendant's statement partially breached the confidentiality provision, he did not disclose any other settlement terms. This first factor favors a finding that the breach was material, but only slightly.

On the issue of damages, Coupons claimed it suffered reputational harm as a result of defendant's "victory" statements[9]. However, the court has already determined that these so-called victory statements did not breach the confidentiality provision. Any reputational harm that Coupons suffered was not the consequence of a breach. Only Stottlemire's disclosure that the dismissal was to be "with prejudice" breached the agreement, and Coupons has not claimed

---

[9] The declaration Coupons submitted to support its damages claim was speculative and anecdotal, and provided absolutely no information that would have supported a damage calculation.

9

that this particular statement caused any damage. The second factor weighs against finding that the breach was material.

Stottlemire has already partially performed his other obligations under the contract by signing the stipulated dismissal and the mutual release (factor three). Stottlemire explained that he moved from Hayward, California to North Carolina in November, 2008. His new location, combined with his *pro se* status, create a hardship for Stottlemire, should the court find that the breach was material (factor four). There is no evidence that Stottlemire willfully breached the confidentiality provision. At most, he was negligent, although it seems more likely that he was innocently mistaken (factor five). Finally, the court believes that Stottlemire will uphold his obligations under the agreement in the future (factor six). These four factors also weigh against finding that the breach was material. With five out of six factors weighing against a finding of material breach, and one factor weighing slightly in favor, the court concludes that Stottlemire's breach of the confidentiality provision was not material. It does not support rescission. It does not, based on the plaintiff's acknowledgment that it has no demonstrable, quantifiable damages caused by this breach, support a claim for money damages either.

At the hearing, defendant explained to the court that since he has faithfully updated his blog at each juncture of this case, he planned to write about the outcome of the instant motions. Nothing in this order prevents him from doing so. The court again re-emphasizes that neither party "won" this case. In its order denying defendant's third motion to dismiss, the court held that Coupons had alleged facts sufficient to state a claim under sections 1201(a) and 1201(b) of the DMCA. The order clearly stated that "plaintiff will have to prove that its software actually works as both an 'access' and 'use' control," but that Coupons "should be allowed, in due course, to offer its proof." *See* Order On Defendant's Motion to Dismiss Third Amended Complaint, at pg. 4. The court also declined to address a number of defendant's arguments[10] at that juncture, holding that they would be better considered after the parties had engaged in discovery.

---

[10] Defendant presented a number of novel arguments in his third motion to dismiss, including a challenge to the coupons' copyrightability, based on whether the coupons were "digital" or "analog", and a theory about whether the security software provided "effective" access or use controls.

10

**B. The Enforceability of the Settlement Agreement**

Having determined that the settlement agreement was not validly rescinded by Coupons, the court now addresses whether the agreement may be enforced. A court retains jurisdiction to enforce a settlement in a case pending before it. *See Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (" It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it"); *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994). To be enforceable, a settlement must meet two requirements. First, it must be a completed agreement. *Callie*, 829 F.2d at 890-91. Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977). The settlement agreement in this case meets both requirements. Although an evidentiary hearing is required "[w]here material facts concerning the existence or terms of an agreement to settle are in dispute ," no hearing is necessary when the terms set forth in the original settlement agreement are unambiguous, leaving no material facts in dispute. *See Callie*, 829 F.2d at 890. The terms set forth in the settlement agreement at hand are unambiguous, and no evidentiary hearing is required.

Stottlemire brought his motion to enforce the settlement agreement, and Coupons duly opposed it. However, Coupons' instant motion to compel a return to ENE signifies loud and clear that it is not interested in further litigation. Indeed, Coupons conceded as much at the hearing. Coupons wants the court to order the parties back to ENE so that a new settlement agreement can be crafted which will "set the record straight" that neither side "won." The court predicts this order will do just that.

## CONCLUSION

Because the defendant's breach of the settlement agreement was immaterial, Coupons' purported rescission of the agreement was not effective. Defendant's motion to enforce the settlement agreement is GRANTED. Plaintiff's motion for an order directing the parties to

11

return to ENE is DENIED as MOOT. The parties are ordered to comply with the terms of the settlement agreement.

**IT IS SO ORDERED.**

Dated: 4/8/09

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:07-cv-3457 Notice has been electronically mailed to:**

Dennis M. Cusack dcusack@fbm.com

John Allan Stottlemire jstottl@comcast.net

* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 4/9/09

mpk<br>Chambers of Magistrate Judge Lloyd