# Exhibit A

**From:** K.A.D. Camara [mailto:camara@camarasibley.com]
**Sent:** Wednesday, October 07, 2009 11:55 PM
**To:** Gilliland, James G.; griley@omm.com
**Cc:** Timothy Nyberg; radford@camarasibley.com
**Subject:** MSJ

Jim and George:

I wanted to write first to introduce myself to George and welcome him to the case. Hi George.

Second, re: the motion for summary judgment that we intend to file tomorrow, I had discussed with Mehrnaz some time ago Judge Alsup's order that motions for summary judgment and other dispositive motions not be filed under seal notwithstanding any stipulations between the parties regarding confidentiality. At that time, Mehrnaz told me that she did not remember seeing any such order.

Docket No. 55, the order granting the joint motion for a confidentiality order, is the order that I had in mind. That order grants the joint motion subject to a list of conditions. Condition 4 states that "compelling reasons" are necessary to seal a dispositive motion or any part of it, that dispositive motions will ordinarily be filed entirely publicly, and that only material "like the recipe for Coca Cola" will be permitted to be sealed. Condition 4 also states that filings that do not comply with that condition may be struck in their entirety.

In light of this condition, it is our intention to file our entire motion for summary judgment and the attached exhibits in the public record. Parts of our motion quote confidential and attorneys' eyes only documents and deposition testimony. I do not believe that any of these documents or deposition testimony qualify as analogous to the recipe for Coke. For example, entire deposition transcripts have been designated as attorneys' eyes only; it is clear to me that Judge Alsup's order does not contemplate sealing anywhere near that broadly in the context of a dispositive motion.

If there is anything in particular that Apple believes is Coke-like, please let me know early tomorrow and we will consider filing those portions under seal. At present, we do not believe that (a) the nature of Apple's technological protection measures (b) the haiku (c) the testimony in depositions about the purpose for putting in place these technological protection measures (d) the contents of the reseller agreements or (e) the testimony in depositions about the meaning and purpose of various clauses of the license agreement are Coke-like. After all, many of these things are available on the Internet already.

Kiwi